**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

IN RE: PROCESSED EGG PRODUCTS      :
ANTITRUST LITIGATION                :
                                    :     MDL No. 2002
                                    :     08-md-02002

_____  :
                                    :
THIS DOCUMENT RELATES TO        :
No. 2:11-cv-00510-GP                :

## <u>UNITED STATES EGG MARKETERS, INC.'S ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFFS' THIRD AMENDED COMPLAINT</u>

Defendant United States Egg Marketers, Inc. ("USEM") provides the following answer with affirmative defenses to Plaintiffs Winn-Dixie Stores, Inc., Roundy's Supermarkets, Inc., C&S Wholesale Grocers, Inc., and H.J. Heinz Company, L.P.'s (collectively, "Plaintiffs") Third Amended Complaint ("Third Amended Complaint").

## <u>PRELIMINARY STATEMENT</u>

By way of general response, Federal Rule of Civil Procedure 8(b) requires "short and plain" answers. A denial must fairly meet the substance of the averments, and a party may generally deny all allegations contained in a paragraph except those that are specifically admitted. *See* Fed. R. Civ. P. 8(b). Moreover, the federal rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

USEM denies all allegations contained in the Third Amended Complaint unless specifically admitted. Moreover, any factual averment that is admitted below is admitted only as to specific facts stated therein and not as to any conclusions, legal or otherwise, characterizations, implications or speculation in the averment or the Third Amended Complaint

as a whole.  To the extent that an averment includes a mix of alleged fact and legal conclusion, USEM denies such comingled allegations except those that are specifically admitted.  *See Charleston v. Salon Secrets Day Spa, Inc.,* No. 08-5889, 2009 U.S. Dist. Lexis 53073, at *5 (E.D. Pa. June 24, 2009) (holding that an answer on the basis that the averments assert conclusions of law to which no response is required was sufficient to deny the allegations); *Am. & Foreign Ins. Co. v. Phoenix Petroleum Co.,* No. 97-3349, 1998 U.S.  Dist.  LEXIS 20411, at *8-9 (E.D. Pa. Dec. 22, 1998) (finding that denials on the basis that the allegations were conclusions of law "meet the substance of the averments" and are "sufficient and do not constitute failures to deny").

Throughout the Third Amended Complaint, Plaintiffs' allegations include quoted material without any attribution or citation.  USEM lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and USEM therefore denies the same. *See* Fed.  R. Civ.  P. 8(b) ("If a party is without knowledge or information sufficient to form a belief as to the truth of an averment, the party shall so state and this has the effect of a denial."). USEM has no obligation to investigate the source(s) of material that Plaintiffs purport to characterize or quote without attribution or citation, and USEM denies those allegations.

Similarly, Plaintiffs appear to have extracted many averments in the Third Amended Complaint from documents and other writings, both attributed and unattributed. USEM denies Plaintiffs' characterization of such documents, which are writings that speak for themselves.  *See Great W. Life Assurance Co. v. Levithan,* 834 F. Supp. 858, 865 (E.D. Pa. 1993) (holding that responses stating that "writings speak for themselves" were sufficient because "such responses are denials of the Plaintiffs' characterization of the writings"); *Am. & Foreign*

*Ins. Co.,* 1998 U.S. Dist. LEXIS 20411, at *8-9 (holding that responses which state that a contract speaks for itself meet the substance of the averments).

Many of the allegations in the Third Amended Complaint concern the knowledge, perception, intention, or motivation of others. USEM cannot speak to the knowledge, perception, intention, or motivation of others without engaging in speculation.

USEM acknowledges that Plaintiffs purport to define both "shell eggs" and "egg products," and collectively refer to both as "eggs." USEM takes no position as to the accuracy of Plaintiffs' purported definitions or terminology. To the extent USEM admits any allegation that contains this terminology, USEM's admission relates only to the terms as defined by the Plaintiffs.

On those occasions in the Third Amended Complaint when Plaintiffs make allegations against all Defendants together, unless otherwise stated in this answer, USEM will answer for itself only, and any allegations directed against other Defendants will be denied. USEM incorporates this footnote by reference into its response to any paragraph in the Third Amended Complaint that makes global allegations against Defendants as a group.

USEM denies any allegations set forth in or innuendo suggested by Plaintiffs' headings and/or footnotes.

USEM incorporates this Preliminary Statement into each numbered paragraph of this Answer.

## ANSWER

1.      Denied.  To the extent that the allegations contained in paragraph 1 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 1.

2.      Admitted in part; denied in part.  USEM admits that Plaintiffs purport to define the term "shell eggs" and "egg products."  USEM denies the remaining allegations contained in paragraph 2.

3.      Denied.  USEM lacks knowledge or information sufficient to respond to the allegations contained in paragraph 3, and the same are therefore denied.

4.      Denied.  USEM denies that it is a trade organization.  To the contrary, USEM avers that it is a Capper-Volstead Agricultural Cooperative comprised of producer members.  USEM further avers that some of its members are competitors and/or participate in more than one step in the process of bringing an egg to market, and that its members include producers of eggs and egg products, and owners of egg laying hens.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third through fifth sentences of paragraph 4, and the same are therefore denied.  To the extent that the allegations contained in paragraph 4 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 4.

5.      Admitted in part; denied in part.  USEM admits that prices of eggs may be influenced by supply, and that reductions in supply may cause the prices of shell eggs and egg products to rise.  USEM lacks knowledge or information sufficient to respond to the allegations contained in paragraph 5 relating to the knowledge of defendants other than USEM, and the same are therefore denied.  To the extent that the allegations contained in paragraph 5 purport to characterize the contents of a document, USEM denies Plaintiffs' characterization of the

document, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 5.

6.      Admitted in part; denied in part.  USEM admits that historically egg prices have fluctuated, and that these fluctuations may be cyclical.  To the extent that the allegations contained in paragraph 6 purport to characterize the contents of a document, USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations about the state of mind, intention and motivation of the egg industry, and the same are therefore denied.  USEM denies the remaining allegations contained in paragraph 6.

7.      Admitted in part; denied in part.  USEM admits that Don Bell is a poultry specialist, and that Mr. Bell has commented on the relationship among supply, demand and price in the egg industry.  To the extent that the allegations contained in paragraph 7 purport to characterize the contents of a document, USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 7.

8.      Denied.  To the extent that the allegations contained in paragraph 8(a)-(j) purport to characterize the contents of a document, USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 8(a)-(j).

9.      Denied.

10.      Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10, and the same are therefore denied. To the extent that the allegations contained in paragraph 10 purport to characterize the contents

of a document, USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 10.

11.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11, and the same are therefore denied. To the extent that the allegations contained in paragraph 11 purport to characterize the contents of a document, USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 11.

12.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12, and the same are therefore denied. To the extent that the allegations contained in paragraph 12 purport to characterize the contents of a document, USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 12.

13.     Denied.   To the extent that the allegations contained in paragraph 13 purport to characterize the contents of a document, USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations about other Defendants' the state of mind, and the same are therefore denied.  USEM denies the remaining allegations contained in paragraph 13.

14.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14, and the same are therefore denied. To the extent that the allegations contained in paragraph 14 purport to characterize the contents of a document, USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 14.

15.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15, and the same are therefore denied. To the extent that the allegations contained in paragraph 15 purport to characterize the contents of a document, USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 15.

16.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16, and the same are therefore denied. To the extent that the allegations contained in paragraph 16 purport to characterize the contents of a document, USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 16.

17.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17, and the same are therefore denied. To the extent that the allegations contained in paragraph 17(a)-(k) purport to characterize the contents of a document, USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 17(a)-(k).

18.     Denied.  To the extent that the allegations contained in paragraph 18 purport to characterize the contents of a document, USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 18.

19.     Denied.  To the extent that the allegations contained in paragraph 19 purport to characterize the contents of a document, USEM denies Plaintiffs' characterization of

the document, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 19.

20.    Denied.

21.    Denied.

22.    Admitted in part; denied in part.  USEM admits that Plaintiffs purport to bring this action under Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26.  USEM denies that Plaintiffs are entitled to the relief they request.  The remaining allegations contained in paragraph 22 constitute conclusions of law to which no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 22.

23.    Admitted in part; denied in part.  USEM admits that UEA is a non-profit corporation trade association.  USEM further admits that certain defendants produce, promote, process and/or sell shell eggs and/or egg products.  USEM denies the remaining allegations contained in paragraph 23.  By way of further response, USEM avers to the contrary that UEP and USEM are Capper-Volstead Agricultural Cooperatives, and that certain of the defendants are members of UEP and/or USEM.

24.    Denied.  The allegations contained in paragraph 24 constitute conclusions of law to which no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 24.

25.    Denied.  The allegations contained in paragraph 25 constitute conclusions of law to which no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 25.

26.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26, and the same are therefore denied.

27.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27, and the same are therefore denied.

28.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28, and the same are therefore denied.

29.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29, and the same are therefore denied.

30.     Denied.  To the extent that the allegations contained in paragraph 30 relate to USEM, USEM denies those allegations.  USEM lacks knowledge or information sufficient to respond to the allegations contained in paragraph 30 relating to defendants other than USEM, and the same are therefore denied.   USEM denies the remaining allegations contained in paragraph 30.

31.     Admitted in part; denied in part.  USEM admits that Plaintiffs purport to characterize the terms "Defendants," "co-conspirators," and "UEP members" to include all named defendants.  USEM denies that characterization and the remaining allegations contained in paragraph 31.

32.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 and the same are therefore denied.

33.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33, and the same are therefore denied.

34.     Admitted in part; denied in part.  USEM admits that Plaintiffs purport to use the term "Michael Foods Egg Products Company" to collectively refer to the subsidiaries of Michael Foods, Inc., that comprise Michael Foods Inc.'s Egg Products Division.  USEM lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 34, and the same are therefore denied.

35.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35, and the same are therefore denied.

36.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36, and the same are therefore denied.

37.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37, and the same are therefore denied.

38.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38, and the same are therefore denied.

39.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39, and the same are therefore denied. To the extent that the allegations contained in paragraph 39 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 39.

40.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40, and the same are therefore denied. To the extent that the allegations contained in paragraph 40 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 40.

41.     Admitted in part; denied in part.  USEM admits that Rose Acre Farms, Inc., is a corporation organized and existing under the laws of the State of Indiana, with its principal place of business in Seymour, Indiana.  USEM further admits that Rose Acre Farms,

Inc., produced and sold shell eggs and egg products during the alleged relevant time period. USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 41, and the same are therefore denied.

42.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42, and the same are therefore denied.

43.     Admitted in part; denied in part.  USEM admits that Rose Acre Farms, Inc., participates in more than one step in the process of bringing an egg to market.  To the extent that the allegations contained in paragraph 43 are conclusions of law, no response is required, and they are thus deemed denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 43, and the same are therefore denied.

44.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44, and the same are therefore denied.

45.     Admitted in part; denied in part.   USEM admits that an individual affiliated with Rose Acre Farms, Inc., served on the USEM Export Committee in 2008.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 45 relating to defendants other than USEM, and the same are therefore denied.  To the extent that the allegations contained in paragraph 45 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 45.

46.     Admitted in part; denied in part.  USEM admits that that Rose Acre Farms, Inc., was a member of USEM at certain times during the alleged relevant time period. USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining

allegations contained in paragraph 46 relating to defendants other than USEM, and the same are therefore denied. To the extent that the allegations contained in paragraph 46 are conclusions of law, no response is required, and they are thus deemed denied. USEM denies the remaining allegations contained in paragraph 46.

47.     Admitted in part; denied in part. USEM admits that National Food Corporation is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Everett, Washington. USEM further admits that National Food Corporation produced and sold shell eggs and egg products during the alleged relevant time period. USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 47, and the same are therefore denied.

48.     Admitted in part; denied in part. USEM admits that National Food Corporation is an egg producer and processes eggs and egg products. USEM further admits that National Food Corporation participates in more than one step in the process of bringing an egg to market. To the extent that the allegations contained in paragraph 48 are conclusions of law, no response is required, and they are thus deemed denied. USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 48, and the same are therefore denied.

49.     Denied. USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49, and the same are therefore denied.

50.     Admitted in part; denied in part. USEM admits that an individual affiliated with National Food Corporation served on the USEM Export Committee in 2008. USEM further admits that in 2008, an individual affiliated with National Food Corporation served as Secretary of the USEM Export Committee. USEM lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 50 relating to defendants other than USEM, and the same are therefore denied.  To the extent that the allegations contained in paragraph 50 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 50.

51.     Admitted in part; denied in part.  USEM admits that National Food Corporation was a member of USEM at certain times during the alleged relevant time period. USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 51 relating to defendants other than USEM, and the same are therefore denied.  To the extent that the allegations contained in paragraph 51 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 51.

52.     Admitted in part; denied in part.  USEM admits that Cal-Maine Foods, Inc., is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Jackson, Mississippi.  USEM further admits that Cal-Maine Foods, Inc., produced and sold shell eggs and egg products during the alleged relevant time period. USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 52, and the same are therefore denied.

53.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53, and the same are therefore denied.

54.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54, and the same are therefore denied.

55.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55, and the same are therefore denied.

56.     Admitted in part; denied in part.   USEM admits that an individual affiliated with Cal-Maine Foods, Inc., served on the USEM Export Committee in 2008.   USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 56 relating to defendants other than USEM, and the same are therefore denied.   To the extent that the allegations contained in paragraph 56 are conclusions of law, no response is required, and they are thus deemed denied.   USEM denies the remaining allegations contained in paragraph 56.

57.     Admitted in part; denied in part.   USEM admits that Cal-Maine Foods, Inc., was a member of USEM at certain times during the alleged relevant time period.   USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 57 relating to defendants other than USEM, and the same are therefore denied.   To the extent that the allegations contained in paragraph 57 are conclusions of law, no response is required, and they are thus deemed denied.   USEM denies the remaining allegations contained in paragraph 57.

