**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WINN-DIXIE STORES, INC., | ) | |
| ROUNDY'S SUPERMARKETS, INC., | ) | |
| C&S WHOLESALE GROCERS, INC., | ) | |
| AND H.J. HEINZ COMPANY, L.P., | ) | |
| | ) | Case No. 2:11-cv-00510 |
| Plaintiffs, | ) | MDL No. 2002 |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL FOODS, INC., ET AL. | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER OF DEFENDANT R.W. SAUDER, INC.
TO WINN-DIXIE STORES, INC., ET AL.'S THIRD AMENDED COMPLAINT**

R. W. Sauder, Inc. ("Sauder") answers the Third Amended Complaint of Winn-Dixie

Stores, Inc. ("Winn-Dixie"), Roundy's Supermarkets, Inc. ("Roundy's"), C&S Wholesale

Grocers, Inc. ("CSWG"), and H.J. Heinz Company, L.P. ("Heinz"), (collectively, "Plaintiffs") as

follows.

**PRELIMINARY STATEMENT**

Sauder served its Answer to Plaintiffs' Second Amended Complaint on April 26, 2012.

Sauder reaffirms and incorporates by reference its prior Answer.

Sauder notes that large portions of Plaintiffs' Second Amended Complaint consist of (1)

allegations directed generally at "Defendants" or specifically at other Parties; (2) allegations

about what plaintiffs did or did not know or do, (3) summaries of or incomplete quotations from

documents; or (4) legal conclusions.  Sauder can only answer those allegations that are directed

at it.  Sauder is without knowledge or information sufficient to form a belief as to the truth of

allegations directed at others or that relate to Plaintiff's knowledge or actions or lack thereof and

they are therefore deemed denied.  Allegations that consist of purported quotations from

documents or summaries of documents are deemed denied as the document itself is the best evidence of its contents.  No response is required as to the legal conclusions and they are therefore deemed denied.  Sauder denies all allegations of Plaintiffs' Third Amended Complaint for the reasons stated above, or because they are untrue, except those expressly admitted in either this Answer or Sauder's Answer to Plaintiffs' Second Amended Complaint.  To be clear, Sauder expressly denies all allegations that it participated in any conspiracy to reduce flock size or increase egg prices.  Sauder embraced the UEP Animal Husbandry Guidelines (many of them, such as the ban on backfilling, prior to the promulgation of the UEP Guidelines) both because they represent sound animal husbandry practices and because its customers (including the Plaintiffs in this litigation) were demanding them as a result of consumer pressure.

## ANSWER

1.      Sauder denies that it engaged in any conspiracy or that it took any steps in furtherance of a conspiracy.  Sauder is without information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, some of which are directed at other defendants and are therefore deemed denied.

2.      Sauder admits only that some people may use the identified terms in the manner alleged by plaintiffs.

3.      Sauder admits that it has sold shell eggs to CSWG.  Sauder denies that it has sold eggs to any other Plaintiff.  Sauder is without information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which are directed at other defendants and are therefore deemed denied.

4.-9.   See Preliminary Statement.

10.     Sauder denies that it has ever agreed to flock molts, reduction in inventory or a hatch reduction program.  Sauder is without information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which are directed at other defendants and are therefore deemed denied.

11.     Sauder denies that it ever agreed to reduce egg supply or that it ever signed a "commitment sheet."  Sauder is without information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which are directed at other defendants and are therefore deemed denied.

12.     Sauder denies that it developed or agreed to flock molts or hen disposal programs or that it urged collective action.  Sauder is without information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which are directed at other defendants and are therefore deemed denied.  By way of further answer, Sauder states that the allegations of paragraph 12 appear to summarize a document which is the best evidence of its contents and the allegations are therefore deemed denied.

13.     Sauder admits that it made an independent business decision to incorporate theUEP Animal Husbandry Guidelines into its production practices (many of them, such as the ban on backfilling, prior to the promulgation of the UEP Guidelines) both because they represent sound animal husbandry practices and because its customers (including the Plaintiffs in this litigation) were demanding them as a result of consumer pressure, and not for the reasons alleged in this paragraph.  Sauder denies the remaining allegations of this paragraph to the extent they relate to Sauder.  Sauder is without information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which are directed at other defendants and are therefore deemed denied.

