**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: PROCESSED EGG PRODUCTS ANTITRUST LITIGATION | MDL Docket No. 2002 08-md-02002 (GP) |
| THIS DOCUMENT APPLIES TO: *Winn-Dixie Stores, Inc., et al. v. Michael Foods, Inc., et al.*, 11-cv-00510 GP | |

**DEFENDANT DAYBREAK FOODS, INC.'S ANSWER TO WINN-DIXIE STORES, INC., ROUNDY'S SUPERMARKETS, INC., C&S WHOLESALE GROCERS, INC., AND <u>H.J. HEINZ COMPANY, L.P.'S THIRD AMENDED COMPLAINT</u>**

Defendant Daybreak Foods, Inc. ("Daybreak"), by and through its undersigned counsel, hereby files its Answer to the Third Amended Complaint ("Complaint") filed by Plaintiffs Winn-Dixie Stores, Inc., Roundy's Supermarkets, Inc., C&S Wholesale Grocers, Inc., and H.J. Heinz Company, L.P. ("Plaintiffs"), admitting, denying, or otherwise averring as follows:[1]

<u>ANSWER</u>

1.  Daybreak admits that Plaintiffs have accused various companies named as Defendants in this lawsuit of various types of misconduct, but denies the remaining allegations of paragraph 1.[2]

---

[1]  Daybreak denies any allegations that Plaintiffs make or purport to make or imply in any of the headings or sub-headings included in their Complaint.  Any allegations not specifically referenced herein are denied.

[2]  In accordance with Fed. R. Civ. P. 8(b)(1)(B), Daybreak's answers are to those allegations that are or could be understood to be asserted against Daybreak, and unless specifically noted herein, Daybreak lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations directed toward any other Defendant or Defendants and on that basis denies them.  Daybreak incorporates this footnote by reference into its response to any paragraph in the Complaint that makes allegations against Defendants as a group.

2.      Daybreak admits that Plaintiffs sometimes refer to shell eggs as "table eggs" or "breaking eggs," as defined in paragraph 2.  Daybreak admits that Plaintiffs have offered one possible definition of "egg products" in paragraph 2.  Daybreak denies any remaining allegations in paragraph 2.

3.      Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 and therefore denies them.

4.      Daybreak denies the allegations in the first sentence of paragraph 4.  With respect to the second sentence of paragraph 4, Daybreak admits that it competes with some of the Defendants at certain times and in certain regions and admits that there are different kinds of entities named as Defendants, but denies any remaining allegations.  With respect to the third sentence of paragraph 4, Daybreak admits that UEP is the largest eggs cooperative in the United States and had different membership numbers at different times, but Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.  With respect to the fourth sentence of paragraph 4, Daybreak admits that UEP consisted of member companies and that some members participated in UEP meetings and committees at various points in time, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.  Daybreak denies the allegations in the fifth sentence of paragraph 4.  Daybreak denies any remaining allegations in paragraph 4.

5.      With respect to the first through third sentences of paragraph 5, Daybreak admits that the supply of eggs, among other factors, can affect the prices of eggs, but denies all remaining allegations.  With respect to the last sentence in paragraph 5, Plaintiffs appear to be quoting a portion of some unidentified document.  If so, then that document speaks for itself.

Daybreak denies any remaining allegation in the last sentence of paragraph 5, including without limitation Plaintiffs' characterization of the document.

6.      With respect to the first and second sentences of paragraph 6, Daybreak admits that egg production and prices have fluctuated over the years, but denies any remaining allegations.  With respect to the last sentence of paragraph 6, Plaintiffs appear to be quoting a portion of some unidentified document.  If so, then that document speaks for itself.  Daybreak denies any remaining allegations in the last sentence of paragraph 6.

7.      With respect to the first sentence in paragraph 7, Daybreak denies that Don Bell could be characterized as its economist.  Daybreak is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 7 and therefore denies them.  With respect to the second sentence in paragraph 7, Plaintiffs appear to be quoting a portion of some unidentified document.  If so, then the document speaks for itself.  Daybreak denies all other allegations in the second sentence. Daybreak denies the allegations in the third sentence of paragraph 7.

8.      Plaintiffs appear to be quoting portions of various unidentified documents in paragraph 8.  If so, then the documents speak for themselves.  Daybreak denies any remaining allegations in paragraph 8, including without limitation Plaintiffs' characterization of the documents.

9.      Daybreak denies the allegations of paragraph 9.

10.     Plaintiffs appear to be selectively quoting from and attempting to characterize an unidentified document in paragraph 10.  If so, then the document speaks for itself.  Daybreak denies any remaining allegations in paragraph 10, including without limitation Plaintiffs' characterization of the document.

11.     Plaintiffs appear to be selectively quoting from and attempting to characterize an unidentified document in paragraph 11.  If so, then the document speaks for itself.  Daybreak denies any remaining allegations in paragraph 11, including without limitation Plaintiffs' characterization of the document.

12.     Plaintiffs appear to be selectively quoting from and attempting to characterize an unidentified document in paragraph 12.  If so, then the document speaks for itself.  Daybreak denies any remaining allegations in paragraph 12, including without limitation Plaintiffs' characterization of the document.

13.     Plaintiffs appear to be selectively quoting from and attempting to characterize an unidentified document in paragraph 13.  If so, then the document speaks for itself.  Daybreak denies any remaining allegations in paragraph 13, including without limitation Plaintiffs' characterization of the document.

14.     Plaintiffs appear to be selectively quoting from and attempting to characterize an unidentified document in paragraph 14.  If so, then the document speaks for itself.  Daybreak denies any remaining allegations in paragraph 14, including without limitation Plaintiffs' characterization of the document.

15.     Plaintiffs appear to be selectively quoting from and attempting to characterize an unidentified document in paragraph 15.  If so, then the document speaks for itself.  Daybreak denies any remaining allegations in paragraph 15, including without limitation Plaintiffs' characterization of the document.

16.     Plaintiffs appear to be selectively quoting from and attempting to characterize an unidentified document in paragraph 16.  If so, then the document speaks for itself.  Daybreak

denies any remaining allegations in paragraph 16, including without limitation Plaintiffs' characterization of the document.

17.     Plaintiffs appear to be quoting and attempting to characterize portions of various unidentified documents in paragraph 17.  If so, then the documents speak for themselves. Daybreak denies the remaining allegations in paragraph 17, including without limitation Plaintiffs' characterization of the document.

18.     Plaintiffs appear to be quoting and attempting to characterize a portion of some unidentified document in paragraph 18.  If so, then the document speaks for itself.  Daybreak denies any remaining allegations in paragraph 18, including without limitation Plaintiffs' characterization of the document.

19.     Plaintiffs appear to be quoting and attempting to characterize a portion of some unidentified document in paragraph 19.  If so, then the document speaks for itself.  Daybreak denies any remaining allegations in paragraph 19, including without limitation Plaintiffs' characterization of the document.

20.     Daybreak denies the allegations of paragraph 20.

21.     Daybreak denies the allegations in paragraph 21.  As for footnote 1 to the Complaint, Daybreak admits that Plaintiffs have offered one possible definition of backfilling.

22.     With respect to the first sentence in paragraph 22, Daybreak admits that Plaintiffs purport to bring this action under federal law but denies that Plaintiffs are entitled to relief under applicable law.  The allegations in the second sentence of paragraph 22 state a legal conclusion to which no response is required.  To the extent a response is required, Daybreak denies the allegations contained in the second sentence of paragraph 22.

23.     Daybreak admits that it is a farmer that produces and sells liquid eggs and some shell eggs and that these activities affect interstate commerce.  Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 about other Defendants' activities and therefore denies them.  Daybreak denies any remaining allegations in paragraph 23.

24.     Paragraph 24 contains a legal conclusion to which no response is required.  To the extent a response is somehow required, Daybreak admits that it has transacted business in this District at certain points in time during the period alleged in the Complaint.  Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 about other Defendants' activities in this district and therefore denies them. Daybreak denies any remaining allegations in paragraph 24.

25.     Paragraph 25 contains a legal conclusion to which no response is required.  To the extent a response is somehow required, as for sub-paragraphs (a) through (c), Daybreak admits that it has transacted business in, sold and distributed eggs in, and had contacts with certain states, including Pennsylvania.  Daybreak denies the allegations in sub-paragraph (d).  Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 about other Defendants' activities in this District and therefore denies them. Daybreak denies any remaining allegations in paragraph 25.

26.     Daybreak denies that CSWG purchased shell eggs or egg products directly from Daybreak, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 26 and therefore denies them.

6

27.     Daybreak denies that Winn-Dixie purchased shell eggs or egg products directly from Daybreak, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 27 and therefore denies them.

28.     Daybreak denies that Roundy's purchased shell eggs or egg products directly from Daybreak, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 28 and therefore denies them.

29.     Daybreak denies that Heinz purchased shell eggs or egg products directly from Daybreak, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 29 and therefore denies them.

30.     Daybreak denies the allegations of paragraph 30.

31.     Daybreak admits that Plaintiffs often purport to assert allegations against all "Defendants," "co-conspirators," or "UEP members" by lumping them together as a group. Daybreak denies that this is a proper pleading tactic.  Daybreak will respond to any allegations against it, but any allegations against other Defendants shall be denied.

32.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 and therefore denies them.

33.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 and therefore denies them.

34.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 and therefore denies them.

35.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 and therefore denies them.

36.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 and therefore denies them.

37.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 and therefore denies them.

38.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 and therefore denies them.

39.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 and therefore denies them.

40.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 and therefore denies them.

41.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 and therefore denies them.

42.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 and therefore denies them.

43.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 and therefore denies them.

44.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 and therefore denies them.

45.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 and therefore denies them.

46.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 and therefore denies them.

47.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 and therefore denies them.

48.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 and therefore denies them.

49.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 and therefore denies them.

50.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 and therefore denies them.

51.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 and therefore denies them.

52.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 and therefore denies them.

53.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 and therefore denies them.

54.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 and therefore denies them.

55.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 and therefore denies them.

56.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 and therefore denies them.

57.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 and therefore denies them.

58.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 and therefore denies them.

59.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 and therefore denies them.

60.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 and therefore denies them.

61.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 and therefore denies them.

62.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62 and therefore denies them.

63.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 and therefore denies them.

64.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 and therefore denies them.

65.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65 and therefore denies them.

66.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66 and therefore denies them.

