IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE PROCESSED EGG PRODUCTS | § | MDL 2002 |
| ANTITRUST LITIGATION | § | 08-md-02002 |
| _____ | § | |
| | § | Jury Trial Demanded |
| THIS DOCUMENT APPLIES TO: | § | |
| No. 2:11-cv-00510-GP | § | Honorable Gene Pratter |

**DEFENDANT CAL-MAINE FOODS, INC.'S ANSWER AND DEFENSES TO
WINN-DIXIE STORES, INC., ROUNDY'S SUPERMARKETS, INC., C&S
WHOLESALE GROCERS, INC., AND H.J. HEINZ COMPANY, L.P.'s
THIRD AMENDED COMPLAINT AND COUNTERCLAIMS**

Defendant Cal-Maine Foods, Inc. ("Cal-Maine") answers the Winn-Dixie Stores, Inc.,

Roundy's Supermarkets, Inc., C&S Wholesale Grocers, Inc., and H.J. Heinz Company, L.P.'s

Third Amended Complaint ("Complaint") as follows:

**ANSWER**

In response to the Preamble, Cal-Maine admits that Plaintiffs have filed suit against it and

the other Defendants, but denies that Plaintiffs are entitled to relief under applicable law.

1.      As for the first sentence in paragraph 1, Cal-Maine admits that Plaintiffs allege

various categories of misconduct against Cal-Maine and all other Defendants as a group, but Cal-

Maine denies the remaining allegations in this sentence.[1]  Cal-Maine denies the allegations in the

second, third, and fourth sentences of paragraph 1.[2]

---

[1]      On those occasions in the Complaint when Plaintiffs make allegations against all Defendants together, unless otherwise stated in this answer, Cal-Maine will answer for itself only, and any allegations directed against other Defendants will be denied.  Cal-Maine incorporates this footnote by reference into its response to any paragraph in the Complaint that makes global allegations against Defendants as a group.

[2]      In paragraph one, Plaintiffs define "eggs" as "shell eggs and egg products."  Complaint ¶ 1.  This makes no sense in light of the remainder of the Complaint, which repeatedly and unequivocally uses the term "eggs" in a manner that excludes egg products.  *See, e.g., id.* ¶¶ 122 ("Thus, approximately 10 to 20 percent of the hens are laying eggs at 18 to 22 weeks of age."); 125 ("After a molt, the flock will again increase egg production."); 130 ("Egg producers commonly deliver eggs to purchasers within one week of lay."); 319 (". . . quantity of eggs and processed egg products. . ."); 335 ("Defendants . . . export[ed] more eggs and egg products.").  Unless otherwise

1

2.      Cal-Maine admits that Plaintiffs sometimes refer to shell eggs as "table eggs" or "breaking eggs," as defined in paragraph 2.  Cal-Maine admits that Plaintiffs have offered one possible definition of "egg products" in paragraph 2.   Cal-Maine denies any remaining allegations in paragraph 2.

3.      Cal-Maine admits that it sold eggs to one or more of the Plaintiffs at some point after 2000, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations about Plaintiffs' alleged purchases from other Defendants and therefore denies them. Cal-Maine denies any remaining allegations in paragraph 3.

4.      Cal-Maine denies the allegations of the first sentence of paragraph 4.  As for the second sentence, Cal-Maine admits that it competes with some of the Defendants at certain times and in certain regions and admits that there are different kinds of entities named as Defendants, but denies any remaining allegations.  As for the third sentence, Cal-Maine admits that United Egg Producers ("UEP") is an agricultural co-operative in the United States that had different membership numbers at different times between 2000 and 2008, but Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.  As for the fourth sentence, Cal-Maine admits that UEP consisted of member companies and that some members participated in UEP meetings and committees at various points in time between 2000 and 2008, but Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.  As for the fifth sentence, Cal-Maine denies that it engaged in any of the misconduct vaguely alleged therein, but Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth

---

noted, Cal-Maine will interpret the term "eggs" in the Complaint to include only shell eggs, and its use of the term eggs in this Answer should not be interpreted to include egg products.

of the allegations against unidentified "companies" and "other trade groups" and therefore denies them. Cal-Maine denies any remaining allegations in paragraph 4.

5.      As for the first three sentences in paragraph 5, Cal-Maine admits the common sense notions that the supply of eggs can affect the price of eggs, that a reduction in supply can sometimes cause prices to rise, and that excess supply can sometimes cause prices to drop. Cal-Maine denies all other allegations in the first three sentences of paragraph 5. As for the last sentence in paragraph 5, Plaintiffs appear to be quoting a snippet from some unidentified document. If so, then the document speaks for itself. Cal-Maine denies any remaining allegation in the last sentence in paragraph 5, including without limitation Plaintiffs' characterization of the document.

6.      As for the first two sentences in paragraph 6, Cal-Maine admits that egg production and prices have fluctuated wildly over the years but denies any remaining allegations. As for the last sentence of paragraph 6, Plaintiffs appear to be quoting a snippet from some unidentified document. If so, then the document speaks for itself. Cal-Maine denies any remaining allegations in the last sentence of paragraph 6.

7.      As for the first sentence in paragraph 7, Cal-Maine denies that Don Bell could be characterized as its economist, admits that Don Bell has published various analyses of supply, demand, and price in the egg industry over the years, and denies any remaining allegations. As for the second sentence in paragraph 7, Plaintiffs appear to be quoting a snippet (with ellipses and brackets inserted) from some unidentified document. If so, then the document speaks for itself. Cal-Maine denies all other allegations in the second sentence. Cal-Maine denies the allegations in the third sentence of paragraph 7.

8.      Plaintiffs appear to be quoting snippets from various unidentified documents in paragraph 8.  If so, then the documents speak for themselves.  Cal-Maine denies any remaining allegations in paragraph 8, including without limitation Plaintiffs' characterization of the documents.

9.      Cal-Maine denies the allegations of paragraph 9.

10.     Plaintiffs appear to be selectively quoting from—and attempting to characterize— an unidentified document in paragraph 10.  If so, then the document speaks for itself.  Cal-Maine denies any remaining allegations in paragraph 10, including without limitation Plaintiffs' characterization of the document.

11.     Plaintiffs appear to be selectively quoting from—and attempting to characterize— an unidentified document in paragraph 11.  If so, then the document speaks for itself.  Cal-Maine denies any remaining allegations in paragraph 11, including without limitation Plaintiffs' characterization of the document.

12.     Plaintiffs appear to be selectively quoting from—and attempting to characterize— an unidentified document in paragraph 12.  If so, then the document speaks for itself.  Cal-Maine denies any remaining allegations in paragraph 12, including without limitation Plaintiffs' characterization of the document.

13.     Plaintiffs appear to be selectively quoting from—and attempting to characterize— an unidentified document in paragraph 13.  If so, then the document speaks for itself.  Cal-Maine denies any remaining allegations in paragraph 13, including without limitation Plaintiffs' characterization of the document.

14.     Plaintiffs appear to be selectively quoting from—and attempting to characterize— an unidentified document in paragraph 14.  If so, then the document speaks for itself.  Cal-Maine

denies any remaining allegations in paragraph 14, including without limitation Plaintiffs' characterization of the document.

15.     Plaintiffs appear to be selectively quoting from—and attempting to characterize— an unidentified document in paragraph 15. If so, then the document speaks for itself. Cal-Maine denies any remaining allegations in paragraph 15, including without limitation Plaintiffs' characterization of the document.

16.     Plaintiffs appear to be selectively quoting from—and attempting to characterize— an unidentified document in paragraph 16. If so, then the document speaks for itself. Cal-Maine denies any remaining allegations in paragraph 16, including without limitation Plaintiffs' characterization of the document.

17.     Plaintiffs appear to be quoting snippets from various unidentified documents in paragraph 17. If so, then the documents speak for themselves. Cal-Maine denies the remaining allegations in paragraph 17, including without limitation Plaintiffs' characterization of the document.

18.     Plaintiffs appear to be quoting a snippet from some unidentified document in paragraph 18. If so, then the document speaks for itself. Cal-Maine denies any remaining allegations in paragraph 18, including without limitation Plaintiffs' characterization of the document.

19.     Cal-Maine denies the first sentence of paragraph 19. As for the second sentence, Plaintiffs appear to be quoting snippets from some unidentified document. If so, then the document speaks for itself. Cal-Maine denies any remaining allegations in paragraph 19, including without limitation Plaintiffs' characterization of the document.

20.     Cal-Maine denies the allegations of paragraph 20.

21.     Cal-Maine denies the allegations in paragraph 21.  As for footnote 1, Cal-Maine admits that Plaintiffs have offered one possible definition of backfilling.

22.     As for the first sentence of paragraph 22, Cal-Maine admits that Plaintiffs purport to bring this action under federal law but denies that Plaintiffs are entitled to relief under applicable law.  The allegations in the second sentence of paragraph 22 state a legal conclusion to which no response is required.   To the extent a response is required, Cal-Maine denies the allegations contained in the second sentence of paragraph 22.

23.     Cal-Maine admits that it is a farmer that produces shell eggs and a small amount of egg products, that it promotes, produces, processes, and sells shell eggs and egg products in interstate commerce, and that its activities affect interstate commerce.  Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 about other Defendants' activities and therefore denies them.  Cal-Maine denies any remaining allegations in paragraph 23.

24.     Paragraph 24 contains a legal conclusion about venue to which no response is required.  To the extent a response is somehow required, Cal-Maine admits that it has transacted business in this district at certain points in time after 2000.  Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 about other Defendants' activities in this district and therefore denies them.  Cal-Maine denies any remaining allegations in paragraph 24.

25.     Paragraph 25 contains a legal conclusion about jurisdiction to which no response is required.  To the extent a response is somehow required, as for sub-paragraphs (a)-(c), Cal-Maine admits that it has transacted business in, sold and distributed eggs in, and had contacts with certain states, including Pennsylvania.  Cal-Maine denies the allegations in sub-paragraph

(d).  Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 about other Defendants' activities in this district and therefore denies them.  Cal-Maine denies any remaining allegations in paragraph 25.

26.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 and therefore denies them.

27.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 and therefore denies them.

28.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 and therefore denies them.

29.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 and therefore denies them.

30.     Paragraph 30 is so hopelessly overbroad and vague as to make a response virtually impossible.  In response to more specific allegations in the Complaint, Cal-Maine will respond as to its own conduct, and any allegations as to the conduct of other Defendants will be deemed denied unless otherwise answered herein.  Because this paragraph is so general, Cal-Maine must respond that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 and therefore denies them.

31.     Cal-Maine admits that Plaintiffs often purport to assert allegations against all "Defendants," "co-conspirators," or "UEP members" by lumping them together as a group.  Cal-Maine denies that this is a proper pleading tactic.  Cal-Maine will respond to any allegations against it, but any allegations against other Defendants shall be denied.

32.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 and therefore denies them.

33.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 and therefore denies them.

34.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 and therefore denies them.

35.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 and therefore denies them.

36.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 and therefore denies them.

37.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 and therefore denies them.

38.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 and therefore denies them.

39.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 and therefore denies them.

40.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 and therefore denies them.

41.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 and therefore denies them.

42.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 and therefore denies them.

43.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 and therefore denies them.

44.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 and therefore denies them.

45.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 and therefore denies them.

46.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 and therefore denies them.

47.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 and therefore denies them.

48.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 and therefore denies them.

49.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 and therefore denies them.

50.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 and therefore denies them.

51.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 and therefore denies them.

52.     Cal-Maine admits the allegations in the first sentence of paragraph 52.  As for the second sentence of paragraph 52, Cal-Maine admits that it has sold shell eggs and egg products to various purchasers in the United States since 2000, and that is has sold shell eggs to C&S Wholesale Grocers, Inc., Roundy's Supermarkets, Inc., and Winn-Dixie Stores, Inc., but denies the remaining allegations of paragraph 52.

53.     Cal-Maine admits the allegations in the first, second, and third sentences of paragraph 53.  As for the fourth sentence, Cal-Maine admits that Fred Adams was its founder,

but Cal-Maine denies that he is the current CEO and denies that he personally was a founding member of UEP.

54.     Cal-Maine admits that in fiscal year 2007, it produced approximately 80% of the eggs it sold with approximately 13% being purchased on the spot market and approximately 7% being produced by farmers under contract.  Cal-Maine denies any remaining allegations of paragraph 54.

55.     As for the first sentence in paragraph 55, Cal-Maine admits that it has an equity interest and a licensing agreement with Egg-Land's Best that includes the right to market Egg-Land's Best specialty shell eggs in New York City.  Cal-Maine also admits that it owns the trade names "Rio Grande" and "Sunups."  Cal-Maine denies the remaining allegations of the first sentence.  Cal-Maine admits the allegations of the second sentence of paragraph 55.

56.     As for the first sentence in paragraph 56, Cal-Maine admits that it is a member of UEP and that certain of its employees have served on the UEP Board of Directors and on certain UEP committees at various points in time.  Cal-Maine denies any remaining allegations in the first sentence of paragraph 56.  Cal-Maine denies the allegations in the second sentence of paragraph 56.  Cal-Maine admits the allegations in the third sentence of paragraph 56.  As for the fourth sentence of paragraph 56, Cal-Maine admits that certain of its employees have attended certain UEP meetings and have, from time to time, discussed the supply, demand, and price of eggs as permitted by the Capper-Volstead Act, but Cal-Maine denies the remaining allegations.