58.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58, and the same are therefore denied.

59.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59, and the same are therefore denied.

60.     Denied.   To the extent that the allegations contained in paragraph 60 purport to characterize Cal-Maine's Form 8-K, USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.   USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 60, and the same are therefore denied.

61.     Admitted in part; denied in part.  USEM admits that Hillandale Farms of Florida, Inc., was a USEM member at certain times during the alleged relevant time period.  To the extent that the allegations contained in paragraph 61 purport to characterize documents, USEM denies Plaintiffs' characterization of these documents, which are writings that speak for themselves.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 61, and the same are therefore denied.

62.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62, and the same are therefore denied.

63.     Admitted in part; denied in part.  USEM admits that Hillandale LLC, was a corporation organized and existing under the laws of the State of Florida, with its principal place of business in Florida.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 63, and the same are therefore denied.

64.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64, and the same are therefore denied.

65.     Denied.  USEM admits that Hillandale LLC owned production facilities in Florida.  USEM further admits that Hillandale LLC, participated in more than one step in the process of bringing an egg to market.  To the extent that the allegations contained in paragraph 65 purport to characterize documents, USEM denies Plaintiffs' characterization of these documents, which are writings that speaks for themselves.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 65, and the same are therefore denied.

66. Denied. To the extent that the allegations contained in paragraph 66 purport to characterize a Cal-Maine document, USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself. USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 66, and the same are therefore denied.

67. Denied. USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67, and the same are therefore denied.

68. Denied. USEM denies that it was aware of the business ownership structure of each of the Hillandale companies during the alleged relevant time period. USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 68, and the same are therefore denied.

69. Denied. USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69, and the same are therefore denied.

70. Admitted in part; denied in part. USEM admits that Plaintiffs purport to define "Hillandale Farms" as set forth in paragraph 68. To the extent that the allegations contained in paragraph 70 purport to characterize information posted on a website, from which Plaintiffs purport to have extracted certain allegations contained in paragraph 70, USEM denies Plaintiffs' characterization of the website, which is a writing that speaks for itself. USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 70, and the same are therefore denied.

71. Denied. USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71, and the same are therefore denied.

72.     Denied.   To the extent that the allegations contained in paragraph 72 purport to characterize documents, USEM denies Plaintiffs' characterization of the documents, which are writings that speak for themselves.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 72, and the same are therefore denied.

73.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73, and the same are therefore denied.

74.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74, and the same are therefore denied. To the extent that the allegations contained in paragraph 74 constitute conclusions of law, no response is required, and they are thus deemed denied.

75.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75, and the same are therefore denied. To the extent that the allegations contained in paragraph 75 constitute conclusions of law, no response is required, and they are thus deemed denied.

76.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76, and the same are therefore denied. To the extent that the allegations contained in paragraph 76 constitute conclusions of law, no response is required, and they are thus deemed denied.

77.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the contained in paragraph 77, and the same are therefore denied.  To the extent that the allegations contained in paragraph 77 constitute conclusions of law, no response is required, and they are thus deemed denied.

78.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the contained in paragraph 78, and the same are therefore denied.  To the extent that the allegations contained in paragraph 78 constitute conclusions of law, no response is required, and they are thus deemed denied.

79.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the contained in paragraph 79, and the same are therefore denied.  To the extent that the allegations contained in paragraph 79 constitute conclusions of law, no response is required, and they are thus deemed denied.

80.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the contained in paragraph 80, and the same are therefore denied.

81.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the contained in paragraph 81, and the same are therefore denied.

82.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the contained in paragraph 82, and the same are therefore denied.  To the extent that the allegations contained in paragraph 82 constitute conclusions of law, no response is required, and they are thus deemed denied.

83.     Admitted in part; denied in part.  USEM admits that Midwest Poultry Services, L.P., is a limited partnership organized and existing under the laws of the State of Indiana, with its principal place of business in Mentone, Indiana.  USEM further admits that Midwest Poultry Services, L.P., produced and sold eggs during the alleged relevant time period.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 83, and the same are therefore denied.

84.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84, and the same are therefore denied. To the extent that the allegations contained in paragraph 84 are conclusions of law, no response is required, and they are thus deemed denied.

85.     Admitted in part; denied in part.  USEM admits that Midwest Poultry Services, L.P., was a member of USEM at certain times during the alleged relevant time period. USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 85 relating to defendants other than USEM, and the same are therefore denied.  To the extent that the allegations contained in paragraph 85 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 85.

86.     Admitted in part; denied in part.  USEM admits that NuCal Foods, Inc., is a Capper-Volstead corporation organized and existing under the laws of the State of California, with its principal place of business in Ripon, California.  USEM further admits that NuCal Foods, Inc., sold eggs during the alleged relevant time period.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 86, and the same are therefore denied.

87.     Admitted in part; denied in part.  USEM admits that NuCal Foods, Inc., is a Capper-Volstead agricultural cooperative organized and existing under the State of California, and that NuCal Foods, Inc., markets and sells eggs produced by Gemperle Enterprises, Inc., of Turlock, CA; Sunrise Farms, LLC, of Petaluma, CA; J.S. West Milling Co., Inc., of Modesto, CA; and Valley Fresh Foods, Inc., of Turlock, CA.  USEM denies the remaining allegations contained in paragraph 87.

88.     Admitted in part; denied in part.   USEM admits that farmers affiliated with Nucal Foods, Inc., are egg producers, and that NuCal Foods, Inc., participates in the process of bringing an egg to market.   USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 88, and the same are therefore denied.

89.     Denied.   USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89, and the same are therefore denied.

90.     Admitted in part; denied in part.   USEM admits that individuals affiliated with NuCal Foods, Inc., served on the USEM Export Committee in 2008.   USEM further admits that an individual affiliated with NuCal Foods, Inc., served as Vice Chairman of the USEM Export Committee in 2008.   USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 90 relating to defendants other than USEM, and the same are therefore denied.   To the extent that the allegations contained in paragraph 90 are conclusions of law, no response is required, and they are thus deemed denied. USEM denies the remaining allegations contained in paragraph 90.

91.     Admitted in part; denied in part.   USEM admits that NuCal Foods, Inc., was a member of USEM at certain times during the alleged relevant time period.   USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 91 relating to defendants other than USEM, and the same are therefore denied.   To the extent that the allegations contained in paragraph 91 are conclusions of law, no response is required, and they are thus deemed denied.   USEM denies the remaining allegations contained in paragraph 91.

92.     Admitted in part; denied in part.  USEM admits that R.W. Sauder, Inc., is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business in Lititz, Pennsylvania.  USEM further admits that R.W. Sauder, Inc., produced and sold shell eggs and egg products during the alleged relevant time period.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 92, and the same are therefore denied.

93.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93, and the same are therefore denied.

94.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94, and the same are therefore denied. To the extent that the allegations contained in paragraph 94 are conclusions of law, no response is required, and they are thus deemed denied.

95.     Admitted in part; denied in part.  USEM admits that R.W. Sauder, Inc., participated in certain USEM exports at certain times during the alleged relevant time period. USEM denies that R.W. Sauder, Inc., was a USEM member at any time during the alleged relevant time period.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 95, and the same are therefore denied.  To the extent that the allegations contained in paragraph 95 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 95.

96.     Admitted in part; denied in part.  USEM admits that Sparboe Farms, Inc., is a corporation organized and existing under the laws of the State of Minnesota with its principal place of business in Litchfield, Minnesota.  USEM lacks knowledge or information sufficient to

form a belief as to the allegations contained in the second sentence of paragraph 96, and the same are therefore denied. To the extent that the allegations in paragraph 96 constitute conclusions of law, no response is required, and they are thus deemed denied. USEM denies the remaining allegations contained in paragraph 96.

97. Denied. USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97, and the same are therefore denied.

98. Admitted in part; denied in part. USEM admits that Sparboe Farms, Inc., was a member of USEM at certain times during the alleged relevant time period. USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 98 relating to defendants other than USEM, and the same are therefore denied. To the extent that the allegations contained in paragraph 98 are conclusions of law, no response is required, and they are thus deemed denied. USEM denies the remaining allegations contained in paragraph 98.

99. Admitted in part; denied in part. USEM admits that UEP is a Capper-Volstead Agricultural Cooperative corporation organized and existing under the laws of the State of Georgia, with its principal place of business in Alpharetta, Georgia. USEM denies the remaining allegations contained in paragraph 99.

100. Admitted in part; denied in part. USEM admits that UEA is a non-profit corporation organized and existing under the laws of the District of Columbia, with its principal place of business in Alpharetta, Georgia. USEM denies the remaining allegations contained in paragraph 100.

101.    Admitted in part; denied in part.  USEM admits that USEM is a Capper-Volstead Agricultural Cooperative organized and existing under the laws of the State of Georgia, with its principal place of business in Alpharetta, Georgia.   USEM denies the remaining allegations contained in paragraph 101.

102.    Denied.  To the extent that the allegations contained in paragraph 102 constitute conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 102.

103.    Denied.  To the extent that the allegations contained in paragraph 103 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 103.

104.    Denied.  To the extent that the allegations contained in paragraph 104 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 104.

105.    Admitted in part; denied in part.  USEM admits that Plaintiffs purport to make all averments against the entities set forth in paragraph 105.   To the extent that the allegations contained in paragraph 105 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 105.

106.    Denied.  To the extent that the allegations contained in paragraph 106 purport to characterize a report published by the United States International Trade Commission ("USITC"), USEM denies Plaintiffs' characterization of the report, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 106.

107.    Admitted in part; denied in part.  USEM admits that shell eggs may include table eggs that are sold for consumption and breaking eggs that are used in egg products.

USEM further admits that grocery stores, restaurants, hotels and other retailers are among those who may purchase shell eggs.  To the extent that the allegations contained in paragraph 107 purport to characterize a report published by the USITC, USEM denies Plaintiffs' characterization of the report, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 107.

108.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 108, and the same are therefore denied.

109.    Admitted in part; denied in part.  USEM admits that egg processing may include, among other things, breaking, filtering, mixing, stabilizing, blending, pasteurizing, cooling, freezing, drying and/or packaging; and that the food manufacturing and foodservice industries are among those that may purchase egg products, as Plaintiffs define them.  USEM denies the remaining allegations contained in paragraph 109.

110.    Admitted in part; denied in part.  USEM admits that liquid egg production may involve, among other things, breaking, pasteurizing and/or packing; that whole eggs, egg whites and egg yolks may be used to produce liquid eggs; that frozen egg production may involve, among other things, breaking, pasteurizing and freezing; that dried egg production may involve spray drying; and that egg whites may be dried on trays.  USEM denies the remaining allegations contained in paragraph 110.

111.    Admitted in part; denied in part.  USEM admits that egg products may be used as an ingredient in commercial baked goods and food items like mayonnaise, pasta and salad dressing, and that foodservice industry operators may use egg products for convenience and safety.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 111, and the same are therefore denied.

-24-

112.    Denied.  To the extent that the allegations contained in paragraph 112 are conclusions of law, no response is required, and they are thus deemed denied. USEM denies the remaining allegations contained in paragraph 112.

113.    Denied.  To the extent that the allegations contained in paragraph 113 purport to characterize the contents of a document, USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 113, and the same are therefore denied.

114.    Denied.  To the extent that the allegations contained in paragraph 114 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 114.

115.    Admitted in part; denied in part.  USEM admits that egg producers may perform more than one step in the process of bringing an egg to market, and that egg producers may own and raise egg laying hens and/or process eggs.  To the extent that the allegations contained in paragraph 115 are conclusions of law, no response is required, and they are thus deemed denied.  To the extent that the allegations contained in paragraph 115 purport to characterize the contents of a document, USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 115.

116.    Denied.  The allegations contained in paragraph 116 purport to characterize a report published by the USITC, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 116.  USEM denies Plaintiffs' characterization of the report, which is a writing that speaks for itself.

117.    Admitted in part; denied in part.  USEM admits that certain egg producers may own and/or purchase laying hens, that hatcheries may deliver chicks to egg producers within one to two days of hatching, and that chicks may be placed in a pullet house.  To the extent that the allegations contained in paragraph 117 are conclusions of law, no response is required, and they are thus deemed denied.  To the extent that the allegations contained in paragraph 117 purport to characterize the contents of a document, USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 117.

118.    Admitted.

119.    Admitted in part; denied in part.  USEM admits that egg producers may raise pullets in cages, that cages may facilitate production and separate egg laying hens from feces, and that egg producers may regulate egg laying hens' exposure to light.  To the extent that the allegations contained in paragraph 119 purport to characterize the contents of a document, USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 119.

120.    Admitted in part; denied in part.  USEM admits that an increase in light exposure and changes in diet may prompt a hen to lay eggs.  To the extent that the allegations contained in paragraph 120 purport to characterize the contents of a document, USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 120.

121.    Admitted in part; denied in part.  USEM admits that laying hens may lay eggs when they reach 18-22 weeks of age, that peak egg production may occur when a laying hen is between 30-32 weeks of age, and that egg production may decrease as hens reach 60-70

weeks of age.   To the extent that the allegations contained in paragraph 121 purport to characterize the contents of a document, USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.   USEM denies the remaining allegations contained in paragraph 121.

122.   Admitted in part; denied in part.   USEM admits that in commercial egg production, molting may provide a way to extend the life of a hen and to rejuvenate the reproductive cycle of the hen, and that egg producers may choose to molt egg laying hens. USEM further admits that egg production temporarily ceases during molting, and that molting may therefore temporarily impact the supply of eggs.   To the extent that the allegations contained in paragraph 122 purport to characterize the contents of a document, USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.   USEM denies the remaining allegations contained in paragraph 122.

123.   Admitted in part; denied in part.   USEM admits that molting is a natural process of chickens and other feathered species, in which birds shed and renew old, worn plumage and temporarily cease egg production.   USEM further admits that in commercial egg production, induced molting may be accomplished by manipulating light exposure.   USEM denies the remaining allegations contained in paragraph 123.