14.     Sauder denies that it agreed to any molt intervals or flock disposal programs. Sauder is without information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which are directed at other defendants and are therefore deemed denied.  By way of further answer, Sauder states that the allegations of paragraph 14 appear to summarize a document which is the best evidence of its contents and the allegations are therefore deemed denied.

15.     Sauder denies that it hosted an "Economic Summit" or that it agreed to, or made a written commitment to, any supply reduction scheme or price fixing plan.  Sauder is without information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, some of which are directed at other defendants and are therefore deemed denied.

16.  Sauder admits that it made an independent business decision from time to time to export eggs but denies that it was for the purpose stated or that it incurred any financial losses, shared or otherwise.  Sauder is without information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which are directed at other defendants and are therefore deemed denied.

17.-20.  See Preliminary Statement.

21.     Sauder denies that it engaged in any conspiracy to fix, stabilize, or maintain the price of eggs.  Specifically it denies that it has ever agreed to flock molts or reduction in inventory, hatch reduction programs, hen disposal plans, flock disposal plans, prohibitions on "backfilling," prohibitions on operations expansion, or to manage supply or reduce output. Sauder admits that it made an independent business decision to export eggs from time to time, but not for the purpose alleged in this paragraph.  Sauder is without information sufficient to

form a belief as to the truth of the remaining allegations of this paragraph, some of which are directed at other defendants and are therefore deemed denied.

22.-25.  See Preliminary Statement.  Sauder admits only that it has transacted business in this District.

26.     Sauder admits that it has sold eggs to CSWG but denies that it has caused any injury or damage to CSWG.  Sauder is without information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, some of which are directed at other defendants and are therefore deemed denied.

27.     Sauder denies that it sold eggs to Winn-Dixie and denies that it has caused any injury or damage to Winn-Dixie.  Sauder is without information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, some of which are directed at other defendants and are therefore deemed denied.

28.     Sauder denies that it sold eggs to Roundy's and denies that it has caused any injury or damage to Roundy's.  Sauder is without information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, some of which are directed at other defendants and are therefore deemed denied.

29.     Sauder denies that it sold eggs to Heinz and denies that it has caused any injury or damage to Heinz.  Sauder is without information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, some of which are directed at other defendants and are therefore deemed denied.

30.-91.  See Preliminary Statement.

92.     Sauder admits that it is a corporation organized, existing and doing business under the laws of the Commonwealth of Pennsylvania with its office and principal place of business in

5

Lititz, Pennsylvania.  Sauder admits that it has sold eggs to CSWG.  Sauder denies the remaining allegations of this Paragraph..

93.     Sauder admits that the products it sells include those alleged in paragraph 93.

94.     Sauder admits that it joined UEP in approximately 2004, that Sauder employees have attended UEP meetings, and that Sauder employees have served on various UEP committees from time to time, including UEP's Shell Egg Price Discovery Committee, the Producer Committee for Animal Welfare and the Public Relations Committee.  Sauder denies that it promoted efforts to reduce supply or fix prices.

95.     Sauder denies that it agreed to or participated in any conspiracy or that it was ever a member of USEM.  Sauder admits that it incorporated the UEP Animal Husbandry Guidelines into its production practices (many of them, such as the ban on backfilling, prior to the promulgation of the UEP Guidelines) both because they represent sound animal husbandry practices and because its customers (including the Plaintiffs in this litigation) were demanding them as a result of consumer pressure.  Sauder admits that it made an independent business decision from time to time to export eggs but denies that it was for the purpose stated or that it incurred any financial losses, shared or otherwise.  Sauder denies the remaining allegations of paragraph 95.

96.-106.  See Preliminary Statement.

107.     Sauder admits that the terms set forth in this paragraph sometimes appear to be utilized by some people in the manner alleged.  Sauder is without information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and they are therefore deemed denied.