67.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 and therefore denies them.

68.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 and therefore denies them.

69.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 and therefore denies them.

70.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70 and therefore denies them.

71.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71 and therefore denies them.

72.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 72 and therefore denies them.

73.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73 and therefore denies them.

74.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74 and therefore denies them.

75.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 75 and therefore denies them.

76.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76 and therefore denies them.

77.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77 and therefore denies them.

78.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78 and therefore denies them.

79.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79 and therefore denies them.

80.     Daybreak admits the allegations of paragraph 80.

81.     Daybreak admits that it is a member of UEP and that certain Daybreak employees have served on the UEP Board of Directors and/or on certain UEP committees at various times, including the Environmental, Quality Assurance/Food Safety, and Government Relations Committees.  Daybreak denies that any of its employees served on a UEP "Area #3" committee. Daybreak denies the remaining allegations of paragraph 81.

82.     Daybreak denies the allegations in the first and second sentences of paragraph 82. With respect to the third sentence of paragraph 82, Daybreak admits that it participated in one or more UEP meetings in 2004, but denies all remaining allegations.

83.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 83 and therefore denies them.

84.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 84 and therefore denies them.

85.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 85 and therefore denies them.

86.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 86 and therefore denies them.

87.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 87 and therefore denies them.

88.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 88 and therefore denies them.

89.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 89 and therefore denies them.

90.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 90 and therefore denies them.

91.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 91 and therefore denies them.

92.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 92 and therefore denies them.

93.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 93 and therefore denies them.

94.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 94 and therefore denies them.

95.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 95 and therefore denies them.

96.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 96 and therefore denies them.

97.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 97 and therefore denies them.

98.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 98 and therefore denies them.

99.     Daybreak admits that UEP is an agricultural cooperative organized and existing under the laws of the State of Georgia, with its principal place of business in Alpharetta, Georgia.  Daybreak denies any remaining allegations of paragraph 99.

100.    Daybreak admits that UEA is a non-profit corporation organized and existing under the laws of the District of Columbia, with its principal place of business in Alpharetta, Georgia.  Daybreak denies any remaining allegations of paragraph 100.

101.    Daybreak admits that USEM is an agricultural cooperative organized and existing under the laws of the State of Georgia, with its principal place of business in Alpharetta, Georgia.  Daybreak denies any remaining allegations of paragraph 101.

102.    Daybreak denies the allegations of paragraph 102.

103.    Daybreak denies the allegations of paragraph 103.

104.    Daybreak denies the allegations of paragraph 104.

105.    Daybreak admits that Plaintiffs purport to assert all allegations in the Complaint against "unnamed co-conspirators."   Daybreak denies the remaining allegations of paragraph 105.

106.    Daybreak admits that in paragraph 106, Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in footnote 3.  This document speaks for itself.  Daybreak denies any remaining allegations in paragraph 106.

107.    Daybreak admits that in the first three sentences of paragraph 107, Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in footnote 3. This document speaks for itself.  With respect to the fourth sentence of paragraph 107, Daybreak admits that some egg farmers produce eggs that eventually are used to make egg products. Daybreak denies any remaining allegations in paragraph 107.

108.    Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108 and therefore denies them.

109.    With respect to the first sentence in paragraph 109, Daybreak admits that egg products consist of eggs that have been removed from their shells and processed into dried, frozen, or liquid forms, but denies any remaining allegations.  Daybreak admits that the allegations in the second and third sentences of paragraph 109 set forth one possible description of egg processing and the primary purchasers of egg products.  Daybreak denies any remaining allegations in paragraph 109.

110.    Daybreak admits that the allegations in paragraph 110 provide one description of the process of producing liquid egg products, frozen egg products, dried egg products, and egg whites.  Daybreak denies any remaining allegations in paragraph 110.

111.    Daybreak admits that the allegations in paragraph 111 provide some possible uses of egg products and some possible reasons why certain entities purchase egg products.  Daybreak denies any remaining allegations in paragraph 111.

112.    Daybreak admits that in many instances the production, processing, packaging, and distribution of shell eggs and egg products may constitute and affect interstate trade and commerce.  Daybreak denies the remaining allegations in paragraph 112.

113.    Daybreak admits that in paragraph 113 Plaintiffs are quoting from the publication referenced in footnote 5.  This document speaks for itself.  Daybreak denies any remaining allegations of paragraph 113.

114.    Daybreak admits that the allegations of paragraph 114 set forth one definition of a "vertically integrated enterprise," but it denies any remaining allegations of paragraph 114.

115.    Daybreak admits that in paragraph 115 Plaintiffs are attempting to characterize the publication referenced in footnote 6.  This document speaks for itself.  Daybreak denies any

remaining allegations of paragraph 115, including without limitation Plaintiffs' characterization of the publication.

116.    Daybreak admits that in paragraph 116 Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in footnote 7.  This document speaks for itself.  Daybreak denies any remaining allegations of paragraph 116.

117.    Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 117 and therefore denies them. Daybreak admits that in the second, third, and fourth sentences of paragraph 117 Plaintiffs are attempting to characterize the publication referenced in footnote 8.  This document speaks for itself.  Daybreak denies any remaining allegations.

118.    Daybreak admits that in paragraph 118 Plaintiffs are attempting to characterize the content of the publication referenced in footnote 9.   This document speaks for itself. Daybreak denies any remaining allegations in paragraph 118.

119.    Daybreak admits that in paragraph 119 Plaintiffs are attempting to characterize the publication referenced in footnote 10.  This document speaks for itself.  Daybreak denies any remaining allegations in paragraph 119.

120.    Daybreak admits that in paragraph 120 Plaintiffs purport to characterize and selectively quote from the publication referenced in footnote 11.  This document speaks for itself.  Daybreak denies any remaining allegations of paragraph 120.

121.    Daybreak admits that in paragraph 121 Plaintiffs purport to characterize the publication referenced in footnote 12.  This document speaks for itself.  Daybreak denies any remaining allegations in paragraph 121.

122.    With respect to the first through third sentences of paragraph 122, Daybreak admits that Plaintiffs are attempting to characterize the publication referenced in footnote 13. This document speaks for itself.  With respect to the fourth sentence of paragraph 122, Daybreak denies that molting necessarily reduces a bird's overall total production of eggs over the lifetime of the bird.  Daybreak denies any remaining allegations of paragraph 122.

123.    Daybreak admits that the allegations of paragraph 123 set forth one possible description of the natural molting process and some possible ways that a producer might induce molting.  Daybreak denies any remaining allegations of paragraph 123.

124.    Daybreak admits that the allegations of paragraph 124 set forth one possible description of the relationship between molting and egg production.  Daybreak denies any remaining allegations of paragraph 124.

125.    Daybreak admits that the allegations of paragraph 125 set forth one possible description of spent hens and one possible description of operations at a chicken farm.  Daybreak denies any remaining allegations of paragraph 125.

126.    Daybreak admits that in paragraph 126 Plaintiffs purport to characterize the publication referenced in footnote 14.  This document speaks for itself.  Daybreak denies any remaining allegations of paragraph 126.

127.    Daybreak admits that the allegations of paragraph 127 set forth one possible description of certain operations at a chicken egg farm.  Daybreak denies any remaining allegations of paragraph 127.

128.    Daybreak admits that the allegations of paragraph 128 set forth one possible description of certain operations at a chicken egg farm and one possible description of vertical integration in the egg industry.  Daybreak denies any remaining allegations of paragraph 128.

129.    Daybreak admits that in paragraph 129 Plaintiffs are attempting to characterize the publication referenced in footnote 15.  This document speaks for itself.  Daybreak denies any remaining allegations of paragraph 129.

130.    Daybreak admits that the majority of the eggs it produces each year come from caged hens that are given ordinary feed.  Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 130 about other egg producers and therefore denies them.

131.    Daybreak admits that the allegations of paragraph 131 set forth one possible description of USDA Organic eggs.  Daybreak denies any remaining allegations of paragraph 131.

132.    Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 132 and therefore denies them.  Daybreak admits the allegations in the second sentence of paragraph 132.

133.    Daybreak admits that Plaintiffs have defined organic, free-range, and cage-free eggs as "specialty eggs" and that Plaintiffs apparently believe that it is appropriate to exclude specialty eggs from their lawsuit.  Daybreak denies any remaining allegations in paragraph 133.

134.    Daybreak denies the allegation in the first sentence of paragraph 134.  Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 134 and therefore denies them.

135.    Daybreak denies the allegations in the first sentence of paragraph 135.  With respect to the second sentence of paragraph 135, Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

136.    Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 136 and therefore deny them.

137.    Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 137 and therefore deny them.

138.    Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 138 and therefore denies them.

139.    Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 139 and therefore denies them.

140.    Daybreak admits that in paragraph 140 Plaintiffs appear to be selectively quoting from and attempting to characterize an unidentified document.  If so, then the document speaks for itself.  Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 140 and therefore denies them.

141.    Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 141 and therefore denies them.

142.    Daybreak admits that most U.S. table eggs are sold to domestic purchasers, but it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 142 and therefore denies them.

143.    Daybreak admits that in paragraph 143 Plaintiffs purport to characterize and selectively quote from the publication referenced in footnote 16.  This document speaks for itself.  Daybreak denies any remaining allegations of paragraph 143.

144.    With respect to the first and second sentences of paragraph 144, Daybreak admits that Plaintiffs are attempting to characterize the publication referenced in footnote 17.  This document speaks for itself.  Daybreak was not and is not a member of USEM and lacks

knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 144.  With respect to the fourth and fifth sentences of paragraph 144, Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in footnote 18.  This document speaks for itself.  As for the parenthetical in footnote 18, Daybreak admits that Plaintiffs are selectively quoting from the second publication referenced in footnote 18.  This document speaks for itself.  Daybreak denies any remaining allegations of paragraph 144, including without limitation Plaintiffs' characterization of the referenced documents.

145.    With respect to the first sentence of paragraph 145, Daybreak admits that the demand for eggs is relatively inelastic, depending on the price, when compared to other consumer products, but Daybreak denies any remaining allegations in the first sentence of paragraph 145.  With respect to the second sentence of paragraph 145, Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in footnote 19.  This document speaks for itself.  Daybreak denies any remaining allegations of paragraph 145, including without limitation Plaintiffs' characterization of the publication.