57.     Cal-Maine denies the allegations in the first sentence of paragraph 57.  Cal-Maine admits that it adopted the UEP Certified guidelines but denies the remaining allegations in the second sentence of paragraph 57.  Cal-Maine admits that it voluntarily decided to amend its flock disposal and molting schedule in May 2004, but it denies any remaining allegations in the third

sentence of paragraph 57.  Cal-Maine denies the allegations in the fourth sentence of paragraph 57.  As to the fifth sentence, Cal-Maine admits that it participated in various UEP meetings in 2004, but without more detail, Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.  Cal-Maine admits that it is a member of USEM and that it has participated in certain egg exports, but it denies the remaining allegations in the sixth sentence in paragraph 57.

58.     As for the first sentence in paragraph 58, Cal-Maine admits that it entered into the referenced agreement, except that the relevant agreement was entered on July 28, 2005, instead of July 25.  As for the second and third sentences in paragraph 58, Cal-Maine admits that Hillandale Farms of Florida, Inc. and Hillandale Farms Inc. were the initial members of Hillandale LLC for purposes of formation only.  Cal-Maine further responds that the agreement constituted a structured acquisition of specific assets transferred free and clear of all liabilities, except those specifically approved by Cal-Maine.  Hillandale LLC is a separate and distinct legal entity organized under Florida law, and it did not assume any customer contracts or liabilities not expressly set forth in the agreements.  Cal-Maine further responds that the transaction documents speak for themselves, and Cal-Maine denies the allegations in paragraph 58 to the extent they mischaracterize the transaction or the documents.  Cal-Maine denies any remaining allegations in paragraph 58.

59.     In Paragraph 59, Plaintiffs appear to be summarizing Schedule 3 of the agreement referenced in paragraph 58.  If so, then Cal-Maine responds that Schedule 3 speaks for itself, and Cal-Maine denies the allegations to the extent they mischaracterize the transaction or the document.

60.    Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 60 and therefore denies them.  Subpart (a) appears to summarize the agreement referenced in paragraph 58.  If so, then Cal-Maine responds that the agreement speaks for itself, and Cal-Maine denies the allegations to the extent they mischaracterize the transaction or document.   As for subpart (b), Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein and therefore denies them.  As for subpart (c), Plaintiffs appear to be summarizing Exhibit 99.1 in Cal-Maine's Form 8-K filing.  If so, then Cal-Maine responds that the document speaks for itself, and Cal-Maine denies the allegations to the extent they mischaracterize the transaction or the document.

61.    Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 and subparts (a)-(i) and therefore denies them.

62.    Cal-Maine admits the allegations in the first and second sentences of paragraph 62, except that the relevant agreement was entered on July 28, 2005, instead of July 25.  Cal-Maine denies the allegations in the third and fourth sentences of paragraph 62.   Cal-Maine admits the allegations in the fifth sentence in paragraph 62.  Cal-Maine denies the allegations in the sixth sentence in paragraph 62.

63.    Cal-Maine denies the allegations in the first and second sentences of paragraph 63.  As for the third sentence, Cal-Maine admits that Hillandale Farms, Inc. was the initial managing member for the purpose of organizing the entity but denies any other allegations.

64.    Cal-Maine denies the allegations of paragraph 64.

65.    Cal-Maine admits the allegations of the first and second sentences of paragraph 65.  Cal-Maine denies the allegations in the third sentence of paragraph 65.  Cal-Maine lacks

knowledge or information sufficient to form a belief as to the truth of the allegations in subparts (a) and (b) and therefore denies them.  In subpart (c), Plaintiffs appear to be selectively quoting from—and attempting to characterize—an email written by someone outside Cal-Maine about specialty eggs.  If so, then the email speaks for itself.  Cal-Maine denies any remaining allegations in subpart (c), including without limitation Plaintiffs' characterization of the email.

66.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 66 and therefore denies them.  Cal-Maine further responds that the Hillandale LLC transaction was a structured asset transaction and that Cal-Maine had no affiliation with the two legacy Hillandale Farms entities before or after this structured asset transaction.  Cal-Maine admits the allegations in the second sentence in paragraph 66.

67.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 and therefore denies them.

68.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 and therefore denies them.

69.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 and therefore denies them.

70.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70 and therefore denies them.

71.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71 and therefore denies them.

72.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 72 and therefore denies them.

73.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73 and therefore denies them.

74.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74 and therefore denies them.

75.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 75 and therefore denies them.  As to subpart (a), Cal-Maine admits the allegations in the first sentence, but Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the remaining sentences in subpart (a) and therefore denies them.  As to subpart (b), Cal-Maine admits the allegations in the first sentence, but Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the remaining sentences in subpart (b) and therefore denies them.

76.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76 and therefore denies them.

77.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77 and therefore denies them.

78.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78 and therefore denies them.

79.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79 and therefore denies them.

80.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80 and therefore denies them.

81.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81 and therefore denies them.

82.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 82 and therefore denies them.

83.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 83 and therefore denies them.

84.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 84 and therefore denies them.

85.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 85 and therefore denies them.

86.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 86 and therefore denies them.

87.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 87 and therefore denies them.

88.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 88 and therefore denies them.

89.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 89 and therefore denies them.

90.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 90 and therefore denies them.

91.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 91 and therefore denies them.

92.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 92 and therefore denies them.

93.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 93 and therefore denies them.

94.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 94 and therefore denies them.

95.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 95 and therefore denies them.

96.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 96 and therefore denies them.

97.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 97 and therefore denies them.

98.     Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 98 and therefore denies them.

99.     Cal-Maine admits that UEP is a Capper-Volstead Agriculture Cooperative corporation organized and existing under the laws of the State of Georgia, with its principal place of business in Alpharetta, Georgia.  Cal-Maine denies the remaining allegations of paragraph 99.

100.    Cal-Maine admits that UEA is a non-profit corporation organized and existing under the laws of the District of Columbia, with its principal place of business in Alpharetta, Georgia.  Cal-Maine denies the remaining allegations of paragraph 100.

101.    Cal-Maine admits that USEM is a Capper-Volstead Agriculture Cooperative organized and existing under the laws of the State of Georgia, with its principal place of business in Alpharetta, Georgia.  Cal-Maine denies the remaining allegations of paragraph 101.

102.     Cal-Maine denies the allegations of paragraph 102.

103.     Cal-Maine denies the allegations of paragraph 103.

104.     Paragraph 104 is so hopelessly overbroad and vague as to make a response virtually impossible.  In response to more specific allegations in the Complaint, Cal-Maine will respond as to its own conduct, and any allegations as to the conduct of other Defendants will be deemed denied unless otherwise answered herein.  Cal-Maine denies any remaining allegations of paragraph 104.

105.     Paragraph 105 contains a statement of Plaintiffs' pleading tactics and does not require a response.  To the extent a response is required, Cal-Maine admits that Plaintiffs purport to assert averments as described in paragraph 105, but Cal-Maine denies that any such broad brush averments against unidentified non-parties are appropriate, denies that any supposed "co-conspirators" exist, and denies any remaining allegations in paragraph 105.

106.     As for paragraph 106, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in footnote 3.  This document speaks for itself.  Cal-Maine denies any remaining allegations of paragraph 106.

107.     As for the first three sentences in paragraph 107, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in footnote 4.  This document speaks for itself.  As for the fourth sentence of paragraph 107, Cal-Maine admits that some egg farmers produce eggs that eventually are used to make egg products.  Cal-Maine denies any remaining allegations of paragraph 107.

108.     Cal-Maine admits that, according to the American Egg Board, 211.1 million cases of shell eggs were produced in 2007, 66.0 million of which were breaker eggs, 124.6 million of

which were "retail" shell eggs, 19.0 million of which were "institution" shell eggs, and 1.5 million of which were exported. Cal-Maine denies any remaining allegations of paragraph 108.

109.    As for the first sentence of paragraph 109, Cal-Maine admits that egg products consist of eggs that have been removed from their shells and processed into dried, frozen, or liquid forms but denies any remaining allegations. Cal-Maine admits that the allegations in the second and third sentences of paragraph 109 set forth one possible description of egg processing and the primary purchasers of egg products. Cal-Maine denies any remaining allegations of paragraph 109.

110.    Cal-Maine admits that the allegations of paragraph 110 provide one description of the process of producing liquid egg products, frozen egg products, dried egg products, and egg whites. Cal-Maine denies any remaining allegations in paragraph 110.

111.    Cal-Maine admits that the allegations of paragraph 111 provide some possible uses of egg products and some possible reasons why certain entities purchase egg products. Cal-Maine denies any remaining allegations of paragraph 111.

112.    Cal-Maine admits that it produces and distributes shell eggs and egg products in interstate trade and commerce, but it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 112 and therefore denies them.

113.    Cal-Maine admits that the allegations of paragraph 113 are contained, amongst other material, in the publication referenced in footnote 5. This document speaks for itself. Cal-Maine denies any remaining allegations of paragraph 113.

114.    Cal-Maine admits that the allegations of paragraph 114 set forth one definition of a "vertically integrated enterprise," but it denies any remaining allegations.

115.    As for the first and second sentences in paragraph 115, Cal-Maine admits that it operates at several levels of the egg production industry and has control over its stages of production, admits that some other egg producers also operate at several levels of the egg production industry, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations about other companies and therefore denies them. Cal-Maine also admits that Plaintiffs are attempting to characterize the publication referenced in footnote 6. This document speaks for itself.  Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

116.    As for paragraph 116, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in footnote 7.  This document speaks for itself.  Cal-Maine denies any remaining allegations of paragraph 116.

117.    Cal-Maine admits that it hatches a portion of its layer stock, admits that some other egg producers also hatch their own layer stock, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations about integrated operations generally in the first sentence of paragraph 117 and therefore denies them.  Cal-Maine admits that the allegations of the second, third, and fourth sentences of paragraph 117 are contained, amongst other material, in the publication referenced in footnote 8.  This document speaks for itself.  Cal-Maine denies any remaining allegations of paragraph 117.

118.    Cal-Maine admits that the allegations of paragraph 118 are contained, amongst other material, in the publication referenced in footnote 9.  This document speaks for itself.  Cal-Maine denies any remaining allegations of paragraph 118.

119.    Cal-Maine admits that the allegations of paragraph 119 are contained, amongst other material, in the publication referenced in footnote 10.  This document speaks for itself. Cal-Maine denies any remaining allegations of paragraph 119.

120.    Cal-Maine denies that the allegations made in the first sentence of paragraph 120 are contained in the publication referenced in footnote 11.  Cal-Maine admits that the allegations of the second and third sentences of paragraph 120 are contained, amongst other material, in the publication referenced in footnote 11.  This document speaks for itself.  Cal-Maine denies any remaining allegations of paragraph 120.

121.    Cal-Maine denies that the allegations of paragraph 121 are contained in the publication referenced in footnote 12.  That publication speaks for itself.  Cal-Maine denies any remaining allegations in paragraph 121.

122.    As for the first, second, and third sentences of paragraph 122, Cal-Maine denies that the allegations are contained in the publication referenced in footnote 13.  That publication speaks for itself.  Cal-Maine denies any remaining allegations in the first three sentences.  As for the fourth sentence of paragraph 122, Cal-Maine denies that molting necessarily reduces a bird's overall total production of eggs over the lifetime of the bird. Cal-Maine denies any remaining allegations of paragraph 122.

123.    Cal-Maine admits that the allegations of paragraph 123 set forth one possible description of the natural molting process and some possible ways that a producer might induce molting.  Cal-Maine denies any remaining allegations of paragraph 123.

124.    Cal-Maine admits that the allegations of paragraph 124 set forth one possible description of the relationship between molting and egg production.  Cal-Maine denies any remaining allegations of paragraph 124.

20

125.    Cal-Maine admits that the allegations of paragraph 125 set forth one possible description of spent hens and one possible description of operations at a chicken farm.  Cal-Maine denies any remaining allegations of paragraph 125.

126.    As for paragraph 126, Cal-Maine denies that the allegations are contained in the publication referenced in footnote 14.  That publication speaks for itself.  Cal-Maine denies any remaining allegations in paragraph 126.

127.    Cal-Maine admits that the allegations of paragraph 127 set forth one possible description of certain operations at a chicken egg farm.  Cal-Maine denies any remaining allegations of paragraph 127.

128.    Cal-Maine admits that the allegations of paragraph 128 set forth one possible description of certain operations at a chicken egg farm and one possible description of vertical integration in the egg industry.  Cal-Maine denies any remaining allegations of paragraph 128.

129.    As for paragraph 129, Cal-Maine denies that the allegations are contained in the publications referenced in footnote 15.  That publication speaks for itself.  Cal-Maine denies any remaining allegations in paragraph 129.

130.    As for paragraph 130, Cal-Maine admits that the majority of the eggs it produces each year come from caged hens that are given ordinary feed.  Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 130 about other egg producers and therefore denies them.

131.    Cal-Maine admits that the allegations of paragraph 131 set forth one possible description of USDA Organic eggs.  Cal-Maine denies any remaining allegations of paragraph 131.

132.    Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 132 and therefore denies them.  Cal-Maine admits the allegations of the second sentence of paragraph 132.

133.    Cal-Maine admits that Plaintiffs have defined organic, free-range, and cage-free eggs as "specialty eggs" and that Plaintiffs apparently believe that it is somehow appropriate to exclude specialty eggs from their lawsuit.  Cal-Maine denies any remaining allegations in paragraph 133.

134.    Cal-Maine denies the allegation in the first sentence in paragraph 134.  Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the second and third sentences of paragraph 134 and therefore denies them.  Cal-Maine admits the allegations of the fourth sentence of paragraph 134.