124.   Admitted in part; denied in part.   USEM admits that egg production will begin again following a molt.   USEM denies the remaining allegations contained in paragraph 124.

125.   Admitted in part; denied in part.   USEM admits that the term "spent hen" refers to egg-laying hens who have reached the end of their reproductive cycle. USEM further

admits that egg producers may elect to depopulate spent hens on-site, or through a processing or rendering facility.  USEM denies the remaining allegations contained in paragraph 125.

126.    Admitted in part; denied in part.  USEM admits that egg laying hens may reach the end of their egg laying production cycle when they are 100-130 weeks of age, and that egg producers may elect to molt or dispose of egg-laying hens.  To the extent that the allegations contained in paragraph 126 purport to characterize the contents of a document, USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 126.

127.    Admitted in part; denied in part.  USEM admits that some shell eggs are collected using nylon belts and that some shell eggs are sent to a storage cooler or to an egg processing center, where they may be washed, inspected and/or graded.  USEM denies the remaining allegations contained in paragraph 127.

128.    Admitted in part; denied in part.  USEM admits that shell eggs may be packed for sale or separated for further processing.  USEM denies the remaining allegations contained in paragraph 128.

129.    Admitted in part; denied in part.  USEM admits that packed shell eggs may be stored in cooler rooms while awaiting shipping.  USEM denies the remaining allegations contained in paragraph 129.

130.    Admitted in part; denied in part.  USEM admits that the majority of commercial egg production in the United States is derived from caged layers with non-organic feed.  USEM denies the remaining allegations contained in paragraph 130.

131.    Admitted in part; denied in part.  USEM admits that USDA Organic eggs are produced following the USDA National Organic Program standards, which are written

standards that speak for themselves.   USEM denies the remaining allegations contained in paragraph 131.

132.   Admitted in part; denied in part.   USEM admits that "free range" hens may have access to the outdoors, and that "cage free" hens are not housed in cages.   USEM denies the remaining allegations contained in paragraph 132.

133.   Admitted in part; denied in part.   USEM admits that Plaintiffs purport to exclude from this lawsuit "specialty eggs," as Plaintiffs define them.   USEM denies the remaining allegations contained in paragraph 133.

134.   Admitted in part; denied in part.   USEM admits that Cal-Maine Foods, Inc., is the largest U.S. egg producer.   To the extent that the allegations contained in paragraph 134 purport to characterize the contents of a document, USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.   USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 134, and the same are therefore denied.

135.   Admitted in part; denied in part.   USEM admits that there are fewer egg producers today than existed 20 years ago.   To the extent that the allegations contained in paragraph 135 purport to characterize the contents of a document, USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.   USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 135, and the same are therefore denied.

136.   Admitted.

137.   Denied.   To the extent that the allegations contained in paragraph 137 purport to characterize a document published by the USITC, USEM denies Plaintiffs'

characterization of the report, which is writing that speaks for itself.  To the extent that the allegations contained in paragraph 137 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 137.

138.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 138, and the same are therefore denied.

139.    Admitted in part; denied in part.  USEM admits that shipping costs, perishability and potential breakage may influence the locales to which eggs are exported.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 139, and the same are therefore denied.

140.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in first three sentences of paragraph 140, and the same are therefore denied.  To the extent that the allegations contained in the fifth and sixth sentences of paragraph 140 purport to characterize reports published by the USDA and the USITC, USEM denies Plaintiffs' characterization of the reports, which are written documents that speak for themselves.  USEM denies the remaining allegations contained in paragraph 140.

141.    Denied.  To the extent that the allegations contained in paragraph 141 purport to characterize the contents of a document, USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 141, and the same are therefore denied.

142.    Admitted.

143.    Denied.  To the extent that the allegations contained in paragraph 143 purport to characterize the contents of a document, USEM denies Plaintiffs' characterization of

the document, which is a writing that speaks for itself.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 143, and the same are therefore denied.

144.    Admitted in part; denied in part. USEM admits that prices of eggs may be influenced by supply, and that reductions in supply may cause the prices of eggs to rise.  USEM further admits that USEM organized an export of 300 containers of shell eggs in December 2006-January 2007, and an export of 300 containers of shell eggs in February-March 2007.  To the extent that the allegations contained in paragraph 144 purport to characterize articles published in *Egg Industry* or UEP's *United Voices* newsletter, USEM denies Plaintiffs' characterization of the publications, which are written documents that speak for themselves.  USEM denies the remaining allegations contained in paragraph 144.

145.    Admitted in part; denied in part.  USEM admits that Bob Krouse is affiliated with Midwest Poultry Services, L.P.  To the extent that the allegations contained in the first sentence of paragraph 145 are conclusions of law, no response is required, and they are thus deemed denied.  To the extent that the allegations contained in the second sentence of paragraph 145 purport to characterize an article published in the February 2008 edition of *Egg Industry*, from which it appears that Plaintiffs have extracted certain allegations contained in paragraph 145, USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 145, and the same are therefore denied.

146.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 146, and the same are therefore denied.  To the extent that the allegations contained in paragraph 146 purport to

characterize an article published in the February 2007 edition of *Egg Industry*, from which it appears that Plaintiffs have extracted certain allegations contained in paragraph 146, USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 146.

147.    Admitted in part; denied in part.  USEM admits that Joanne Ivy is the CEO of the American Egg Board.  To the extent that the allegations contained in paragraph 147 purport to characterize an article published in the April 2008 edition of *Egg Industry*, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 147, USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 147.

148.    Denied.  To the extent that the allegations contained in paragraph 148 purport to characterize a white paper published by the American Egg Board, the report is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 148.

149.    Denied.

150.    Denied.

151.    Admitted in part; denied in part.  USEM admits that an increase of supply may cause the prices of eggs to decrease.  To the extent that the allegations contained in paragraph 151 purport to characterize an article published in the June 2007 edition of *Egg Industry*, from which it appears that Plaintiffs have extracted certain allegations contained in paragraph 151, USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 151.

152.   Denied.   To the extent that the allegations contained in paragraph 152 purport to characterize an article published in the June 2007 edition of *Egg Industry*, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 152, USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself.   USEM denies the remaining allegations contained in paragraph 152.

153.   Denied.

154.   Denied.   To the extent that the allegations contained in paragraph 154 purport to characterize an article published in the *Wall Street Journal*, USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself.

155.   Denied.   To the extent that the allegations contained in paragraph 155 purport to characterize articles published in the February 2008 and October 2007 editions of *Egg Industry,* from which it appears that Plaintiffs have extracted the allegations contained in paragraph 155, USEM denies Plaintiffs' characterization of the articles, which are writings that speak for themselves.   USEM denies the remaining allegations contained in paragraph 155.

156.   Denied.   To the extent that the allegations contained in paragraph 156 purport to characterize a MarketWatch article discussing egg prices, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 156, USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself.   USEM denies the remaining allegations contained in paragraph 156.

157.   Admitted in part; denied in part.   USEM admits that Chad Gregory was the Senior Vice President of UEP.   The remaining allegations contained in paragraph 157 purport to characterize an article published in *Egg Industry,* from which it appears that Plaintiffs have extracted certain allegations contained in paragraph 157.   USEM denies Plaintiffs'

characterization of the article, which is a writing that speaks for itself.   USEM denies the remaining allegations contained in paragraph 157.

158.    Denied.   To the extent that the allegations contained in paragraph 158 purport to characterize a USDA report, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 158, USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.   USEM denies the remaining allegations contained in paragraph 158.

159.    Denied.   To the extent that the allegations contained in paragraph 159 purport to characterize an article published in the *Chicago Tribune* dated March 30, 2008, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 159, USEM denies Plaintiffs' characterization of that article, which is a writing that speaks for itself.   USEM denies the remaining allegations contained in paragraph 159.

160.    Denied.   To the extent that the allegations contained in paragraph 160 purport to characterize a written statement presented to the Joint Economic Committee, U.S. Congress, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 160, USEM denies Plaintiffs' characterization of the statement, which is a writing that speaks for itself.   USEM denies the remaining allegations contained in paragraph 160.

161.    Denied.   To the extent that the allegations contained in paragraph 161 purport to characterize a presentation given by USDA Secretary Ed Schaffer, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 161, USEM denies Plaintiffs' characterization of the transcript, which is a writing that speaks for itself.   USEM denies the remaining allegations contained in paragraph 161.

162.    Denied.  To the extent that the allegations contained in paragraph 162 purport to characterize an article published in the *Sacramento Bee* discussing egg prices, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 162, USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 162.

163.    Denied.  By way of further response, USEM avers that UEP is a Capper-Volstead Agricultural Cooperative.

164.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 164, and the same are therefore denied.  To the extent that the allegations contained in paragraph 164 purport to characterize information posted on UEP's website, from which it appears that Plaintiffs have extracted certain allegations contained in paragraph 164, USEM denies Plaintiffs' characterization of the website, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 164.

165.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 165, and the same are therefore denied.

166.    Admitted in part; denied in part.  USEM admits that UEP published a *United Voices* newsletter in October 2007, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 166.  USEM denies Plaintiffs' characterization of the *United Voices* newsletter, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 166.

167.    Admitted in part; denied in part.  USEM admits that UEP publishes a *United Voices* newsletter.  USEM lacks knowledge or information sufficient to form a belief as

to the truth of the remaining allegations contained in paragraph 167, and the same are therefore denied.

168.    Denied.  USEM denies Plaintiffs' characterization of UEP.  To the extent that the allegations contained in paragraph 168 purport to characterize information posted on UEP's website, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 168, USEM denies Plaintiffs' characterization of the information on UEP's website, which is a writing that speaks for itself.  By way of further response, UEP, USEM and UEA are separately incorporated entities.  USEM denies the remaining allegations contained in paragraph 168.

169.    Denied.   To the extent that the allegations contained in paragraph 169 purport to characterize information posted on UEP's website, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 169, USEM denies Plaintiffs' characterization of the information on UEP's website, which is a writing that speaks for itself. USEM denies the remaining allegations contained in paragraph 169.

170.    Admitted in part; denied in part.  USEM admits that UEA is a non-profit corporation organized and existing under the laws of the District of Columbia, and that UEA is comprised of three divisions:  UEA Further Processor Division, UEA Allied Industry Division, and UEA Producer/Packer Division.  To the extent that the remaining allegations contained in paragraph 170 purport to characterize information posted on UEP's website and contained in UEA's tax return, from which it appears that Plaintiffs have extracted certain allegations contained in paragraph 170, USEM denies Plaintiffs' characterization of those documents, which are writings that speak for themselves.  USEM denies the remaining allegations contained in paragraph 170.

171.     Admitted in part; denied in part.  USEM admits that USEM is a Capper-Volstead Agricultural Cooperative organized and existing under the laws of the State of Georgia, and that USEM negotiates shell egg export sales.  USEM denies that USEM is part of UEP. USEM denies the remaining allegations contained in paragraph 171.

172.     Admitted in part; denied in part.  USEM admits that USEM was established in December 1981; and that Jerry Faulkner served as general manager of USEM. USEM admits that USEM is managed by UEP pursuant to a management agreement.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first sentence of paragraph 172, and the same are therefore denied. USEM denies the remaining allegations contained in paragraph 172.

173.     Admitted.

174.     Admitted in part; denied in part.  USEM admits that Gene Gregory is the former President and CEO of UEP.  To the extent that the allegations contained in paragraph 174 purport to characterize an article from UEP's *United Voices* newsletter, from which it appears that Plaintiffs have extracted certain allegations contained in paragraph 174, USEM denies Plaintiffs' characterization of the *United Voices* newsletter, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 174.

175.     Admitted in part; denied in part.  USEM admits that Don Bell is a poultry specialist.  To the extent that the allegations contained in paragraph 175 purport to characterize a report authored by Don Bell, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 175, USEM denies Plaintiffs' characterization of the report, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 175.

176.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of paragraph 176, and the same are therefore denied.  USEM denies the remaining allegations contained in paragraph 176.

177.    Admitted in part; denied in part.  USEM admits that UEP published a *United Voices* newsletter in August 1999, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 177.  USEM denies Plaintiffs' characterization of the *United Voices* newsletter, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 177.

178.    Admitted in part; denied in part.  USEM admits that UEP published a *United Voices* newsletter in August 1999, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 178.  USEM denies Plaintiffs' characterization of the *United Voices* newsletter, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 178.

179.    Denied.  To the extent that the allegations contained in paragraph 179 purport to characterize an article from UEP's *United Voices* newsletter or an *Egg Industry* article dated November 1999, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 179, USEM denies Plaintiffs' characterization of the articles, which are writings that speak for themselves.  USEM denies the remaining allegations contained in paragraph 179.

180.    Denied.  To the extent that the allegations contained in paragraph 180 purport to characterize an *Egg Industry* article dated November 1999, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 180, USEM denies Plaintiffs'

characterization of the article, which is a writing that speaks for itself. USEM denies the remaining allegations contained in paragraph 180.

181.    Denied.  To the extent that the allegations contained in paragraph 181 purport to characterize a *Feedstuffs* article dated November 5, 2001, from which it appears that Plaintiffs have extracted certain allegations contained in paragraph 181, USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself. USEM denies the remaining allegations contained in paragraph 181.

182.    Admitted in part; denied in part. USEM admits that Roger Deffner is affiliated with National Food Corporation and that Robert Krouse is affiliated with Midwest Poultry Services, L.P. USEM further admits upon information and belief that John Mueller was Sparboe Farms, Inc.'s general counsel. USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 182, and the same are therefore denied.

183.    Admitted in part; denied in part. USEM admits that the supply of shell eggs may have fluctuated in 2001. USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations about the estimated size of the national flock, and the same are therefore denied. USEM denies the remaining allegations contained in paragraph 183.

184.    Denied.  The allegations contained in paragraph 184 purport to characterize a document titled "The Egg Industry," from which it appears that Plaintiffs have extracted certain allegations contained in paragraph 184. USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself. USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 184, and the same are therefore denied.