108.     See Preliminary Statement.

109.    Sauder admits that the terms set forth in this paragraph sometimes appear to be utilized by some people in the manner alleged.  Sauder is without information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and they are therefore deemed denied.

110.-117.  See Preliminary Statement.

118.    Sauder admits only that some people may use the identified term in the manner alleged by plaintiffs.

119.-124.  See Preliminary Statement.

125.    Sauder admits only that some people may use the identified terms in the manner alleged by plaintiffs.  Sauder is without information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and they are therefore deemed denied.

126.-178.  See Preliminary Statement.

179.    Sauder denies that it agreed to flock molts, a reduction of flock inventory or a hatch reduction program.  Sauder denies the remaining allegations of this paragraph to the extent the allegations relate to Sauder.  Sauder is without information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, some of which are directed at other defendants and are therefore deemed denied.

180.-185.  See Preliminary Statement.

186.    Sauder denies that it agreed to any flock reduction.  Sauder is without information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, some of which are directed at other defendants and are therefore deemed denied.

187.    See Preliminary Statement.

188.    Sauder denies that it signed a "commitment sheet" in secret or otherwise or agreed to reduce supply.  Sauder is without information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, some of which are directed at other defendants and are therefore deemed denied.

189.    See Preliminary Statement.

190.    Sauder is without information sufficient to form a belief as to the truth of the allegations of this paragraph.

191.-192.  See Preliminary Statement.

193.-194.  Sauder admits that it incorporated the UEP Certified Program into its production practices because of, *inter alia,* Sauder's understanding that the Guidelines represented good husbandry practices and were demanded by retailers (including the Plaintiffs in this litigation) in response to  consumer demand.  Sauder denies the remaining allegations of these paragraphs to the extent the allegations relate to Sauder.  Sauder is without information sufficient to form a belief as to the truth of the remaining allegations of these paragraphs that are directed at other defendants and they are therefore deemed denied.

195.    Sauder denies that it agreed to restrict supply management through any means. Sauder is without information sufficient to form a belief as to the truth of the remaining allegations of this paragraph that are directed at other defendants and are therefore deemed denied.

196.    Sauder denies that it participated in any scheme to reduce egg supply or fix, raise, maintain, or stabilize the price of eggs.  Sauder is without information sufficient to form a belief as to the truth of the remaining allegations of this paragraph that are directed at other defendants and are therefore deemed denied.

197.-208.  See Preliminary Statement.

209.-210.  Sauder admits that it made an independent business decision to incorporate the UEP Certified Program into its production practices because of, *inter alia,* Sauder's understanding that the Guidelines represented good husbandry practices and were demanded by retailers (including the Plaintiffs in this litigation) in response to consumer demand.  Sauder denies the remaining allegations of these paragraphs to the extent the allegations relate to Sauder.  Sauder is without information sufficient to form a belief as to the truth of the remaining allegations of these paragraphs that are directed at other defendants and they are therefore deemed denied.

211.    Sauder admits that it attended the October 10-11, 2002 UEP Board Meeting in Savannah, Georgia but is without knowledge or information sufficient to form a belief as to whether the "100% rule" was formulated at those meetings.  Sauder is without information sufficient to form a belief as to the truth of the remaining allegations of this paragraph that are directed at other defendants and are therefore deemed denied.

212.-219.  See Preliminary Statement.

220.    Sauder denies the allegations of this paragraph insofar as they are directed at Sauder.   Sauder is without information sufficient to form a belief as to the truth of the remaining allegations of this paragraph that are directed at other defendants and are therefore deemed denied.

221.    See Preliminary Statement.

222.    Sauder admits that as part of the UEP Certified Program, it submitted periodic reports but denies that it was for any conspiratorial purpose or as a means of detecting "cheating."  Sauder is without information sufficient to form a belief as to the truth of the

remaining allegations of this paragraph, some of which are directed at other defendants and are therefore deemed denied.

223.-224.  Sauder denies the allegations of these paragraphs insofar as they are directed at Sauder.   Sauder is without information sufficient to form a belief as to the truth of the remaining allegations of these paragraphs that are directed at other defendants and are therefore deemed denied.