146.    Daybreak admits that in paragraph 146 Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in footnote 20.  This document speaks for itself.  Daybreak denies any remaining allegations of paragraph 146, including without limitation Plaintiffs' characterization of the publication.

147.    Daybreak admits that in paragraph 147 Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in footnote 21.  This document speaks for itself.  Daybreak denies any remaining allegations of paragraph 147, including without limitation Plaintiffs' characterization of the publication.

148.    Daybreak denies the allegations of paragraph 148.  With respect to footnote 22, Daybreak admits that Plaintiffs are selectively quoting a portion of the referenced website.  That website speaks for itself.  Daybreak denies the remaining allegations of paragraph 148 and footnote 22, including without limitation Plaintiffs' characterization of the website.

149.    Daybreak denies the allegations of paragraph 149.

150.    Daybreak denies the allegations of paragraph 150.

151.    With respect to the first sentence in paragraph 151, Daybreak admits that, among other factors, an increase in supply may cause the price of eggs to decrease.  Daybreak denies any remaining allegations in the first sentence of paragraph 151.  With respect to the second sentence of paragraph 151, Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in footnote 23.  This document speaks for itself.  With respect to the parenthetical in footnote 23, Daybreak admits that Plaintiffs are selectively quoting from the publication referenced therein.  This document speaks for itself. Daybreak denies any remaining allegations of paragraph 151 and footnote 23, including without limitation Plaintiffs' characterization of the referenced publications.

152.    Daybreak admits that in paragraph 152 Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in footnote 24.  This document speaks for itself.  Daybreak denies any remaining allegations of paragraph 152, including without limitation Plaintiffs' characterization of the publication.

153.    Daybreak denies the allegations of paragraph 153.

154.    Daybreak admits that in paragraph 154 Plaintiffs are attempting to characterize the publication referenced in footnote 25.  That publication speaks for itself.  With respect to the parenthetical in footnote 25, Daybreak admits that Plaintiffs are selectively quoting from the

publication referenced therein. This document speaks for itself. Daybreak denies any remaining allegations of paragraph 154 or footnote 25, including without limitation Plaintiffs' characterization of the publication.

155.   Daybreak admits that in paragraph 155 Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in footnote 26. This document speaks for itself. With respect to footnote 26, Daybreak admits that Plaintiffs are selectively quoting from the publication referenced therein. This document speaks for itself. Daybreak denies any remaining allegations in paragraph 155 and footnote 26, including without limitation Plaintiffs' characterization of the publications.

156.   Plaintiffs appear to be selectively quoting from and attempting to characterize an unidentified document in paragraph 156. If so, then the document speaks for itself. Daybreak denies any remaining allegations of paragraph 156, including without limitation Plaintiffs' characterization of the document or publication.

157.   Daybreak admits that in paragraph 157 Plaintiffs purport to characterize and selectively quoting from the publication referenced in footnote 27. This document speaks for itself. Daybreak denies any remaining allegations of paragraph 157, including without limitation Plaintiffs' characterization of the publication.

158.   Daybreak denies that the quoted material in paragraph 158 appears in the publication referenced in footnote 28. If Plaintiffs intended to cite another document, then that document speaks for itself. Daybreak denies the remaining allegations of paragraph 158.

159.   Daybreak admits that in paragraph 159 Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in footnote 29. That document speaks for

itself.  Daybreak denies the remaining allegations of paragraph 159, including without limitation Plaintiffs' characterization of the publication.

160.    Daybreak admits that in paragraph 160 Plaintiffs are selectively quoting from and attempting to characterize the statement referenced in footnote 30.  This statement speaks for itself.  Daybreak denies any remaining allegations of paragraph 160, including without limitation Plaintiffs' characterization of the publication.

161.    Daybreak admits that in both paragraph 161 and footnote 31 Plaintiffs are selectively quoting from the transcript referenced in footnote 31.  That transcript speaks for itself.  Daybreak denies any remaining allegations of paragraph 161 and footnote 31.

162.    Daybreak admits that in paragraph 162 Plaintiffs are attempting to characterize the publication referenced in footnote 32.  That publication speaks for itself.  Daybreak denies any remaining allegations of paragraph 162, including without limitation Plaintiffs' characterization of the publication.

163.    Daybreak admits that UEP is the largest egg cooperative in the United States. Daybreak denies any remaining allegations of paragraph 163.

164.    Daybreak admits that in paragraph 164 Plaintiffs are selectively quoting from and attempting to characterize the publication cited in footnotes 34 and 35.  This document speaks for itself.  Daybreak denies any remaining allegations of paragraph 164, including without limitation Plaintiffs' characterization of the publication.

165.    Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegation about whether UEP was initially formed by five regional co-ops, but admits that, at some point, UEP's by-laws were amended, changing the organization to individual producer members.  Daybreak denies any remaining allegations in paragraph 165.

166.   Daybreak admits that Plaintiffs are selectively quoting from the publication referenced in paragraph 166.  That publication speaks for itself.  Daybreak denies any remaining allegations.

167.   Daybreak admits that UEP produced the "United Voices" newsletter but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 167 and therefore denies them.

168.   With respect to the first sentence in paragraph 168, Daybreak admits that Plaintiffs are selectively quoting from and attempting to categorize the website referenced in footnote 36.  That website speaks for itself.  Daybreak denies that the UEP is an alliance of the "organizations" listed in sub-sections (a) through (e) of paragraph 168.  With respect to the parenthetical quotes in footnotes 37 through 40, Daybreak admits that Plaintiffs are selectively quoting from the websites referenced therein.  These websites speak for themselves.  Daybreak denies any remaining allegations of paragraph 168 and footnotes 36 through 40 including without limitation Plaintiffs' characterization of the websites.

169.   With respect to the first sentence of paragraph 169, Daybreak admits that Plaintiffs are selectively quoting from the website referenced in footnote 41.  That website speaks for itself.  With respect to the second sentence of paragraph 169, Daybreak admits that Plaintiffs are selectively quoting and attempting to characterize the website referenced in footnote 42.  That website speaks for itself.  With respect to the parenthetical in footnote 42, Daybreak admits that Plaintiffs are selectively quoting from the website referenced in footnote 42.  This website speaks for itself.  Daybreak denies any remaining allegations of paragraph 169 and footnotes 41 and 42, including without limitation Plaintiffs' characterization of the websites.

170.    With respect to the first sentence in paragraph 170, Daybreak admits that UEA is a non-profit corporation organized and existing under the laws of the District of Columbia. Daybreak further admits that in the first sentence of paragraph 170, Plaintiffs appear to be selectively quoting from and attempting to characterize some unidentified document.  If so, then the document speaks for itself.   With respect to the second sentence of paragraph 170, Daybreak admits that UEA contains certain divisions but lacks knowledge or information sufficient to form a belief about the remaining allegations and therefore denies them.  With respect to the third sentence in paragraph 170, Plaintiffs appear to be quoting a portion of the tax return referenced in footnote 43.  If so, that document speaks for itself.  Daybreak denies the remaining allegations of paragraph 170.

171.    With respect to the first sentence in paragraph 171, Daybreak admits that Plaintiffs purport to characterize and selectively quote from the document referenced in footnote 44.  This document speaks for itself.  Daybreak admits the allegations in the second sentence of paragraph 171.  Daybreak denies any remaining allegations of paragraph 171.

172.    Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 172 and therefore denies them.

173.    Daybreak admits the allegations of paragraph 173.

174.    Daybreak admits that in paragraph 174 Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in footnote 45.  This document speaks for itself.   Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

175.    Daybreak admits that in paragraph 175 Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in footnote 46.  This document speaks for

itself.   Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

176.    Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 176.   With respect to the second sentence in paragraph 176, Daybreak admits that UEP changed its structure to allow individual egg producers to join the organization, but it denies all remaining allegations.   Daybreak denies the allegations in the third sentence in paragraph 176.

177.    Daybreak admits that Plaintiffs purport to be quoting and attempting to characterize a newsletter in paragraph 177.   That newsletter speaks for itself.   Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the newsletter.

178.    Daybreak admits that Plaintiffs purport to be quoting and attempting to characterize a newsletter in paragraph 178.   That document speaks for itself.   Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the newsletter.

179.    Daybreak denies the allegation in the first sentence of paragraph 179 that it met to discuss proposals from Don Bell and ways to coordinate supply management schemes in late 1999.  Daybreak is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 179.   Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the document cited in footnote 47 in the remaining sentences of paragraph 179.   This document speaks for itself.   Daybreak denies any remaining allegations in paragraph 179, including without limitation Plaintiffs' characterization of the referenced document.

180.    Daybreak admits that in paragraph 180 Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in footnote 48.  This document speaks for itself.  Daybreak denies any remaining allegations in paragraph 180, including without limitation Plaintiffs' characterization of the publication.

181.    Daybreak admits that in paragraph 181 Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in footnote 49.  This document speaks for itself.  Daybreak denies any remaining allegations in paragraph 181, including without limitation Plaintiffs' characterization of the publication.

182.    Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 182 and therefore denies them.

183.    Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first through third sentences of paragraph 183 and therefore denies them.  Daybreak denies the allegations in the fourth sentence of paragraph 183.

184.    Daybreak admits that Plaintiffs purport to be quoting from and attempting to characterize the document referenced in paragraph 184.  This document speaks for itself. Daybreak denies any remaining allegations of paragraph 184, including without limitation Plaintiffs' characterization of the publication.

185.    Daybreak admits that Plaintiffs purport to be quoting from and attempting to characterize the document referenced in paragraph 185.  This document speaks for itself. Daybreak denies any remaining allegations of paragraph 185, including without limitation Plaintiffs' characterization of the publication.

186.    Daybreak admits that in paragraph 186 Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in footnote 50.  This document speaks for

itself.  Daybreak denies any remaining allegations of paragraph 186, including without limitation Plaintiffs' characterization of the publication.

187.    Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 187 and therefore denies them.  With respect to the second sentence of paragraph 187, Daybreak admits that Plaintiffs purport to characterize and selectively quote from the publication referenced in footnote 51.  This document speaks for itself.  Daybreak denies any remaining allegations of paragraph 187.

188.    Daybreak denies the allegations in paragraph 188 to the extent they are directed at Daybreak and is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 188 as they pertain to other Defendants.

189.    Daybreak denies the allegation in paragraph 189.

190.    Daybreak admits that Plaintiffs are selectively referencing from the meeting minutes referenced in paragraph 190.  This document speaks for itself.