135.    As for the first sentence in paragraph 135, Cal-Maine admits that there have been several mergers in the egg industry in the last twenty years, but Cal-Maine denies any remaining allegations.  Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second or third sentences of paragraph 135 and therefore denies them.

136.    Cal-Maine admits that more U.S. shell eggs are purchased by domestic purchasers than by foreign purchasers.  Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 136 and therefore denies them.

137.    Cal-Maine admits that the ITC has publicly stated that the United States was the second-largest exporter of eggs in 1998, that the United States accounted for approximately one-third of total world egg exports, that those exports in 1998 represented about 5% of total United States egg production, that about two-thirds of United States egg exports prior to 2000 were egg products, that eggs for consumption and eggs for breeding made up the other one-third, that

Canada, Mexico and Japan were the major markets for United States egg exports prior to 2000, and that Canada and Mexico together accounted for 50% of United States exports in 1998 while Japan accounted for 15%. Cal-Maine denies any remaining allegations in paragraph 137.

138.   Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 138 and therefore denies them.

139.   Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 139 and therefore denies them.

140.   Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first three sentences of paragraph 140 and therefore denies them. Cal-Maine denies the allegations in the fourth sentence in paragraph 140. Cal-Maine admits that in the fifth sentence of paragraph 140, the Plaintiffs have accurately quoted a snippet from an ITC report from December of 1999. As for the sixth sentence in paragraph 140, Cal-Maine admits that the USDA has made the referenced statement about United States egg exports to Europe as of 1998. As for the seventh sentence in paragraph 140, Cal-Maine admits that since 2000, egg buyers in Europe have purchased eggs from producers in the United States, including eggs produced by Cal-Maine, but Cal-Maine denies the remaining allegations. Cal-Maine denies any remaining allegations in paragraph 140.

141.   Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 141 and therefore denies them.

142.   Cal-Maine admits that most U.S. table eggs are sold to domestic purchasers, but it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 142 and therefore denies them.

143.    Cal-Maine denies that the allegations of paragraph 143 are contained in the publication referenced in footnote 16.  That publication speaks for itself.  Cal-Maine denies any remaining allegations in paragraph 143.

144.    As for the first and second sentences of paragraph 144, Cal-Maine admits that Plaintiffs are attempting to characterize the publication referenced in footnote 17.  This document speaks for itself.  Cal-Maine denies the allegations of the third sentence of paragraph 144.  As for the fourth and fifth sentences of paragraph 144, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in footnote 18.  This document speaks for itself.  As for the parenthetical in footnote 18, Cal-Maine admits that Plaintiffs are selectively quoting from the second publication referenced in footnote 18.  This document speaks for itself.  Cal-Maine denies any remaining allegations of paragraph 144 and footnotes 17-18, including without limitation Plaintiffs' characterization of the publications.

145.    As for the first sentence of paragraph 145, Cal-Maine admits that the demand for eggs is relatively inelastic, depending on the price, when compared to other consumer products, but Cal-Maine denies any remaining allegations.  As for the second sentence of paragraph 145, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize— the publication referenced in footnote 19.  This document speaks for itself.  Cal-Maine denies any remaining allegations of paragraph 145, including without limitation Plaintiffs' characterization of the publication.

146.    Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 146 and therefore denies them.  As for the second sentence of paragraph 146, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in footnote 20.  This

document speaks for itself.  Cal-Maine denies any remaining allegations of paragraph 146, including without limitation Plaintiffs' characterization of the publication.

147.    As for paragraph 147, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in footnote 21.  This document speaks for itself.  Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

148.    Cal-Maine denies the allegations of paragraph 148.  As for footnote 22, Cal-Maine admits that Plaintiffs are selectively quoting a portion of the referenced website.  That website speaks for itself.  Cal-Maine denies the remaining allegations of paragraph 148 and footnote 22, including without limitation Plaintiffs' characterization of the website.

149.    As for the first two sentences in paragraph 149, Cal-Maine admits the common sense notions that shell eggs, like any other product, have certain attributes that other products do not have and that these attributes make shell eggs different from other products.  Cal-Maine denies any remaining allegations in the first two sentences.  Cal-Maine denies the allegations in the third and fourth sentences of paragraph 149.

150.    Cal-Maine denies the allegations of paragraph 150.

151.    As for the first sentence in paragraph 151, Cal-Maine admits the common sense notion that in some circumstances, an excess supply of eggs can cause egg prices to drop.  Cal-Maine denies any remaining allegations in the first sentence.  As for the second sentence, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in footnote 23.  This document speaks for itself.  As for the parenthetical in footnote 23, Cal-Maine admits that Plaintiffs are selectively quoting from the publication referenced therein.  This document speaks for itself.  Cal-Maine denies any remaining allegations

of paragraph 151 and footnote 23, including without limitation Plaintiffs' characterization of the publication.

152.    As for paragraph 152, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in footnote 24.    This document speaks for itself.  Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

153.    Cal-Maine denies the allegations of paragraph 153.

154.    Cal-Maine admits that the allegations of paragraph 154 are contained in the publication referenced in footnote 25.  That publication speaks for itself.  As for the parenthetical in footnote 25, Cal-Maine admits that Plaintiffs are selectively quoting from the publication referenced therein.  This document speaks for itself.  Cal-Maine denies any remaining allegations of paragraph 154 or footnote 25, including without limitation Plaintiffs' characterization of the publication.

155.    As for paragraph 155, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in footnote 26.    This document speaks for itself.  Cal-Maine denies any remaining allegations in paragraph 155 and footnote 26, including without limitation Plaintiffs' characterization of the publication.

156.    As for paragraph 156, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication first referenced in footnote 25.  This document speaks for itself.  Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

157.    As for paragraph 157, Cal-Maine denies that quoted material appears in the publication referenced in footnote 27.  Cal-Maine denies any remaining allegations in paragraph 157.

158.    Cal-Maine denies that the quoted material in paragraph 158 is contained in the publication referenced in footnote 28.  That publication speaks for itself.  Cal-Maine denies any remaining allegations of paragraph 158.

159.    Cal-Maine admits that the allegation and quotation in paragraph 159 are contained, amongst other material, in the publication referenced in footnote 29.  That publication speaks for itself.  Cal-Maine denies any remaining allegations of paragraph 159.

160.    As for paragraph 160, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the statement referenced in footnote 30.  This statement speaks for itself.  Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the statement.

161.    In both paragraph 161 and footnote 31, Cal-Maine admits that Plaintiffs are selectively quoting from the transcript referenced in footnote 31.  That transcript speaks for itself.  Cal-Maine denies any remaining allegations of paragraph 161 and footnote 31.

162.    Cal-Maine admits that the allegations of paragraph 162 are contained, among other materials, in the publication referenced in footnote 32.  That publication speaks for itself.  Cal-Maine denies any remaining allegations of paragraph 162.

163.    Cal-Maine admits that UEP is the largest Capper-Volstead agricultural co-operative in the United States egg industry.  Cal-Maine denies any remaining allegations of paragraph 163.

164.    As for paragraph 164, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in footnotes 34 and 35.  This document speaks for itself.  As for footnote 35, Cal-Maine admits that National Egg Company, Southwestern Egg Producers Association, Western Egg Company, New England Egg Marketing Association, and Midwest Egg Producers Cooperative Association were UEP's original regional cooperative members.   Cal-Maine denies the remaining allegations of paragraph 164 and footnotes 34-35, including without limitation Plaintiffs' characterization of the cited document.

165.    Cal-Maine admits that UEP originally consisted of five regional cooperatives and that, in 1998, the by-laws were amended, changing the organization to individual producer members.  Cal-Maine denies any remaining allegations of paragraph 165.

166.    Cal-Maine admits that the quotation in paragraph 166 is one part of the publication referenced in paragraph 166.  That publication speaks for itself.  Cal-Maine denies any remaining allegations of paragraph 166.

167.    Cal-Maine admits that UEP produces "United Voices" on a bi-weekly basis, admits that "United Voices" is distributed to UEP members, and admits that "United Voices" is available to UEP members, certain university representatives, certain domestic and international governmental entities, trade press, and others.  Cal-Maine denies any remaining allegations of paragraph 167.

168.    As for the first sentence in paragraph 168, Cal-Maine admits that the word "alliance" appears in the website referenced in footnote 36.  That website speaks for itself.  As for the second sentence of paragraph 168, Cal-Maine admits that there are entities with the names "United Egg Producers," "United Egg Association Further Processor Division," "United Egg Association Allied Industry Division," "United Egg Association Producer and Packer

Division," and "United States Egg Marketers."  As for the parenthetical quotes in footnotes 37-40, Cal-Maine admits that Plaintiffs are selectively quoting from the websites referenced therein. All of these websites speak for themselves.  Cal-Maine denies any remaining allegations of paragraph 168 and footnotes 36-40.

169.    Cal-Maine admits that the quotation in the first sentence of paragraph 169 is one part of the website referenced in footnote 41.  That website speaks for itself.  As for the second sentence in paragraph 169, Cal-Maine admits that Plaintiffs are selectively quoting—and attempting to characterize—the website referenced in footnote 42.  That website speaks for itself. As for the parenthetical in footnote 42, Cal-Maine admits that Plaintiffs are selectively quoting from the website referenced in footnote 42.  This website speaks for itself.  Cal-Maine denies any remaining allegations of paragraph 169 and footnotes 41-42, including without limitation Plaintiffs' characterization of the websites.

170.    Cal-Maine admits that UEA is a non-profit corporation organized and existing under the laws of the District of Columbia, with its principal place of business in Alpharetta, Georgia.  As for the first sentence of paragraph 170, Plaintiffs appear to be selectively quoting from—and attempting to characterize—an unidentified document.  If so, then the document speaks for itself.  Cal-Maine denies any remaining allegations in the first sentence, including without limitation Plaintiffs' characterization of the document.  Cal-Maine admits the allegations of the second sentence of paragraph 170.  Cal-Maine admits that the quotations in the third sentence of paragraph 170 and subparts (a), (b), and (c) of paragraph 170 are contained, amongst other material, in the publication referenced in footnote 43. That publication speaks for itself. Cal-Maine denies any remaining allegations in paragraph 170.

171.   Cal-Maine admits that the UEP website mentions United States Egg Marketers, Inc. as a member of the UEP "alliance," as alleged in the first sentence in paragraph 171.  Cal-Maine admits the allegations in the second sentence of paragraph 171.  Cal-Maine denies any remaining allegations of paragraph 171.

172.   As for the first sentence in paragraph 172, Cal-Maine states that USEM was created in 1981, denies that Jerry Faulkner created USEM, and admits that Mr. Faulkner was involved with UEP and USEM at certain points in time, but Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations about Mr. Faulkner's exact job titles and therefore denies them.  Cal-Maine denies any remaining allegations in the first sentence in paragraph 172.  As for the second sentence, Cal-Maine admits that UEP manages USEM under a management contract but denies any remaining allegations.

173.   Cal-Maine admits the allegations of paragraph 173.

174.   As for paragraph 174, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in footnote 45.  This document speaks for itself.  Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

175.   As for paragraph 175, Cal-Maine denies that Don Bell is a research economist but admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in footnote 46.  This document speaks for itself.  Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

176.   Cal-Maine admits the allegations in the first sentence in paragraph 176.  As for the second sentence in paragraph 176, Cal-Maine admits that UEP changed its structure to allow

individual egg producers to join the organization, but it denies all remaining allegations. Cal-Maine denies the allegations in the third sentence in paragraph 176.

177. Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 177 and therefore denies them.

178. Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 178 and therefore denies them.

179. As for paragraph 179, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in footnote 47. This document speaks for itself. Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

180. As for paragraph 180, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in footnote 48. This document speaks for itself. Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

181. As for paragraph 181, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in footnote 49. This document speaks for itself. Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

182. Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 182 and therefore denies them.

183. As for the first two sentences in paragraph 183, Cal-Maine admits that industry statistics showed an increase in flock size and egg supply in certain months in 2001. Cal-Maine denies any remaining allegations in the first two sentences. Cal-Maine lacks knowledge or

information sufficient to form a belief as to the truth of the allegations of the third sentence of paragraph 183 and therefore denies them.  As for the fourth sentence, Cal-Maine admits that it had discussions about egg supply and demand with certain other egg producers in 2001 as permitted by the Capper-Volstead Act, but Cal-Maine denies any remaining allegations.

184.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the document referenced in paragraph 184.  This document speaks for itself.  Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

185.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the document referenced in paragraph 185.  This document speaks for itself.  Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

186.    As for paragraph 186, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in footnote 50.   This document speaks for itself.  Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

187.    Cal-Maine admits that Ken Looper presented estimates regarding the potential relationship between flock size and egg pricing at a November 2001 UEP meeting, but Cal-Maine denies any remaining allegations in the first sentence in paragraph 187.  As for the second sentence, Cal-Maine denies that the quoted material appears in the publication referenced in footnote 51.  This document speaks for itself.  Cal-Maine denies the remaining allegations of paragraph 187, including without limitation Plaintiffs' characterization of the publication.

188.    Cal-Maine denies the allegation in paragraph 188.

189.    Plaintiffs appear to be selectively quoting from—and attempting to characterize—an unidentified document in paragraph 189.  If so, then the document speaks for itself.  Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 189 and therefore denies them.

190.    Cal-Maine admits that Plaintiffs are selectively referencing from the meeting minutes referenced in paragraph 190.  This document speaks for itself.