185.    Denied.    The allegations contained in paragraph 185 purport to characterize a document dated August 2001, from which it appears that Plaintiffs have extracted certain allegations contained in paragraph 185. USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself. USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 185, and the same are therefore denied.

186.    Denied. USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 186, and the same are therefore denied. To the extent that the allegations contained in paragraph 186 purport to characterize a *Feedstuffs* article dated November 5, 2001, from which it appears that Plaintiffs have extracted certain allegations contained in paragraph 186, USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself. USEM denies the remaining allegations contained in paragraph 186.

187.    Admitted in part; denied in part. USEM admits that Ken Looper was Vice Chairman of Cal-Maine Foods, Inc., in 2001. USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first sentence of paragraph 187, and the same are therefore denied. To the extent that the allegations contained in paragraph 187 purport to characterize a *Feedstuffs* article dated November 5, 2001, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 187, USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself. USEM denies the remaining allegations contained in paragraph 187.

188.    Denied. USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 188, and the same are therefore denied.

To the extent that the allegations contained in paragraph 188 purport to characterize a document, USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 188.

190. Denied.  To the extent that the allegations contained in paragraph 189 purport to characterize a document, USEM denies Plaintiffs' characterization of that document, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 189.

190. Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 190, and the same are therefore denied.  The allegations contained in paragraph 190 purport to characterize the minutes from a May 15-16, 2002 UEP Board of Directors meeting.  USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 190.

191. Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 191, and the same are therefore denied.  The allegations contained in paragraph 191 purport to characterize the minutes from a UEP Board of Directors meeting, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 191.  USEM denies Plaintiffs' characterization of that document, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 191.

192. Admitted in part; denied in part.  USEM admits that Dolph Baker was President of Cal-Maine Foods, Inc., in 2002.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first sentence of

paragraph 192, and the same are therefore denied.  To the extent that the allegations contained in paragraph 192 purport to characterize a *Feedstuffs* article dated November 5, 2001, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 192, USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 192.

      193.    Denied.

      194.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 194, and the same are therefore denied.

      195.    Denied.

      196.    Denied.

      197.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 197, and the same are therefore denied. To the extent that the allegations contained in paragraph 197 purport to characterize a *Feedstuffs* article, USEM denies Plaintiffs' characterization of the article, which is writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 197.

      198.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 198, and the same are therefore denied.

      199.    Denied.

      200.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 200, and the same are therefore denied. To the extent that the allegations contained in paragraph 200 purport to characterize a *Feedstuffs* article, USEM denies Plaintiffs' characterization of the article, which is writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 200.

201.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 201, and the same are therefore denied.

202.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 202, and the same are therefore denied.

203.    Denied.

204.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 204, and the same are therefore denied.  The allegations contained in the first sentence of paragraph 204 purport to characterize UEP's *United Voices* newsletter.  USEM denies Plaintiffs' characterization of the newsletter, which is a document that speaks for itself.  USEM denies the remaining allegations in paragraph 204.

205.    Denied.

206.    Denied.    The allegations contained in paragraph 206 purport to characterize a document attributed to Don Bell, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 206.  USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.   USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 206, and the same are therefore denied.

207.    Denied. The allegations contained in paragraph 207 purport to characterize a document attributed to Don Bell, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 207.   USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.   USEM lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 207, and the same are therefore denied.

208.    Denied.   To the extent that the allegations contained in paragraph 208 purport to characterize a *Feedstuffs* article dated August 5, 2002, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 208, USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself.   USEM denies the remaining allegations contained in paragraph 208.

209.    Denied.

210.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 210, and the same are therefore denied.

211.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 211, and the same are therefore denied.

212.    Denied.   To the extent that the allegations contained in paragraph 212 purport to characterize a document, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 212, USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.   USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 212, and the same are therefore denied.

213.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 213, and the same are therefore denied.

214.    Denied.

215.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 215, and the same are therefore denied.

216.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 216, and the same are therefore denied.

217.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 217, and the same are therefore denied.

218.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 218, and the same are therefore denied.

219.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 219, and the same are therefore denied.

220.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 220, and the same are therefore denied.

221.    Denied.  To the extent that the allegations contained in paragraph 221 purport to characterize an article published in *Egg Industry* dated November 2002, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 221, USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 221.

222.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 222, and the same are therefore denied.

223.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in second through fourth sentences of paragraph 223, and the same are therefore denied.  USEM denies the remaining allegations contained in paragraph 223.

224.    Denied.

225.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 225, and the same are therefore denied. To the extent that the allegations contained in paragraph 225 purport to characterize an article published in *Feedstuffs* dated November 4, 2002, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 225, USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 225.

226.    Denied.  To the extent that the allegations contained in paragraph 226 purport to characterize a document, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 226, USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 226.

227.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 227, and the same are therefore denied.

228.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 228, and the same are therefore denied.

229.    Denied.   The allegations contained in paragraph 229 purport to characterize a document attributed to Gene Gregory, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 229.  USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.   USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 229, and the same are therefore denied.

230.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 230, and the same are therefore denied.   The remaining allegations contained in paragraph 230 purport to characterize an email dated August 31, 2005, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 230.   USEM denies Plaintiffs' characterization of the email, which is a writing that speaks for itself.   USEM denies the remaining allegations contained in paragraph 230.

231.    Denied.   The allegations contained in paragraph 231 purport to characterize a letter, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 231.  USEM denies Plaintiffs' characterization of the letter, which is a writing that speaks for itself.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 231, and the same are therefore denied.

232.    Denied.   The allegations contained in paragraph 232 purport to characterize a document, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 232.  USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 232, and the same are therefore denied.

233.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 233, and the same are therefore denied.

234.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 234, and the same are therefore denied.

235.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 235, and the same are therefore denied.

236.    Denied.

237.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 237, and the same are therefore denied. The allegations contained in paragraph 237 purport to characterize a UEP 2003 Directory, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 237. USEM denies Plaintiffs' characterization of the Directory, which is a writing that speaks for itself.

238.    Admitted in part; denied in part.  USEM admits that UEP published a *United Voices* newsletter dated May 1, 2003, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 238.  USEM denies Plaintiffs' characterization of the *United Voices* newsletter, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 238.

239.    Admitted in part; denied in part.  USEM admits that UEP published a *United Voices* newsletter dated June 4, 2003, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 239.  USEM denies Plaintiffs' characterization of the *United Voices* newsletter, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 239.

240.    Admitted in part; denied in part.  USEM admits that UEP published a *United Voices* newsletter dated June 4, 2003, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 240.  USEM denies Plaintiffs' characterization of the *United Voices* newsletter, which is a writing that speaks for itself.  To the extent that the

allegations contained in paragraph 240 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 240.

241.    Admitted in part; denied in part.  USEM admits that UEP published a *United Voices* newsletter dated July 17, 2003, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 241.  USEM denies Plaintiffs' characterization of the newsletter, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 241.

242.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 242, and the same are therefore denied.

243.    Denied.    The allegations contained in paragraph 243 purport to characterize a document attributed to Gene Gregory, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 243.  USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 243, and the same are therefore denied.

244.    Denied.    The allegations contained in paragraph 244 purport to characterize a document attributed to Gene Gregory, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 244.  USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.  To the extent that the allegations contained in paragraph 244 are conclusions of law, no response is required, and they are thus deemed denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 244, and the same are therefore denied.

245.   Admitted in part; denied in part.   USEM admits that UEP published a *United Voices* newsletter dated September 11, 2003, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 245.   USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.   USEM denies the remaining allegations contained in paragraph 245.

246.   Admitted in part; denied in part.   USEM admits that UEP published a *United Voices* newsletter dated October 31, 2003, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 246.   USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.   USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 246, and the same are therefore denied.

247.   Admitted in part; denied in part.   USEM admits that UEP published a *United Voices* newsletter dated December 30, 2003, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 247.   USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.   USEM denies the remaining allegations contained in paragraph 247.

248.   Admitted in part; denied in part.   USEM admits that UEP published a *United Voices* newsletter dated December 30, 2003, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 248.   USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.   USEM denies the remaining allegations contained in paragraph 248.

249.   Denied.   USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 249, and the same are therefore denied.

250.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 250, and the same are therefore denied. The allegations contained in paragraph 250 purport to characterize a document attributed to Ken Looper, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 250.  USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 250.

251.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 251, and the same are therefore denied. The allegations contained in paragraph 251 purport to characterize a document attributed to Don Bell titled "Supply/Demand Challenges (When Will We Ever Learn?)," from which it appears that Plaintiffs have extracted the allegations contained in paragraph 251.  USEM denies Plaintiffs' characterization of that document, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 251.

252.    Admitted in part; denied in part.  USEM admits that flock numbers and egg prices varied during the alleged relevant time period.  USEM denies the remaining allegations contained in paragraph 252.

253.    Admitted in part; denied in part.  USEM admits that UEP published a *United Voices* newsletter dated March 4, 2004, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 253.  USEM denies Plaintiffs' characterization of the newsletter, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 253.

254.    Admitted in part; denied in part.  USEM admits that UEP published a *United Voices* newsletter dated April 8, 2004, from which it appears that Plaintiffs have extracted

the allegations contained in paragraph 254.   USEM denies Plaintiffs' characterization of the *United Voices* newsletter, which is a writing that speaks for itself.   USEM denies the remaining allegations contained in paragraph 254.

255.   Denied.   To the extent that the allegations contained in paragraph 255 constitute conclusions of law, no response is required and they are deemed denied.   USEM denies the remaining allegations contained in paragraph 255.

256.   Denied.   The allegations contained in paragraph 256 purport to characterize a document attributed to Gene Gregory, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 256.   USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.   USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 256, and the same are therefore denied.

257.   Denied.   USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 257, and the same are therefore denied.

258.   Denied.   The allegations contained in paragraph 258 purport to characterize a document titled "Market Analysis (Now & Future)," from which it appears that Plaintiffs have extracted the allegations contained in paragraph 258.   USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.   USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 258, and the same are therefore denied.

259.   Denied.   To the extent that the allegations contained in paragraph 259 purport to characterize a document titled "Market Analysis (Now & Future)," from which it appears that Plaintiffs have extracted the allegations contained in paragraph 259, USEM denies

Plaintiffs' characterization of the document, which is a writing that speaks for itself.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 259, and the same are therefore denied.

260.    Denied.  To the extent that the allegations contained in paragraph 260 purport to characterize a document titled "Market Analysis (Now & Future)," from which it appears that Plaintiffs have extracted the allegations contained in paragraph 260, USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 260, and the same are therefore denied.

261.    Admitted in part; denied in part.  USEM admits that UEP published a *United Voices* newsletter dated May 20, 2004, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 261.  USEM denies Plaintiffs' characterization of the *United Voices* newsletter, which is a writing that speaks for itself.  To the extent that the allegations contained in paragraph 261 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 261.

262.    Admitted in part; denied in part.  USEM admits that UEP published a *United Voices* newsletter dated May 20, 2004, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 262.  USEM denies Plaintiffs' characterization of the *United Voices* newsletter, which is a writing that speaks for itself.  To the extent that the allegations contained in paragraph 262 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 262.

263.    Admitted in part; denied in part.  USEM admits that Roger Deffner is affiliated with National Food Corporation.  USEM lacks knowledge or information sufficient to

form a belief as to the truth of the allegations contained in the first sentence of paragraph 263, and the same are therefore denied.  USEM further admits that UEP published a *United Voices* newsletter dated May 20, 2004, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 263.  USEM denies Plaintiffs' characterization of the *United Voices* newsletter, which is a writing that speaks for itself.  To the extent that the allegations contained in paragraph 263 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 263.

264.    Admitted in part; denied in part.  USEM admits that UEP published a *United Voices* newsletter dated May 20, 2004, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 264.  USEM denies Plaintiffs' characterization of the *United Voices* newsletter, which is a writing that speaks for itself.  To the extent that the allegations contained in paragraph 264 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 264.

265.    Denied.  To the extent that the allegations contained in paragraph 265 purport to characterize the contents of a document, USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 265, and the same are therefore denied.

266.    Admitted in part; denied in part.  USEM admits that UEP published a *United Voices* newsletter dated July 16, 2004, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 266.  USEM denies Plaintiffs' characterization of the *United Voices* newsletter, which is a writing that speaks for itself.  To the extent that the

allegations contained in paragraph 266 are conclusions of law, no response is required, and they are thus deemed denied. USEM denies the remaining allegations contained in paragraph 266.

267.   Admitted in part; denied in part. USEM admits that UEP published a *United Voices* newsletter dated September 15, 2004, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 267. USEM denies Plaintiffs' characterization of the *United Voices* newsletter, which is a writing that speaks for itself. To the extent that the allegations contained in paragraph 267 are conclusions of law, no response is required, and they are thus deemed denied. USEM denies the remaining allegations contained in paragraph 267.

268.   Denied.

269.   Admitted in part; denied in part. USEM admits that UEP published a *United Voices* newsletter dated October 28, 2004, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 269. USEM denies Plaintiffs' characterization of the *United Voices* newsletter, which is a writing that speaks for itself. USEM denies the remaining allegations contained in paragraph 269.

270.   Denied. To the extent that the allegations contained in paragraph 270 purport to characterize a document, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 270, USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself. To the extent that the allegations contained in paragraph 270 are conclusions of law, no response is required and they are deemed denied. USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 270, and the same are therefore denied.

271.   Denied. To the extent that the allegations contained in paragraph 271 purport to characterize an article published in *Feedstuffs* dated November 1, 2004, from which it

appears that Plaintiffs have extracted the allegations contained in paragraph 271, USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 271.

272.    Admitted in part; denied in part.  USEM admits that UEP published a *United Voices* newsletter dated November 11, 2004, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 272.  USEM denies Plaintiffs' characterization of the *United Voices* newsletter, which is a writing that speaks for itself.  To the extent that the allegations contained in paragraph 272 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 272.