225.-241.  See Preliminary Statement.

242.     Sauder admits that it incorporated the UEP Animal Care Guidelines into its production practices.  Sauder is without information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, some of which are directed at other defendants and are therefore deemed denied.

243.-254.  See Preliminary Statement.

255.     Sauder denies that it agreed to flock reduction, hen disposal, molting, or any other "supply scheme."  Sauder is without information sufficient to form a belief as to the truth of the remaining allegations of this paragraph that are directed at other defendants and are therefore deemed denied.

256.-263.  See Preliminary Statement.

264.     Sauder denies that it signed an "intention form" or agreed to any supply management scheme.  Sauder is without information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, some of which are directed at other defendants and are therefore deemed denied.

265.-267.  See Preliminary Statement.

268.     Sauder denies that it agreed to any "scheme" to curtail production or reduce supply.  Sauder is without information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, some of which are directed at other defendants and are therefore deemed denied.

269.-279.  See Preliminary Statement.

280-281.  Sauder denies that it agreed to any supply reduction or price fixing agreement or any other conspiracy to restrain trade.  Sauder is without information sufficient to form a belief as to the truth of the remaining allegations of these paragraphs, some of which are directed at other defendants and are therefore deemed denied.

282.     Sauder admits that Paul Sauder was chair of the UEP Public Relations Committee in or about 2005.  Sauder is without information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, some of which are directed at other defendants and are therefore deemed denied.

283.-285.  See Preliminary Statement.

286.  Sauder denies that it agreed to any "intentions program" or supply reduction scheme and denies that it signed any "commitment sheets."  Sauder is without information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, some of which are directed at other defendants and are therefore deemed denied.

287.-294.  See Preliminary Statement.

295.     See Preliminary Statement.  Sauder admits that Paul Sauder attended the April 2005 UEP Producer Committee for Animal Welfare meeting in Chicago, Illinois.  Sauder is without information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, some of which are directed at other defendants and are therefore deemed denied.

296.-304.  See Preliminary Statement.

305.　　Sauder admits that Paul Sauder was chair of the UEP Public Relations Committee in or about 2005.  Sauder is without information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, some of which are directed at other defendants and are therefore deemed denied.

306.-316.  See Preliminary Statement.

317.-318.　　See Preliminary Statement.  Sauder admits that it made an independent business decision from time to time to export eggs but denies that it was for the purpose alleged in these paragraphs or that it did so at a financial loss.  Sauder denies that it engaged in any conspiracy.  Sauder is without information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, some of which are directed at other defendants and are therefore deemed denied.

319.-333.  See Preliminary Statement.

334.　　Sauder admits that it made an independent business decision to export eggs from time to time but denies that at the time the decision was made Sauder could have sold the eggs for a higher price elsewhere.  Sauder denies that it engaged in any conspiracy.  Sauder denies the remaining allegations of this paragraph to the extent they relate to Sauder.  Sauder is without information sufficient to form a belief as to the truth of the remaining allegations of this paragraph which are directed at other defendants and are therefore deemed denied.

335.-337.  See Preliminary Statement.

338.　　Sauder denies that it was a member of USEM.  Sauder is without information sufficient to form a belief as to the truth of the remaining allegations of this paragraph which are directed at other defendants and are therefore deemed denied.

339.-341.   Sauder is without information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, some of which are directed at other defendants and are therefore deemed denied.

342.-358.   See Preliminary Statement.

359.    Sauder admits that the quotes contained in this paragraph appear in the cited source but denies that plaintiffs have quoted the cited sources fully or provided sufficient context.  Sauder denies the remaining allegations of this paragraph.

360.-367.   See Preliminary Statement.

368.    Sauder admits that it attended the UEP Marketing Committee meeting on May 14, 2007 in Washington, D.C.   Sauder is without information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, some of which are directed at other defendants and are therefore deemed denied.

369.-371.   See Preliminary Statement.

372.    Sauder admits that the quotes contained in this paragraph appear in the cited source but denies that plaintiffs have quoted the cited sources fully or provided sufficient context.  Sauder denies the remaining allegations of this paragraph.