191.    Daybreak admits that in paragraph 191 Plaintiffs purport to characterize and selectively quote from the document referenced therein.  This document speaks for itself.  Daybreak denies any remaining allegations of paragraph 191, including without limitation Plaintiffs' characterization of the document.

192.    Daybreak admits that in paragraph 192 Plaintiffs purport to characterize and selectively quote from the publication referenced in footnote 52.  This document speaks for itself.  Daybreak denies any remaining allegations of paragraph 192, including without limitation Plaintiffs' characterization of the article.

193.    Daybreak denies the allegations of paragraph 193.

194.    Daybreak denies the allegations of paragraph 194.

195.    Daybreak denies the allegations of paragraph 195.

196.    Daybreak denies the allegations of paragraph 196.

197.    Daybreak admits that throughout paragraph 197 Plaintiffs are selectively quoting from and attempting to characterize the documents referenced in footnotes 53 through 55.  These documents speak for themselves.  With respect to the first sentence in paragraph 197, Daybreak denies the allegations to the extent they are directed at Daybreak.  Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence in paragraph 197 and therefore denies them.  With respect to the allegations of the second and third sentences of paragraph 197, Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.  With respect to the parenthetical in footnote 53, Daybreak admits that Plaintiffs are selectively quoting from the publication referenced therein.  This document speaks for itself.  With respect to footnote 54, Daybreak admits that Plaintiffs are selectively quoting from the second publication referenced therein.  This document speaks for itself.  Daybreak denies any remaining allegations of paragraph 197.

198.    Daybreak denies the allegations of paragraph 199.

199.    Daybreak denies the allegations of paragraph 199.

200.    With respect to the first sentence in paragraph 200, Daybreak admits that Plaintiffs are attempting to paraphrase and characterize the content of the publication referenced in footnote 56.  This publication speaks for itself.  Daybreak denies any remaining allegations in the first sentence in paragraph 200.  Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence of paragraph 200 and therefore denies them.

201.    Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 201 and therefore denies them.

202.    Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and fourth sentences of paragraph 202 and therefore denies them.  With respect to the second sentence of paragraph 202, Daybreak was not a member of the UEP Animal Welfare Committee, but admits that representatives of Daybreak may have attended some meetings of that committee.  Daybreak denies the allegations in the third sentence of paragraph 202 and any remaining allegations in paragraph 202.

203.    Daybreak denies the allegations of paragraph 203.

204.    With respect to the first sentence of paragraph 204, Plaintiffs appear to be selectively quoting from and attempting to characterize unidentified documents.  If so, then the documents speak for themselves.  Daybreak denies any remaining allegations in the first sentence of paragraph 204, including without limitation Plaintiffs' characterization of the documents.  Daybreak denies the allegations in the second sentence of paragraph 204.

205.    Daybreak denies the allegations of paragraph 205.

206.    Daybreak admits that Plaintiffs are attempting to characterize the document referenced in paragraph 206.  The document speaks for itself.  Daybreak denies the remaining allegations of paragraph 206, including without limitation Plaintiffs' characterization of the document.

207.    Daybreak admits that Plaintiffs are attempting to characterize the document referenced in paragraph 207 and cited in footnote 57.  The document speaks for itself.  Daybreak denies the remaining allegations of paragraph 207, including without limitation Plaintiffs' characterization of the publication.

208.   Daybreak admits that in paragraph 208 Plaintiffs are selectively quoting from the article cited in footnote 58.   This publication speaks for itself.   Daybreak denies any remaining allegations in paragraph 208.

209.   Daybreak denies the allegations of paragraph 209.

210.   Daybreak denies the allegations of paragraph 210.

211.   With respect to the first sentence of paragraph 211, Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations about when the 100% rule was first implemented and therefore denies them.   Daybreak further denies that it ever implemented the 100% rule.   With respect to the second sentence of paragraph 211, Daybreak admits that the minutes from that meeting reflect that Fred Adams, Dolph Baker, Tim Bebee, Roger Deffner, Chuck Elste, Joe Fortin, Ernie Gemperle, Bob Krouse, Ken Looper, Mark Oldenkamp, Paul Osborne, Bill Rehm, Paul Sauder, Steve Storn and Gary West were present. Answering further, Daybreak admits that Bill Rehm was a representative of Daybreak at the time of the meeting.   Daybreak denies any remaining allegations of paragraph 211.

212.   Plaintiffs appear to be selectively quoting the minutes from the UEP Annual Board Meeting on October 10-11, 2002 in paragraph 213.   If this is the case, then the document speaks for itself.   Daybreak denies any remaining allegations of paragraph 212.

213.   Daybreak admits that the 100% rule required a producer to maintain 100% of its production in conformity with the UEP Certified program in order to market its eggs as "UEP Certified" eggs, but denies the remaining allegations of paragraph 213.

214.   Daybreak denies the allegations of paragraph 214.

215.   Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 215 and therefore denies them.

216.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 216 and therefore denies them.

217.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 217 and therefore denies them.

218.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 218 and therefore denies them.

219.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 219 and therefore denies them.

220.     Daybreak denies that Bill Rehm spoke with John Mueller about the UEP Animal Welfare Program's "intersection with supply and price."   Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 220 and therefore denies them.

221.     Daybreak denies the allegations in the first sentence of paragraph 221.  With respect to the remainder of paragraph 221, Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in footnote 59.  This document speaks for itself.   Daybreak denies any remaining allegations of paragraph 221, including without limitation Plaintiffs' characterization of the publication.

222.     Daybreak denies the allegations of paragraph 222.

223.     Daybreak denies the allegations in the first sentence of paragraph 223.  With respect to the second sentence of paragraph 223, Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 223 and therefore denies them.   Daybreak denies the allegations in the third and fourth sentences of paragraph 223.

224.    Daybreak denies the allegations of paragraph 224.

225.    Daybreak admits that in paragraph 225 Plaintiffs are selectively quoting from and attempting to characterize the document cited in footnote 60.  This document speaks for itself. Daybreak denies any remaining allegations of paragraph 225.

226.    Daybreak admits that in paragraph 226 Plaintiffs appear to be characterizing and quoting an unidentified document.  If so, then the document speaks for itself.  Daybreak lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 226 and therefore denies them.

227.    Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 227 and therefore denies them.

228.    Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 228 and therefore denies them.

229.    Plaintiffs appear to be characterizing and quoting a letter from UEP to an entity other than Daybreak in paragraph 229.  If so, then the document speaks for itself.  Daybreak lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 229 and therefore denies them.

230.    Plaintiffs appear to be characterizing and quoting an email not involving Daybreak in paragraph 230.  If that is so, then the document speaks for itself.  Daybreak lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 230 and therefore denies them.

231.    Plaintiffs appear to be characterizing and quoting a letter from Sparboe to UEP in paragraph 231.  If so, then the document speaks for itself.  Daybreak lacks knowledge or

information sufficient to form a belief as to the truth of any remaining allegations of paragraph 231 and therefore denies them.

232.    Plaintiffs appear to be characterizing and quoting a letter from Roger Deffner to Sparboe in paragraph 232.  If so, then the document speaks for itself.  Daybreak lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 232 and therefore denies them.

233.    Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 233 and therefore denies them.

234.    Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 234 and therefore denies them.

235.    Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 235 and therefore denies them.

236.    Daybreak denies the allegations of paragraph 236.

237.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the document referenced in paragraph 237.  This document speaks for itself.  Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the document.

238.    Daybreak admits that Plaintiffs are attempting to characterize the publication referenced in paragraph 238.  This document speaks for itself.  Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

239.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in paragraph 239.  This document speaks for itself.

Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

240.   Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in paragraph 240.  This document speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

241.   Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in paragraph 241.  This document speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

242.   Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 242 and therefore denies them.

243.   Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in paragraph 243.  This document speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

244.   Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in paragraph 244.  This document speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

245.   Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in paragraph 245.  This document speaks for itself.

Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

246.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in paragraph 246.  This document speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

247.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in paragraph 247.  This document speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

248.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in paragraph 248.  This document speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

249.    Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 249 and therefore denies them.

250.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in paragraph 250.  This document speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

251.    Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 251 and therefore denies them.  Answering further, Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the

document referenced in paragraph 251. The document speaks for itself. Daybreak denies any remaining allegations in paragraph 251, including without limitation Plaintiffs' characterization of the document.

252. Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 252 and therefore denies them.

253. Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in paragraph 253. This document speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

254. Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in paragraph 254. This document speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

255. Daybreak denies the allegations of paragraph 255.

256. Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the correspondence referenced in paragraph 256. This document speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the correspondence.

257. Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 257 and therefore denies them.

258. Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the presentation referenced in paragraph 258. This presentation speaks for itself.

Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the presentation.

259.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the presentation referenced in paragraph 259. This presentation speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the presentation.

260.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the presentation referenced in paragraph 260. This presentation speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the presentation.

261.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in paragraph 261. This document speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the document.

262.    Daybreak admits that Plaintiffs appear to be selectively quoting from and attempting to characterize an unidentified document in paragraph 262. If so, then this document speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the document.

263.    Daybreak admits that Plaintiffs appear to be selectively quoting from and attempting to characterize an unidentified document in paragraph 263. If so, then this document speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the document.

264.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in paragraph 264.  This document speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

265.    Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 265 and therefore denies them.

266.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in paragraph 266.  This document speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

267.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in paragraph 267.  This document speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

268.    Daybreak denies the allegations of paragraph 268.

269.    Daybreak admits that Plaintiffs are selectively summarizing and attempting to characterize the publication referenced in paragraph 269.  This document speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

270.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize an unidentified document referenced in paragraph 270.  This document speaks for itself.  Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the document.

271.    Daybreak admits that in paragraph 271 Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in footnote 61.  This document speaks for itself.  Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

272.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in paragraph 272.  This document speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

273.    Daybreak denies the allegations of paragraph 273.

274.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in paragraph 274.  This document speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

275.    Daybreak admits that Plaintiffs appear to be selectively quoting from and attempting to characterize the publication first referenced in paragraph 274.  This document speaks for itself.  Daybreak denies any remaining allegations of paragraph 275, including without limitation Plaintiffs' characterization of the publication.

276.    Daybreak admits that Plaintiffs are selectively summarizing and attempting to characterize the publication referenced in paragraph 276.  This document speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

277.    Daybreak admits that Plaintiffs appear to be selectively quoting from and attempting to characterize the correspondence referenced in paragraph 277.  If this is the case,

then the document speaks for itself.  Daybreak lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations and therefore denies them.