191.    Cal-Maine denies that the quoted material appears in the meeting minutes referenced in paragraph 191.  This document speaks for itself.  Cal-Maine denies the remaining allegations of paragraph 191, including without limitation Plaintiffs' characterization of the meeting and the meeting minutes.

192.    As for the first sentence in paragraph 192, Cal-Maine admits that Dolph Baker was the chairman of UEP in October of 2002 and that Dolph Baker asked Arnie Riebli to speak at a UEP Marketing Committee Meeting.  Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the first sentence of paragraph 192 and therefore denies them.  Cal-Maine denies that the quotations in the second sentence of paragraph 192 appear in the publication referenced in footnote 52.  If Plaintiffs intended to cite some other document, then that document speaks for itself.  Cal-Maine denies any remaining allegations of paragraph 192.

193.    Cal-Maine denies the allegations of paragraph 193.

194.    Cal-Maine denies the allegations of paragraph 194.

195.    Cal-Maine denies the allegations of paragraph 195.

196.    Cal-Maine denies the allegations of paragraph 196.

197.    Throughout paragraph 197, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the documents referenced in footnotes 53-55. These documents speak for themselves.  As for the first sentence in paragraph 197, Cal-Maine admits that in 2000, it decided to adopt voluntary animal husbandry guidelines based on recommendations from a scientific advisory committee and a producer animal welfare committee, but Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.  Cal-Maine denies the allegations in the second sentence in paragraph 197.  As for the third sentence in paragraph 197, Cal-Maine admits that one aspect of the UEP animal welfare guidelines related to the amount of cage space per hen, but it denies the remaining allegations.  As for the parenthetical in footnote 53, Cal-Maine admits that Plaintiffs are selectively quoting from the publication referenced therein.  This document speaks for itself.  As for the parenthetical in footnote 54, Cal-Maine admits that Plaintiffs are selectively quoting from the second publication referenced therein.  This document speaks for itself.  Cal-Maine denies any remaining allegations of paragraph 197 and footnotes 53-55.

198.    Cal-Maine denies the allegations of paragraph 198.

199.    Cal-Maine denies the allegations of paragraph 199.

200.    As for the first sentence in paragraph 200, Cal-Maine admits that the publication referenced in footnote 56 states that the phase-in schedule for the cage density portion of the UEP animal welfare guidelines changed from twelve years to six years.  This publication speaks for itself, and Cal-Maine denies any remaining allegations in the first sentence in paragraph 200. As for the second sentence, Cal-Maine admits that it decided to adopt the recommended schedule

for cage space, but Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.

201.    Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 201 and therefore denies them.

202.    Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 202 and therefore denies them.

203.    Cal-Maine denies the allegations of paragraph 203.

204.    As for the first sentence of paragraph 204, Plaintiffs appear to be selectively quoting from—and attempting to characterize—unidentified documents.   If so, then the documents speak for themselves.   Cal-Maine denies the allegations of the second sentence of paragraph 204.   Cal-Maine denies any remaining allegations in paragraph 204, including without limitation Plaintiffs' characterization of the unidentified documents in the first sentence.

205.    Cal-Maine denies that it intended for the cage density rules to be a way for the industry to conspire to reduce output, denies that Don Bell could be characterized as its economist, but admits that Don Bell has analyzed supply, demand, and price in the egg industry. Cal-Maine denies any remaining allegations of paragraph 205.

206.    As for the first sentence in paragraph 206, Cal-Maine admits that Don Bell drafted a report entitled "Reducing Cage Density – Its Effect on Egg Prices and Flock Performance," but Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.   As for the second sentence of paragraph 206, Cal-Maine admits that Plaintiffs attempt to characterize the aforementioned report.   This publication speaks for itself.   Cal-Maine denies any remaining allegations of paragraph 206, including without limitation Plaintiffs' characterization of the report.

207.     As for the first sentence in paragraph 207, Cal-Maine admits that Don Bell drafted a report entitled "Several Possible Scenarios Resulting From UEP's New Husbandry Guidelines," but Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.  As for the second sentence of paragraph 207, Cal-Maine admits that Plaintiffs are attempting to characterize the aforementioned report.  This report speaks for itself.  As for the third sentence of paragraph 207, Cal-Maine admits that Plaintiffs are attempting to characterize the publication referenced in footnote 57.  This publication speaks for itself.  Cal-Maine denies any remaining allegations of paragraph 207, including without limitation Plaintiffs' characterization of the report and publication.

208.     Cal-Maine admits that the quotations in paragraph 208 appear, amongst other material, in the publication referenced in footnote 58.  This publication speaks for itself.  Cal-Maine denies any remaining allegations in paragraph 208.

209.     Cal-Maine denies the allegations of paragraph 209.

210.     Cal-Maine denies the allegations of paragraph 210.

211.     As for the first sentence in paragraph 211, Cal-Maine admits that the UEP Board of Directors carried a motion regarding the 100% rule at the October 10-11, 2002 meeting, but Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations about when the 100% rule was first implemented by egg producers and therefore denies them.  As for the second sentence, Cal-Maine admits that Fred Adams, Dolph Baker, Ken Looper, and Steve Storm attended the UEP Annual Board Meeting on October 10-11, 2002, but Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the

allegations about other attendees and therefore denies them.  Cal-Maine denies any remaining allegations of paragraph 211.

212.    Plaintiffs appear to be selectively quoting the minutes from the UEP Annual Board Meeting on October 10-11, 2002 in paragraph 212.  If this is the case, then the document speaks for itself.  Cal-Maine denies any remaining allegations.

213.    Cal-Maine admits that the 100% rule required a producer to maintain 100% of its production in conformity with the UEP Certified program in order to market its eggs as "UEP Certified" eggs, but Cal-Maine denies the remaining allegations of paragraph 213.

214.    Cal-Maine denies the allegations of paragraph 214.

215.    Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 215 and therefore denies them.  As for the third sentence, Cal-Maine admits that Dolph Baker and Steven Storm supported the 100% rule, but Cal-Maine denies the remaining allegations.  Cal-Maine denies any remaining allegations of paragraph 215.

216.    Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 216 and therefore denies them.

217.    Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 217 and therefore denies them.

218.    Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 218 and therefore denies them.

219.    Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 219 and therefore denies them.

220.    Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 220 and therefore denies them.

221.    Cal-Maine denies the allegations in the first sentence of paragraph 221.  As for the remainder of paragraph 221, Cal-Maine admits that Plaintiffs are selectively quoting from— and attempting to characterize—the publication referenced in footnote 59.  This document speaks for itself.  Cal-Maine denies any remaining allegations of paragraph 221, including without limitation Plaintiffs' characterization of the publication.

222.    Cal-Maine denies the allegations of paragraph 222.

223.    Cal-Maine denies the allegations of paragraph 223.

224.    Cal-Maine denies the allegations of paragraph 224.

225.    Cal-Maine admits that the allegations in the first sentence of paragraph 225 are found in the publication referenced footnote 60.  This publication speaks for itself.  As for the second sentence, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in footnote 60.  That publication speaks for itself.  Cal-Maine denies any remaining allegations of paragraph 225.

226.    In paragraph 226, Plaintiffs appear to be characterizing and quoting an unidentified document containing Sparboe's opinions.  If that is so, then the document speaks for itself.  Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 226 and therefore denies them.

227.    Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 227 and therefore denies them.

228.    Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 228 and therefore denies them.

229.    Plaintiffs appear to be quoting a letter from UEP to an entity other than Cal-Maine in paragraph 229.  If that is so, then the document speaks for itself.  Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 229 and therefore denies them.

230.    Plaintiffs appear to be characterizing and quoting an email not involving Cal-Maine in paragraph 230.  If that is so, then the email speaks for itself.  Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 230 and therefore denies them.

231.    Plaintiffs appear to be characterizing and quoting a letter from Sparboe to UEP in paragraph 231.  If that is so, then the document speaks for itself.  Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 231 and therefore denies them.

232.    Plaintiffs appear to be characterizing and quoting a letter from Mr. Roger Deffner to Sparboe in paragraph 232.  If that is so, then the document speaks for itself.  Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 232 and therefore denies them.

233.    Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 233 and therefore denies them.

234.    Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 234 and therefore denies them.

235.    Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 235 and therefore denies them.

236.    Cal-Maine denies the allegations of paragraph 236.

237.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the document referenced in paragraph 237.  This document speaks for itself.  Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the document.

238.    Cal-Maine admits that Plaintiffs are attempting to characterize the publication referenced in paragraph 238.  This document speaks for itself.  Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

239.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 239.  This document speaks for itself.  Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

240.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 240.  This document speaks for itself.  Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

241.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 241.  This document speaks for itself.  Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

242.    Cal-Maine admits that as of 2003, it had agreed to abide by the UEP Certified program.  Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 242 and therefore denies them.

243.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 243.  This document speaks for itself. Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

244.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 244.  This document speaks for itself. Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

245.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 245.  This document speaks for itself. Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

246.     Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 246.  This document speaks for itself. Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

247.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 247.  This document speaks for itself. Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

248.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 248.  This document speaks for itself.

Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

249.    Cal-Maine admits that UEP's Shell Egg Marketing Committee held a meeting on January 26, 2004 in Atlanta, Georgia.  Cal-Maine admits that Mr. Dolph Baker and Mr. Ken Looper were members of this Committee in 2004.  Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 249 and therefore denies them.

250.    Cal-Maine denies the allegations of the first sentence of paragraph 250.  As for the remaining sentences of paragraph 250, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 250. This document speaks for itself.  Cal-Maine denies any remaining allegations of paragraph 250, including without limitation Plaintiffs' characterization of the publication.

251.    Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 251 and therefore denies them.

252.    Cal-Maine admits that egg supply and flocks increased and egg prices dropped in 2004.  Cal-Maine denies the remaining allegations in paragraph 252.

253.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 253.  This document speaks for itself. Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

254.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 254.  This document speaks for itself.

Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

255.    Cal-Maine denies the allegations of paragraph 255.

256.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the correspondence referenced in paragraph 256.  This document speaks for itself.  Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the correspondence.

257.    Cal-Maine admits that UEP's Marketing Committee held a meeting on May 10, 2004 in Washington, DC.  Cal-Maine admits that Mr. Dolph Baker and Mr. Ken Looper were members of this Committee in 2004.  Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 257 and therefore denies them.

258.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the presentation referenced in paragraph 258.  This presentation speaks for itself.  Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the presentation.

259.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the presentation referenced in paragraph 259.  This presentation speaks for itself.  Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the presentation.

260.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the presentation referenced in paragraph 260.  This presentation speaks for itself.

Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the presentation.

261.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 261.  This document speaks for itself. Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the document.

262.    In paragraph 262, Plaintiffs appear to be selectively quoting from—and attempting to characterize—an unidentified document.  If so, then this document speaks for itself.  Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the document.

263.    In paragraph 263, Plaintiffs appear to be selectively quoting from—and attempting to characterize—an unidentified document.  If so, then this document speaks for itself.  Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the document.

264.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 264.  This document speaks for itself. Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

265.    In paragraph 265, Plaintiffs appear to be selectively characterizing an unidentified document.  If so, then this document speaks for itself.  As for the first sentence of paragraph 265, Cal-Maine admits that it voluntarily decided to amend its molting and disposal schedule in 2004, but it denies that it participated in a "price-fixing scheme" and denies any remaining allegations, including without limitation Plaintiffs' characterization of the document.  As for the second

sentence of paragraph 265, Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

266.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 266.   This document speaks for itself. Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

267.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 267.   This document speaks for itself. Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

268.    Cal-Maine denies the allegations of paragraph 268.

269.    Cal-Maine admits that Plaintiffs are selectively summarizing—and attempting to characterize—the publication referenced in paragraph 269.   This document speaks for itself. Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

270.    As for the first sentence in paragraph 270, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—a document.   This document speaks for itself.  Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the document.  Cal-Maine admits the allegations in the second sentence in paragraph 270.

271.    As for paragraph 271, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in footnote 61.    This

document speaks for itself.  Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

272.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 272.  This document speaks for itself. Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

273.    Cal-Maine denies the allegations of paragraph 273.

274.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 274.  This document speaks for itself. Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

275.    Cal-Maine admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication first referenced in paragraph 275.  This document speaks for itself.  Cal-Maine denies any remaining allegations of paragraph 275, including without limitation Plaintiffs' characterization of the publication.

276.    Cal-Maine admits that Plaintiffs are selectively summarizing—and attempting to characterize—the publication referenced in paragraph 276.  This document speaks for itself. Cal-Maine denies any remaining allegations of paragraph 276, including without limitation Plaintiffs' characterization of the publication.

277.    Cal-Maine admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the correspondence referenced in paragraph 277.  If this is the case, then the document speaks for itself.  Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations and therefore denies them.

278.   Cal-Maine admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the correspondence first referenced in paragraph 278.  If this is the case, then the document speaks for itself.  Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations and therefore denies them.

279.   Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 279 and therefore denies them.  As for the remainder of paragraph 279, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the memorandum referenced in paragraph 279.  The document speaks for itself.  Cal-Maine denies any remaining allegations of paragraph 279.