273.    Denied.  To the extent that the allegations contained in paragraph 273 are conclusions of law, no response is required, and they are thus deemed denied. USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 273, and the same are therefore denied.

274.    Admitted in part; denied in part.  USEM admits that UEP published a *United Voices* newsletter dated November 23, 2004, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 274.  USEM denies Plaintiffs' characterization of the *United Voices* newsletter, which is a writing that speaks for itself.  To the extent that the allegations contained in paragraph 274 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 274.

275.    Denied.  To the extent that the allegations contained in paragraph 275 purport to characterize a document, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 275, USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.  To the extent that the allegations contained in

paragraph 275 are conclusions of law, no response is required, and they are thus deemed denied. USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 275, and the same are therefore denied.

276.   Admitted in part; denied in part.   USEM admits that UEP published a *United Voices* newsletter dated November 23, 2004, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 276.  USEM denies Plaintiffs' characterization of the *United Voices* newsletter, which is a writing that speaks for itself.   To the extent that the allegations contained in paragraph 276 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 276.

277.   Denied.   The allegations contained in paragraph 277 purport to characterize a letter dated December 3, 2004, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 277.   USEM denies Plaintiffs' characterization of the letter, which is a writing that speaks for itself.   To the extent that the allegations contained in paragraph 277 are conclusions of law, no response is required, and they are thus deemed denied. USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 277, and the same are therefore denied.

278.   Denied.   The allegations contained in paragraph 278 purport to characterize documents, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 278.  USEM denies Plaintiffs' characterization of the documents, which are writings that speak for themselves.  To the extent that the allegations contained in paragraph 278 are conclusions of law, no response is required, and they are thus deemed denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 278, and the same are therefore denied.

279.     Denied.  To the extent that the allegations contained in paragraph 279 are conclusions of law, no response is required, and they are thus deemed denied.  To the extent that the allegations contained in paragraph 279 purport to characterize a document, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 279, USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 279, and the same are therefore denied.

280.     Admitted in part; denied in part.  USEM admits that UEP published a *United Voices* newsletter dated December 10, 2004, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 280.  USEM denies Plaintiffs' characterization of the *United Voices* newsletter, which is a writing that speaks for itself.  To the extent that the allegations contained in paragraph 280 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 280.

281.     Denied.

282.     Admitted in part; denied in part.  USEM admits that UEP published a *United Voices* newsletter dated December 20, 2004, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 282.  USEM denies Plaintiffs' characterization of the *United Voices* newsletter, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 282.

283.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 283, and the same are therefore denied.

284.     Denied.    The allegations contained in paragraph 284 purport to characterize the minutes from a January 25, 2005 UEP meeting.  USEM denies Plaintiffs'

characterization of the meeting minutes, which is a writing that speaks for itself.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 284, and the same are therefore denied.

285.   Denied.   The allegations contained in paragraph 285 purport to characterize the minutes from a January 25, 2005 UEP meeting.  USEM denies Plaintiffs' characterization of the meeting minutes, which is a writing that speaks for itself.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 285, and the same are therefore denied.

286.   Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second and third sentences of paragraph 286, and the same are therefore denied.  To the extent that the allegations contained in paragraph 286 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 286.

287.   Admitted in part; denied in part.  USEM admits that UEP published a *United Voices* newsletter dated February 3, 2005, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 287.  USEM denies Plaintiffs' characterization of the *United Voices* newsletter, which is a writing that speaks for itself.  To the extent that the allegations contained in paragraph 287 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 287.

288.   Denied.

289.   Admitted in part; denied in part.  USEM admits that UEP published a *United Voices* newsletter dated August 12, 2004, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 289.  USEM denies Plaintiffs' characterization

of the *United Voices* newsletter, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 289.

290.    Denied.  To the extent that the allegations contained in paragraph 290 purport to characterize an article published in *Feedstuffs* dated November 15, 2004, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 290, USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 290.

291.    Denied.    The allegations contained in paragraph 291 purport to characterize the minutes from a December 16, 2004 UEP meeting, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 291.  USEM denies Plaintiffs' characterization of the meeting minutes, which is a writing that speaks for itself.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 291, and the same are therefore denied.

292.    Denied.

293.    Admitted in part; denied in part.  USEM admits that UEP published a *United Voices* newsletter dated March 3, 2005, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 293.  USEM denies Plaintiffs' characterization of the *United Voices* newsletter, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 293.

294.    Admitted in part; denied in part.  USEM admits that UEP published a *United Voices* newsletter dated April 14, 2005, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 294.  USEM denies Plaintiffs' characterization

of the *United Voices* newsletter, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 294.

295.    Denied.    The allegations contained in paragraph 295 purport to characterize the minutes from an April 19, 2005 UEP meeting, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 295.  USEM denies Plaintiffs' characterization of the meeting minutes, which is a writing that speaks for itself.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 295, and the same are therefore denied.

296.    Denied.    The allegations contained in paragraph 296 purport to characterize the minutes from an April 19, 2005 UEP meeting, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 296.  USEM denies Plaintiffs' characterization of the meeting minutes, which is a writing that speaks for itself.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 296, and the same are therefore denied.

297.    Denied.  To the extent that the allegations contained in paragraph 297 purport to characterize the minutes from an April 19, 2005 UEP meeting, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 297, USEM denies Plaintiffs' characterization of the meeting minutes, which is a writing that speaks for itself. USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 297, and the same are therefore denied.

298.    Admitted in part; denied in part.  USEM admits that UEP published a *United Voices* newsletter dated May 2, 2005, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 298.  USEM denies Plaintiffs' characterization of the

newsletter, which is a writing that speaks for itself.  To the extent that the allegations contained in paragraph 298 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 298.

299.    Admitted in part; denied in part.  USEM admits that UEP published a *United Voices* newsletter dated May 12, 2005, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 299.  USEM denies Plaintiffs' characterization of the newsletter, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 299.

300.    Admitted in part; denied in part.  USEM admits that UEP published a *United Voices* newsletter dated May 12, 2005, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 300.  USEM denies Plaintiffs' characterization of the newsletter, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 300.

301.    Admitted in part; denied in part.  USEM admits that UEP published a *United Voices* newsletter dated May 26, 2005, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 301.  USEM denies Plaintiffs' characterization of the newsletter, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 301.

302.    Admitted in part; denied in part.  USEM admits that UEP published a *United Voices* newsletter dated June 9, 2005, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 302.  USEM denies Plaintiffs' characterization of the newsletter, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 302.

303.    Denied.  To the extent that the allegations contained in paragraph 303 purport to characterize a Cal-Maine Foods, Inc., press release dated August 1, 2005, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 303, USEM denies Plaintiffs' characterization of the press release, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 303.

304.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 304, and the same are therefore denied.

305.    Admitted in part; denied in part.  USEM admits that UEP published a *United Voices* newsletter dated November 28, 2005, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 305.  USEM denies Plaintiffs' characterization of the *United Voices* newsletter, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 305.

306.    Admitted in part; denied in part.  USEM admits that UEP published a *United Voices* newsletter dated November 28, 2005, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 306.  USEM denies Plaintiffs' characterization of the *United Voices* newsletter, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 306.

307.    Admitted in part; denied in part.  USEM admits that UEP published a *United Voices* newsletter dated January 11, 2006, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 307.  USEM denies Plaintiffs' characterization of the *United Voices* newsletter, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 307.

308.    Admitted in part; denied in part.  USEM admits that UEP published a *United Voices* newsletter dated February 15, 2006, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 308.  USEM denies Plaintiffs' characterization of the newsletter, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 308.

309.    Admitted in part; denied in part.  USEM admits that UEP it published an article titled "Supply/Demand Alert" in its April 13, 2006 edition of *United Voices*.  USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 309.

310.    Admitted in part; denied in part.  USEM admits that UEP published a *United Voices* newsletter dated May 24, 2006, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 310.  USEM denies Plaintiffs' characterization of the newsletter, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 310.

311.    Admitted in part; denied in part.  USEM admits that UEP published a *United Voices* newsletter dated August 3, 2006, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 311.  USEM denies Plaintiffs' characterization of the newsletter, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 311.

312.    Denied.  To the extent that the allegations contained in paragraph 312 purport to characterize an article published in *Egg Industry's* May 2007 issue, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 312, USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself.  To the extent

that the allegations contained in paragraph 312 are conclusions of law, no response is required, and they are thus deemed denied.   USEM denies the remaining allegations contained in paragraph 312.

313.    Admitted in part; denied in part.   USEM admits that UEP published a *United Voices* newsletter dated February 28, 2008, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 313.   USEM denies Plaintiffs' characterization of the *United Voices* newsletter, which is a writing that speaks for itself.   USEM denies the remaining allegations contained in paragraph 313.

314.    Denied.   USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 314, and the same are therefore denied.

315.    Denied.   USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 315, and the same are therefore denied.

316.    Denied.   USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 316, and the same are therefore denied.

317.    Denied.   To the extent that the allegations contained in paragraph 317 are conclusions of law, no response is required, and they are thus deemed denied.   USEM denies the remaining allegations contained in paragraph 317.

318.    Admitted in part; denied in part.   USEM admits that UEP published a *United Voices* newsletter dated October 15, 2001, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 318.   USEM denies Plaintiffs' characterization of the *United Voices* newsletter, which is a writing that speaks for itself.   USEM further admits that exports may affect the domestic U.S. egg industry.   To the extent that the allegations

contained in paragraph 318 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 318.

319.    Admitted in part; denied in part.  USEM admits that Dolph Baker is the President of Cal-Maine Foods, Inc.; that Chad Gregory was the Senior Vice President of UEP; that Joseph Fortin was affiliated with Moark, LLC and its subsidiary Kofkoff Egg Farm; and that these individuals supported egg exports at certain times during the alleged relevant time period. USEM further admits that Cal-Maine Foods, Inc., Moark, LLC, and Rose Acre Farms, Inc., were members of USEM and participated in exports at certain times during the alleged relevant time period.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding other unnamed participants in exports, and the same are therefore denied. USEM denies the remaining allegations contained in paragraph 319.

320.    Admitted in part; denied in part.  USEM admits that USEM organized exports of shell eggs to foreign countries at certain times during the alleged relevant time period. To the extent that the allegations contained in paragraph 320 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 320.

321.    Denied.

322.    Admitted in part; denied in part.  USEM admits that Gene Gregory authored an email dated March 20, 2003, which is addressed to members of USEM.  USEM further admits that Cal-Maine Foods, Inc., and certain Moark, LLC subsidiaries, were USEM members in 2003.  The remaining allegations contained in paragraph 322 purport to characterize the March 20, 2003 email, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 322.  USEM denies Plaintiffs' characterization of the email, which is a

writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 322.

323.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 323, and the same are therefore denied.

324.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 324, and the same are therefore denied.

325.    Denied.    The allegations contained in paragraph 325 purport to characterize the minutes from UEP's May 12-15, 2003 Board of Directors Legislative Meeting, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 325.  USEM denies Plaintiffs' characterization of the meeting minutes, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 325.

326.    Admitted in part; denied in part.  USEM admits that UEP published a *United Voices* newsletter dated October 28, 2004, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 326.  USEM denies Plaintiffs' characterization of the *United Voices* newsletter, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 326.

327.    Denied.    The allegations contained in paragraph 327 purport to characterize UEP's October 28, 2004 *United Voices* newsletter, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 327.  USEM denies Plaintiffs' characterization of the *United Voices* newsletter, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 327.

328.    Admitted in part; denied in part.  USEM admits that Sparboe Companies terminated its membership with USEM by letter dated May 27, 2005.  USEM further admits that

Gene Gregory authored a letter dated June 21, 2005, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 328. USEM denies Plaintiffs' characterization of that letter, which is a writing that speaks for itself. To the extent that the allegations contained in paragraph 328 are conclusions of law, no response is required, and they are thus deemed denied. USEM denies the remaining allegations contained in paragraph 328.

329. Admitted in part; denied in part. USEM admits that both Al Pope and Gene Gregory served as President of UEP at certain times during the alleged relevant time period, and that Joseph Fortin was affiliated with Moark, LLC and its subsidiary Kofkoff Egg Farm. To the extent that the allegations contained in paragraph 329 purport to characterize a document, from which it appears that Plaintiffs have extracted certain allegations contained in paragraph 329, USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself. USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 329, and the same are therefore denied.

330. Admitted in part; denied in part. USEM admits that UEP published a *United Voices* newsletter dated October 17, 2005, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 330. USEM denies Plaintiffs' characterization of the *United Voices* newsletter, which is a writing that speaks for itself. USEM denies the remaining allegations contained in paragraph 330.

331. Denied.

332. Denied. To the extent that the allegations contained in paragraph 332 purport to characterize an article published in the *Wall Street Journal* dated September 23, 2008, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 332,

USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself. USEM denies the remaining allegations contained in paragraph 332.

333.    Admitted.

334.    Denied.  To the extent that the allegations contained in paragraph 334 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 334.

335.    Denied.  To the extent that the allegations contained in paragraph 335 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 335.

336.    Admitted in part; denied in part.  USEM admits that UEP published a *United Voices* newsletter dated November 1, 2006, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 336.  USEM denies Plaintiffs' characterization of the *United Voices* newsletter, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 336.

337.    Admitted in part; denied in part.  USEM admits that Cal-Maine Foods, Inc., Midwest Poultry Services, L.P.; certain Moark LLC subsidiaries; National Food Corporation; and NuCal Foods, Inc., were members of USEM in 2006.  To the extent that the allegations contained in paragraph 337 purport to characterize a document, USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 337.

338.    Admitted in part; denied in part.  USEM admits that UEP published a *United Voices* newsletter dated January 4, 2007, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 338.  USEM denies Plaintiffs' characterization

of the *United Voices* newsletter, which is a writing that speaks for itself.  To the extent that the allegations contained in paragraph 338 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 338.