373.-385.   See Preliminary Statement.

386.    Sauder admits that it attended the May 12, 2008 UEP Marketing Committee Meeting in Washington, D.C.   Sauder is without information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, some of which are directed at other defendants and are therefore deemed denied.

387.-391.   See Preliminary Statement.

392.    Sauder admits that it attended the October 20, 2008 UEP Marketing Committee Meeting in Washington, D.C.  Sauder is without information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, some of which are directed at other defendants and are therefore deemed denied.

393.    Sauder denies that it participated in an unlawful contract, combination, or conspiracy.  Sauder is without information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, some of which are directed at other defendants and are therefore deemed denied.

394.-396.  See Preliminary Statement.

397.    Sauder denies that it purchases shell eggs to process into egg products.  Sauder denies the remaining allegations to the extent they relate to Sauder.  Sauder is without information sufficient to form a belief as to the truth of the remaining allegations of this paragraph which are directed at other defendants and are therefore deemed denied.

398.-404.  See Preliminary Statement.

405.    See Preliminary Statement.  Sauder admits that it incorporated the UEP Certified Guidelines into its production practices but denies it was for the purposes alleged in this paragraph.  Sauder is without information sufficient to form a belief as to the truth of the remaining allegations of this paragraph which are directed at other defendants and are therefore deemed denied.

406.-435.  See Preliminary Statement.

436.    Sauder admits that it incorporated the UEP Certified Guidelines into its production practices but denies the implication that it signed on to any "scheme."  Sauder is

14

without information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, some of which are directed at other defendants and are therefore deemed denied.

437.    Sauder admits that Paul Sauder served as chairman of the UEP Public Relations Committee in or about 2007.

438.-466.  See Preliminary Statement.

467.-469.   Sauder denies that it engaged in any "conspiracy" and therefore denies that it retaliated against any egg producer that attempted to leave the "conspiracy."  Sauder denies any further allegations of these paragraphs that are directed at Sauder.  Sauder denies the remaining allegations of these paragraphs which are either directed at other defendants or are legal conclusions.

470.-497.  See Preliminary Statement.  Sauder denies that it engaged in any conspiracy to control or manipulate supply and fix and raise prices for eggs or egg products or that it has ever been investigated by any governmental body for such activity.  Sauder further denies that it took any acts in furtherance of such a conspiracy, that it acted to affirmatively conceal the existence of any such conspiracy, or that it agreed to use false pretenses to conceal any such conspiracy.  Sauder admits that it made an independent business decision from time to time to export eggs but denies that it was for the purpose stated or that it incurred any financial losses, shared or otherwise.  The allegations of these paragraphs purport to summarize and/or quote documents, which are the best evidence of their contents, and the allegations are therefore denied.  Sauder denies the remaining allegations of these paragraphs to the extent they relate to Sauder.  Sauder further denies the allegations of these paragraphs as legal conclusions.   Sauder is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations

of these paragraphs, some of which are directed at other defendants and some of which related to what plaintiffs may or may not have known, and they are therefore deemed denied.

498-509.  See Preliminary Statement.

510.    See Preliminary Statement.  Sauder denies that it engaged in any conspiracy to fix, raise, maintain, or stabilize the price of eggs.  Sauder denies the remaining allegations of this paragraph to the extent they relate to Sauder.  Sauder is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph which are directed at other defendants and they are therefore deemed denied.

511.    Sauder denies that it engaged in any conspiracy.  Specifically it denies that it has ever agreed to manipulate molting, to prohibitions on backfilling, or to hen disposal or hatch reduction programs.  By way of further answer, Sauder admits that it incorporated the UEP Certified Guidelines into its production practices because of, *inter alia,* Sauder's understanding that the Guidelines represent sound animal husbandry practices and were responsive to consumer demand and not for the reasons alleged in this paragraph.  Sauder further admits that it made an independent business decision to export eggs from time to time but denies that at the time the decision was made Sauder could have sold the eggs for a higher price elsewhere.  Sauder denies the remaining allegations of this paragraph to the extent they relate to Sauder.  Sauder is without information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, some of which are directed at other defendants and are therefore deemed denied.