278.   Daybreak admits that Plaintiffs appear to be selectively quoting from and attempting to characterize the correspondence first referenced in paragraph 277.  If this is the case, then the document speaks for itself.  Daybreak lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 278 and therefore denies them.

279.   Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 279 and therefore denies them.  With respect to the remainder of paragraph 279, Daybreak admits that Plaintiffs appear to be selectively quoting from and attempting to characterize the memorandum referenced in paragraph 279.  The document speaks for itself.  Daybreak denies any remaining allegations of paragraph 279.

280.   Daybreak admits that Plaintiffs are attempting to characterize the publication referenced in paragraph 280.  This document speaks for itself.  Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

281.   Daybreak denies the allegations of paragraph 281.

282.   Daybreak admits that Plaintiffs are attempting to characterize the publication referenced in paragraph 282.  This document speaks for itself.  Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

283.   Daybreak admits the allegations in the first sentence of paragraph 283.  Daybreak denies the allegations in the second sentence of paragraph 283 and further notes that the meeting minutes speak for themselves.  With respect to the third and fourth sentences of paragraph 283,

Daybreak admits that the minutes of the January 25, 2005 meeting indicate that the individuals listed in the third and fourth sentences of paragraph 283 attended the meeting.  Daybreak admits that Bill Rehm, Tony Rehm, and Patricia Stonger were representatives of Daybreak at the time of the meeting.  Daybreak denies any remaining allegations in paragraph 283 and also denies Plaintiffs' characterization of the documents referenced in paragraph 283.

284.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the minutes referenced in paragraph 284.  This document speaks for itself.  Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the minutes.

285.    Daybreak admits that Plaintiffs appear to be selectively summarizing and attempting to characterize the minutes from the committee meeting referenced in paragraph 285.  This document speaks for itself.  Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the minutes.

286.    Daybreak denies the allegations in paragraph 286 to the extent they are directed at Daybreak.  Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 286 and therefore denies them.

287.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in paragraph 287.  This document speaks for itself.  Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

288.    Daybreak denies the allegations in paragraph 288.

289.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in paragraph 289.  This document speaks for itself.

Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

290.    Daybreak admits that in paragraph 290 Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in footnote 62.  This document speaks for itself.   Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

291.    Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 291 and therefore denies them.

292.    Daybreak denies the allegations of paragraph 292.

293.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in paragraph 293.  This document speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

294.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in paragraph 294.  This document speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

295.    Daybreak admits that Plaintiffs appear to be selectively quoting from and attempting to characterize the minutes of the meeting referenced in paragraph 295.  The minutes speak for themselves.  Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the minutes.

296.    Daybreak admits that Plaintiffs appear to be selectively quoting and attempting to characterize the minutes of a meeting first referenced in paragraph 295.  Those minutes speak for

themselves.  Daybreak denies any remaining allegations of paragraph 296, including without limitation Plaintiffs' characterization of the minutes.

297.    Daybreak admits that Plaintiffs appear to be selectively quoting and attempting to characterize the minutes of a meeting first referenced in paragraph 295.  Those minutes speak for themselves.  Daybreak denies any remaining allegations of paragraph 297, including without limitation Plaintiffs' characterization of the minutes.

298.    Daybreak denies the allegations of the first sentence of paragraph 298.  With respect to the second sentence of paragraph 298, Daybreak admits that Plaintiffs are attempting to paraphrase and characterize the referenced publication.  This document speaks for itself. Daybreak denies any remaining allegations of paragraph 298, including without limitation Plaintiffs' characterization of the publication.

299.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in paragraph 299.  This document speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

300.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in paragraph 300.  This document speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

301.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in paragraph 301.  This document speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

302.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in paragraph 302.  This document speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

303.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the press release referenced in paragraph 303.  This document speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the press release.

304.    Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 304 and therefore denies them.

305.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the newsletter referenced in paragraph 305.  This document speaks for itself. Daybreak lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations and therefore denies them.

306.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the newsletter first referenced in paragraph 305.  This document speaks for itself. Daybreak denies any remaining allegations of paragraph 306, including without limitation Plaintiffs' characterization of the document.

307.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the document referenced in paragraph 307.  This document speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the document.

308.   Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in paragraph 308.   This document speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

309.   Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in paragraph 309.   This document speaks for itself. Daybreak denies any remaining allegations of paragraph 309, including without limitation Plaintiffs' characterization of the publication.   With respect to the allegations in footnote 63, Daybreak lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them.

310.   Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in paragraph 310.   This document speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

311.   Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in paragraph 311.   This document speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

312.   Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in paragraph 312.   This publication speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

313.     Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in paragraph 313.   This document speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

314.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 314 and therefore denies them.

315.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 315 and therefore denies them.

316.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 316 and therefore denies them.

317.     Daybreak denies the allegations in paragraph 317.

318.     Daybreak denies the allegations of the first sentence of paragraph 318.   Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 318 and therefore denies them.   With respect to the third and fourth sentences of paragraph 318, Daybreak admits that Plaintiffs are attempting to characterize a newsletter.   The document speaks for itself.   Daybreak denies any remaining allegations in paragraph 318, including without limitation Plaintiffs' characterization of the referenced newsletter.

319.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 319 and therefore denies them.

320.     Daybreak was not and is not a member of USEM and lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 320 and therefore denies them.

321.    Daybreak was not and is not a member of USEM and lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 321 and therefore denies them.

322.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the referenced document.  That document speaks for itself.  Daybreak was not and not a member of USEM and lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 322 and therefore denies them.

323.    Daybreak was not and is not a member of USEM and lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 323 and therefore denies them.

324.    Daybreak admits the allegations in the first sentence of paragraph 324.  With respect to the second sentence in paragraph 324, Daybreak admits that Bill Rehm was a representative of Daybreak at the time of the meeting.  Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 324 and therefore denies them.

325.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the minutes referenced in paragraph 325.  This document speaks for itself. Daybreak denies any remaining allegations including without limitation Plaintiffs' characterization of the minutes.

326.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in paragraph 326.  This document speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

327.    Daybreak was not and is not a member of USEM and lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 327 and therefore denies them.

328.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize an unidentified document.  That document speaks for itself.  Daybreak was not and is not a member of USEM and lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 328 and therefore denies them.

329.    Daybreak was not and is not a member of USEM and lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 329 and therefore denies them.

330.    Daybreak admits that Plaintiffs are attempting to characterize the publication referenced in paragraph 330.  This document speaks for itself.  Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 330 and therefore denies them.

331.    Daybreak denies the allegations of paragraph 331.

332.    Daybreak admits that in paragraph 332 Plaintiffs are selectively quoting from and attempting to characterize the article referenced in footnote 64.  This article speaks for itself.  Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the article.

333.    Daybreak was not and is not a member of USEM and lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 333 and therefore denies them.

334.    Daybreak denies the allegations of paragraph 334.

335.     Daybreak denies the allegations of paragraph 335.

336.     Daybreak was not and is not a member of USEM and lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 336 and therefore denies them.  With respect to the second sentence of paragraph 336, Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the referenced publication.  This document speaks for itself.  Daybreak denies any remaining allegations of paragraph 336.

337.     Daybreak was not and is not a member of USEM and lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 337 and therefore denies them.

338.     Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in paragraph 338.  This document speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

339.     Daybreak was not and is not a member of USEM and lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 339 and therefore denies them.

340.     Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in paragraph 340.  This document speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

341.     Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the minutes referenced in paragraph 341.   This document speaks for itself.

Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the minutes.

342.    Daybreak admits that Plaintiffs are selectively paraphrasing the government publication referenced in paragraph 342.  This document speaks for itself.  Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

343.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in paragraph 343.  This document speaks for itself.  Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

344.    Daybreak admits that Plaintiffs are attempting to characterize the publication referenced in paragraph 344.  This document speaks for itself.  Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

345.    Daybreak admits that in paragraph 345 Plaintiffs purport to characterize and selectively quote from the publication referenced therein.  This document speaks for itself.  Daybreak denies any remaining allegations of paragraph 345.

346.    Daybreak admits that Plaintiffs are attempting to characterize the publication referenced in paragraph 346.  This document speaks for itself.  Daybreak denies any remaining allegations.

347.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in paragraph 347.  This document speaks for itself.  Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

348.    Daybreak denies the allegations in the first sentence of paragraph 348.  Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 348 and therefore denies them.

349.    Daybreak denies the allegations of paragraph 349.

350.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in paragraph 350.  This document speaks for itself.  Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

351.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in paragraph 351.  This document speaks for itself.  Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

352.    Daybreak admits that Plaintiffs are selectively paraphrasing the publications referenced in paragraph 352.  These documents speak for themselves.  Daybreak denies any remaining allegations of paragraph 352.

353.    Daybreak admits that in paragraph 353 Plaintiffs purport to characterize and selectively quote from the publication referenced therein.  This document speaks for itself.  Daybreak denies any remaining allegations of paragraph 353.

354.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in paragraph 354.  This document speaks for itself.  Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

355.    Daybreak denies the allegations in the first sentence of paragraph 355.  With respect to the remainder of paragraph 355, Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced therein.  This document speaks for itself.  Daybreak denies any remaining allegations in paragraph 355, including without limitation Plaintiffs' characterization of the publication.

356.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in paragraph 356.  This document speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

357.    Daybreak admits that in paragraph 357 Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in footnote 65.  This document speaks for itself.  Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

358.    Daybreak admits that in paragraph 358 Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in footnote 66.  This document speaks for itself.  Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

359.    Daybreak admits that in paragraph 359 Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in footnote 67.  This document speaks for itself.  Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

360.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in paragraph 360.  This document speaks for itself.

Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

361.    Daybreak denies the allegations of paragraph 361.

362.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in paragraph 362.  This document speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

363.    Daybreak admits that in paragraph 363 Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in footnote 68.  This document speaks for itself.  Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

364.    Daybreak admits that in paragraph 364 Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in footnote 69.  This document speaks for itself.  Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

365.    Daybreak admits that in paragraph 365 Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in footnote 70.  This document speaks for itself.  Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

366.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in paragraph 366.  This document speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

367.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the document referenced in paragraph 367.  This document speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the document.

368.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the minutes referenced in paragraph 368.  This document speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the minutes.