280.   Cal-Maine admits that Plaintiffs are attempting to characterize the publication referenced in paragraph 280.  This document speaks for itself.  Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

281.   Cal-Maine denies the allegations of paragraph 281.

282.   Cal-Maine admits that Plaintiffs are attempting to characterize the publication referenced in paragraph 282.  This document speaks for itself.  Cal-Maine admits that Dolph Baker has chaired the UEP Price Discovery Committee.  Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

283.   Cal-Maine admits the allegations in the first sentence of paragraph 283.  Cal-Maine denies the allegations in the second sentence of paragraph 283 and further notes that the meeting minutes speak for themselves.  As for the third and fourth sentences in this paragraph, Cal-Maine admits that Plaintiffs are attempting to characterize the minutes referenced in paragraph 283, Cal-Maine admits that Dolph Baker, Ken Looper, and Fred Adams attended a UEP Board of Directors meeting on January 25, 2005, but Cal-Maine lacks knowledge or

47

information sufficient to form a belief as to the truth of the remaining allegations of paragraph 285 and therefore denies them. Cal-Maine further notes that the meeting minutes speak for themselves. Cal-Maine denies any remaining allegations and also denies Plaintiffs' characterization of the documents referenced in paragraph 283.

284. Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the minutes referenced in paragraph 284. This document speaks for itself. Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the minutes.

285. Cal-Maine admits that Plaintiffs appear to be selectively summarizing—and attempting to characterize—the minutes from the committee meeting referenced in paragraph 285. This document speaks for itself. Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the minutes.

286. Cal-Maine denies Plaintiffs' repeated mischaracterization throughout paragraph 286 of the commitment sheet and Marketing Committee report. As for the first sentence, Cal-Maine admits that it voluntarily amended its molt and disposal schedule in 2005, but Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations about the actions or meeting attendance of other egg producers and therefore denies them. As for the second sentence, Cal-Maine denies that it entered into a "price fixing agreement," as alleged. As for the third sentence, Cal-Maine denies that it entered into a "price fixing agreement" that could have been expanded, as alleged. As for the second and third sentences of paragraph 286, Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations about the actions or meeting attendance of other egg producers and therefore denies them. Cal-Maine denies any remaining allegations in paragraph 286.

287.     Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 287.   This document speaks for itself. Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

288.     Cal-Maine denies the allegations of paragraph 288.

289.     Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 289.   This document speaks for itself. Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

290.     As for paragraph 290, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in footnote 62.   This document speaks for itself.   Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

291.     Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the minutes of a meeting referenced in paragraph 291.   This document speaks for itself.  Cal-Maine admits that Fred Adams attended a UEP Board of Directors conference call on December 16, 2004.  Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the minutes.

292.     Cal-Maine denies the allegations of paragraph 292.

293.     Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 293.   This document speaks for itself. Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

294.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 294.  This document speaks for itself. Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

295.    Cal-Maine admits the allegations in the first sentence in paragraph 295.  As for the second, third, fourth, fifth, sixth, seventh, and eighth sentences in paragraph 295, Cal-Maine admits that Plaintiffs are selectively quoting and attempting to characterize the minutes of a meeting.  The minutes speak for themselves.  Cal-Maine admits that Steve Storm attended the UEP committee meeting referenced in paragraph 295. Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the minutes.

296.    Cal-Maine admits that Plaintiffs appear to be selectively quoting and attempting to characterize the minutes of a meeting first referenced in paragraph 296.  Those minutes speak for themselves.  Cal-Maine denies any remaining allegations of paragraph 296, including without limitation Plaintiffs' characterization of the minutes.

297.    Cal-Maine admits that Plaintiffs appear to be selectively quoting and attempting to characterize the minutes of a meeting first referenced in paragraph 297.  Those minutes speak for themselves.  Cal-Maine denies any remaining allegations of paragraph 297, including without limitation Plaintiffs' characterization of the minutes.

298.    Cal-Maine denies the allegations of the first sentence of paragraph 298.  As for the second sentence of paragraph 298, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced.  This document speaks for itself.   Cal-Maine denies any remaining allegations of paragraph 298, including without limitation Plaintiffs' characterization of the publication.

299.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 299.  This document speaks for itself. Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

300.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 300.  This document speaks for itself. Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

301.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 301.  This document speaks for itself. Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

302.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 302.  This document speaks for itself. Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

303.    Cal-Maine admits it released its quarterly results in August of 2005 and admits that Plaintiffs are selectively quoting from—and attempting to characterize—the press release referenced in paragraph 303.  This document speaks for itself.  Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the press release.

304.    Cal-Maine admits that on October 6, 2005, Dolph Baker was elected as Chairman of the UEP Board of Directors.  Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 304 and therefore denies them.

305.   Cal-Maine admits that in 2005, Dolph Baker was appointed to chair the UEP Executive Committee and Price Discovery Committee.  As for the remainder of paragraph 305, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the newsletter referenced in paragraph 305.  This document speaks for itself.  Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations and therefore denies them.

306.   Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 306.  This document speaks for itself. Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

307.   Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the document referenced in paragraph 307.  This document speaks for itself.  Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the document.

308.   Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 308.  This document speaks for itself. Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

309.   Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 309.  This document speaks for itself. Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the seemingly out-of-place allegation in footnote 63 and therefore denies it.  Cal-Maine denies any

remaining allegations of paragraph 309 and footnote 63, including without limitation Plaintiffs' characterization of the publication.

310.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 310.  This document speaks for itself.  Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

311.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 311.  This document speaks for itself.  Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

312.    Cal-Maine admits the allegations in the first sentence in paragraph 312.  As for the remainder of this paragraph, Cal-Maine admits that Plaintiffs are selectively quoting from— and attempting to characterize—the publication referenced.  This publication speaks for itself.  Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

313.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 313.  This document speaks for itself.  Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

314.    Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 314 and therefore denies them.

315.    Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 315 and therefore denies them.

316.    Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 316 and therefore denies them.

317.    Cal-Maine denies the allegations in paragraph 317.

318.    Cal-Maine denies the allegations in the first sentence of paragraph 318.  Cal-Maine admits the allegations in the second sentence in paragraph 318.  As for the third and fourth sentences of paragraph 318, Cal-Maine admits that Plaintiffs are attempting to characterize the publication referenced in paragraph 318.  This document speaks for itself.  Cal-Maine denies any remaining allegations of paragraph 318, including without limitation Plaintiffs' characterization of the publication.

319.    Cal-Maine denies the allegations in paragraph 319.

320.    As for the first sentence in paragraph 320, Cal-Maine admits that on just a few occasions between 2000 and 2006, USEM members voted to accept export orders for shell eggs, and a potential consequence of selling shell eggs to buyers outside the United States is a reduction in an oversupply of shells eggs in the United States.  Cal-Maine further admits that USEM members voted to accept export orders on certain occasions from 2006 through 2008.  Cal-Maine denies the remaining allegations of paragraph 320.

321.    Cal-Maine denies the allegations of paragraph 321.

322.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the correspondence referenced in paragraph 322.  This document speaks for itself.  Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the correspondence.

323.    Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 323 and therefore denies them.

324.    Cal-Maine admits that UEP held a Board of Directors Legislative Meeting on May 12-15, 2003 in Washington, D.C.   Cal-Maine further admits that Dolph Baker and Ken Looper attended this meeting.   Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 324 and therefore denies them.

325.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 325.   This document speaks for itself. Cal-Maine denies any remaining allegations.

326.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 326.   This document speaks for itself. Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

327.    Cal-Maine admits that Plaintiffs are attempting to characterize the publication first referenced in paragraph 327.  This document speaks for itself.  Cal-Maine admits that Dolph Baker was elected to the Executive/Export Committee in 2004.  Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 327 and therefore denies them.

328.    Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 328 and therefore denies them.  As for the second sentence, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the correspondence referenced.   This document speaks for itself. Cal-Maine denies any remaining allegations of paragraph 328, including without limitation Plaintiffs' characterization of the correspondence.

329.    Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 329 and therefore denies them.

330.    Cal-Maine admits that Plaintiffs are attempting to characterize the publication referenced in paragraph 330.  This document speaks for itself.  Cal-Maine admits that Dolph Baker was elected to the USEM Board in October 2005.  Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 330 and therefore denies them.

331.    Cal-Maine denies the allegations of paragraph 331.

332.    As for paragraph 332, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the news article referenced in footnote 64.  This article speaks for itself.  Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the article.

333.    Cal-Maine admits that in 2006, Dolph Baker was elected to the USEM Executive/Export Committee.  Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 333 and therefore denies them.

334.    Cal-Maine denies the allegations of paragraph 334.

335.    Cal-Maine denies the allegations of paragraph 335.

336.    Cal-Maine admits the allegations in the first sentence of paragraph 336.  As for the second sentence, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced.  This document speaks for itself.  Cal-Maine denies any remaining allegations of paragraph 336.

337.    Cal-Maine denies the allegations of the first sentence of paragraph 337.  As for the second sentence of paragraph 337, Cal-Maine admits that it was a member of USEM and that

it participated in the November 2006 USEM export, but it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.

338.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 338.  This document speaks for itself.  Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

339.    Cal-Maine admits that it participated in the 2006 and 2007 exports listed in paragraph 339, but Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.

340.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 340.  This document speaks for itself.  Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

341.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the minutes referenced in paragraph 341.  This document speaks for itself.  Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the minutes.

342.    Cal-Maine admits that Plaintiffs are selectively paraphrasing the government publication referenced in paragraph 342.  This document speaks for itself.  Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

343.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 343.  This document speaks for itself.

Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

344.   Cal-Maine admits that Plaintiffs are attempting to characterize the publication referenced in paragraph 344.  This document speaks for itself.  Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

345.   Cal-Maine denies that the quotations in paragraph 345 appear in the publication referenced in paragraph 345.   If Plaintiffs intended to cite another document, then that document speaks for itself.  Cal-Maine denies any remaining allegations.

346.   Cal-Maine admits that Plaintiffs are attempting to characterize the publication referenced in paragraph 346.  This document speaks for itself.  Cal-Maine denies any remaining allegations.

347.   Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 347.  This document speaks for itself.  Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

348.   Cal-Maine denies the allegations of the first two sentences of paragraph 348.  Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third, fourth, fifth, sixth, and seventh sentences of paragraph 348 and therefore denies them.

349.   Cal-Maine denies the allegations of paragraph 349.

350.   Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 350.  This document speaks for itself.

Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

351.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 351.  This document speaks for itself. Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

352.    Cal-Maine admits that Plaintiffs are selectively paraphrasing the publications referenced in paragraph 352.  These documents speak for themselves.  Cal-Maine denies any remaining allegations.

353.    Cal-Maine denies that the quotation in paragraph 353 appears in the publication referenced in paragraph 353.  If Plaintiffs intended to cite another document, then that document speaks for itself.  Cal-Maine denies any remaining allegations of paragraph 353.

354.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 354.  This document speaks for itself. Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

355.    Cal-Maine denies the allegations of the first sentence of paragraph 355.  As for the remainder of paragraph 355, Cal-Maine admits that Plaintiffs are selectively quoting from— and attempting to characterize—the publication referenced in paragraph 355.  This document speaks for itself.  Cal-Maine denies any remaining allegations in paragraph 355, including without limitation Plaintiffs' characterization of the publication.

356.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 356.  This document speaks for itself.

Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

357.    As for paragraph 357, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in footnote 65.   This document speaks for itself.   Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

358.    As for paragraph 358, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in footnote 66.   This document speaks for itself.   Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

359.    As for paragraph 359, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in footnote 67.   This document speaks for itself.   Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

360.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 360.   This document speaks for itself. Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

361.    Cal-Maine denies the allegations of paragraph 361.

362.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 362.   This document speaks for itself. Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

363.     As for paragraph 363, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in footnote 68.   This document speaks for itself.   Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

364.     As for paragraph 364, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in footnote 69.   This document speaks for itself.   Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

365.     As for paragraph 365, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in footnote 70.   This document speaks for itself.   Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

366.     Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 366.   This document speaks for itself. Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

367.     Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the document referenced in paragraph 367.   This document speaks for itself.   Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the document.

368.     Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the minutes referenced in paragraph 368.   This document speaks for itself.   Cal-

Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the minutes.

369.    As for paragraph 369, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in footnote 71.   This document speaks for itself.   Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

370.    As for paragraph 370, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in footnote 72.   This document speaks for itself.   Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

371.    As for paragraph 371, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in footnote 73.   This document speaks for itself.   Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

372.    As for paragraph 372, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publications referenced in footnotes 74 and 75.  This document speaks for itself.   Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publications.

373.    As for paragraph 373, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in footnote 76.   This document speaks for itself.   Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication

374.    As for paragraph 374, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in footnote 77.   This document speaks for itself.   Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

375.    As for paragraph 375, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in footnote 78.   This document speaks for itself.   Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

376.    As for paragraph 376, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in footnote 79.   This document speaks for itself.   Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

377.    As for paragraph 377, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in footnote 80.   This document speaks for itself.   Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

378.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 378.   This document speaks for itself. Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

379.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 379.   This document speaks for itself.

Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

380.    As for paragraph 380, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in footnote 81.   This document speaks for itself.   Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

381.    As for paragraph 381, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in footnote 82.   This document speaks for itself.   Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

382.    As for paragraph 382, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the website referenced in footnote 83.   This website speaks for itself.   Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the website.

383.    As for paragraph 383, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in footnote 84.   This document speaks for itself.   Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

384.    As for both paragraph 384 and footnote 85, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in footnote 85.  This document speaks for itself.   Cal-Maine denies any remaining allegations in paragraph 384 or footnote 85, including without limitation Plaintiffs' characterization of the publication.

385.    As for paragraph 385, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in footnote 86.    This document speaks for itself.    Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

386.    As for the first two sentences in paragraph 386, Cal-Maine admits that Dolph Baker attended a UEP Marketing Committee meeting in Washington, DC on May 12, 2008, but Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations about other producers and therefore denies them.    As for the last two sentences of paragraph 386, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the minutes of this meeting.    This document speaks for itself.    Cal-Maine denies any remaining allegations of paragraph 386, including without limitation Plaintiffs' characterization of the document.