339.    Admitted in part; denied in part.  USEM admits that a container of eggs may hold between 750-850 cases of eggs, depending on weight.  USEM further admits that USEM agreed to accept the following export orders:  (1) December 2006 export of 300 containers of shell eggs for delivery in January 2007; (2) February 2007 export of 300 containers of shell eggs to be shipped to Germany, Italy, the United Kingdom, Israel and Japan from February 2007-March 2007; and (3) April 2007 export of 200 containers of shell eggs to be shipped to Dubai, Europe, Israel, and Japan.  To the extent that the allegations contained in paragraph 339 purport to characterize a document, USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 339.

340.    Denied.  To the extent that the allegations contained in paragraph 340 purport to characterize an article published in *Egg Industry*'s May 2007 issue, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 340, USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 340.

341.    Denied.  To the extent that the allegations contained in paragraph 341 purport to characterize the minutes from a May 17, 2007 UEP Marketing Committee meeting, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 341, USEM denies Plaintiffs' characterization of the meeting minutes, which is a writing that speaks

for itself.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 341, and the same are therefore denied.

342.   Denied.   The allegations contained in paragraph 342 purport to characterize a USDA article published in the *International Egg and Poultry Review* dated June 12, 2007.  USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 342.

343.   Denied.   The allegations contained in paragraph 343 purport to characterize a USDA article published in the *International Egg and Poultry Review* dated June 12, 2007, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 343.  USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 343.

344.   Denied.   The allegations contained in paragraph 344 purport to characterize an article published in *Egg Industry*'s May 2007 issue.  USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 344.

345.   Denied.   The allegations contained in paragraph 345 purport to characterize an article published in *Egg Industry*'s May 2007 issue, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 345.  USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 345.

346.   Admitted in part; denied in part.  USEM admits that UEP published a *United Voices* newsletter dated August 17, 2007.  USEM denies Plaintiffs' characterization of

the *United Voices* newsletter, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 346.

347.   Denied.   The allegations contained in paragraph 347 purport to characterize an article published in *Egg Industry*'s September 2007 issue, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 347.  USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 347.

348.   Denied.  To the extent that the allegations contained in paragraph 348 allege specific facts about egg production and demand in the European Union, or the mental state or activities of the European Commission, USEM lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and the same are therefore denied. USEM denies the remaining allegations contained in paragraph 348.

349.   Admitted in part; denied in part.  USEM admits that USEM organized an export sale of 100 containers of shell eggs to Japan and Dubai in May 2008.  To the extent that the allegations contained in paragraph 349 are conclusions of law, no response is required, and they are thus deemed denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth sentence of paragraph 349, and the same are therefore denied.  USEM denies the remaining allegations contained in paragraph 349.

350.   Denied.   The allegations contained in paragraph 350 purport to characterize an article published in the June 2007 issue of *Egg Industry*, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 350.   USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 350.

351.    Denied.    The allegations contained in paragraph 351 purport to characterize a *Food Institute Report* dated July 2, 2007, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 351.    USEM denies Plaintiffs' characterization of the report, which is a writing that speaks for itself.    USEM denies the remaining allegations contained in paragraph 351.

352.    Denied.    The allegations contained in paragraph 352 purport to characterize an article published in *Egg Industry*'s May 2007 issue, and the contents of a United States Poultry & Egg Association publication.    USEM denies Plaintiffs' characterization of the documents, which are writings that speak for themselves.    USEM denies the remaining allegations contained in paragraph 352.

353.    Admitted in part; denied in part.    USEM admits that UEP published a *United Voices* newsletter dated January 1, 2008, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 353.    USEM denies Plaintiffs' characterization of the *United Voices* newsletter, which is a writing that speaks for itself.    USEM denies the remaining allegations contained in paragraph 353.

354.    Admitted in part; denied in part.    USEM admits that UEP published a *United Voices* newsletter dated July 15, 2008, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 354.    USEM denies Plaintiffs' characterization of the *United Voices* newsletter, which is a writing that speaks for itself.    USEM denies the remaining allegations contained in paragraph 354.

355.    Admitted in part; denied in part.    USEM admits that UEP published a *United Voices* newsletter dated November 12, 2003, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 355.    USEM denies Plaintiffs' characterization

of the *United Voices* newsletter, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 355.

356.    Denied.  To the extent that the allegations contained in 356 purport to characterize a *Feedstuffs* article dated November 2003, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 356, USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 356.

357.    Admitted in part; denied in part.  USEM admits that Gene Gregory is the former President and CEO of UEP.  To the extent that the allegations contained in 357 purport to characterize a *Pittsburgh-Post Gazette* article dated December 13, 2003, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 357, USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 357.

358.    Denied.  To the extent that the allegations contained in paragraph 358 purport to characterize a *Columbia State* article dated December 13, 2003, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 358, USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 358.

359.    Denied.  To the extent that the allegations contained in paragraph 359 purport to characterize a *Lancaster New Era* article dated December 15, 2003, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 359, USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 359.

360.    Denied.  To the extent that the allegations contained in paragraph 360 purport to characterize a March 2004 document, from which it appears that Plaintiffs have extracted certain allegations contained in paragraph 360, USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.  To the extent that the allegations contained in paragraph 360 are conclusions of law, no response is required, and they are thus deemed denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 360, and the same are therefore denied.

361.    Denied.

362.    Admitted in part; denied in part.  USEM admits that UEP published a *United Voices* newsletter dated February 2, 2007, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 362.  USEM denies Plaintiffs' characterization of the newsletter, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 362.

363.    Denied.   The allegations contained in paragraph 363 purport to characterize an article published in the *Columbus Dispatch* dated February 13, 2007, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 363.  USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 363.

364.    Denied.  To the extent that the allegations contained in paragraph 364 purport to characterize an article published in *Egg Industry* dated March 2007, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 364, USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself. USEM lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 364, and the same are therefore denied.

365.   Denied.  To the extent that the allegations contained in paragraph 365 purport to characterize an article published in *Egg Industry* dated March 2007, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 365, USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 365.

366.   Admitted in part; denied in part.  USEM admits that UEP published a *United Voices* newsletter dated April 10, 2007, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 366.  USEM denies Plaintiffs' characterization of the newsletter, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 366.

367.   Denied.   The allegations contained in paragraph 367 purport to characterize a document, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 367.  USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 367.

368.   Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 368, and the same are therefore denied. The allegations contained in paragraph 368 purport to characterize the minutes from a May 17, 2007 UEP Marketing Committee meeting, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 368.  USEM denies Plaintiffs' characterization of the

meeting minutes, which is a writing that speaks for itself.   USEM denies the remaining allegations contained in paragraph 368.

369.    Denied.   To the extent that the allegations contained in paragraph 369 purport to characterize an article published in *Investor's Business Daily* dated July 10, 2007, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 369, USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself. USEM denies the remaining allegations contained in paragraph 369.

370.    Denied.   To the extent that the allegations contained in paragraph 370 purport to characterize an article published in *Egg Industry* dated September 2007, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 370, USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 370.

371.    Admitted in part; denied in part.  USEM admits that Mark Oldenkamp is Vice President of northwest operations for Valley Fresh Foods, Inc.  To the extent that the allegations contained in paragraph 371 purport to characterize an article published in *Egg Industry* dated October 2007, USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 371.

372.    Admitted in part; denied in part.  USEM admits that Paul Sauder is the President of R. W. Sauder, Inc., and that R. W. Sauder, Inc.'s principal place of business is located in Lititz, Pennsylvania.  To the extent that allegations contained in paragraph 372 purport to characterize an article published in *Egg Industry* dated October 2007, from which it appears that Plaintiffs have extracted certain allegations contained in paragraph 372, USEM denies

Plaintiffs' characterization of the article, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 372.

373.    Admitted in part; denied in part.  USEM admits that Larry Seger was the Chairman of USEM at certain times during the alleged relevant time period.  To the extent that the allegations contained in paragraph 373 purport to characterize an article published in *Egg Industry* dated November 2007, from which it appears that Plaintiffs have extracted certain allegations contained in paragraph 373, USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 373.

374.    Admitted in part; denied in part.  USEM admits that Craig Williardson is the President and CEO of Moark, LLC.  To the extent that the allegations contained in paragraph 374 purport to characterize an article published in *Egg Industry* dated November 2007, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 374, USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 374.

375.    Denied.  To the extent that the allegations contained in paragraph 375 purport to characterize an article published in *Feedstuffs* dated November 5, 2007, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 375, USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 375.

376.    Denied.  To the extent that  allegations contained in paragraph 376 purport to characterize an article published in the *Star Tribune* dated December 8, 2008, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 376, USEM denies

Plaintiffs' characterization of the article, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 376.

377.   Denied.  To the extent that the allegations contained in paragraph 377 purport to characterize an article published in *Egg Industry* dated January 2008, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 377, USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 377.

378.   Admitted in part; denied in part.  USEM admits that UEP published a *United Voices* newsletter dated January 3, 2008, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 378.  USEM denies Plaintiffs' characterization of the newsletter, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 378.

379.   Admitted in part; denied in part.  USEM admits that UEP published a *United Voices* newsletter dated January 31, 2008, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 379.  USEM denies Plaintiffs' characterization of the newsletter, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 379.

380.   Admitted in part; denied in part.  USEM admits that Dolph Baker is the President of Cal-Maine Foods, Inc.  To the extent that the allegations contained in paragraph 380 purport to characterize an article published in *Egg Industry* dated February 2008, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 380, USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 380.

381.   Denied.  To the extent that the allegations contained in paragraph 381 purport to characterize an article published in *Egg Industry* dated February 2008, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 381, USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 381.

382.   Admitted in part; denied in part.  USEM admits that Fred Adams, Jr., is affiliated with Cal-Maine Foods, Inc.  To the extent that the allegations contained in paragraph 382 purport to characterize an article posted on Sunny Hill Eggs' website titled "Christine's Egg Diary" dated February 3, 2008, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 382, USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 382.

383.   Admitted in part; denied in part.  USEM admits that Chad Gregory was the Senior Vice-President of UEP.  To the extent that the allegations contained in paragraph 383 purport to characterize an article published in the *Daily Breeze* dated March 31, 2008, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 383, USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 383.

384.   Denied.  To the extent that the allegations contained in paragraph 384 purport to characterize an article published in the *Chicago Tribune* dated March 23, 2008, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 384, USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 384.

385.   Denied.   To the extent that the allegations contained in paragraph 385 purport to characterize an article published in *Egg Industry* dated May 2008, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 385, USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself.   USEM denies the remaining allegations contained in paragraph 385.

386.   Denied.   The allegations contained in paragraph 386 purport to characterize the minutes from a May 12, 2008 UEP Marketing Committee meeting, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 386.   USEM denies Plaintiffs' characterization of the meeting minutes, which is a writing that speaks for itself.   USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 386, and the same are therefore denied.

387.   Admitted in part; denied in part.   USEM admits that Roger Deffner is affiliated with National Food Corporation.   USEM further admits that UEP published an article authored by Roger Deffner of National Food Corporation in its June 19, 2008 edition of *United Voices*, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 387.   USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself.   USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 387, and the same are therefore denied.

388.   Admitted in part; denied in part.   USEM admits that Gene Gregory is the former President of UEP.   To the extent that the allegations contained in paragraph 388 purport to characterize an article published in *Egg Industry* dated June 2008, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 388, USEM denies Plaintiffs'

characterization of the article, which is a writing that speaks for itself.   USEM denies the remaining allegations contained in paragraph 388.

389.    Admitted in part; denied in part.   USEM admits that Fred Adams, Jr., is the founder and Chairman Emeritus of Cal-Maine Foods, Inc.   To the extent that the allegations contained in paragraph 389 purport to characterize a transcription of a June 4, 2008 presentation, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 389, USEM denies Plaintiffs' characterization of the transcribed discussion, which is a writing that speaks for itself.   USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 389, and the same are therefore denied.

390.    Denied.   To the extent that the allegations contained in paragraph 390 purport to characterize a transcription of an August 12, 2008 Earnings Conference Call with Michael Foods, Inc., from which it appears that Plaintiffs have extracted the allegations contained in paragraph 390, USEM denies Plaintiffs' characterization of the transcribed discussion, which is a writing that speaks for itself.   USEM denies the remaining allegations contained in paragraph 390.

391.    Denied.   To the extent that the allegations contained in paragraph 391 purport to characterize an August 12, 2008 Earnings Conference Call with Michael Foods, Inc., from which it appears that Plaintiffs have extracted the allegations contained in paragraph 391, USEM denies Plaintiffs' characterization of the transcribed discussion, which is a writing that speaks for itself.   USEM denies the remaining allegations contained in paragraph 391.

392.    Denied.    The allegations contained in paragraph 392 purport to characterize the minutes from a UEP meeting, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 392.   USEM denies Plaintiffs' characterization

of the meeting minutes, which is a writing that speaks for itself.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 392, and the same are therefore denied.

393.    Denied.  To the extent that the allegations contained in paragraph 393 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 393.

394.    Admitted in part; denied in part.  USEM admits that shell eggs may be broken and processed into various dried, liquid and frozen egg products.  USEM denies the remaining allegations contained in paragraph 394.

395.    Denied.

396.    Admitted in part; denied in part.  USEM admits that certain egg farmers perform more than one step in the process of bringing an egg to market, and that certain USEM member farmers process eggs and/or raise egg laying hens.  To the extent that the remaining averments of paragraph 396 constitute conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 396.

397.    Admitted in part; denied in part.  USEM admits that certain USEM member farmers purchase shell eggs for processing, and that Plaintiffs purport to exclude such purchases from the alleged class.  To the extent that the allegations contained in paragraph 397 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 397.

398.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 398, and the same are therefore denied.

399.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 399, and the same are therefore denied. To the extent that the allegations contained in paragraph 399 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 399.

400.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 400, and the same are therefore denied.