512.    See Preliminary Statement.

513.    Sauder denies that it engaged in any conspiracy to fix, maintain, or stabilize the prices of shell eggs or egg products or to restrict egg supply or coordinate output restrictions. Sauder denies the remaining allegations of this paragraph to the extent they relate to Sauder.

Sauder is without information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, some of which are directed at other defendants and are therefore deemed denied.

## **AFFIRMATIVE DEFENSES**

The inclusion of any ground within this section does not constitute an admission that Sauder bears the burden of proof on each or any of the matters, nor does it excuse Plaintiffs from establishing each element of its purported claim for relief.

1.      Plaintiffs' claims are barred, in whole or in part, by the doctrines of *in pari delicto*, involvement, participation, equal involvement, complete involvement, or unclean hands.

2.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs were co-initiators, co-conspirators, or involved in creating, maintaining, supporting, relying on, implementing, or otherwise utilizing the conduct and programs challenged in this action.

3.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver, laches, ratification, estoppels, or unclean hands.

4.      Plaintiffs' claims are barred, in whole or in part, because legitimate standard setting through cooperatives cannot give rise to antitrust liability.

5.      Sauder's actions were within the scope of the antitrust immunity provided by the Capper-Volstead Act, 7 U.S.C. § 291, in whole or in part.

6.      Sauder's actions were within the scope of the antitrust immunity provided by § 5 of the Cooperative Marketing Association Act, 7 U.S.C. § 455, in whole or in part.

7.      Sauder's actions were within the scope of the antitrust immunity provided by § 6 of the Clayton Act, 15 U.S.C. § 17, in whole or in part.

8.     Plaintiffs' claims are barred, in whole or in part, by the Agricultural Marketing Act of 1929, 12 U.S.C. § 1141(a).

9.     Plaintiffs' claims are barred, in whole or in part, by 7 U.S.C. § 292's grant of exclusive or primary jurisdiction to the United States Secretary of Agriculture.

10.     Plaintiffs cannot demonstrate that Defendants' conduct was outside the scope of the foregoing immunities or that Defendants' prices were unduly enhanced as a result of any or all of the alleged acts and omissions.  The United States Department of Agriculture ("USDA") was fully aware of the conduct relevant to Plaintiffs' claims, and it regularly monitors and reports upon egg prices.  However, the USDA never sought to object to, or to halt, any conduct by Defendants despite the fact that Section 2 of the Capper-Volstead Act, 7 U.S.C. § 292, provides that the Secretary of Agriculture "shall issue" an order directing agricultural associations "to cease and desist" conduct that causes the prices of agricultural products to be "unduly enhanced."

11.     If, for some technical reason, Defendants UEP and/or USEM were not exempt from Plaintiffs' claims under the foregoing immunities or any or all of the alleged acts and omissions of Defendants were not within the scope of the foregoing immunities, Sauder mistakenly believed that those entities were exempt and acted within the scope of the foregoing immunities, and neither Plaintiffs' claims nor any antitrust injury were reasonably foreseeable by Sauder.  At all relevant times, Sauder acted in good faith and with intent to comply with the law.

12.     If, for some technical reason, Defendants UEP and/or USEM were not exempt from Plaintiffs' claims under the foregoing immunities or any or all of the alleged acts and omissions of Defendants were not within the scope of the foregoing immunities, any resulting damages should be equitably mitigated.

13.     If, for some technical reason, any or all of the alleged acts and omissions of defendants were not within the scope of the foregoing immunities, any such technical defects should be ignored as de minimis.

14.     Plaintiffs'  damages are limited to those that Plaintiffs can show to have directly resulted from unlawful activity, to be separate from the effects of lawful, concerted activity, and to have been reasonably foreseeable by Sauder.

15.     Plaintiffs' claims are barred by the applicable statutes of limitations or the doctrine of laches.

16.     Sauder did not unreasonably restrain trade or commerce and had no purpose or intent to injure competition.

17.     Plaintiffs lack standing and/or antitrust standing under the applicable federal laws.

18.     Plaintiffs' claims are barred because it has not suffered antitrust injury or injury in fact.  In addition, any injuries to Plaintiffs were caused solely by the acts, wrongs or omissions of Plaintiffs or other persons or entities over which Sauder has no control and for which Sauder is not liable.