369.    Daybreak admits that in paragraph 369 Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in footnote 71.  This document speaks for itself.  Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

370.    Daybreak admits that in paragraph 370 Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in footnote 72.  This document speaks for itself.  Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

371.    Daybreak admits that in paragraph 371 Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in footnote 73.  This document speaks for itself.  Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

372.    Daybreak admits that in paragraph 372 Plaintiffs are selectively quoting from and attempting to characterize the documents referenced in footnotes 74 and 75.  These documents

speak for themselves.  Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publications.

373.    Daybreak admits that in paragraph 373 Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in footnote 76.  This document speaks for itself.  Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication

374.    Daybreak admits that in paragraph 374 Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in footnote 77.  This document speaks for itself.  Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

375.    Daybreak admits that in paragraph 375 Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in footnote 78.  This document speaks for itself.  Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

376.    Daybreak admits that in paragraph 376 Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in footnote 79.  This document speaks for itself.  Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

377.    Daybreak admits that in paragraph 377 Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in footnote 80.  This document speaks for itself.  Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

378.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in paragraph 378.  This document speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

379.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in paragraph 379.  This document speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

380.    Daybreak admits that in paragraph 380 Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in footnote 81.  This document speaks for itself.  Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

381.    Daybreak admits that in paragraph 381 Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in footnote 82.  This document speaks for itself.  Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

382.    Daybreak admits that in paragraph 382 Plaintiffs are selectively quoting from and attempting to characterize the website referenced in footnote 83.  This website speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the website.

383.    Daybreak admits that in paragraph 383 Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in footnote 84.  This document speaks for

itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

384.    Daybreak admits that in paragraph 384 Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in footnote 85. This document speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

385.    Daybreak admits that in paragraph 385 Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in footnote 86. This document speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

386.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the meeting minutes referenced in paragraph 386. This document speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the minutes.

387.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in paragraph 387. This document speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

388.    Daybreak admits that in paragraph 388 Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in footnote 87. This document speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

389.    Daybreak admits that in paragraph 389 Plaintiffs are selectively quoting from and attempting to characterize the recording referenced in footnote 88.  This recording speaks for itself.  Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the recording.

390.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the transcript referenced in paragraph 390.  This document speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the transcript.

391.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the transcript referenced in paragraph 391.  This document speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the transcript.

392.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the meeting minutes referenced in paragraph 392.  This document speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the meeting minutes.

393.    Daybreak denies the allegations in paragraph 393.

394.    Daybreak admits that shell eggs are a component in processed egg products and may be broken and processed into various dried, liquid and frozen egg products, but denies any remaining allegations in paragraph 394.

395.    Daybreak denies the allegations in paragraph 395.

396.    Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 396 and therefore denies them.  Daybreak denies the remaining allegations of paragraph 396.

397.    Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 397 and therefore denies them.  With respect to the second sentence of paragraph 397, Daybreak admits that Plaintiffs purport to bring claims on behalf of a class but denies that a class action is appropriate.  Daybreak denies the allegations in the third and fourth sentences of paragraph 397.

398.    Daybreak admits that UEA has a further processors division, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 398 and therefore denies them.

399.    With respect to the first sentence of paragraph 399, Daybreak admits that meetings for UEA and UEP sometimes occur at similar times and in similar locations; that some UEA members sometimes also attend certain UEP meetings; that some UEP members sometimes also attend certain UEA meetings; and that certain producers are members of both UEA and UEP.  Daybreak denies the remaining allegations of paragraph 399.

400.    Daybreak admits that UEP has some members that produce and sell both shell eggs and egg products but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 400 and therefore denies them.

401.    Daybreak admits that in paragraph 401 Plaintiffs are selectively quoting from and attempting to characterize the publication first referenced in paragraph 261.  This document speaks for itself.  Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

402.   Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in paragraph 402.  This document speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

403.   Daybreak admits that Plaintiffs are attempting to characterize the publication referenced in paragraph 403.  This document speaks for itself.  Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

404.   Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in paragraph 404.  This document speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

405.   Daybreak denies the allegations of paragraph 405.

406.   Daybreak admits that in the first sentence of paragraph 406 Plaintiffs are selectively quoting from and attempting to characterize the website referenced in footnote 89. This website speaks for itself.  Daybreak denies any remaining allegations in the first sentence of paragraph 406, including without limitation Plaintiffs' characterization of the website.  Daybreak denies the allegations in the second sentence of paragraph 406.

407.   Daybreak admits that in paragraph 407 Plaintiffs are selectively quoting from and attempting to characterize the transcript referenced in footnote 90.  This transcript speaks for itself.  Daybreak denies any remaining allegations.

408.   Daybreak denies the allegations in the first sentence of paragraph 408.  Daybreak admits that in the second and third sentences of paragraph 408, Plaintiffs are selectively quoting from and attempting to characterize the documents cited in footnote 91.  These documents speak

for themselves.  Daybreak denies any remaining allegations in the second and third sentences of paragraph 408.  Daybreak admits that in the first and second sentences of footnote 91 Plaintiffs are selectively quoting from the referenced articles.  These articles speak for themselves. Daybreak admits the allegation in the third sentence in footnote 91.  Daybreak denies any remaining allegations of paragraph 408, including without limitation Plaintiffs' characterization of the materials cited within.

409.    Daybreak admits that in the first sentence of paragraph 409 Plaintiffs are selectively quoting from and attempting to characterize the transcript referenced in footnote 92. This document speaks for itself.  Daybreak denies any remaining allegations in the first sentence of paragraph 409, including without limitation Plaintiffs' characterization of the transcript. Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 409 and therefore denies them.

410.    Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 410 and therefore denies them.  With respect to the second sentence of paragraph 410, Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the speech referenced in footnote 93.   This document speaks for itself.  Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the speech.

411.    Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 411 and therefore denies them.  With respect to the second sentence of paragraph 411, Daybreak admits that Plaintiffs are attempting to characterize the publication referenced in footnote 94.  This document speaks for itself. Daybreak denies any remaining allegations in the second sentence of paragraph 411, including

without limitation Plaintiffs' characterization of the publication.  With respect to the third sentence of paragraph 411, Daybreak admits that Plaintiffs are attempting to characterize the publication referenced in footnote 95.  This document speaks for itself.  Daybreak denies any remaining allegations in the third sentence of paragraph 411, including without limitation Plaintiffs' characterization of the publication.  Daybreak denies the allegations in the fourth sentence of paragraph 411 including without limitation Plaintiffs' characterization of the referenced materials.

412.    Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 412 and therefore denies them.

413.    Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 413 and therefore denies them.

414.    Daybreak admits that at some point, UEP adopted the "UEP Certified" name for its animal welfare program, but denies all remaining allegations of paragraph 414.

415.    Daybreak admits that in the first sentence of paragraph 415 Plaintiffs are attempting to characterize the publication referenced in footnote 96.  This document speaks for itself.  Daybreak denies any remaining allegations in the first sentence of paragraph 415 and footnote 96, including without limitation Plaintiffs' characterization of the publication. Daybreak denies the allegations in the second sentence of paragraph 415.  Daybreak did not participate in the UEP Certified Program and therefore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 415 and therefore denies them.

416.    Daybreak did not participate in the UEP Certified Program and therefore lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 416 and therefore denies them.

417.    Daybreak did not participate in the UEP Certified Program and therefore lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 417 and therefore denies them.

418.    Daybreak admits that in paragraph 418 Plaintiffs are selectively quoting from and attempting to characterize the referenced website, but denies any remaining allegations of paragraph 418 including without limitation Plaintiffs' characterization of the website.

419.    Daybreak admits that in paragraph 419 Plaintiffs are selectively quoting from and attempting to characterize UEP's membership agreement.   Daybreak denies any remaining allegations in paragraph 419, including without limitation Plaintiffs' characterization of the membership agreement referenced in paragraph 419.

420.    Daybreak denies the allegations in the first sentence of paragraph 420.  Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 420 and therefore denies them.

421.    Daybreak admits that in the first sentence of paragraph 421 Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in footnote 97. This document speaks for itself.   Daybreak denies the allegations in the second sentence of paragraph 421.  With respect to the parenthetical in footnote 97, Daybreak admits that Plaintiffs are selectively quoting from the publication referenced therein.  This document speaks for itself. Daybreak denies the remaining allegations of paragraph 421 and footnote 97, including without limitation Plaintiffs' characterization of the publication.

422.     Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in paragraph 422.  This publication speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

423.     Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in paragraph 423.  This publication speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

424.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 424 and therefore denies them.

425.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 425 and therefore denies them.

426.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 426 and therefore denies them.

427.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 427 and therefore denies them.

428.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 428 and therefore denies them.

429.     Daybreak admits the allegations of paragraph 429.

430.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 430 and therefore denies them.

431.     Daybreak admits that Gene Gregory is the former president and chief of executive officer of UEP, but denies any remaining allegations in the first sentence of paragraph 431.

Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second through fourth sentences of paragraph 431 and therefore denies them.

432.    Daybreak admits that Chad Gregory is Gene Gregory's son, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 432 and therefore denies them.

433.    Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 433 and therefore denies them.

434.    Daybreak admits that UEP is governed by a board of directors, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 434.  Daybreak denies the allegations in the second and third sentences in paragraph 434.

435.    Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 435 and therefore denies them.  With respect to the second and third sentences of paragraph 435, Daybreak admits that Plaintiffs appear to be quoting from some unidentified document.  If so, then the document speaks for itself.  Daybreak denies any remaining allegation in paragraph 435, including without limitation Plaintiffs' characterization of that document.

436.    Daybreak admits that Plaintiffs appear to be quoting from some unidentified document in paragraph 436.  If so, then the document speaks for itself.  Daybreak denies any remaining allegation in paragraph 436 including without limitation Plaintiffs' characterization of the document.

437.    Daybreak admits that Plaintiffs appear to be quoting from some unidentified document in paragraph 437.  If so, then the document speaks for itself.  Daybreak denies any

remaining allegation in paragraph 437 including without limitation Plaintiffs' characterization of the document.

438.    Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentences of paragraph 438 and therefore denies them.  With respect to the second sentence of paragraph 438, Daybreak admits that Gene Gregory is the former President and CEO of UEP but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.  With respect to the fourth sentence of paragraph 438, Daybreak admits that Gene Gregory has written some articles in the *United Voices* newsletter but denies Plaintiffs' characterization of those articles, which are documents that speak for themselves.  Daybreak denies any remaining allegations in paragraph 438.