387.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 387.    This document speaks for itself. Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

388.    As for paragraph 388, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in footnote 87.    This document speaks for itself.    Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

389.    As for paragraph 389, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the recording referenced in footnote 88, complete with

brackets and ellipses.   This recording speaks for itself.   Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the recording.

390.   Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the transcript referenced in paragraph 390.  This document speaks for itself.  Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the transcript.

391.   Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the transcript referenced in paragraph 391.  This document speaks for itself.  Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the transcript.

392.   Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the document referenced in paragraph 392.  This document speaks for itself.  Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the document.

393.   Cal-Maine denies the allegations of paragraph 393.

394.   Cal-Maine admits the allegations in the first sentence of paragraph 394.  As for the second sentence of paragraph 394, Cal-Maine admits that some shell eggs are broken and separated to be processed into various kinds of egg products, but it denies any remaining allegations.

395.   Cal-Maine denies the allegations in paragraph 395.

396.   Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 396 and therefore denies them.  As for the second sentence, Cal-Maine admits that it has its own hens, its own shell egg production

facilities, and two small egg processing facilities; admits, to the best of its knowledge, that all other producer defendants have their own hens and egg production facilities; admits that some producer defendants also have egg processing facilities; denies that it has any co-conspirators; and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations about other companies and therefore denies them.  Cal-Maine denies the allegations of the third sentence of paragraph 396.

397.    As for the first sentence in paragraph 397, Cal-Maine admits that, from time to time, it has purchased shell eggs to process into egg products, admits that some other defendants have also processed eggs into egg products, denies that it has any co-conspirators, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations about other companies and therefore denies them.  As for the second sentence, Cal-Maine admits that Plaintiffs purport to exclude certain purchases from their classes, but Cal-Maine denies that any class may be certified in this action and denies that Plaintiffs are entitled to any relief.  Cal-Maine denies the allegations in the third and fourth sentences of paragraph 397.

398.    Cal-Maine admits that UEA has a Further Processors Division, but Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations about the corporate structure of that Division's members and therefore denies them.

399.    As for the first sentence of paragraph 399, Cal-Maine admits that meetings for UEA and UEP sometimes occur at similar times and in similar locations; that some UEA members sometimes also attend certain UEP meetings; that some UEP members sometimes also attend certain UEA meetings; and that certain producers are members of both UEA and UEP. Cal-Maine denies the remaining allegations of paragraph 399.

400.    Cal-Maine admits that UEP has some members that produce and sell both shell eggs and egg products but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 400 and therefore denies them.

401.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 401.  This document speaks for itself. Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

402.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 402.  This document speaks for itself. Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

403.    Cal-Maine admits that Plaintiffs are attempting to characterize the publication referenced in paragraph 403.  This document speaks for itself.  Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

404.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 404.  This document speaks for itself. Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

405.    Cal-Maine denies the allegations of paragraph 405.

406.    As for the first sentence in paragraph 406, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the website referenced in footnote 89. This website speaks for itself.   As for the second sentence, Cal-Maine admits that the involvement of an independent scientific advisory committee, among other things, shows that the

UEP animal welfare guidelines are legitimate but denies the allegations about the mere "facial appearance of legitimacy and neutrality."  Cal-Maine denies any remaining allegations in paragraph 406, including without limitation Plaintiffs' characterization of the website.

407.   As for paragraph 407, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the transcript referenced in footnote 90.  This document speaks for itself.  Cal-Maine denies any remaining allegations.

408.   Cal-Maine denies the allegations in the first sentence in paragraph 408.  Cal-Maine admits the allegations in the second sentence in paragraph 408.  As for the third sentence in paragraph 408, Cal-Maine admits that the UEP Animal Welfare Committee authored the UEP animal husbandry guidelines based upon the recommendations of the independent scientific advisory committee, but Cal-Maine denies any remaining allegations, including the allegation that "Don Bell's economic analyses [were] the primary motivating factor" behind the animal welfare guidelines.  As for the first parenthetical in footnote 91, Cal-Maine admits that Plaintiffs are selectively quoting from the first publication referenced therein.  This document speaks for itself.  As for the second parenthetical in footnote 91, Cal-Maine admits that Plaintiffs are selectively quoting from the second publication referenced therein.  This document speaks for itself.  Cal-Maine admits the allegation in the third sentence in footnote 91.  Cal-Maine denies all other allegations in paragraph 408 and footnote 91, including without limitation Plaintiffs' characterization of the publications cited in footnote 91.

409.   As for the first sentence in paragraph 409, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the transcript referenced in footnote 92.  This document speaks for itself.  Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the transcript.  As for the second sentence, Cal-

Maine admits that the UEP Animal Welfare Committee adopted the recommendations of the independent scientific advisory committee, but Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.

410.    Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the first sentence of paragraph 410 and therefore denies them.   As for the second sentence, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the speech referenced in footnote 93.   The cited document speaks for itself.   Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the speech.

411.    Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 411 and therefore denies them.   As for the second sentence of paragraph 411, Cal-Maine admits that Plaintiffs are attempting to characterize the publication referenced in footnote 94.   This document speaks for itself.   Cal-Maine denies any remaining allegations of this sentence, including without limitation Plaintiffs' characterization of the publication.   As for the third sentence of paragraph 411, Cal-Maine admits that Plaintiffs are attempting to characterize the publication referenced in footnote 95.   This document speaks for itself.   Cal-Maine denies any remaining allegations of this sentence, including without limitation Plaintiffs' characterization of the speech.   Cal-Maine denies the allegations of the fourth sentence of paragraph 411.

412.    Cal-Maine admits that an animal activist group filed a complaint with the Federal Trade Commission ("FTC") regarding the "Animal Care Certified" logo and that UEP decided to replace that logo with its "United Egg Producers Certified" logo.   Cal-Maine further admits that

the FTC sent a letter to UEP regarding this situation dated September 30, 2005.  Cal-Maine denied any remaining allegations of paragraph 412.

413.    Cal-Maine admits that UEP settled claims from sixteen states involving the "Animal Care Certified" logo for $100,000 and that the settlement was announced on September 21, 2006.  Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 413 and therefore denies them.

414.    Cal-Maine admits that at some point, UEP adopted the "UEP Certified" name for its animal welfare program, but Cal-Maine denies all other allegations of paragraph 414.

415.    As for the first sentence of paragraph 415, Cal-Maine admits that Plaintiffs are attempting to characterize the publication referenced in footnote 96.  This document speaks for itself, and Cal-Maine denies any remaining allegations.  Cal-Maine denies the allegations in the second and third sentences of paragraph 415.  As for the parenthetical in footnote 96, Cal-Maine admits that Plaintiffs are attempting to characterize the publication referenced therein.  This document speaks for itself.  Cal-Maine denies any remaining allegations in paragraph 415 and footnote 96, including without limitation Plaintiffs' characterization of the publication.

416.    Cal-Maine denies the allegations of paragraph 416.

417.    Cal-Maine denies the allegations of paragraph 417.

418.    As for the first sentence of paragraph 418, Cal-Maine admits that producers of agricultural products other than eggs may become members of UEP, but Cal-Maine further answers that all members of UEP are required to be producers of agricultural products and that it believed UEP had procedures in place to ensure that all of its members were producers of agricultural products.  Cal-Maine denies any remaining allegations in the first sentence of paragraph 418.  As for the second sentence of paragraph 418, Cal-Maine admits that Plaintiffs

are selectively quoting from—and attempting to characterize—the website referenced. This website speaks for itself. Cal-Maine denies any remaining allegations of paragraph 418, including without limitation Plaintiffs' characterization of the website.

419.    As for the first sentence in paragraph 419, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the UEP membership agreement. The cited document speaks for itself. Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 419 and therefore denies them. Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the document.

420.    As for the first sentence in paragraph 420, Cal-Maine admits that it is a producer of shell eggs and that it believed UEP had procedures in place to ensure that all of its members were producers of agricultural products, but Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations about every other UEP member's production status from 2000-08 and therefore denies them. As for the second sentence, Cal-Maine admits that the entity Plaintiffs reference has been a UEP member at certain points in time, that it is a producer of agricultural products, and that it produces pullets for egg farms, but Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations and therefore denies them.

421.    As for the first sentence of paragraph 421, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in footnote 97. This publication speaks for itself. Cal-Maine admits that certain UEP meetings have been held at the same location and around the same time as certain UEA meetings and that certain meetings have been attended by producers that are members of both UEP and UEA. Cal-Maine

denies the allegations in the second sentence of paragraph 421.  As for the parenthetical in footnote 97, Cal-Maine admits that Plaintiffs are selectively quoting from the publication referenced therein.  This document speaks for itself.  Cal-Maine denies the remaining allegations of paragraph 421 and footnote 97, including without limitation Plaintiffs' characterization of the publication.

422.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 422.  This publication speaks for itself.  Cal-Maine denies any remaining allegations of paragraph 422, including without limitation Plaintiffs' characterization of the publication.

423.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 423.  This publication speaks for itself.  Cal-Maine denies any remaining allegations of paragraph 423, including without limitation Plaintiffs' characterization of the publication.

424.    Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 424 and therefore denies them.

425.    Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 425 and therefore denies them.  As for the third sentence, Cal-Maine admits that Michael Foods and Moark are members of UEP and that certain of their employees have served on certain UEP committees at certain times.  Cal-Maine denies any remaining allegations of paragraph 425.

426.    Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 426 and therefore denies them.  As for

the second sentence, Cal-Maine admits that Rose Acre is a member of UEP and that certain of its employees have served on certain UEP committees at certain times.

427.   As for the first sentence of paragraph 427, Cal-Maine admits that certain employees of certain defendants have held positions on the Board of UEP and/or USEM at certain points in time but denies any remaining allegations.   As for the second sentence, Cal-Maine admits that Fred Adams was the CEO and a director of Cal-Maine from 1969 until October 2010, was Chairman of Cal-Maine's Board from 1982 until July 2012, and is a past director and chairman of USEM; Cal-Maine denies that Mr. Adams is a current director of USEM.   As for the third sentence, Cal-Maine admits that Richard K. Looper was the President and COO of Cal-Maine from 1983 to 1997, at one point was the Vice Chairman of Cal-Maine's Board of Directors, and is a past chairman of USEM.   Cal-Maine admits the allegations in the fourth sentence of paragraph 427.   Cal-Maine denies any remaining allegations of paragraph 427.

428.   As for the first sentence of paragraph 428, Cal-Maine admits that Dolph Baker was chosen in 2006 to serve on the USEM Executive Committee and Export Committee.   As for the second sentence, Cal-Maine admits that Dolph Baker has served at certain times on the UEP Board of Directors.   Cal-Maine lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 428 and therefore denies them.

429.   Cal-Maine admits the allegations of paragraph 429.

430.   Cal-Maine admits that it is an egg producer, admits that some people who have served at certain times as employees of UEP, USEM, and UEA have not been egg producers themselves, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 430 and therefore denies them.

431.    Cal-Maine denies the allegations in the first sentence of paragraph 431.  Cal-Maine denies that the allegations of the second sentence are contained in the publication cited in footnote 98.  As for the third sentence, Cal-Maine admits that Gene Gregory became the Member Services Director for the Midwest Region at some point but lacks knowledge or information sufficient to form a belief as to the truth of the allegations about the year and therefore denies them.  As for the fourth sentence, Cal-Maine admits that Gene Gregory was at one time the President of UEA and USEM but lacks knowledge or information sufficient to form a belief as to the truth of the allegations about Mr. Gregory serving as an officer of  the United Egg Association PAC and therefore denies them.  Cal-Maine denies any remaining allegations of paragraph 431.

432.    Cal-Maine admits that Chad Gregory is Gene Gregory's son, that Chad Gregory was the Senior Vice President of UEP, and that Chad Gregory has used the title Vice President of UEA.  Cal-Maine denies the remaining allegations contained in paragraph 432.

433.    Cal-Maine admits the allegations of paragraph 433.

434.    Cal-Maine admits the allegations in the first sentence in paragraph 434.  Cal-Maine denies the allegations in the second and third sentences in paragraph 434.

435.    As for the first sentence in paragraph 435, Cal-Maine admits that Dolph Baker was chosen in December of 2004 to serve as the chairman of the UEP Price Discovery Committee and the UEP Marketing Committee.  Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence and therefore denies them.  As for the second and third sentences, Cal-Maine admits that Plaintiffs appear to be quoting from some unidentified document.  If so, then the document speaks for

itself.  Cal-Maine denies any remaining allegation in paragraph 435, including without limitation Plaintiffs' characterization of the document.

436.    Cal-Maine admits that Plaintiffs are attempting to summarize a portion of the publication referenced in paragraph 436.  This publication speaks for itself.  Cal-Maine denies any remaining allegations of paragraph 436, including without limitation Plaintiffs' characterization of the publication.

437.    Cal-Maine admits that in 2007, Dolph Baker served as chairman of the UEP Executive Committee and the UEP Price Discovery Committee, but it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 437 about other people, companies, and committees and therefore denies them.

438.    Cal-Maine denies the allegations in the first sentence in paragraph 438.  As for the second sentence, Cal-Maine admits that Gene Gregory was at one time the President of UEP and used the title of President of USEM and UEA but denies all remaining allegations.  As for the third sentence, Cal-Maine admits that Gene Gregory has participated in meetings of UEP, USEM, and UEA but denies all remaining allegations.  As for the fourth sentence, Cal-Maine admits that Gene Gregory has written articles in the *United Voices* newsletter but denies Plaintiffs' characterization of those articles, which are documents that speak for themselves.  Cal-Maine denies any remaining allegations of paragraph 438.