401.    Denied.    The allegations contained in paragraph 401 purport to characterize UEP's *United Voices* newsletter dated May 20, 2004, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 401.  USEM denies Plaintiffs' characterization of the *United Voices* newsletter, which is a writing that speaks for itself.  To the extent that the allegations contained in paragraph 401 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 401.

402.    Denied.    The allegations contained in paragraph 402 purport to characterize UEP's *United Voices* newsletter dated June 22, 2006, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 402.  USEM denies Plaintiffs' characterization of the *United Voices* newsletter, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 402.

403.    Denied.    The allegations contained in paragraph 403 purport to characterize UEP's *United Voices* newsletter dated November 1, 2006, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 403.  USEM denies

Plaintiffs' characterization of the *United Voices* newsletter, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 403.

404.    Denied.    The allegations contained in paragraph 404 purport to characterize an article published in *Egg Industry*'s January 2008 issue, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 404.   USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself.   USEM denies the remaining allegations contained in paragraph 404.

405.    Denied.

406.    Denied.    The allegations contained in paragraph 406 purport to characterize material published on UEP's website.  USEM denies Plaintiffs' characterization of the contents of its website, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 406.

407.    Denied.    The allegations contained in paragraph 407 purport to characterize a written statement provided to the U.S. House of Representatives, Committee on Agriculture, Subcommittee on Livestock, Dairy, and Poultry.   USEM denies Plaintiffs' characterization of the contents of the statement, which is a writing that speaks for itself.   USEM denies the remaining allegations contained in paragraph 407.

408.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 408, and the same are therefore denied.

409.    Denied.  To the extent that the allegations contained in paragraph 409 purport to characterize the written testimony of Gail C. Golab before the U.S. House of Representatives, Committee on Agriculture, Subcommittee on Livestock, Dairy, and Poultry, USEM denies Plaintiffs' characterization of the contents of the statement, which is a writing that

speaks for itself.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 409, and the same are therefore denied.

410.    Denied.    The allegations contained in paragraph 410 purport to characterize a report authored by Joy Mench and Janet Swanson, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 410.  USEM denies Plaintiffs' characterization of the contents of the report, which is a writing that speaks for itself.   USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 410, and the same are therefore denied.

411.    Denied.    The allegations contained in paragraph 411 purport to characterize a Food Marketing Institute Press Release dated June 27, 2002, and UEP's July 2, 2003 edition of its *United Voices* newsletter.  USEM denies Plaintiffs' characterization of these documents, which are writings that speak for themselves.   USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 411, and the same are therefore denied.

412.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 412, and the same are therefore denied.

413.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 413, and the same are therefore denied.

414.    Denied.

415.    Denied.

416.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 416, and the same are therefore denied.  To the extent that the allegations contained in paragraph 416 purport to

characterize UEP's animal welfare audit guidelines, USEM denies Plaintiffs' characterization of the audit guidelines, which are contained in a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 416.

417.   Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 417, and the same are therefore denied.

418.   Denied.  To the extent that the allegations contained in paragraph 418 are conclusions of law, no response is required, and they are thus deemed denied.  To the extent that the allegations contained in paragraph 418 purport to characterize information posted on UEP's website, from which it appears that Plaintiffs have extracted certain allegations contained in paragraph 418, USEM denies Plaintiffs' characterization of the information on the website, which is a writing that speaks for itself.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 418, and the same are therefore denied.

419.   Denied.  To the extent that the allegations contained in paragraph 419 purport to characterize UEP's Membership Agreement, USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.   USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 419, and the same are therefore denied.

420.   Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 420, and the same are therefore denied.

421.   Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 421, and the same are therefore denied.

422.     Admitted in part; denied in part.   USEM admits that UEP published a *United Voices* newsletter in April 2004, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 422.   USEM denies Plaintiffs' characterization of the *United Voices* newsletter, which is a writing that speaks for itself.   USEM denies the remaining allegations contained in paragraph 422.

423.     Admitted in part; denied in part.   USEM admits that UEP published a *United Voices* newsletter in May 2004, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 423.   USEM denies Plaintiffs' characterization of the *United Voices* newsletter, which is a writing that speaks for itself.   USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 423, and the same are therefore denied.

424.     Denied.   USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 424, and the same are therefore denied.

425.     Denied.   USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 425, and the same are therefore denied.

426.     Denied.   USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 426, and the same are therefore denied.

427.     Admitted in part; denied in part.   USEM admits that Fred Adams, Jr., is the Chairman of the Board of Directors of Cal-Maine Foods, Inc.; and that Mr. Adams served as Chairman of USEM.   USEM admits that Richard K. Looper was President and COO of Cal-Maine Foods, Inc., is Vice-Chairman of the Board of Directors of Cal-Maine Foods, Inc.; and served as Chairman of USEM.   USEM lacks knowledge or information sufficient to form a belief

as to the truth of the remaining allegations contained in paragraph 427, and the same are therefore denied.

428.    Admitted in part; denied in part.  USEM admits that in 2006, Chuck Elste of NuCal Foods, Inc., was Vice-Chairman of USEM and that Roger Deffner of National Food Corporation was secretary of USEM.  USEM further admits that in 2006, Dolph Baker of Cal-Maine Foods, Inc.; Mr. Deffner; Jerry Kil of Moark, LLC; and Mr. Elste served on the USEM Export Committee.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 428, and the same are therefore denied.

429.    Admitted.

430.    Admitted in part; denied in part.   USEM admits that UEP's staff employees are not individual egg farmers, and that USEM is managed by UEP pursuant to a management agreement.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 430, and the same are therefore denied.

431.    Admitted in part; denied in part.  USEM admits that Gene Gregory is the former President and CEO of UEP and that Mr. Gregory has used the title President of USEM. To the extent that the allegations contained in paragraph 431 purport to characterize Gene Gregory's testimony before the U.S. House of Representatives, Committee on Agriculture, Subcommittee on Livestock, Dairy and Poultry, USEM denies Plaintiffs' characterization of that testimony, which is a writing that speaks for itself.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 431, and the same are therefore denied.

432.   Admitted in part; denied in part.   USEM admits that Chad Gregory is Gene Gregory's son and that Chad Gregory was the Senior Vice President of UEP.   USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 432, and the same are therefore denied.

433.   Admitted.

434.   Denied.   USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 434, and the same are therefore denied.

435.   Denied.   To the extent that the allegations contained in paragraph 435 purport to characterize UEP's *United Voices* newsletter dated December 10, 2003, from which it appears that Plaintiffs have extracted certain allegations contained in paragraph 435, USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself. USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 435, and the same are therefore denied.

436.   Denied.   USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 436, and the same are therefore denied.

437.   Denied.   USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 437, and the same are therefore denied.

438.   Admitted in part; denied in part.   USEM admits that Gene Gregory is the former President and CEO of UEP and that Mr. Gregory has used the title President of USEM. USEM further admits that USEM is managed by UEP pursuant to a management agreement; that UEP staff, including Mr. Gregory, attend meetings of USEM; and that Mr. Gregory has written articles published in UEP's *United Voices* newsletter.   To the extent that the allegations contained in paragraph 438 purport to characterize those articles, USEM denies Plaintiffs'

characterization of the articles, which are writings that speak for themselves.  To the extent that the allegations contained in paragraph 438 are conclusions of law, no response is required, and they are thus deemed denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 438, and the same are therefore denied.

439.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 439, and the same are therefore denied.

440.    Admitted in part; denied in part.  USEM admits that UEP published a *United Voices* newsletter dated October 28, 2004, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 440.  USEM denies Plaintiffs' characterization of the *United Voices* newsletter, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 440.

441.    Admitted in part; denied in part.  USEM admits that UEP published a *United Voices* newsletter dated October 17, 2005, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 441.  USEM denies Plaintiffs' characterization of the *United Voices* newsletter, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 441.

442.    Admitted in part; denied in part.  USEM admits that UEP is a Capper-Volstead Agricultural Cooperative.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 442, and the same are therefore denied.

443.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of paragraph 443, and the same

are therefore denied.   The allegations contained in the first two sentences of paragraph 443 constitute conclusions of law to which no responsive pleading is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 443.

444.   Denied.   To the extent that the allegations contained in paragraph 444 purport to characterize a USDA publication titled "Understanding Capper-Volstead," USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.  To the extent that the allegations contained in paragraph 444 constitute conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 444.

445.   Denied.  The allegations contained in paragraph 445 are conclusions of law to which no response is required, and they are thus deemed denied.

446.   Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 446, and the same are therefore denied. To the extent that the allegations contained in paragraph 446 constitute conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 446.

447.   Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 447, and the same are therefore denied.

448.   Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 448, and the same are therefore denied.

449.   Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 449, and the same are therefore denied.

450.     Admitted in part; denied in part.   USEM admits that USEM arranges export sales for USEM members.   To the extent that the remaining allegations contained in paragraph 450 are conclusions of law, no response is required, and they are thus deemed denied. USEM denies the remaining allegations contained in paragraph 450.

451.     Denied.   To the extent that the allegations contained in paragraph 451 purport to characterize a case report prepared by the National Advertising Division of the Better Business Bureau, USEM denies Plaintiffs' characterization of the report, which is a writing that speaks for itself.   USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 451, and the same are therefore denied.

452.     Denied.   USEM denies Plaintiffs' characterization of the UEP materials referenced in paragraph 452, which are writings that speak for themselves.   To the extent that the remaining allegations contained in paragraph 452 are conclusions of law, no response is required and they are deemed denied.   USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 452, and the same are therefore denied.

453.     Admitted in part; denied in part.   USEM admits that UEP published a *United Voices* newsletter dated May 24, 2006, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 453.   USEM denies Plaintiffs' characterization of the *United Voices* newsletter, which is a writing that speaks for itself.   USEM denies the remaining allegations contained in paragraph 453.

454.     Denied.   To the extent that the allegations contained in paragraph 454 are conclusions of law, no response is required, and they are thus deemed denied.   USEM denies the remaining allegations contained in paragraph 454.

455.   Admitted in part; denied in part.   USEM admits that UEP published a *United Voices* newsletter dated January 20, 2009, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 455.   USEM denies Plaintiffs' characterization of the *United Voices* newsletter, which is a writing that speaks for itself.   To the extent that the remaining allegations contained in paragraph 455 are conclusions of law, no response is required, and they are thus deemed denied   USEM denies the remaining allegations contained in paragraph 455.

456.   Denied.   To the extent that the allegations contained in paragraph 456 purport to characterize a 2004 *Feedstuffs* article, USEM denies Plaintiffs' characterization of that article, which is a writing that speaks for itself.   To the extent that the allegations contained in paragraph 456 are conclusions of law, no response is required, and they are thus deemed denied. USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 456, and the same are therefore denied.

457.   Denied.  To the extent that the allegations contained in paragraph 457 are conclusions of law, no response is required, and they are thus deemed denied. USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 457, and the same are therefore denied.

458.   Denied.  To the extent that the allegations contained in paragraph 458 are conclusions of law, no response is required, and they are thus deemed denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 458, and the same are therefore denied.

459.   Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 459, and the same are therefore denied.

460.   Admitted it part; denied in part.  USEM admits that UEP published a *United Voices* newsletter dated February 2, 2007, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 460.  USEM denies Plaintiffs' characterization of the *United Voices* newsletter, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 460.

461.   Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained paragraph 461, and the same are therefore denied.

462.   Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained paragraph 462, and the same are therefore denied.

463.   Admitted in part; denied in part.  USEM admits that UEP published a *United Voices* newsletter dated October 26, 2007, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 463.  USEM denies Plaintiffs' characterization of the *United Voices* newsletter, which is a writing that speaks for itself.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, second, third and last sentences of paragraph 463, and the same are therefore denied.  To the extent that the allegations contained in paragraph 463 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 463.

464.   Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 464, and the same are therefore denied.

465.   Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 465, and the same are therefore denied.

466.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 466, and the same are therefore denied. The allegations contained in paragraph 466 purport to characterize the minutes from a 2005 UEP meeting, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 466.  USEM denies Plaintiffs' characterization of the meeting minutes, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 466.

467.    Denied.

468.    Denied.

469.    Denied.  To the extent that the allegations contained in paragraph 469 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 469.

470.    Denied.  To the extent that the allegations contained in paragraph 470 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 470.

471.    Denied.  To the extent that the allegations contained in paragraph 471 purport to characterize plaintiffs' state of mind, USEM lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and the same are therefore denied. To the extent that the allegations contained in paragraph 471 purport to characterize a *Wall Street Journal* article, USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself.  USEM denies the remaining allegations of paragraph 471.

472.    Denied.  To the extent that the allegations contained in paragraph 472 purport to characterize plaintiffs' state of mind, USEM lacks knowledge or information

sufficient to form a belief as to the truth of these allegations, and the same are therefore denied. To the extent that the allegations contained in paragraph 472 are conclusions of law, no response is required, and they are thus deemed denied. USEM denies the remaining allegations contained in paragraph 472.

473. Denied. To the extent that the allegations contained in paragraph 473 purport to characterize a *Wall Street Journal* article, USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself. USEM denies the remaining allegations of paragraph 473.

474. Denied. To the extent that the allegations contained in paragraph 474 purport to characterize a *Wall Street Journal* article, USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself. USEM denies the remaining allegations of paragraph 474.

475. Denied. To the extent that the allegations contained in paragraph 475 purport to characterize a *Wall Street Journal* article, USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself. USEM denies the remaining allegations of paragraph 475.

476. Denied.

477. Admitted in part; denied in part. USEM admits that, at certain times during the alleged relevant time period, certain groups endeavored to, among other things, ban caged egg production and to encourage purchasers to buy only cage-free eggs. USEM denies the remaining allegations of paragraph 477.

478. Denied.

479. Denied.

480.    Denied.  To the extent that the allegations contained in paragraph 480 purport to characterize documents, USEM denies Plaintiffs' characterization of these documents, which are writings that speak for themselves.  USEM denies the remaining allegations of paragraph 480.