19.     Some or all of the damages sought on behalf of direct purchasers are duplicative of damages sought on behalf of indirect purchasers.  Double recovery should not be permitted.

20.     Plaintiffs have failed to join all necessary or indispensible parties.

21.     Plaintiffs are barred from recovery because of and to the extent of its failure to mitigate damages.

22.     Plaintiffs are barred from any recovery from Sauder because Sauder's actions were privileged, did not unreasonably restrain trade and were based on independent and legitimate business judgment.

23.     Plaintiffs' claims are barred by the *Noerr-Pennington* doctrine, the state action doctrine, and/or the doctrine of implied immunity; Plaintiffs' claims are further barred because the alleged conduct that is the subject of the Complaint was caused by, due, based upon, or in response to directives, laws, regulations, authorizations, policies and/or acts of government and/or their agencies.

24.     Plaintiffs' claims are barred, in whole or in part, because the pro-competitive benefits of the conduct alleged by Plaintiffs outweighs any alleged anti-competitive effects.

25.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to allege relevant product and geographic markets.

26.     Plaintiffs' damages claims are barred, in whole or in part, because the damages it seeks are speculative and uncertain.

27.     Plaintiffs' claims are barred, in whole or in part, because its claims of fraud or misrepresentation are plead with insufficient specificity.

28.     To the extent that Plaintiffs seek to collect treble damages, attorneys' fees and expenses, and other monetary relief from Sauder, it seeks a recovery that is so grossly excessive and inequitable that it would violate the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

29.     Plaintiffs' claims are barred because Plaintiffs have not suffered any damages as a result of matters alleged in the Petition.

30.     There is no direct and proximate causal connection between any claim of harm or injury alleged by Plaintiffs and any acts alleged to have been committed by Sauder.

31.     Plaintiffs' claims are barred, in whole or in part, because the claims are governed by the rule of reason, and Plaintiffs have not alleged and cannot prove the elements of a rule of reason claim.

32.     Sauder adopts and incorporates by reference any and all defenses asserted or to be asserted by any other defendant in this proceeding to the extent Sauder may share in such defenses.

33.     Sauder reserves the right to assert additional defenses at any time prior to the conclusion of trial to the extent that such defenses become known to Sauder as a result of discovery or pretrial preparation.

## PRAYER FOR RELIEF

**WHEREFORE**, Sauder respectfully requests as follows:

(a)     that the Court enter judgment in Sauder's favor on each of the Plaintiffs' counts;

(b)     that Plaintiffs' claims against Sauder be dismissed with prejudice;

(c)     that Sauder be awarded the costs, expenses, and fees which it incurs in defending this action;

(d)     that Sauder be awarded other relief as the Court deems just and proper.

Dated:  January 31, 2014                    Respectfully submitted,


                                            /s/ Christine C. Levin
                                            Joseph A. Tate (04952)
                                            Christine C. Levin (37807)
                                            Carolyn E. Budzinski (208072)
                                            Dechert LLP
                                            2929 Arch Street
                                            Philadelphia, PA 19104
                                            Tel: 215-994-4000
                                            joseph.tate@dechert.com
                                            christine.levin@dechert.com

                                            *Attorneys for Defendant R.W. Sauder, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I certify that a true and correct copy of the foregoing Answer of R.W. Sauder, Inc. to

Plaintiffs' Third Amended Complaint was filed on this 31st day of January, 2014, via the court's

ECF system, and thereby served on all parties of record registered with the ECF system.

/s/ Christine C. Levin
Joseph A. Tate (04952)
Christine C. Levin (37807)
Carolyn E. Budzinski (208072)
Dechert LLP
2929 Arch Street
Philadelphia, PA 19104
Tel: 215-994-4000
joseph.tate@dechert.com
christine.levin@dechert.com

*Attorneys for Defendant R.W. Sauder, Inc.*