439.    Daybreak denies any knowledge of or participation in any "output restriction scheme."  Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 439 and therefore denies them.

440.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in paragraph 440.  This publication speaks for itself. Daybreak denies any remaining allegations of paragraph 440, including without limitation Plaintiffs' characterization of the publication.

441.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in paragraph 441.  This publication speaks for itself. Daybreak denies any remaining allegations of paragraph 441, including without limitation Plaintiffs' characterization of the publication.

442.    Daybreak admits that UEP refers to itself as a "Capper-Volstead Cooperative" but otherwise denies the allegations in the first sentence of paragraph 442.  With respect to the second sentence of paragraph 442, Daybreak admits that UEP does not grow, harvest, ship, sell, bargain, or compete for the sale of eggs or other agricultural products.  Daybreak denies any remaining allegations in paragraph 442.

443.    Daybreak denies the allegations of paragraph 443.

444.    The first sentence of paragraph 444 states a legal conclusion to which no response is required.  To the extent a response is somehow required, Daybreak denies the statements of paragraph 444.  With respect to the second sentence of paragraph 444, Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the referenced publication. This publication speaks for itself.  Daybreak denies any remaining allegations of paragraph 444, including without limitation Plaintiffs' characterization of the publication.

445.    Paragraph 445 states a legal conclusion to which no response is required.  To the extent a response is somehow required, Daybreak denies the statements of paragraph 445.

446.    Daybreak admits that it performs more than one step in the process of bringing liquid and shell eggs to market, and that, on information and belief, other egg farmers also perform more than one step in the process of bringing eggs to market, but denies the remaining allegations in paragraph 446.

447.    Daybreak denies the allegations of paragraph 447.

448.    Daybreak admits that UEP does not wash, candle, grade, break, pasteurize, package, store, or distribute it members' eggs, but denies all remaining allegations in paragraph 448.

449.    Daybreak admits the allegations of paragraph 449.

450.     Daybreak was not and is not a member of USEM and lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 450 and therefore denies them.

451.     Daybreak admits that in paragraph 451 Plaintiffs are attempting to characterize the case report referenced in footnote 99.  This case report speaks for itself.  Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the case report.

452.     Daybreak denies the allegations in the first sentence of paragraph 452.  With respect to the remainder of paragraph 452, Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in footnote 100.  This publication speaks for itself.  As for the parenthetical in footnote 100, Daybreak admits that Plaintiffs' are selectively quoting the publication referenced therein.   This document speaks for itself.  Daybreak denies any remaining allegations of paragraph 452 and footnote 100, including without limitation Plaintiffs' characterization of the publication.

453.     Daybreak admits that in paragraph 453 Plaintiffs purport to characterize and selectively quote from the publication referenced therein.  This document speaks for itself.  Daybreak denies any remaining allegations of paragraph 453, including without limitation Plaintiffs' characterization of the document.

454.     Daybreak denies the allegations of paragraph 454.

455.     Daybreak denies the allegations in the first sentence of paragraph 455.  With respect to the second sentence of paragraph 455, Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the referenced publication.  This publication speaks

for itself.  Daybreak denies any remaining allegations of paragraph 455, including without limitation Plaintiffs' characterization of the publication.

456.    Daybreak denies the allegations in the first sentence of paragraph 456.  With respect to the second sentence of paragraph 456, Daybreak admits that Plaintiffs are attempting to characterize the referenced publication.  This publication speaks for itself.  Daybreak denies any remaining allegations of paragraph 456, including without limitation Plaintiffs' characterization of the publication.

457.    Daybreak denies the allegations in the first sentence of paragraph 457.  With respect to the second sentence of paragraph 457, Daybreak admits that representatives of cage manufacturers may have attended certain UEP committee meetings, but Daybreak denies the remaining allegations.  Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the third sentence of paragraph 457 and therefore denies them.

458.    Daybreak admits that UEP membership was open to persons as permitted under the Capper-Volstead Act, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 458 and therefore denies them.

459.    Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 459 and therefore denies them.

460.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in paragraph 460.  This publication speaks for itself.  Daybreak denies any remaining allegations of paragraph 460, including without limitation Plaintiffs' characterization of the publication.

461.    Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 461 and therefore denies

them.  With respect to the third through fifth sentences in paragraph 461, Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the referenced document. This document speaks for itself.  Daybreak denies any remaining allegations of paragraph 461, including without limitation Plaintiffs' characterization of the referenced document.

462.    Daybreak admits that in paragraph 462 Plaintiffs are selectively quoting from and attempting to characterize the referenced document.  This document speaks for itself.   Daybreak denies any remaining allegations of paragraph 462, including without limitation Plaintiffs' characterization of the document.

463.    Daybreak admits that UEP membership was open to persons as permitted under the Capper-Volstead Act, but Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.

464.    Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 464 and therefore denies them.

465.    Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 465 and therefore denies them.

466.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the minutes referenced in paragraph 466.   This document speaks for itself. Daybreak denies any remaining allegations of paragraph 466, including without limitation Plaintiffs' characterization of the minutes.

467.    Daybreak denies the allegations of paragraph 467.

468.    The allegations contained in paragraph 468 are legal conclusions to which a response is not required.  To the extent a response is required, Daybreak denies the allegations of paragraph 468.

469.     Daybreak denies the allegations in paragraph 469.

470.     Daybreak denies the allegations in paragraph 470.

471.     Daybreak admits that in paragraph 471 Plaintiffs appear to be selectively quoting from and attempting to characterize the publication referenced in footnote 102.  This document speaks for itself.   Daybreak denies any remaining allegations of paragraph 471, including without limitation Plaintiffs' characterization of the publication.

472.     Daybreak denies the allegations in paragraph 472.

473.     Daybreak admits that in paragraph 473 Plaintiffs appear to be selectively quoting from and attempting to characterize the publication first referenced in paragraph 471.   This document speaks for itself.   Daybreak denies any remaining allegations of paragraph 473, including without limitation Plaintiffs' characterization of the publication.

474.     Daybreak admits that in paragraph 474 Plaintiffs appear to be selectively quoting from and attempting to characterize the publication first referenced in paragraph 471.   This document speaks for itself.   Daybreak denies any remaining allegations of paragraph 474, including without limitation Plaintiffs' characterization of the publication.

475.     Daybreak admits that in paragraph 475 Plaintiffs appear to be selectively quoting from and attempting to characterize the publication first referenced in paragraph 471.   This document speaks for itself.   Daybreak denies any remaining allegations of paragraph 475, including without limitation Plaintiffs' characterization of the publication.

476.     Daybreak denies the allegations of paragraph 476.

477.     Daybreak denies the allegations of paragraph 477.

478.     Daybreak denies the allegations of paragraph 478.

479.     Daybreak denies the allegations of paragraph 479.

480.    Daybreak admits that Plaintiffs purport to be selectively quoting from and attempting to characterize the documents referenced in footnotes 102 through 107.   These documents speak for themselves.  Daybreak denies any remaining allegations in paragraph 480, including without limitation Plaintiffs' characterization of those documents.

481.    With respect to the first sentence of paragraph 481, Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the referenced newsletter. This document speaks for itself.  Daybreak denies any remaining allegations in the first sentence of paragraph 481, including without limitation Plaintiffs' characterization of the newsletter. Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 481 and therefore denies them.

482.    Daybreak denies the allegations in the first sentence of paragraph 482.  With respect to the second sentence of paragraph 482, Daybreak admits that Plaintiffs purport to be selectively quoting from and attempting to characterize the document referenced in paragraph 482.  This document speaks for itself.  Daybreak denies any remaining allegations of paragraph 482, including without limitation Plaintiffs' characterization of those documents.

483.    Daybreak denies the allegations of paragraph 483.

484.    Daybreak denies the allegations of paragraph 484.

485.    Daybreak denies the allegations of paragraph 485.

486.    Daybreak denies the allegations of paragraph 486.

487.    Daybreak denies the allegations in the first, second, and third sentences of paragraph 487.  With respect to the remaining allegations in paragraph 487, Daybreak admits that Plaintiffs purport to be selectively quoting from and attempting to characterize a newsletter

referenced therein.  This document speaks for itself.  Daybreak denies any remaining allegations in paragraph 487, including without limitation Plaintiffs' characterization of this newsletter.

488.     Daybreak admits that Plaintiffs purport to be selectively quoting from and attempting to characterize a newsletter referenced in paragraph 488.  This document speaks for itself.  Daybreak denies any remaining allegations of paragraph 488, including without limitation Plaintiffs' characterization of those documents.

489.     Daybreak admits that Plaintiffs purport to be selectively quoting from and attempting to characterize a document referenced in paragraph 489.  This document speaks for itself.  Daybreak denies any remaining allegations of paragraph 489, including without limitation Plaintiffs' characterization of those documents.

490.     Daybreak denies the allegations of paragraph 490.

491.     Daybreak denies that its conduct violated the antitrust laws, denies that the statute of limitations should be tolled for any reason, and further answers that the underlying facts supposedly supporting Plaintiffs' claims were not concealed but instead were publicly known long before mid-2008.  Daybreak denies any remaining allegations of paragraph 491.

492.     Daybreak denies the allegations of paragraph 492.

493.     Daybreak denies that its conduct violated the antitrust laws, denies that the statute of limitations should be tolled for any reason, and further answers that the underlying facts supposedly supporting Plaintiffs' claims were not concealed but instead were publicly known long before mid-2008.  Daybreak denies any remaining allegations of paragraph 493.

494.     Daybreak denies that its conduct violated the antitrust laws, denies that the statute of limitations should be tolled for any reason, and further answers that the underlying facts

supposedly supporting Plaintiffs' claims were not concealed but instead were publicly known long before mid-2008. Daybreak denies any remaining allegations of paragraph 494.

495.    Daybreak admits that Plaintiffs purport to be selectively quoting from and attempting to characterize the document referenced in paragraph 495. This document speaks for itself. Daybreak denies all remaining allegations of paragraph 495, including without limitation Plaintiffs' characterization of that document.

496.    Daybreak denies that its conduct violated the antitrust laws, denies that the statute of limitations should be tolled for any reason, and further answers that the underlying facts supposedly supporting Plaintiffs' claims were not concealed but instead were publicly known long before mid-2008. Daybreak denies any remaining allegations of paragraph 496.