439.    Cal-Maine admits that UEP and UEA share certain staff employees, but Cal-Maine denies the remaining allegations of paragraph 439.

440.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 440.  This publication speaks for itself.

Cal-Maine denies any remaining allegations of paragraph 440, including without limitation Plaintiffs' characterization of the publication.

441.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 441.  This publication speaks for itself. Cal-Maine denies any remaining allegations of paragraph 441, including without limitation Plaintiffs' characterization of the publication.

442.    Cal-Maine admits that UEP is a federated Capper-Volstead Agricultural Cooperative, but Cal-Maine denies the remaining allegations of the first sentence of paragraph 442.  Cal-Maine denies the allegations in the second sentence of paragraph 442.

443.    Cal-Maine denies the allegations of the first two sentences of paragraph 443.  Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 443 and therefore denies them.

444.    The first sentence of paragraph 444 is a legal conclusion to which no response is required.  To the extent that a response is somehow required, Cal-Maine admits that UEP is a federated Capper-Volstead Agricultural Cooperative and that UEP's activities are subject to the provisions of the Capper-Volstead Act.  As for the second sentence, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the USDA publication referenced in paragraph 444.  This publication speaks for itself.  Cal-Maine denies any remaining allegations of paragraph 444, including without limitation Plaintiffs' characterization of the publication.

445.    Paragraph 445 states plaintiffs' spin on the law, and no response is required.  To the extent a response is required, Cal-Maine denies the allegations of paragraph 445.

446.     Cal-Maine admits that it operates at several levels of egg production from the point of production through marketing and the point of sale, and Cal-Maine admits that it mills its own feed, hatches chicks, houses hens, produces eggs, purchases eggs, washes eggs, candles eggs, grades eggs, stores eggs, markets eggs, transports eggs, and distributes eggs.  Cal-Maine admits that some other UEP members operate at several levels of egg production and that these egg producers engage in at least some of the activities listed in the second sentence of paragraph 446.  Cal-Maine otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 446 about other companies and therefore denies them.  Cal-Maine denies any remaining allegations of paragraph 446.

447.     Cal-Maine denies the allegations of paragraph 447.

448.     Cal-Maine admits that UEP does not wash, candle, grade, break, pasteurize, package, store or distribute its members' eggs, but denies the remaining allegations of paragraph 448.

449.     Cal-Maine admits the allegations of paragraph 449.

450.     Cal-Maine denies the allegations of paragraph 450.

451.     Cal-Maine admits that Plaintiffs are attempting to characterize the case report referenced in footnote 99.  This case report speaks for itself.  Cal-Maine denies any remaining allegations of paragraph 451, including without limitation Plaintiffs' characterization of the case report.

452.     Cal-Maine denies the allegations in the first sentence of paragraph 452.  As for the remainder of paragraph 452, Cal-Maine admits that Plaintiffs are selectively quoting from— and attempting to characterize—the publication referenced in footnote 100.  This publication speaks for itself.  As for the parenthetical in footnote 100, Cal-Maine admits that Plaintiffs' are

selectively quoting the publication referenced therein.  This document speaks for itself.  Cal-Maine denies any remaining allegations of paragraph 452 and footnote 100, including without limitation Plaintiffs' characterization of the publication.

453.   Cal-Maine denies that the allegations of paragraph 453 are contained in the publication referenced in paragraph 453.  To the extent that Plaintiffs are selectively quoting from—and attempting to characterize—some document, that document speaks for itself.  Cal-Maine denies any remaining allegations of paragraph 453, including without limitation Plaintiffs' characterization of the document.

454.   Cal-Maine denies the allegations of paragraph 454.

455.   Cal-Maine denies the allegations in the first sentence in paragraph 455.  As for the second sentence, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced.  This publication speaks for itself.  Cal-Maine denies any remaining allegations of paragraph 455, including without limitation Plaintiffs' characterization of the publication.

456.   Cal-Maine denies the allegations of the first sentence of paragraph 456.  As for the second sentence of paragraph 456, Cal-Maine admits that Plaintiffs are attempting to characterize the publication referenced in paragraph 456.  This publication speaks for itself.  Cal-Maine denies any remaining allegations of paragraph 456, including without limitation Plaintiffs' characterization of the publication.

457.   Cal-Maine denies the allegations in the first sentence of paragraph 457.  As for the second sentence, Cal-Maine admits that representatives of cage manufacturers may have attended certain UEP committee meetings, but Cal-Maine denies the remaining allegations.  Cal-

Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the third sentence of paragraph 457 and therefore denies them.

458.    As for the first sentence in paragraph 458, Cal-Maine admits that from time to time, certain companies that do not produce eggs would attend certain UEP committee meetings, but Cal-Maine denies all other allegations.  Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of paragraph 458 and therefore denies them.

459.    As for the first sentence in paragraph 459, Cal-Maine admits that approximately 7% of the shell eggs that Cal-Maine sells each year come from farmers who produce those shell eggs for Cal-Maine under contract, but Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations about other, unidentified UEP members and therefore denies them.  As for the second sentence, Cal-Maine states that it produces the vast majority of the eggs that it sells, but Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations about other UEP members and therefore denies them.

460.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 460.  This publication speaks for itself. Cal-Maine denies any remaining allegations of paragraph 460, including without limitation Plaintiffs' characterization of the publication.

461.    Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first three sentences of paragraph 461 and therefore denies them. As for the fourth, fifth, and sixth sentences in paragraph 461, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in

paragraph 461.  To the extent that a response is required, this document speaks for itself.  Cal-Maine denies any remaining allegations of paragraph 461, including without limitation Plaintiffs' characterization of the document.

462.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 462.  This publication speaks for itself.  Cal-Maine denies any remaining allegations of paragraph 462, including without limitation Plaintiffs' characterization of the publication.

463.    As for the first three sentences of paragraph 463, Cal-Maine states that it sells eggs and that selling eggs is the predominant aspect of its business.  Cal-Maine believes that UEP had procedures in place to ensure that all of its members produce agricultural products, but Cal-Maine does not know the details of all UEP members' operations and thus lacks knowledge or information sufficient to form a belief as to the truth of the allegations about other UEP members and therefore denies them.  As for the fourth sentence of paragraph 463, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 463.  This publication speaks for itself.  As for the fifth sentence, Cal-Maine states that it produces far more shell eggs than eggs that it processes into egg products, but Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations about other, unidentified UEP members and therefore denies them. Cal-Maine denies any remaining allegations of paragraph 463.

464.    Cal-Maine admits that from time to time, UEP has recommended that its members adopt voluntary measures to manage supply, as permitted by the Capper-Volstead Act, but Cal-Maine denies any remaining allegations of paragraph 464.

465.    As for the first two sentences of paragraph 465, Cal-Maine admits that Mr. Isaacson was an outside attorney for UEP at certain points in time and that he sometimes spoke at UEP meetings about permissible conduct under the antitrust laws, but Cal-Maine lacks knowledge or information sufficient to form a belief as to the allegations about supposed specific content of those discussions and therefore denies them.  Cal-Maine denies the allegations in the third sentence.  Cal-Maine denies any remaining allegations of paragraph 465.

466.    Cal-Maine admits that one of its representatives attended the 2005 UEP Board of Directors meeting referenced in paragraph 466.  Cal-Maine also admits that Plaintiffs are selectively quoting from—and attempting to characterize—the minutes referenced in paragraph 466.  This document speaks for itself.  Cal-Maine denies any remaining allegations of paragraph 466, including without limitation Plaintiffs' characterization of the minutes.

467.    As for itself, Cal-Maine denies the allegations in paragraph 467.  As for UEP and other UEP members, Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 467 and therefore denies them.

468.    The allegations contained in paragraph 468 are legal conclusions to which a response is not required.  To the extent a response is required, Cal-Maine denies the allegations of paragraph 468.

469.    Paragraph 469 states legal conclusions that do not require a response.  To the extent a response is required, Cal-Maine denies the allegations in Paragraph 469 and sub-paragraphs (a) through (i).

470.    Paragraph 470 states legal conclusions that do not require a response.  To the extent a response is required, Cal-Maine denies the allegations in Paragraph 470.

471.    As for paragraph 471, Cal-Maine admits that Plaintiffs are attempting to characterize the article referenced in footnote 102.  This article speaks for itself.  As for the remainder of the allegations in paragraph 471, Cal-Maine denies the allegations therein and further responds that the facts that supposedly support Plaintiffs' claims were publicly disclosed long before September 23, 2008.  Cal-Maine denies all remaining allegations in paragraph 471.

472.    As for the first sentence in paragraph 472, Cal-Maine denies that it has ever participated in a conspiracy, denies that any of the facts supposedly supporting Plaintiffs' claims were concealed in any way, but lacks knowledge or information sufficient to form a belief as to the truth of the conclusory statement that Plaintiffs exercised due diligence because the Complaint does not allege any facts showing that Plaintiffs exercised any diligence at all and therefore denies it.  As for the second sentence in paragraph 472, Cal-Maine denies that it has engaged in price-fixing, further responds that the facts supposedly supporting Plaintiffs' claims were publicly known long before September 23, 2008, and lacks knowledge or information sufficient to form a belief as to the truth of any allegations about a government investigation in 2008 because Cal-Maine was not involved in any such investigation and therefore denies them. As for the third sentence, Cal-Maine admits that the first cases that were eventually consolidated into this MDL were filed after September 23, 2008, the purported date of the publication referenced in footnote 102, but otherwise denies the allegations.   Cal-Maine denies the allegations in the fourth sentence.

473.    Cal-Maine denies the allegations of paragraph 473.

474.    Cal-Maine denies the allegations of paragraph 474.

475.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 475.  This publication speaks for itself.

Cal-Maine denies any remaining allegations of paragraph 475, including without limitation Plaintiffs' characterization of the publication.

476.    Cal-Maine denies the allegations of paragraph 476.

477.    Cal-Maine denies the allegations in the first two sentences of paragraph 477.  Cal-Maine admits the allegations in the third sentence about animal activists have campaigning to ban caged egg production and to encourage purchasers to only buy cage-free products.  Cal-Maine denies the allegations in the fourth and fifth sentences and all remaining allegations of paragraph 477.

478.    Cal-Maine denies the allegations of paragraph 478.

479.    Cal-Maine denies the allegations of paragraph 479.

480.    As for the first sentence, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the document referenced in footnote 103.  This document speaks for itself, and Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the document.  As for subparts a and d, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the documents referenced in footnotes 104 and 107.   These documents speak for themselves, and Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the documents.  As for subparts b and c, Cal-Maine admits that Plaintiffs appear to be selectively quoting from – and attempting to characterize – the documents referenced in footnotes 105 and 106.  Those documents speak for themselves, and Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the documents.  As for subpart e, Cal-Maine denies the allegations of the first sentence.  As for the second sentence of subpart e, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the

document referenced in footnote 108.  This document speaks for itself and does not appear to describe the same conference referred to in the first sentence of subpart e.  Cal-Maine denies any remaining allegations of paragraph 480, including without limitation Plaintiffs' characterizations of the documents referenced therein.

481.    As for the first sentence of paragraph 481, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the newsletter referenced therein.  This document speaks for itself.  Cal-Maine denies any remaining allegations of the first sentence of paragraph 481, including without limitation Plaintiff's characterization of the document referenced therein.  As to the second sentence of paragraph 481, Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein and therefore denies them.

482.    Cal-Maine denies the allegations in the first sentence of paragraph 482.  As for the second sentence, Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein and therefore denies them.

483.    Cal-Maine denies the allegations of paragraph 483.

484.    Cal-Maine denies the allegations in the first three sentences of paragraph 484.  As for the fourth sentence, to the extent that this sentence and its subparts makes allegations about unidentified statements supposedly made by other defendants, Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.  Cal-Maine denies any remaining allegations in paragraph 484.

485.    Cal-Maine denies the allegations in the first sentence of paragraph 485.  As for the second and third sentences, Cal-Maine denies that it ever lied about the reasons for egg price increases, but because these sentences are so vague as to which defendant is alleged to have

made unidentified statements in unidentified articles and interviews at unspecified times, Cal-Maine lacks knowledge of information sufficient to form a belief as to the truth of these hopelessly vague allegations and therefore denies them.  To the extent that this paragraph makes allegations about unidentified statements supposedly made by other defendants, Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.  Cal-Maine denies any remaining allegations in paragraph 485.

486.    Cal-Maine denies the allegations in the first, second, and third sentences of paragraph 486.  As for the fourth sentence of paragraph 486, Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

487.    Cal-Maine denies the allegations in the first, second, and third sentences of paragraph 487.  As for the fourth sentence and the quoted material contained therein, Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the newsletter referenced therein.  This document speaks for itself.  Cal-Maine denies any remaining allegations of the fourth sentence of paragraph 487, including without limitation Plaintiff's characterization of the document referenced therein.  Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth and sixth sentences of paragraph 487, and therefore denies them.   Cal-Maine denies any remaining allegations in paragraph 487.

488.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the newsletter referenced in paragraph 488.  This document speaks for itself.  Cal-Maine denies any remaining allegations of paragraph 488, including without limitation Plaintiff's characterization of the document referenced therein.

489.    Cal-Maine admits that Plaintiffs are selectively quoting from—and attempting to characterize—the email referenced in paragraph 489.  This document speaks for itself.  Cal-Maine denies any remaining allegations of paragraph 489, including without limitation Plaintiffs' characterization of the document referenced therein.