481.    Admitted in part; denied in part.  USEM admits that UEP published a *United Voices* newsletter on January 15, 2004, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 481.  USEM denies Plaintiffs' characterization of the *United Voices* newsletter, which is a writing that speaks for itself.  USEM lacks knowledge or information sufficient to respond to the remaining allegations contained in paragraph 481, and the same are therefore denied.

482.    Denied.  To the extent that the allegations contained in paragraph 482 purport to characterize an email, USEM denies Plaintiffs' characterization of the email, which is a writing that speaks for itself.  USEM denies the remaining allegations of paragraph 482.

483.    Denied.

484.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 484, and the same are therefore denied. To the extent that the allegations contained in paragraph 484 purport to characterize unidentified documents, USEM denies Plaintiffs' characterization of the documents, which are writings that speak for themselves.  USEM denies the remaining allegations of paragraph 484.

485.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 485, and the same are therefore denied. USEM denies the remaining allegations contained in paragraph 485.

486.    Denied.  To the extent that the allegations contained in paragraph 486 purport to characterize plaintiffs' state of mind, USEM lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and the same are therefore denied. USEM denies the remaining allegations contained in paragraph 486.

487.    Admitted in part; denied in part.  USEM admits that one purpose of exports was to provide a market for excess domestic supply and to improve domestic egg prices, but denies that its members accepted or attempted to fulfill export opportunities if the domestic supply was not sufficient to meet near term demand or if the export price was unattractive.  To the extent that the allegations contained in paragraph 487 purport to characterize a document, USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.  USEM denies the remaining allegations of paragraph 487.

488.    Denied.  To the extent that the allegations contained in paragraph 488 purport to characterize a document, USEM denies Plaintiffs' characterization of the documents, which are writings that speak for themselves.   USEM denies the remaining allegations of paragraph 488.

489.    Denied.  To the extent that the allegations contained in paragraph 489 purport to characterize an email, USEM denies Plaintiffs' characterization of the email, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 489.

490.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 490, and the same are therefore denied.

491.    Denied.  To the extent that the allegations contained in paragraph 491 purport to characterize plaintiffs' state of mind, USEM lacks knowledge or information

sufficient to form a belief as to the truth of these allegations, and the same are therefore denied. To the extent that the allegations contained in paragraph 491 are conclusions of law, no response is required, and they are thus deemed denied. USEM denies the remaining allegations contained in paragraph 491.

492. Denied.

493. Denied. To the extent that the allegations contained in paragraph 493 purport to characterize plaintiffs' state of mind, USEM lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and the same are therefore denied. To the extent that the allegations contained in paragraph 493 are conclusions of law, no response is required, and they are thus deemed denied. USEM denies the remaining allegations contained in paragraph 493.

494. Denied.

495. Denied. To the extent that the allegations of paragraph 495 purport to characterize documents, USEM denies Plaintiffs' characterization of these documents, which are writings that speak for themselves. USEM denies the remaining allegations of paragraph 495.

496. Denied. USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 496, and the same are therefore denied. USEM denies the remaining allegations contained in paragraph 496.

497. Denied. To the extent that the allegations contained in paragraph 497 are conclusions of law, no response is required, and they are thus deemed denied. USEM denies the remaining allegations contained in paragraph 497.

498. Denied. USEM lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 498, and the same are therefore denied.

499.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 499, and the same are therefore denied.

500.    Denied.  To the extent that the allegations contained in paragraph 500 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 500.

501.    Denied.  To the extent that the allegations contained in paragraph 501 purport to characterize plaintiffs' state of mind, USEM lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and the same are therefore denied. To the extent that the allegations contained in paragraph 501 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 501.

502.    Denied.  To the extent the allegations contained in paragraph 502 are conclusions of law, no response is required and they are deemed denied.  USEM denies the remaining allegations contained in paragraph 502.

503.    Denied.

504.    Denied.  To the extent that the allegations contained in paragraph 504 purport to characterize plaintiffs' state of mind, USEM lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and the same are therefore denied. USEM denies the remaining allegations contained in paragraph 504.

505.    Denied.  To the extent that the allegations contained in paragraph 505 purport to characterize plaintiffs' state of mind, USEM lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and the same are therefore denied. USEM denies the remaining allegations contained in paragraph 505.

506.     Denied.   To the extent that the allegations contained in paragraph 506 constitute conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations of paragraph 506.

507.     Denied.  To the extent that the allegations contained in paragraph 507 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 507.

508.     Denied.  To the extent that the allegations contained in paragraph 508 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 508.

509.     USEM incorporates the responses to the allegations contained in paragraphs 1-508 above as if fully contained herein.

510.     Denied.  To the extent that the allegations contained in paragraph 510 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 510.

511.     Denied.  To the extent that the allegations contained in paragraph 511 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 511.

512.     Denied.  To the extent that the allegations contained in paragraph 512 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 512.

513.     Denied.  To the extent that the allegations contained in paragraph 513 are conclusions of law, no response is required, and they are thus deemed denied. USEM denies the remaining allegations contained in paragraph 513.

**REQUEST FOR RELIEF**

WHEREFORE, USEM denies that Plaintiffs are entitled to any of the relief requested in the Third Amended Complaint, and respectfully requests that the Court enter judgment in its favor on all claims.

**AFFIRMATIVE DEFENSES**

USEM asserts the following affirmative defenses.  In stating these affirmative defenses, USEM does not concede that it has the burden of proof on any of the aforementioned defenses and denials and does not make any admissions as to liability, which it disputes.  USEM adopts by reference any defense not otherwise expressly contained herein that is pleaded by any other Defendant in this action.

1.      The Third Amended Complaint fails to state a claim upon which relief may be granted.

2.      Plaintiffs are barred from recovering damages or obtaining injunctive relief on the claims asserted in the Third Amended Complaint by the doctrines of estoppel, waiver, laches, ratification, and/or unclean hands.

3.      Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation.

4.      Plaintiffs' claims are barred because Plaintiffs have not suffered any damages as a result of matters alleged in the Third Amended Complaint.

5.      Plaintiffs' claims for injunctive relief are invalid and improper in that Plaintiffs have failed to allege, and is incapable of demonstrating, irreparable harm and/or the absence of any adequate remedy at law.

6.      There is no direct and proximate causal connection between any claim of harm or injury alleged by Plaintiffs and any acts alleged to have been committed by USEM.

7.      Plaintiffs are barred, in whole or in part, from pursuing damages for the claims asserted in the Third Amended Complaint because they failed to mitigate their damages or to otherwise take commercially reasonable steps to limit any risks or losses.

8.      Plaintiffs' damages claims are barred in whole or in part because the damages they seek are speculative or uncertain.

9.      Plaintiffs' damages claims are limited to compensation for injuries that Plaintiffs can show to have resulted from that which made defendants' conduct unlawful and to be separate from the effects of lawful activity.

10.     To the extent that Plaintiffs seek to collect treble damages, attorneys' fees and expenses, and other monetary relief, they seek a recovery that is so grossly excessive and inequitable that it would violate the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution, or that is in excess of the limitations provided under other laws.

11.     Plaintiffs lacks standing to bring some or all of their claims.

12.     Plaintiffs have suffered no antitrust injury.

13.     Plaintiffs have failed to plead that they purchased products in any properly defined market or sub-market.

14.     Plaintiffs' claims are barred, in whole or in part, because any conduct engaged in by USEM was reasonable and based on independent, legitimate business and economic justifications.

15.     Plaintiffs' claims are barred, in whole or in part, because legitimate standard setting through cooperatives does not give rise to antitrust liability.

16.     Plaintiffs' claims are barred, in whole or in part, because the claims are governed by the rule of reason, and Plaintiffs have not alleged or cannot prove the elements of a rule of reason claim.

17.     Plaintiffs' claims are barred, in whole or in part, because the pro-competitive benefits of the conduct alleged by Plaintiffs outweighs any alleged anti-competitive effects.

18.     USEM has not engaged in any concert, combination or conspiracy to restrain trade.

19.     Plaintiffs' damages, if any, were caused by the conduct of third parties.

20.     USEM cannot conspire or attempt to conspire with its cooperative members because they enjoy intra-enterprise immunity.

21.     Plaintiffs have failed to plead the alleged fraud and concealment with requisite particularity.

22.     Plaintiffs have failed to plead the alleged conspiracy with requisite particularity.

23.     Plaintiffs' claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine, the state action doctrine, and/or the doctrine of implied immunity.

24.     Plaintiffs' claims are barred because the alleged conduct that is the subject of the Third Amended Complaint was caused by, due, based upon, or in response from directives, laws, regulations, authorizations, policies and/or acts of governments and/or their agencies.

25.     USEM is immune from liability pursuant to the Capper-Volstead Act, 7 U.S.C. § 291 *et seq*.

26.     USEM is immune from liability pursuant to Section 5 of the Cooperative Marketing Act, 7 U.S.C. § 455.

27.     USEM is immune from liability pursuant to Section 6 of the Clayton Act, 15 U.S.C. § 17.

28.     USEM is immune from liability pursuant to the Agriculture Marketing Agreement Act, 7 U.S.C. § 601 *et seq.*

29.     USEM is immune from liability pursuant to the Export Trading Company Act, 15 U.S.C. § 4001 *et seq.*

30.     USEM is immune from liability pursuant to the Webb-Pomerene Act (Export Trade Act), 15 U.S.C. § 61 *et seq.*

31.     Plaintiffs' claims are barred, in whole or in part, by the Agricultural Marketing Act of 1929, 12 U.S.C. § 1141(a).

32.     If, for any reason, any or all of the alleged acts and omissions of defendants were not within the scope of the foregoing immunities, any resulting damages should be equitably mitigated.

33.     In addition to being barred by the above-referenced federal statutes, Plaintiffs' claims are barred, in whole or in part, by the state statutory equivalents of those federal statutes[1] and by the harmonization principles that require state antitrust laws to be applied and construed consistently with federal antitrust laws and precedent.

---

[1] The state statutes that provide antitrust immunity for agricultural coops and their members include at least the following: ARIZ. STAT. § 44-1401; CAL. FOOD & AGRIC. CODE § 58651, *et seq.*; CAL. FOOD & AGRIC. CODE § 54038; D.C. CODE ANN. § 28-4504; IOWA CODE § 553.6; KAN. STAT. §§ 17-1634, 17-1603(c); 13 M.R.S.A. § 1772; M.C.L.A. § 445.774; MINN. STAT. 325D.55(1); MISS. CODE § 75-21-5; 79-19-51; NEB. REV. STAT. § 59-1618; NEB. REV. STAT. § 2-3801, *et seq*; NEV. REV. STAT. § 598A.040(1); N.M. STAT. § 57-1-4; 76-12-1; N.Y. GEN. BUS. LAW § 340(3); N.D. STAT. § 51-08.1-04; 10 L.P.R.A. § 257; S.D. STAT. § 37-1-3.4; TENN. STAT. § 47-25-110; UTAH CODE § 76-10-915(2)(b); UTAH CODE § 34-19-1(2); W. VA. CODE § 47-18-5(b); W. VA. CODE § 19-4-28; W.S.A. § 133.07.

34.     If any or all of the alleged acts and omissions of defendants were not within the scope of the foregoing immunities, any such technical defects should be ignored as *de minimis*.

35.     Plaintiffs cannot demonstrate that defendants' conduct was outside the scope of the foregoing immunities or that Defendants' prices were unduly enhanced as a result of any or all of the alleged acts and omissions.  The United States Department of Agriculture ("USDA") was fully aware of the conduct relevant to Plaintiffs' claims, and it regularly monitors and reports upon egg prices. However, the USDA never sought to object to, or to halt, any conduct by Defendants despite the fact that Section 2 of the Capper-Volstead Act, 7 U.S.C. § 292, provides that the Secretary of Agriculture "shall issue" an order directing agricultural associations "to cease and desist" conduct that causes the prices of agricultural products to be "unduly enhanced."

36.     Plaintiffs' claims are barred, in whole or in part, by 7 U.S.C. § 292's grant of exclusive or primary jurisdiction to the United States Secretary of Agriculture.

37.     Plaintiffs' claims are barred, in whole or in part, because of a failure to join necessary and/or indispensable parties.

38.     Plaintiffs' claims are barred, in whole or in part, by its failure to comply with the notice requirements of the applicable laws.

39.     USEM did not knowingly or consciously participate in a scheme designed to achieve an unlawful objective.

40.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of *in pari delicto*, involvement, participation, equal involvement, complete involvement, and unclean hands.

41.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs were co-initiators, co-conspirators, or were involved in creating, maintaining, supporting, relying on, implementing, or otherwise utilizing the conduct and programs challenged in this action.

42.    Plaintiffs' claims are barred, in whole or in part, because USEM did not act knowingly, willfully, or intentionally.

WHEREFORE, USEM respectfully requests that this Court enter judgment in favor of USEM and against Plaintiffs and award USEM its costs, attorneys' fees, and such other relief as may be just and proper.

Dated:  January 31, 2014                           Respectfully submitted,

/s/ Jan P. Levine
Jan P. Levine (PA 43869)
Robin P. Sumner (PA 82236)
PEPPER HAMILTON LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA, 19103-2799
Phone: (215) 981-4714
Fax:    (215) 981-4750
*Attorneys for Defendant United States Egg Marketers, Inc.*

<u>CERTIFICATE OF SERVICE</u>

I, Whitney R. Redding, hereby certify that on January 31, 2014, the foregoing United States Egg Marketers, Inc.'s Answer With Affirmative Defenses To Plaintiffs' Third Amended Complaint was filed using the CM/ECF system, and (1) the filing is available for viewing and downloading via the CM/ECF system and (2) the CM/ECF system will send notification of such filing to all attorneys of record who have registered for CM/ECF updates. On this date, the aforementioned document was also served by e-mail on all attorneys listed on the Panel Attorney Service List.

<u>/s/ Whitney R. Redding</u>
Whitney R. Redding
PEPPER HAMILTON LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103
(215) 981-4121
reddingw@pepperlaw.com