497.    Daybreak denies that its conduct violated the antitrust laws, denies that the statute of limitations should be tolled for any reason, and further answers that the underlying facts supposedly supporting Plaintiffs' claims were not concealed but instead were publicly known long before mid-2008. Daybreak denies any remaining allegations of paragraph 497.

498.    Daybreak denies that its conduct violated the antitrust laws, denies that the statute of limitations should be tolled for any reason, and further answers that the underlying facts supposedly supporting Plaintiffs' claims were not concealed but instead were publicly known long before mid-2008. Daybreak denies any remaining allegations of paragraph 498.

499.    Daybreak denies that its conduct violated the antitrust laws, denies that the statute of limitations should be tolled for any reason, and further answers that the underlying facts supposedly supporting Plaintiffs' claims were not concealed but instead were publicly known long before mid-2008. Daybreak denies any remaining allegations of paragraph 499.

500.    Daybreak denies the allegations of paragraph 500.

501.    Daybreak denies that its conduct violated the antitrust laws, denies that the statute of limitations should be tolled for any reason, and further answers that the underlying facts supposedly supporting Plaintiffs' claims were not concealed but instead were publicly known long before mid-2008.  Daybreak denies any remaining allegations of paragraph 501.

502.    Daybreak denies that its conduct violated the antitrust laws, denies that the statute of limitations should be tolled for any reason, and further answers that the underlying facts supposedly supporting Plaintiffs' claims were not concealed but instead were publicly known long before mid-2008.  Daybreak denies any remaining allegations of paragraph 502.

503.    Daybreak denies the allegations in the first sentence of paragraph 503.  To the extent the first sentence of paragraph 503 relies on a document, that document speaks for itself, and Daybreak denies Plaintiffs' characterization of this document.  Daybreak denies all remaining allegations in paragraph 503.

504.    Daybreak denies that its conduct violated the antitrust laws, denies that the statute of limitations should be tolled for any reason, and further answers that the underlying facts supposedly supporting Plaintiffs' claims were not concealed but instead were publicly known long before mid-2008.  Daybreak denies any remaining allegations of paragraph 504.

505.    Daybreak denies that its conduct violated the antitrust laws, denies that the statute of limitations should be tolled for any reason, and further answers that the underlying facts supposedly supporting Plaintiffs' claims were not concealed but instead were publicly known long before mid-2008.  Daybreak denies any remaining allegations of paragraph 505.

506.    Daybreak denies the allegations of paragraph 506.

507.    Daybreak denies the allegations of paragraph 507.

508.    Daybreak denies the allegations of paragraph 508.

509.    Daybreak incorporates by reference its responses to the preceding paragraphs of the Complaint.

510.    Daybreak denies the allegations of paragraph 510.

511.    Daybreak denies the allegations of paragraph 511.

512.    Daybreak denies the allegations of paragraph 512.

513.    Daybreak denies the allegations of paragraph 513.

## PRAYER FOR RELIEF

WHEREFORE, Daybreak denies that Plaintiffs are entitled to any relief whatsoever and respectfully requests: (a) that Plaintiffs take nothing by their action; (b) that this Court dismiss Plaintiffs' claims with prejudice; (c) that this Court assess costs and fees against Plaintiffs; and (d) that this Court award Daybreak such other and further relief to which it may be justly entitled.

## RESERVATION OF RIGHT TO AMEND

Daybreak reserves the right to amend its Answer and its right to assert additional affirmative or separate defenses that may be pertinent to Plaintiffs' claims when the precise nature of those claims are ascertained through discovery and based on facts developed as this matter progresses.  In stating any affirmative or separate defenses, Daybreak does not concede that they have the burden of proof on any of the defenses and denials.

## AFFIRMATIVE DEFENSES

1.    Plaintiffs fail in whole or in part to state a claim upon which relief could be granted.

2.    Plaintiffs' claims are barred, in whole or in part, by the Capper-Volstead Act, 7 U.S.C. § 291, 292.

3.      Plaintiffs' claims are barred, in whole or in part, by the Agricultural Cooperative Marketing Act, 7 U.S.C. § 455.

4.      Plaintiffs' claims are barred, in whole or in part, by Section 6 of the Clayton Act, 15 U.S.C. § 17.

5.      Plaintiffs' claims are barred, in whole or in part, by the Agricultural Marketing Act of 1929, 12 U.S.C. § 1141(a).

6.      Plaintiffs' claims are barred, in whole or in part, by 7 U.S.C. § 292's grant of exclusive or primary jurisdiction to the United States Secretary of Agriculture.

7.      If, for some technical reason, Defendants UEP and/or USEM were not exempt from Plaintiffs' claims under the foregoing immunities or any or all of the alleged acts and omissions of Defendants were not within the scope of the foregoing immunities, any such technical defects should be ignored as *de minimis*.

8.      If, for some technical reason, Defendants UEP and/or USEM were not exempt from Plaintiffs' claims under the foregoing immunities or any or all of the alleged acts and omissions of Defendants were not within the scope of the foregoing immunities, Daybreak reasonably believed that those entities were exempt and acted within the scope of the foregoing immunities, and neither Plaintiffs' claims nor any antitrust injury were reasonably foreseeable by Daybreak.  At all relevant times, Daybreak acted in good faith and with intent to comply with the law.

9.      If, for some technical reason, Defendants UEP and/or USEM were not exempt from Plaintiffs' claims under the foregoing immunities or any or all of the alleged acts and omissions of Defendants were not within the scope of the foregoing immunities, any resulting damages should be equitably mitigated.

10.     Daybreak cannot be found liable for a violation of the antitrust laws due to the conduct of others that it neither knew about nor controlled.  Daybreak indisputably qualifies as a "farmer" and a "producer" within the scope of the foregoing statutory immunities, and no Daybreak acts or omissions were outside the scope of those immunities.  At all relevant times, Daybreak believed and understood that Defendants UEP and USEM had procedures in place to ensure that all their members similarly qualified and that none of their acts or omissions were outside the scope of those immunities.  Daybreak thus cannot be found liable for a violation of the antitrust laws.

11.     Daybreak cannot be found liable for a violation of the antitrust laws due to conduct in which it did not engage.

12.     If, for any reason, any of the alleged acts and omissions of Defendants were unlawful under the antitrust laws and were outside the scope of any immunity, any resulting damages are limited to compensation for injuries that Plaintiffs can show to have resulted from that which made Defendants' conduct unlawful and are to be separate from the effects of lawful concerted activity.

13.     To the extent that Plaintiffs seek to collect treble damages, attorneys' fees and expenses, and other monetary relief from Daybreak, they seek a recovery that is so grossly excessive and inequitable that it would violate the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

14.     Daybreak has engaged in no behavior that it knew to be, or could reasonably foresee would ever be found to be, improper or forbidden under the antitrust laws, and thus neither actual nor treble damages may be awarded against it.

15.     Plaintiffs cannot demonstrate that Defendants' conduct was outside the scope of the foregoing immunities or that Defendants' prices were unduly enhanced as a result of any or all of the alleged acts and omissions.  The United States Department of Agriculture ("USDA") was fully aware of the conduct relevant to Plaintiffs' claims, and it regularly monitors and reports upon egg prices.  However, the USDA never sought to object to, or to halt, any conduct by Defendants despite the fact that Section 2 of the Capper-Volstead Act, 7 U.S.C. § 292, provides that the Secretary of Agriculture "shall issue" an order directing agricultural associations "to cease and desist" conduct that causes the prices of agricultural products to be "unduly enhanced."

16.     Plaintiffs' claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine, the state action doctrine, and/or the doctrine of implied immunity; Plaintiffs' claims are further barred because the alleged conduct that is the subject of the Complaint was caused by, due, based upon, or in response from directives, laws, regulations, authorizations, policies and/or acts of governments and/or their agencies.

17.     Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations and/or laches.

18.     Plaintiffs' claims are barred, in whole or in part, by waiver, ratification, and/or estoppel.

19.     To the extent Plaintiffs claim that Defendants fraudulently concealed any actions, Plaintiffs have failed to allege this fraud with the particularity required by Federal Rule of Civil Procedure 9(b).

20.     Plaintiffs' claims are barred, in whole or in part, because Daybreak has acted in good faith.

21.     Plaintiffs' claims are barred, in whole or in part, because legitimate standard setting cannot give rise to antitrust liability.

22.     Plaintiffs' claims are barred, in whole or in part, because the claims are governed by the rule of reason, and Plaintiffs have not alleged and cannot prove the elements of a rule of reason claim.

23.     Plaintiffs' claims are barred, in whole or in part, because the pro-competitive benefits of the conduct alleged by Plaintiffs outweigh any alleged anti-competitive effects.

24.     Plaintiffs' claims are barred, in whole or in part, because they lack standing to bring some or all of their claims.

25.     Plaintiffs' claims are barred, in whole or in part, because they did not suffer antitrust injury.

26.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed properly to allege relevant product and geographic markets.

27.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' claimed injuries and damages were not legally or proximately caused by any act or omission of Daybreak, or were caused, if at all, by the conduct of third-parties, including, without limitation, the previous, intervening, or superseding conduct of such third-parties.

28.     To the extent Plaintiffs have sustained damages, if any, they have failed to mitigate those damages and are therefore barred from recovering damages in whole or in part.

29.     Plaintiffs' damages claims are barred, in whole or in part, because they have suffered no damages or because the damages they seek are speculative and uncertain.

30.     Plaintiffs' claims are barred, in whole or in part, because of a failure to join necessary and/or indispensible parties.

31.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of *in pari delicto*, involvement, participation, equal involvement, complete involvement, and unclean hands.

32.     Daybreak adopts by reference any applicable defense pleaded by any other Defendant that is not otherwise expressly set forth in this Answer.

33.     In stating these affirmative defenses, Daybreak does not concede that it has the burden of proof on any of the aforementioned defenses and denials.

Dated:  January 31, 2014                          Respectfully submitted,


                                                  */s/ Christopher E. Ondeck*
                                                  Christopher E. Ondeck (D.C. Bar # 454014)
                                                  Matthew J. McBurney (D.C. Bar # 490108)
                                                  CROWELL & MORING LLP
                                                  1001 Pennsylvania Avenue, N.W.
                                                  Washington, D.C.  20004

                                                  *Counsel for Defendant Daybreak Foods, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on the 31st day of January 2014, upon counsel of record via the Court's ECF system.


*/s/ Christopher E. Ondeck*