490.    Cal-Maine denies the allegations of the first sentence of paragraph 490.  As for the second sentence, Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein, and therefore denies them.  Cal-Maine denies any remaining allegations in paragraph 490.

491.    As for paragraph 491, Cal-Maine denies that its conduct constituted a conspiracy, denies that the statute of limitations should be tolled for any reason, and further answers that the underlying facts supposedly supporting Plaintiffs' claims were not concealed but instead were publicly known long before September of 2008.  Cal-Maine further responds that it lacks knowledge or information sufficient to form a belief as to the truth of the conclusory assertion, and therefore denies the assertion, about the supposed due diligence Plaintiffs conducted regarding their supposed claims because the Complaint alleges zero acts of diligence and zero facts to support that conclusory assertion of supposed diligence.  Cal-Maine denies any remaining allegations of paragraph 491.

492.    Cal-Maine denies the allegations of paragraph 492.

493.    Cal-Maine denies the allegations of paragraph 493.  Cal-Maine further responds that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations, about the supposed due diligence Plaintiffs conducted regarding their supposed claims because the Complaint alleges zero acts of diligence and zero facts to support these conclusory assertions of supposed diligence.

494.    Cal-Maine denies the allegations of paragraph 494.

495.    To the extent the allegations of paragraph 495 relate to the conduct of another defendant, Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.  Further, paragraph 495 appears to selectively quote from—and attempts to characterize—an unidentified document.  If so, this document speaks for itself.  Cal-Maine denies all remaining allegations in paragraph 495, including without limitation Plaintiffs' characterization of the document referenced therein.  Cal-Maine denies any remaining allegations in paragraph 495.

496.    Cal-Maine denies the allegations of paragraph 496.

497.    Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' conduct in the first, second, and third sentences of paragraph 497, and therefore denies them.  Cal-Maine denies the allegations in the fourth sentence of paragraph 497.

498.    Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 498, and therefore denies them.  Cal-Maine denies the allegations of the third sentence.  As to the fourth, fifth, sixth, and seventh sentences of paragraph 498, Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein, and therefore denies them.

499.    Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 499, and therefore denies them.

500.    Paragraph 500 contains legal conclusions to which no response is required.   To the extent a response is required, Cal-Maine denies the allegations therein.

501.    Cal-Maine denies the allegations in the first, second, and third sentences of paragraph 501.  The fourth and fifth sentences contain legal conclusions to which no response is required.  To the extent a response is required, Cal-Maine denies the allegations therein.

502.    The first and second sentences of paragraph 502 contain legal conclusions to which no response is required.   To the extent a response is required, Cal-Maine denies the allegations therein.   As for the third and fourth sentences, Plaintiffs' allegations are entirely speculative, and therefore Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein, and therefore denies them.  Cal-Maine further responds by noting that ever since they filed this lawsuit, Plaintiffs have continued demanding that Cal-Maine comply with the UEP Certified Program and continued buying only eggs produced under the UEP Certified Program, which obviously contradicts the allegations in this paragraph that the Plaintiffs supposedly never would have purchased eggs produced under the UEP Certified Program if only they had known of the supposed conspiracy.

503.    As for the first sentence of paragraph 503, Plaintiffs appear to be selectively quoting from—and attempting to characterize—an unidentified document.   If so, then this document speaks for itself.  Cal-Maine denies any remaining allegations, including without limitation Plaintiffs' characterization of the document.  Cal-Maine denies the allegations in the second sentence leading to the colon.  As for the allegations in subsections a-f, Cal-Maine denies all of these allegations to the extent that these are directed at Cal-Maine.  To the extent that the allegations in subsections a-f are directed at other defendants, Cal-Maine lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them. Cal-Maine denies any remaining allegations in paragraph 503.

504.    Cal-Maine denies the allegations of paragraph 504.

505.   Cal-Maine denies the allegations of paragraph 505.

506.   The allegations of paragraph 506 are legal conclusions to which a response is not required. To the extent a response is required, Cal-Maine denies the allegations of paragraph 506.

507.   Cal-Maine denies the allegations of paragraph 507.

508.   Cal-Maine denies the allegations of paragraph 508.

509.   Cal-Maine incorporates by reference its responses to the preceding paragraphs of the Complaint.

510.   Cal-Maine denies the allegations of paragraph 510.

511.   Cal-Maine denies the allegations of the introductory clause of paragraph 511.  As for subpart (a), Cal-Maine admits that egg prices, egg production, and flock sizes fluctuated wildly throughout the 1990s and 2000s, but Cal-Maine denies any other allegations in (a).  Cal-Maine denies the allegations in subparts (b)-(e) of paragraph 511.

512.   Cal-Maine denies the allegations of paragraph 512.

513.   Cal-Maine denies the allegations of paragraph 513.

514.   Cal-Maine denies any and all allegations contained in Plaintiffs' prayer for relief, denies that Plaintiffs are entitled to any relief, and requests that Plaintiffs take nothing in this suit and that this matter be dismissed with prejudice, with costs and fees awarded to Cal-Maine.

## DEFENDANT'S AFFIRMATIVE DEFENSES

1.   Plaintiffs fail, in whole or in part, to state a claim upon which relief could be granted.

2.   Plaintiffs' claims are barred, in whole or in part, by the Capper-Volstead Act, 7 U.S.C. §§ 291, 292.

3.      Plaintiffs' claims are barred, in whole or in part, by the Agricultural Cooperative Marketing Act, 7 U.S.C. § 455.

4.      Plaintiffs' claims are barred, in whole or in part, by Section 6 of the Clayton Act, 15 U.S.C. § 17.

5.      Plaintiffs' claims are barred, in whole or in part, by the Agricultural Marketing Act of 1929, 12 U.S.C. § 1141(a).

6.      Plaintiffs' claims are barred, in whole or in part, by 7 U.S.C. § 292's grant of exclusive or primary jurisdiction to the United States Secretary of Agriculture.

7.      If, for some technical reason, Defendants UEP and/or USEM were not exempt from Plaintiffs' claims under the foregoing immunities or any or all of the alleged acts and omissions of Defendants were not within the scope of the foregoing immunities, any such technical defects should be ignored as *de minimis*.

8.      If, for some technical reason, Defendants UEP and/or USEM were not exempt from Plaintiffs' claims under the foregoing immunities or any or all of the alleged acts and omissions of Defendants were not within the scope of the foregoing immunities, Cal-Maine mistakenly believed that those entities were exempt and acted within the scope of the foregoing immunities, and neither Plaintiffs' claims nor any antitrust injury were reasonably foreseeable by Cal-Maine.  At all relevant times, Cal-Maine acted in good faith and with intent to comply with the law.

9.      If, for some technical reason, Defendants UEP and/or USEM were not exempt from Plaintiffs' claims under the foregoing immunities or any or all of the alleged acts and omissions of Defendants were not within the scope of the foregoing immunities, any resulting damages should be equitably mitigated.

10.     Cal-Maine cannot be found liable for a violation of the antitrust laws due to the conduct of others that it neither knew about nor controlled.  Cal-Maine indisputably qualifies as a "farmer" or a "producer" under the foregoing immunities, and no Cal-Maine acts or omissions were outside the scope of those immunities.  Cal-Maine believed and understood that Defendants UEP and USEM had procedures in place to ensure that all their members similarly qualified and that none on their acts or omissions were outside the scope of these immunities.  Cal-Maine thus cannot be found liable for a violation of the antitrust laws.

11.     If, for any reason, any of the alleged acts and omissions of Defendants were unlawful under the antitrust laws and were outside the scope of any immunity, any resulting damages are limited to compensation for injuries that Plaintiffs can show to have resulted from that which made Defendants' conduct unlawful and to be separate from the effects of lawful concerted activity.

12.     To the extent that Plaintiffs seek to collect treble damages, attorneys' fees and expenses, and other monetary relief from Cal-Maine, they seek a recovery that is so grossly excessive and inequitable that it would violate the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

13.     Cal-Maine has engaged in no behavior that it knew to be, or could reasonably foresee would ever be found to be, improper of forbidden under the antitrust laws, and thus neither actual nor treble damages may be awarded against it.

14.     Plaintiffs cannot demonstrate that Defendants' conduct was outside the scope of the foregoing immunities or that Defendants' prices were unduly enhanced as a result of any or all of the alleged acts and omissions.  The United States Department of Agriculture ("USDA") was fully aware of the conduct relevant to Plaintiffs' claims, and it regularly monitors and

reports upon egg prices. However, the USDA never sought to object to, or to halt, any conduct by Defendants despite the fact that Section 2 of the Capper-Volstead Act, 7 U.S.C. § 292, provides that the Secretary of Agriculture "shall issue" an order directing agricultural associations "to cease and desist" conduct that causes the prices of agricultural products to be "unduly enhanced."

15.     Plaintiffs' claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine, the state action doctrine, and/or the doctrine of implied immunity; Plaintiffs' claims are further barred because the alleged conduct that is the subject of the Complaint was caused by, due, based upon, or in response from directives, laws, regulations, authorizations, policies and/or acts of governments and/or their agencies.

16.     Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations and/or laches.

17.     Plaintiffs' claims are barred, in whole or in part, by waiver, ratification, and/or estoppel.

18.     To the extent Plaintiffs claim that Defendants fraudulently concealed any actions, Plaintiffs have failed to allege this fraud with the particularity required by Federal Rule of Civil Procedure 9(b).

19.     Plaintiffs' claims are barred, in whole or in part, because Cal-Maine has acted in good faith.

20.     Plaintiffs' claims are barred, in whole or in part, because legitimate standard setting through cooperatives cannot give rise to antitrust liability.

21.     Plaintiffs' claims are barred, in whole or in part, because the claims are governed by the rule of reason, and Plaintiffs have not alleged and cannot prove the elements of a rule of reason claim.

22.     Plaintiffs' claims are barred, in whole or in part, because the pro-competitive benefits of the conduct alleged by Plaintiffs outweighs any alleged anti-competitive effects.

23.     Plaintiffs' claims are barred, in whole or in part, because they lack standing to bring some or all of their claims.

24.     Plaintiffs' claims are barred, in whole or in part, because they did not suffer antitrust injury.

25.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to allege relevant product and geographic markets.

26.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' claimed injuries and damages were not legally or proximately caused by any act or omission of Cal-Maine, or were caused, if at all, by the conduct of third parties, including, without limitation, the previous, intervening, or superseding conduct of such third parties.

27.     To the extent Plaintiffs have sustained damages, if any, they have failed to mitigate those damages and are therefore barred from recovering damages in whole or in part.

28.     Plaintiffs' damages claims are barred, in whole or in part, because they have suffered no damages or because the damages they seek are speculative and uncertain.

29.     Plaintiffs' claims are barred, in whole or in part, because of a failure to join necessary and/or indispensible parties.

30.     Plaintiffs' claims are barred, in whole or in part, because of the *Copperweld* doctrine.

31.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of *in pari delicto*, involvement, participation, equal involvement, complete involvement, and unclean hands.

32.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs were co-initiators, co-conspirators, or involved in creating, maintaining, supporting, relying on, implementing, or otherwise utilizing the conduct and programs challenged in this action.

33.     Cal-Maine adopts by reference any applicable defense pleaded by any other Defendant that is not otherwise expressly set forth in this Answer.

34.     In stating these affirmative defenses, Cal-Maine does not concede that it has the burden of proof on any of the aforementioned defenses and denials.

## COUNTERCLAIMS

Cal-Maine incorporates here by reference, as if set forth in full, its counterclaims against Plaintiffs Winn-Dixie Stores, Inc. and C&S Wholesale Grocers, Inc., which will be asserted in a separate document filed on February 4, 2014, as authorized by the Court via email from Mr. Parker Rider-Longmaid on January 31, 2014.  Cal-Maine incorporates each and every paragraph in that document as if fully set forth herein.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Cal-Maine Foods, Inc. denies that Plaintiffs are entitled to any relief whatsoever and respectfully requests: (a) that Plaintiffs take nothing by their action; (b) that this Court dismiss Plaintiffs' claims with prejudice; (c) that this Court assess costs and fees against Plaintiffs; and (d) that this Court award Cal-Maine Foods, Inc. such other and further relief to which it may be justly entitled.

Respectfully submitted,

/s/ Brian E. Robison

Veronica S. Lewis (*admitted pro hac vice*)
Texas Bar No. 24000092
Brian E. Robison (*admitted pro hac vice*)
Texas Bar No. 00794547
Gibson, Dunn & Crutcher LLP
2100 McKinney Avenue, Suite 1100
Dallas, Texas 75201-6912
Tel: (214) 698-3100
Fax: (214) 571-2900

Robin Nagele
Post & Schell, P.C.
Four Penn Center, 14th Floor
1600 John F. Kennedy Blvd.
Philadelphia, PA 19103
Telephone: (215) 587-1114
Facsimile: (215) 320-4702

***ATTORNEYS FOR DEFENDANT
CAL-MAINE FOODS, INC.***

**CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of January, 2014, a true and correct copy of the foregoing Answer and Defenses to Winn-Dixie Stores, Inc., Roundy's Supermarkets, Inc., C&S Wholesale Grocers, Inc., and H.J. Heinz Company, L.P.'s Third Amended Complaint and Counterclaims was filed using the CM/ECF system.  In addition, (1) the filing is available for viewing and downloading via the CM/ECF system, and (2) the CM/ECF system will send notification of this filing to all attorneys of record who have registered for CM/ECF updates.


/s/ Brian E. Robison
Brian E. Robison