IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE PROCESSED EGG PRODUCTS | § | MDL 2002 |
| ANTITRUST LITIGATION | § | 08-md-02002 |
| _____ | § | |
| | § | Jury Trial Demanded |
| THIS DOCUMENT RELATES TO: | § | |
| No. 11-cv-0510 | § | Honorable Gene Pratter |

**DEFENDANT NUCAL FOODS, INC.'S ANSWER AND DEFENSES TO THE
WINN-DIXIE STORES, INC., ROUNDY'S SUPERMARKETS, INC., C&S
WHOLESALE GROCERS, INC., AND H.J. HEINZ COMPANY, L.P. THIRD
AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendant NuCal Foods, Inc. ("NuCal" or "Defendant") files its answer and affirmative

defenses to the Third Amended Complaint ("Complaint") of Plaintiffs Winn-Dixie Stores, Inc.,

Roundy's Supermarkets, Inc., C&S Wholesale Grocers, Inc., and H.J. Heinz Company, L.P.,

(collectively "Plaintiffs") as follows:

**ANSWER**

In response to the Preamble, NuCal admits that Plaintiffs have filed suit against it and the

other Defendants but denies that NuCal is liable to Plaintiffs and denies that Plaintiffs are

entitled to any relief.

1.    NuCal denies the allegations of paragraph 1 in the Complaint.[1]

2.    With respect to the allegations in paragraph 2, NuCal admits that Plaintiffs

sometimes refer to "table eggs," "shell eggs," "egg products" and "breaking eggs" as defined in

paragraph 2, and that Plaintiffs have offered their definition of those terms.  NuCal denies any

remaining allegations in paragraph 2.

---

[1] All references to particular paragraphs hereinafter refer to those paragraphs in Plaintiffs' Third Amended
Complaint.

1

3.      NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3, and therefore denies them.

4.      NuCal denies the allegations in the first sentence in paragraph 4. With respect to the second sentence, NuCal admits that it competes with some of the Defendants at certain times and in certain regions and admits that there are different kinds of entities named as Defendants, but denies any remaining allegations. With respect to the third sentence, NuCal admits that United Egg Producers ("UEP") is an agricultural cooperative in the United States that had different membership numbers at different times, denies that UEP is a "trade organization," but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them. With respect to the fourth sentence, NuCal admits UEP consisted of member companies and that some members participated in UEP meetings and committees at various points in time, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them. NuCal denies the allegations in the fifth sentence in paragraph 4. NuCal denies any remaining allegations in paragraph 4.

5.      With respect to the first sentence in paragraph 5, NuCal admits the supply of eggs can affect the price of eggs, but denies the remaining allegations and characterizations. NuCal denies the allegations in the second and third sentences in paragraph 5. With respect to the last sentence in paragraph 5, to the extent the allegations purport to selectively quote from and/or characterize an unidentified document, that document speaks for itself and NuCal denies Plaintiffs' characterization of the document. NuCal denies any remaining allegations in the last sentence in paragraph 5.

6.      With respect to the first two sentences in paragraph 6, NuCal admits that historically egg production and prices have fluctuated over the years, but denies any remaining allegations. As for the last sentence in paragraph 6, to the extent the allegations purport to selectively quote from and/or characterize an unidentified document, that document speaks for itself and NuCal denies Plaintiffs' characterization of the document. NuCal denies any remaining allegations in the last sentence in paragraph 6.

7.      With respect to the first sentence in paragraph 7, NuCal admits that Don Bell is a poultry specialist, but NuCal denies that Don Bell could be characterized as its, or the Defendants', economist, and denies any remaining allegations. With respect to the second sentence in paragraph 7, to the extent the allegations purport to selectively quote from and/or characterize an unidentified document, that document speaks for itself and NuCal denies Plaintiffs' characterization of the document. NuCal denies any remaining allegations in the second sentence in paragraph 7. NuCal denies the allegations in the last sentence in paragraph 7.

8.      With respect to paragraph 8, to the extent the allegations purport to selectively quote from and/or characterize an unidentified document, that document speaks for itself and NuCal denies Plaintiffs' characterization of the document. NuCal denies any remaining allegations in paragraph 8, including its subparts.

9.      NuCal denies the allegations in paragraph 9.

10.     With respect to paragraph 10, to the extent the allegations purport to selectively quote from and/or characterize an unidentified document, that document speaks for itself and NuCal denies Plaintiffs' characterization of the document. NuCal denies any remaining allegations in paragraph 10.

11.     With respect to paragraph 11, to the extent the allegations purport to selectively quote from and/or characterize an unidentified document, that document speaks for itself and NuCal denies Plaintiffs' characterization of the document. NuCal denies any remaining allegations in paragraph 11.

12.     With respect to paragraph 12, to the extent the allegations purport to selectively quote from and/or characterize an unidentified document, that document speaks for itself and NuCal denies Plaintiffs' characterization of the document. NuCal denies any remaining allegations in paragraph 12.

13.     With respect to paragraph 13, to the extent the allegations purport to selectively quote from and/or characterize an unidentified document, that document speaks for itself and NuCal denies Plaintiffs' characterization of the document. NuCal denies any remaining allegations in paragraph 13.

14.     With respect to paragraph 14, to the extent the allegations purport to selectively quote from and/or characterize an unidentified document, that document speaks for itself and NuCal denies Plaintiffs' characterization of the document. NuCal denies any remaining allegations in paragraph 14.

15.     With respect to paragraph 15, to the extent the allegations purport to selectively quote from and/or characterize an unidentified document, that document speaks for itself and NuCal denies Plaintiffs' characterization of the document. NuCal denies any remaining allegations in paragraph 15.

16.     With respect to paragraph 16, to the extent the allegations purport to selectively quote from and/or characterize an unidentified document, that document speaks for itself and

NuCal denies Plaintiffs' characterization of the document.   NuCal denies any remaining allegations in paragraph 16.

17.    With respect to paragraph 17, to the extent the allegations purport to selectively quote from and/or characterize an unidentified document, that document speaks for itself and NuCal denies Plaintiffs' characterization of the document.   NuCal denies any remaining allegations in paragraph 17, including its subparts.

18.    With respect to paragraph 18, to the extent the allegations purport to selectively quote from and/or characterize an unidentified document, that document speaks for itself and NuCal denies Plaintiffs' characterization of the document.   NuCal denies any remaining allegations in paragraph 18.

19.    NuCal denies the allegations in the first sentence of paragraph 19.  With respect to the second sentence of paragraph 19, to the extent the allegations purport to selectively quote from and/or characterize an unidentified document, that document speaks for itself and NuCal denies Plaintiffs' characterization of the document.   NuCal denies any remaining allegations in paragraph 19.

20.    NuCal denies the allegations in paragraph 20.

21.    NuCal denies the allegations in paragraph 21, including the allegations in subparts (a) through (i).

22.    With respect to the first sentence in paragraph 22, NuCal admits Plaintiffs purport to bring this action under federal law, but denies Plaintiffs were injured or are entitled to any relief.  The allegations in the second sentence in paragraph 22 state a purported legal conclusion to which no response is required.    To the extent a response is required, NuCal denies the

allegations in the second sentence in paragraph 22. NuCal denies any remaining allegations in paragraph 22.

23. With respect to paragraph 23, NuCal admits that it is a federated agricultural cooperative that promotes and sells shell eggs in interstate commerce, and that its activities affect interstate commerce. NuCal further admits that UEP and United States Egg Marketers, Inc. ("USEM") are Capper-Volstead Agricultural Cooperatives, not "trade groups," and that United Egg Association ("UEA") is a trade association. NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 about other Defendants' activities and therefore denies them. NuCal denies any remaining allegations in paragraph 23.

24. Paragraph 24 contains a purported legal conclusion about venue to which no response is required. To the extent a response is required, NuCal admits that it has transacted business in this district at certain times. NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 about other Defendants' activities and therefore denies them. NuCal denies any remaining allegations in paragraph 24.

25. Paragraph 25 contains a purported legal conclusion about jurisdiction to which no response is required. To the extent a response is required, NuCal admits that it has transacted business in, sold and distributed shell eggs in, and had contacts with certain states. NuCal further admits it has occasionally purchased shell eggs in Pennsylvania, but denies it has sold or distributed shell eggs in there. NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 about other Defendants and therefore denies them. NuCal denies any remaining allegations in paragraph 25.

26.     NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 26 and therefore denies them.  With respect to the second sentence, NuCal admits that C&S Wholesale Grocers purchased shell eggs from one or more Defendants, but NuCal lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.

27.     NuCal denies Winn-Dixie directly purchased eggs from it, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 and therefore denies them.

28.     NuCal denies Roundy's directly purchased eggs from it, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 and therefore denies them.

29.     NuCal denies Heinz directly purchased eggs from it, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 and therefore denies them.

30.     NuCal denies the allegations in paragraph 30.

31.     NuCal admits Plaintiffs purport to assert overly broad allegations against all "Defendants," "co-conspirators," or "UEP members" by improperly grouping them together. NuCal denies that this is a proper pleading tactic.     NuCal denies any remaining allegations in paragraph 31.

32.     Paragraph 32 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 and therefore denies them.

33.     Paragraph 33 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 and therefore denies them.

34.     Paragraph 34 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 and therefore denies them.

35.     Paragraph 35 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 and therefore denies them.

36.     Paragraph 36 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 and therefore denies them.

37.     Paragraph 37 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and therefore denies them.

38.     Paragraph 38 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and therefore denies them.

39.     Paragraph 39 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  With respect to the first and second sentences of paragraph 39, NuCal admits that Michael Foods has been a member of UEP, and that its employees have served in executive positions and/or on committees of UEP, but NuCal denies the remaining

allegations.  With respect to the third sentence of paragraph 39, NuCal admits that Michael Foods employees have attended UEP meetings, but NuCal denies the remaining allegations.

40.     Paragraph 40 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  NuCal denies the allegations of paragraph 40.

41.     Paragraph 41 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 and therefore denies them.

42.     Paragraph 42 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore denies them.

43.     Paragraph 43 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 and therefore denies them.

44.     Paragraph 44 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 and therefore denies them.

45.     Paragraph 45 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  With respect to the first and second sentences of paragraph 45, NuCal admits that Rose Acre has been a member of UEP and UEA at certain times, and that Rose Acre's employees have served in executive positions and/or on committees of UEP and

UEA, but NuCal lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.  With respect to the third sentence of paragraph 45, NuCal admits that Rose Acre employees have attended UEP meetings, but NuCal denies the remaining allegations.

46.     Paragraph 46 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  NuCal denies the allegations in paragraph 46.

47.     Paragraph 47 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 and therefore denies them.

48.     Paragraph 48 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 and therefore denies them.

49.     Paragraph 49 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 and therefore denies them.

50.     Paragraph 50 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  With respect to the first and second sentences of Paragraph 50, NuCal admits that NFC has been a member of UEP at certain times, and that its employees have served in executive positions and/or on committees of UEP, but NuCal lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.  With respect to the third sentence of Paragraph 50, NuCal admits that NFC employees have attended UEP meetings, but NuCal denies the remaining allegations.

51.     Paragraph 51 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  NuCal denies the allegations in paragraph 51.

52.     Paragraph 52 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 and therefore denies them.

53.     Paragraph 53 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 and therefore denies them.

54.     Paragraph 54 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 and therefore denies them.

55.     Paragraph 55 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 and therefore denies them.

56.     Paragraph 56 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  With respect to the first, second and third sentences of paragraph 56, NuCal admits Cal-Maine was a member of UEP at certain times, and that Cal-Maine employees have served in executive positions or on committees of UEP, but NuCal lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.  With respect to the fourth sentence of paragraph 56, NuCal admits that Cal-Maine employees have attended UEP meetings, but NuCal denies the remaining allegations.

57.     Paragraph 57 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  NuCal denies the allegations in paragraph 57.

58.     Paragraph 58 is directed toward different defendants.  To the extent a response is required, NuCal answers as follows:  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 and therefore denies them.

59.     Paragraph 59 is directed toward different defendants.  To the extent a response is required, NuCal answers as follows:  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 and therefore denies them.

60.     Paragraph 60 is directed toward different defendants.  To the extent a response is required, NuCal answers as follows:  With respect to the first sentence in paragraph 60, NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.  With respect to parts (a)-(c) of paragraph 60, NuCal admits Plaintiffs are attempting to characterize the various documents referenced.   The documents speak for themselves, and NuCal denies Plaintiffs' characterization.

61.     Paragraph 61 is directed toward different defendants.  To the extent a response is required, NuCal answers as follows:  NuCal admits Plaintiffs are selectively quoting from, purporting to paraphrase, and attempting to characterize the various documents.  The documents speak for themselves, and NuCal denies the allegations, including without limitation Plaintiffs' characterization.

62.     Paragraph 62 is directed toward different defendants.  To the extent a response is required, NuCal answers as follows:  With respect the first sentence of paragraph 62, NuCal admits that Plaintiffs are purporting to paraphrase—and attempting to characterize—the referenced agreement.   The document speaks for itself, and NuCal denies Plaintiffs'

characterization.  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 62 and therefore denies them.

63.     Paragraph 63 is directed toward different defendants.  To the extent a response is required, NuCal answers as follows:  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 and therefore denies them.

64.     Paragraph 64 is directed toward different defendants.  To the extent a response is required, NuCal answers as follows:  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 and therefore denies them.

65.     Paragraph 65 is directed toward different defendants.  To the extent a response is required, NuCal answers as follows:  With respect to the first three sentences of paragraph 65, NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.  With respect to parts (a)-(c) of paragraph 65, NuCal admits Plaintiffs are selectively quoting from, purporting to paraphrase, and attempting to characterize the referenced documents.  The documents speaks for themselves, and NuCal denies Plaintiffs' characterization.

66.     Paragraph 66 is directed toward different defendants.  To the extent a response is required, NuCal answers as follows:  NuCal admits Plaintiffs are purporting to paraphrase—and attempting to characterize—the referenced document.  The document speaks for itself, and NuCal denies Plaintiffs' characterization.  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 66 and therefore denies them.

67.     Paragraph 67 is directed toward different defendants.  To the extent a response is required, NuCal answers as follows:  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 and therefore denies them.

68.     With respect to the first and second and fourth sentences in paragraph 68, NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.  NuCal denies the remaining allegations in paragraph 68.

69.

70.     Paragraph 69 is directed toward other defendants.  To the extent a response is required, NuCal answers as follows:  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.  NuCal denies the remaining allegations in paragraph 69.Paragraph 70 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  With respect to the first sentence, NuCal admits Plaintiffs are selectively quoting—and attempting to characterize—the referenced website.  The website speaks for itself, and NuCal denies Plaintiffs' characterization.  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 70 and therefore denies them.

71.     Paragraph 71 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 and therefore denies them.

72.     Paragraph 72 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  With respect to the first two sentences of paragraph 72, NuCal admits Plaintiffs are selectively quoting from—and attempting to characterize—the referenced documents.  The documents speaks for themselves and NuCal denies Plaintiffs'

characterization.  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 72 and therefore denies them.

73.     Paragraph 73 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 and therefore denies them.

74.     Paragraph 74 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  NuCal admits that Gary Bethel at times attended UEP board of directors meetings and served on various UEP committees.  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second to last sentence of paragraph 74 and therefore denies them.  NuCal denies the remaining allegations in paragraph 74.

75.     Paragraph 75 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75, including its subparts, and therefore denies them.

76.     Paragraph 76 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76, including its subparts, and therefore denies them.

77.     Paragraph 77 is directed toward another defendant.  To the extent a response is required, NuCal answers as follows:  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77, including its subparts, and therefore denies them.

78.     Paragraph 78 is directed toward another defendant.  To the extent a response is required, NuCal answers as follows:  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78, including its subparts, and therefore denies them.

79.     Paragraph 79 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79, including its subparts, and therefore denies them.

80.     Paragraph 80 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 and therefore denies them.

81.     Paragraph 81 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  NuCal admits that Daybreak has been a member of UEP at certain times, and that Daybreak employees have served as executives and/or on committees of UEP, but NuCal lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 81 and therefore denies them.

82.     Paragraph 82 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  NuCal denies the allegations in paragraph 82.

83.     Paragraph 83 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 and therefore denies them.

84.     Paragraph 84 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  With respect to the first two sentences of Paragraph 84

16

NuCal admits that Midwest Poultry has been a member of UEP at certain times, and that Midwest Poultry employees have served as executives and/or on committees of UEP, but NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.  With respect to the third sentence, NuCal admits that Midwest Poultry employees have attended UEP meetings, but denies the remaining allegations.

85.     Paragraph 85 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  NuCal denies the allegations in paragraph 85.

86.     NuCal admits it is a cooperative association organized and existing under the laws of the State of California, with its principal place of business in Ripon, California.  NuCal Foods admits it sold eggs to purchasers in the United States.  NuCal denies the remaining allegations in paragraph 86.

87.     NuCal admits it is an agricultural marketing cooperative incorporated in California.  NuCal denies the remaining allegations in paragraph 87.

88.     NuCal admits it is an agricultural marketing cooperative, and that it is one of the largest distributors of shell eggs in the Western United States.  NuCal denies the remaining allegations in paragraph 88.

89.     NuCal admits its products have included Becky, Cal Egg, California Finest, Clover Stornetta Farms, Crack A Smile Omega 3 & Lutein, Egg-Land's Best, Lucerne (Safeway), Nulaid (white), supermarket private label eggs, and Santa Rosa.   NuCal denies the remaining allegations in paragraph 89.

90.     NuCal admits it is a UEP member, and that representatives of NuCal served on the following UEP Committees in 2008:  Shell Egg Price Discovery Committee, Shell Egg Marketing Committee, and Quality Assurance Food Safety Committee.  NuCal admits that a

NuCal representative served on the United States Egg Marketers Export Committee in 2008 and that a NuCal representative served as Vice Chairman of United States Egg Marketers' Export Committee in 2008.  NuCal denies the remaining allegations in paragraph 90.

91.    NuCal denies the allegations in paragraph 91.

92.    Paragraph 92 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 and therefore denies them.

93.    Paragraph 93 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 and therefore denies them.

94.    Paragraph 94 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  With respect to the first two sentences of paragraph 94, NuCal admits that Sauder has been a member of UEP at certain times, and that Sauder employees have served as executives and/or on committees of UEP, but NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.  With respect to the third sentence, NuCal admits that Sauder employees have attended UEP meetings, but denies the remaining allegations.

95.    Paragraph 95 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  NuCal denies the allegations in paragraph 95.

96.    Paragraph 96 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96 and therefore denies them.

97.     Paragraph 97 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  With respect to the first sentence of Paragraph 97, NuCal admits that Sparboe has been a member of UEP at certain times, and that Sparboe employees have served as executives and/or on committees of UEP.  With respect to the second sentence, NuCal admits that Sparboe employees have attended UEP meetings, but denies the remaining allegations.

98.     Paragraph 98 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  NuCal denies the allegations in paragraph 98.

99.     Paragraph 99 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  NuCal admits that UEP is a Capper-Volstead Agriculture Cooperative corporation organized and existing under the laws of the State of Georgia, with its principal place of business in Alpharetta, Georgia.  NuCal denies any remaining allegations in paragraph 99.

100.     Paragraph 100 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  NuCal admits that UEA is a non-profit corporation organized and existing under the laws of the District of Columbia, with its principal place of business in Alpharetta, Georgia.  NuCal denies any remaining allegations in paragraph 100.

101.     Paragraph 101 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  NuCal admits that USEM is a Capper-Volstead Agriculture Cooperative organized and existing under the laws of the State of Georgia, with its principal place of business in Alpharetta, Georgia.  NuCal denies any remaining allegations in paragraph 101.

102.     NuCal denies the allegations in paragraph 102.

19

103.     NuCal denies the allegations in paragraph 103.

104.     NuCal denies the allegations in paragraph 104.

105.     Paragraph 105 contains a statement of Plaintiffs' pleading tactics and does not require a response.  To the extent a response is required, NuCal admits that Plaintiffs purport to assert averments as described in paragraph 105, but denies that any such broad brush averments against unidentified non-parties are appropriate, denies that any alleged co-conspirators exist, and denies any remaining allegations in paragraph 105.

106.     NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 106, footnote 3.  This document speaks for itself, and NuCal denies Plaintiffs' characterization of the document.   NuCal denies any remaining allegations in paragraph 106.

107.     With respect to the first three sentences in paragraph 107, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 107, footnote 4.  This document speaks for itself, and NuCal denies Plaintiffs' characterization of the document.  With respect to the fourth sentence in paragraph 107, NuCal admits that some egg farmers produce eggs that eventually are used to make egg products.  NuCal denies any remaining allegations in paragraph 107.

108.     NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108 and therefore denies them.

109.     With respect to the first sentence in paragraph 109, NuCal admits that egg products consist of shell eggs that have been removed from their shells and processed into dried, frozen or liquid forms, but denies any remaining allegations.  NuCal admits that the allegations in the second and third sentences in paragraph 109 set forth Plaintiffs' description of egg

processing and the purchasers of egg products. NuCal denies any remaining allegations in paragraph 109.

110. NuCal admits that the allegations in paragraph 110 provide Plaintiffs' description of the process of producing liquid egg products, frozen egg products, dried egg products and egg whites. NuCal denies any remaining allegations in paragraph 110.

111. NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111 and therefore denies them.

112. NuCal admits that the distribution of shell eggs can affect interstate trade and commerce, but it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 112 and therefore denies them.

113. NuCal admits that Plaintiffs are selectively summarizing—and attempting to characterize—the publication referenced in paragraph 113, footnote 5. This document speaks for itself, and NuCal denies Plaintiffs' characterization of the document. NuCal denies any remaining allegations in paragraph 113.

114. To the extent the allegations in paragraph 114 are purported legal conclusions, no response is required and they are deemed denied. To the extent a response is required, NuCal denies these allegations. NuCal denies the remaining allegations in paragraph 114.

115. NuCal admits Plaintiffs are attempting to characterize the publication referenced in paragraph 115, footnote 6. This document speaks for itself. NuCal denies any remaining allegations in paragraph 115, including without limitation Plaintiffs' characterization of the publication.

116. NuCal admits Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 116, footnote 7. This document speaks for

itself, and NuCal denies Plaintiffs' characterization of the document.   NuCal denies any remaining allegations in paragraph 116.

117.   NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations about integrated operations generally in the first sentence in paragraph 117 and therefore denies them.  With respect to the allegations in the second, third, and fourth sentences in paragraph 117, NuCal admits that Plaintiffs are selectively summarizing—and attempting to characterize—the publication referenced in paragraph 117, footnote 8.  NuCal denies Plaintiffs' characterization of this document, which speaks for itself.   NuCal denies any remaining allegations in paragraph 117.

118.   NuCal admits that Plaintiffs are selectively summarizing—and attempting to characterize—the publication referenced in paragraph 118, footnote 9.  NuCal denies Plaintiffs' characterization of this document, which speaks for itself.   NuCal denies any remaining allegations in paragraph 118.

119.   NuCal admits that Plaintiffs are selectively summarizing—and attempting to characterize—the publication referenced in paragraph 119, footnote 10.  NuCal denies Plaintiffs' characterization of this document, which speaks for itself.   NuCal denies any remaining allegations in paragraph 119.

120.   NuCal denies that the allegations made in the first sentence in paragraph 120 are contained in the publication referenced in paragraph 120, footnote 11.  With respect to the allegations in the second and third sentences in paragraph 120, NuCal admits that Plaintiffs are selectively summarizing—and attempting to characterize—the publication referenced in paragraph 120, footnote 11.  NuCal denies Plaintiffs' characterization of this document, which speaks for itself.  NuCal denies any remaining allegations in paragraph 120.

121.    NuCal admits that Plaintiffs are selectively summarizing—and attempting to characterize—the publication referenced in paragraph 121, footnote 12.  NuCal denies Plaintiffs' characterization of this document, which speaks for itself.   NuCal denies any remaining allegations in paragraph 121.

122.    With respect to the first three sentences in paragraph 122, NuCal admits that Plaintiffs are attempting to characterize the publication referenced in paragraph 122, footnote 13. This document speaks for itself.  NuCal denies the fourth sentence in paragraph 123.  NuCal denies any remaining allegations in paragraph 122, including without limitation Plaintiffs' characterization of the publication.

123.    NuCal admits that the allegations in paragraph 123 set forth Plaintiffs' description of the natural molting process and some possible ways that a producer might induce molting. NuCal denies any remaining allegations in paragraph 123.

124.    NuCal admits that the allegations in paragraph 124 set forth Plaintiffs' description of the relationship between molting and shell egg production.  NuCal denies any remaining allegations in paragraph 124.

125.    NuCal admits that the allegations in paragraph 125 set forth Plaintiffs' description of spent hens and one possible description of operations at a chicken farm.  NuCal denies any remaining allegations in paragraph 125.

126.    NuCal admits that Plaintiffs are attempting to characterize the publication referenced in paragraph 126, footnote 14.   NuCal denies Plaintiffs' characterization of this document, which speaks for itself.  NuCal denies any remaining allegations in paragraph 126.

127.     NuCal admits that the allegations in paragraph 127 set forth Plaintiffs' description of certain operations at a chicken egg farm.   NuCal denies any remaining allegations in paragraph 127.

128.     NuCal admits that the allegations in the first sentence in paragraph 128 set forth Plaintiffs' description of certain operations at a chicken egg farm.  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence in paragraph 128 and therefore denies them.   NuCal denies any remaining allegations in paragraph 129.

129.     NuCal admits that Plaintiffs are attempting to characterize the publication referenced in paragraph 129, footnote 15.   NuCal denies Plaintiffs' characterization of this document, which speaks for itself.  NuCal denies any remaining allegations in paragraph 129.

130.     With respect to paragraph 130, NuCal lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

131.     NuCal admits that the allegations in paragraph 131 set forth Plaintiffs' description of USDA Organic eggs.  NuCal denies any remaining allegations in paragraph 131.

132.     NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in paragraph 132 and therefore denies them.  With respect to the second sentence in paragraph 132, NuCal admits that "free-range" hens may have access to the outdoors.  NuCal denies any remaining allegations in paragraph 132.

133.     With respect to paragraph 133, NuCal admits that Plaintiffs have defined organic, free-range, and cage-free eggs as "specialty eggs," and that Plaintiffs have excluded these eggs from their lawsuit.  NuCal denies any remaining allegations in paragraph 133.

134.    NuCal denies the allegation in the first sentence in paragraph 134.  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 134 and therefore denies them.

135.    NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135 and therefore denies them.

136.    NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136 and therefore denies them.

137.    With respect to paragraph 137, to the extent the allegations purport to selectively quote from and/or characterize a document, that document speaks for itself.  NuCal denies any remaining allegations in paragraph 137, including without limitation Plaintiffs' characterization of the document.

138.    NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138 and therefore denies them.

139.    NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139 and therefore denies them.

140.    NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first three sentences in paragraph 140 and therefore denies them.  NuCal denies the allegations in the fourth sentence in paragraph 140.  With respect to the fifth and sixth sentences in paragraph 140, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publications referenced in these sentences.  These documents speak for themselves.  NuCal denies any remaining allegations in paragraph 140, including without limitation Plaintiffs' characterization of the publications.

141.    NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141 and therefore denies them.

142.    With respect to paragraph 142, NuCal admits that most U.S. table eggs are sold to domestic purchasers, but it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 142 and therefore denies them.

143.    NuCal admits Plaintiffs are attempting to characterize the publication referenced in paragraph 143, footnote 16.  This document speaks for itself, and NuCal denies Plaintiffs' characterization of the document.  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 143 and therefore denies them.

144.    With respect to the first and second sentences in paragraph 144, NuCal admits that Plaintiffs are attempting to characterize the publication referenced in paragraph 144, footnote 17.  NuCal denies Plaintiffs' characterization of this document, which speaks for itself.  NuCal denies the allegations in the third sentence in paragraph 144.   With respect to the fourth and fifth sentences in paragraph 145, NuCal admits that Plaintiffs are selectively quoting from— and attempting to characterize—the publication referenced in paragraph 144, footnote 18.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 144, including without limitation Plaintiffs' characterization of the documents.

145.    NuCal denies the allegations in the first sentence of paragraph 145.  With respect to the second sentence in paragraph 145, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 145, footnote 19.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 145, including without limitation Plaintiffs' characterization of the publication.

146.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 146, footnote 20.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 146, including without limitation Plaintiffs' characterization of the publication.

147.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 147, footnote 21.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 147, including without limitation Plaintiffs' characterization of the publication.

148.    NuCal denies the allegations in paragraph 148, including without limitation Plaintiffs' characterization of the publication cited in footnote 22.

149.    NuCal denies the allegations in paragraph 149.

150.    NuCal denies the allegations in paragraph 150.

151.    NuCal denies the allegations in the first sentence in paragraph 151.  With respect to the second sentence in paragraph 151, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 151, footnote 23.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 151, including without limitation Plaintiffs' characterization of the publication.

152.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 152, footnote 24.  This document speaks for itself.  NuCal denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

153.    NuCal denies the allegations in paragraph 153.

154.    NuCal admits that Plaintiffs are selectively summarizing—and attempting to characterize—the publication referenced in paragraph 154, footnote 25.  This document speaks for itself, and NuCal denies Plaintiffs' characterization of the document.  NuCal denies any remaining allegations in paragraph 154.

155.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 155, footnote 26.  This document speaks for itself.  NuCal denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

156.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 156.  This document speaks for itself. NuCal denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

157.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 157, footnote 27.  This document speaks for itself.  NuCal denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

158.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 158, footnote 28.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 158.

159.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 159, footnote 29.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 159, including without limitation Plaintiffs' characterization of the publication.

160.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 160, footnote 30.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 160, including without limitation Plaintiffs' characterization of the publication.

161.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the transcript referenced in paragraph 161, footnote 31.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 161, including without limitation Plaintiffs' characterization of the publication.

162.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 162, footnote 32.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 162, including without limitation Plaintiffs' characterization of the publication.

163.    Paragraph 163 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:   NuCal admits that Plaintiffs are attempting to characterize the document referenced in paragraph 163, footnote 33.  The document speaks for itself.  NuCal denies any remaining allegations in paragraph 163, including without limitation Plaintiffs' characterization of the document..

164.    Paragraph 164 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:   NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 164, footnote 35.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 166, including without limitation Plaintiffs' characterization of the document.

165.     Paragraph 165 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  NuCal admits that UEP originally consisted of five regional cooperatives and that, in 1998, UEP amended its charter, changing the organization to individual producer members.  NuCal denies any remaining allegations.

166.     NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 166.  This document speaks for itself, and NuCal denies Plaintiffs' characterization of the document.   NuCal denies any remaining allegations in paragraph 166.

167.     Paragraph 167 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  NuCal admits that UEP's *United Voices* newsletter is available to UEP members, certain university representatives, certain domestic and international governmental entities, and trade press.  NuCal denies any remaining allegations in paragraph 167.

168.     Paragraph 168 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—UEP's website referenced in paragraph 168, footnotes 36-40.  NuCal denies any remaining allegations in paragraph 168, including its subparts, and including Plaintiffs' characterization of the website.

169.     Paragraph 169 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the website referenced in paragraph 169, footnotes 41 and 42.  This website speaks for itself.  NuCal denies any remaining allegations in paragraph 169, including without limitation Plaintiffs' characterization of the website.

170.    Paragraph 170 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  NuCal admits that UEA is a non-profit corporation organized and existing under the laws of the District of Columbia, and that UEA is comprised of three divisions:  UEA Further Processor Division, UEA Allied Industry Division, and UEA Producer/Packer Division.  To the extent the remaining allegations in paragraph 170 purport to characterize information posted on UEP's website and contained in UEA's tax return, NuCal denies Plaintiffs' characterization of those documents, which are writings that speak for themselves.  NuCal denies the remaining allegations in paragraph 170, including its subparts.

171.    Paragraph 171 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  NuCal admits that USEM is a Capper-Volstead Agriculture Cooperative organized and existing under the laws of the State of Georgia, and that USEM negotiates shell egg export sales.  NuCal further admits that Plaintiffs are selectively quoting from—and attempting to characterize—the document referenced in paragraph 171, footnote 44, but NuCal denies Plaintiffs' characterization of this document, which speaks for itself.  NuCal denies any remaining allegations in paragraph 171.

172.    Paragraph 172 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 172 and therefore denies them.

173.    Paragraph 173 is directed toward different defendants.  To the extent a response is required, NuCal answers as follows:  NuCal admits the allegations in paragraph 173.

174.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 174, footnote 45.  This document speaks

for itself.  NuCal denies any remaining allegations in paragraph 174, including without limitation Plaintiffs' characterization of the publication.

175.    With respect to paragraph 175, NuCal admits that Don Bell is a poultry specialist, but denies that he is a research economist.  NuCal further admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 175, footnote 46.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 177, including without limitation Plaintiffs' characterization of the publication.

176.    NuCal admits that UEP was created as a Capper-Volstead Agriculture Cooperative comprised of five regional marketing cooperatives.  NuCal further admits that in 1998, UEP amended its charter so that the regional cooperative members would be direct members of UEP.  NuCal denies the remaining allegations in paragraph 176.

177.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 177.  This document speaks for itself. NuCal denies any remaining allegations in paragraph 177, including without limitation Plaintiffs' characterization of the publication.

178.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 178.  This document speaks for itself. NuCal denies any remaining allegations in paragraph 17, including without limitation Plaintiffs' characterization of the publication.

179.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 179, footnote 47.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 179, including without limitation Plaintiffs' characterization of the publication.

180.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 180, footnote 48.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 180, including without limitation Plaintiffs' characterization of the publication.

181.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 181, footnote 49.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 181, including without limitation Plaintiffs' characterization of the publication.

182.    NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 182 and therefore denies them.

183.    NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first three sentences in paragraph 183 and therefore denies them.  NuCal denies the remaining allegations in paragraph 183.

184.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the document referenced in paragraph 184.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 184, including without limitation Plaintiffs' characterization of the document.

185.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the document referenced in paragraph 185.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 185, including its subparts, and including without limitation Plaintiffs' characterization of the document.

186.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 186, footnote 50.  This document speaks

for itself.  NuCal denies any remaining allegations in paragraph 186, including without limitation Plaintiffs' characterization of the publication.

187.    NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in paragraph 187 and therefore denies them.  With respect to the second sentence in paragraph 187, NuCal denies that the quoted material appears in the publication referenced in paragraph 188, footnote 51.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 189, including without limitation Plaintiffs' characterization of the document.

188.    With respect to paragraph 188, to the extent the allegations purport to selectively quote from and/or characterize an unidentified document, that document speaks for itself.  NuCal denies any remaining allegations in paragraph 188, including without limitation Plaintiffs' characterization of the document.

189.    With respect to paragraph 189, to the extent the allegations purport to selectively quote from and/or characterize an unidentified document, that document speaks for itself and NuCal denies Plaintiffs' characterization of the document.   NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 189 and therefore denies them.

190.    NuCal admits that Plaintiffs are selectively summarizing—and attempting to characterize—the meeting minutes referenced in paragraph 190.  This document speaks for itself.  NuCal denies that either Mark Oldenkamp or Gary West attended this meeting as representatives of NuCal.   NuCal denies any remaining allegations in paragraph 190, including without limitation Plaintiffs' characterization of the minutes.

191.     With respect to paragraph 191, NuCal denies that the quoted material appears in the meeting minutes referenced in paragraph 191.  This document speaks for itself.  NuCal denies the remaining allegations in paragraph 191, including without limitation Plaintiffs' characterization of the meeting and the meeting minutes.

192.     NuCal admits that Dolph Baker was President of Cal-Maine Foods, Inc., in 2002, but denies that Arnie Riebli attended this meeting as a representative of NuCal.  With respect to the second sentence in paragraph 192, NuCal denies that the quoted language appears in the publication referenced in paragraph 192, footnote 52.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 192, including without limitation Plaintiffs' characterization of the document and Mr. Riebli's state of mind.

193.     NuCal denies the allegations in paragraph 193.

194.     NuCal denies the allegations in paragraph 194.

195.     NuCal denies the allegations in paragraph 195.

196.     NuCal denies the allegations in paragraph 196.

197.     NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publications referenced in paragraph 197, footnotes 53 to 55.   These documents speak for themselves.  NuCal denies any remaining allegations in paragraph 197, including without limitation Plaintiffs' characterization of the documents.

198.     NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 198 and therefore denies them.

199.     NuCal denies the allegations in paragraph 199.

200.     With respect to the first sentence in paragraph 200, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in

paragraph 200, footnote 56.  This document speaks for itself.  With respect to the second sentence in paragraph 201, NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.  NuCal denies any remaining allegations in paragraph 200, including without limitation Plaintiffs' characterization of the publication.

201.    NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 201 and therefore denies them.

202.    Paragraph 202 is directed toward different defendants.  To the extent a response is required, NuCal answers as follows:  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 202 and therefore denies them.

203.    NuCal denies the allegations in paragraph 203.

204.    With respect to the first sentence in paragraph 204, to the extent the allegations purport to selectively quote from and/or characterize unidentified documents, those documents speak for themselves.  NuCal denies any remaining allegations in paragraph 204, including without limitation Plaintiffs' characterization of the documents.

205.    NuCal denies the allegations in paragraph 205.

206.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 206.  This document speaks for itself. NuCal denies any remaining allegations in paragraph 206, including without limitation Plaintiffs' characterization of the publication.

207.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 207, footnote 57.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 207, including without limitation Plaintiffs' characterization of the document.

208.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 208, footnote 58.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 208, including without limitation Plaintiffs' characterization of the publication.

209.    NuCal denies the allegations in paragraph 209.

210.    NuCal denies the allegations in paragraph 210.

211.    With respect to the first sentence in paragraph 211, NuCal admits that UEP's Annual Board Meeting was held on or around October 10-11, 2002 in Savannah, Georgia, and that at that meeting, a motion passed that required producers who voluntarily choose to participate in the UEP animal welfare program to comply with UEP's animal welfare guidelines at all of the producer's production facilities.  With respect to the second sentence in paragraph 211, NuCal admits that the minutes from that meeting state that the individuals identified in this sentence were present at that meeting, but denies that Mark Oldenkamp, Gary West and Ernie Gemperle attended these meetings as NuCal representatives.  NuCal denies the remaining allegations in paragraph 211.

212.    With respect to paragraph 212, to the extent the allegations purport to selectively quote from and/or characterize an unidentified document, that document speaks for itself and NuCal denies Plaintiffs' characterization of the document.  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 212 and therefore denies them.

213.    NuCal denies the allegations in paragraph 213.

214.    NuCal denies the allegations in paragraph 214.

215.    Paragraph 215 is directed toward different defendants.  To the extent a response is required, NuCal answers as follows:  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 215 and therefore denies them.

216.    Paragraph 216 is directed toward different defendants.  To the extent a response is required, NuCal answers as follows:  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 216 and therefore denies them.

217.    Paragraph 217 is directed toward different defendants.  To the extent a response is required, NuCal answers as follows:  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 217 and therefore denies them.

218.    Paragraph 218 is directed toward different defendants.  To the extent a response is required, NuCal answers as follows:  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 218 and therefore denies them.

219.    Paragraph 219 is directed toward different defendants.  To the extent a response is required, NuCal answers as follows:  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 219 and therefore denies them.

220.    With respect to paragraph 220, NuCal denies that Mark Oldenkamp had any such discussion with Mr. Mueller as a NuCal representative.  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 220, and therefore denies them.

221.    NuCal denies the allegations in the first sentence in paragraph 221.  With respect to the remainder of paragraph 222, NuCal admits that Plaintiffs are selectively quoting from— and attempting to characterize—the publication referenced in paragraph 221, footnote 59.  This

document speaks for itself.  NuCal denies any remaining allegations in paragraph 221, including without limitation Plaintiffs' characterization of the publication.

222.    NuCal denies the allegations in paragraph 222.

223.    NuCal denies the allegations in paragraph 223.

224.    NuCal denies the allegations in paragraph 224.

225.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 225, footnote 60.  This document speaks for itself.  NuCal lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 225 and therefore denies them and denies Plaintiffs' characterization of the document.

226.    Paragraph 226 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  to the extent the allegations purport to selectively quote from and/or characterize an unidentified document, that document speaks for itself.  NuCal lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 226 and therefore denies them and denies Plaintiffs' characterization of the document.

227.    Paragraph 227 is directed toward different defendants.  To the extent a response is required, NuCal answers as follows:  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 227 and therefore denies them.

228.    Paragraph 228 is directed toward different defendants.  To the extent a response is required, NuCal answers as follows:  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 228 and therefore denies them.

229.    With respect to paragraph 229, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the letter referenced in paragraph 229.   That document speaks for itself, and NuCal denies Plaintiffs' characterization of the document. NuCal lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 229 and therefore denies them.

230.    With respect to paragraph 230, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the e-mail referenced in paragraph 230.   That document speaks for itself, and NuCal denies Plaintiffs' characterization of the document. NuCal lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 230 and therefore denies them.

231.    With respect to paragraph 231, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the letter referenced in paragraph 231.   That document speaks for itself, and NuCal denies Plaintiffs' characterization of the document. NuCal lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 231 and therefore denies them.

232.    With respect to paragraph 232, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the correspondence referenced in paragraph 232. That document speaks for itself, and NuCal denies Plaintiffs' characterization of the document. NuCal lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 232 and therefore denies them.

233.    Paragraph 233 is directed toward different defendants.   To the extent a response is required, NuCal answers as follows:   NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 233 and therefore denies them.

234.    Paragraph 234 is directed toward different defendants.  To the extent a response is required, NuCal answers as follows:  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 234 and therefore denies them.

235.    With respect to paragraph 235, to the extent the allegations purport to selectively quote from and/or characterize an unidentified document, that document speaks for itself and NuCal denies Plaintiffs' characterization of the document.    NuCal lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 235 and therefore denies them.

236.    NuCal denies the allegations in paragraph 236.

237.    NuCal admits that Plaintiffs are selectively summarizing—and attempting to characterize—the document referenced in paragraph 237.  This document speaks for itself. NuCal denies that Mark Oldenkamp, Gary West and Joe Arias were representatives of NuCal in their capacities as UEP Board Members in 2003.  NuCal denies any remaining allegations in paragraph 237, including without limitation Plaintiffs' characterization of the document.

238.    NuCal admits that Plaintiffs are attempting to characterize the document referenced in paragraph 238.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 238, including without limitation Plaintiffs' characterization of the document.

239.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 239.  This document speaks for itself. NuCal denies any remaining allegations in paragraph 239, including without limitation Plaintiffs' characterization of the document.

240.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 240.  This document speaks for itself. NuCal denies any remaining allegations in paragraph 240 and its subparts, including without limitation Plaintiffs' characterization of the document.

241.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 241.  This document speaks for itself. NuCal denies any remaining allegations in paragraph 241, including without limitation Plaintiffs' characterization of the document.

242.    With respect to paragraph 242, NuCal admits that Gemperle Enterprises, Sunrise Farms, J.S. West Milling Co., and Valley Fresh Foods had adopted the UEP Certified Program by 2003, but denies that these four companies are its members.  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 242 and therefore denies them.

243.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 243.  This document speaks for itself. NuCal denies any remaining allegations in paragraph 243, including without limitation Plaintiffs' characterization of the document.

244.    With respect to paragraph 244, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 244. This document speaks for itself.  NuCal denies any remaining allegations in paragraph 244, including without limitation Plaintiffs' characterization of the document.

245.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 245.  This document speaks for itself.

NuCal denies any remaining allegations in paragraph 245, including without limitation Plaintiffs' characterization of the document.

246.    With respect to paragraph 246, to the extent the allegations purport to selectively quote from and/or characterize an unidentified document, that document speaks for itself and NuCal denies Plaintiffs' characterization of the document.    NuCal lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 246 and therefore denies them.

247.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 247.   This document speaks for itself. NuCal denies any remaining allegations in paragraph 247, including without limitation Plaintiffs' characterization of the document.

248.    With respect to paragraph 248, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the document referenced in paragraph 248.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 248, including without limitation Plaintiffs' characterization of the document.

249.    NuCal admits that UEP's Shell Egg Marketing Committee held a meeting on or about January 26, 2004, in Atlanta, Georgia.  NuCal further admits that Mark Oldenkamp, Chuck Elste and Arnie Riebli were members of this Committee in 2004, but denies that Mr. Oldenkamp and Mr. Riebli represented NuCal as Marketing Committee members.  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 249 and therefore denies them.

250.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the document referenced in paragraph 250.  This document speaks for itself, and

NuCal denies Plaintiffs' characterization of the document.   NuCal lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 250 and therefore denies them.

251.   NuCal admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the document referenced in paragraph 251.  This document speaks for itself, and NuCal denies Plaintiffs' characterization of the document.  NuCal lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 251 and therefore denies them.

252.   NuCal admits that flock numbers and egg prices varied after 2003.  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 252 and therefore denies them.

253.   NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the document referenced in paragraph 253.  This document speaks for itself. NuCal denies any remaining allegations in paragraph 253, including without limitation Plaintiffs' characterization of the document.

254.   NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the document referenced in paragraph 254.  This document speaks for itself. NuCal denies any remaining allegations in paragraph 254, including without limitation Plaintiffs' characterization of the document.

255.   NuCal denies the allegations in paragraph 255.

256.   NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the correspondence referenced in paragraph 256.  This document speaks for itself. NuCal denies that either Arnie Riebli or Mark Oldenkamp received the correspondence

referenced in paragraph 256 as representatives of NuCal. NuCal denies any remaining allegations in paragraph 256, including without limitation Plaintiffs' characterization of the document.

257. NuCal admits that UEP's Marketing Committee held a meeting on May 10, 2004 in Washington, D.C. NuCal further admits that Mark Oldenkamp, Chuck Elste and Arnie Riebli were members of this Committee in 2004, but denies that Mr. Oldenkamp and Mr. Riebli represented NuCal on UEP's Marketing Committee. NuCal further denies that Mr. Riebli represented Moark on the aforementioned Committee. NuCal lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 257 and therefore denies them.

258. NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the presentation referenced in paragraph 258. This presentation speaks for itself, and NuCal denies Plaintiffs' characterization of the presentation. NuCal lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 258, including its subparts, and therefore denies them.

259. NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the presentation referenced in paragraph 259. This presentation speaks for itself, and NuCal denies Plaintiffs' characterization of the presentation. NuCal lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 259 and therefore denies them.

260. NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the presentation referenced in paragraph 260. This presentation speaks for itself, and NuCal denies Plaintiffs' characterization of the presentation. NuCal lacks knowledge or

information sufficient to form a belief as to the truth of any remaining allegations in paragraph 260 and therefore denies them.

261.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 261.  This document speaks for itself. NuCal denies any remaining allegations in paragraph 261, including without limitation Plaintiffs' characterization of the document.

262.    With respect to paragraph 262, to the extent the allegations purport to selectively quote from and/or characterize an unidentified document, that document speaks for itself.  NuCal denies any remaining allegations in paragraph 262, including without limitation Plaintiffs' characterization of the document.

263.    With respect to paragraph 263, to the extent the allegations purport to selectively quote from and/or characterize an unidentified document, that document speaks for itself.  NuCal denies any remaining allegations in paragraph 263, including without limitation Plaintiffs' characterization of the document.

264.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 264.  This document speaks for itself. NuCal denies any remaining allegations in paragraph 264, including without limitation Plaintiffs' characterization of the document.

265.    With respect to paragraph 265, to the extent the allegations purport to selectively quote from and/or characterize an unidentified document, that document speaks for itself.  NuCal denies any remaining allegations in paragraph 265, including without limitation Plaintiffs' characterization of the document.

266.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 266.  This document speaks for itself. NuCal denies any remaining allegations in paragraph 266, including without limitation Plaintiffs' characterization of the document.

267.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 267.  This document speaks for itself. NuCal denies any remaining allegations in paragraph 267, including without limitation Plaintiffs' characterization of the document.

268.    NuCal denies the allegations in paragraph 268.

269.    NuCal admits that Plaintiffs are selectively summarizing—and attempting to characterize—the publication referenced in paragraph 269.  This document speaks for itself. NuCal denies that Gary West, Mark Oldenkamp, and Steve Gemperle represented NuCal on UEP's Board in 2004 – 2005.  NuCal denies any remaining allegations in paragraph 269, including without limitation Plaintiffs' characterization of the document.

270.    With respect to paragraph 270, to the extent the allegations purport to selectively quote from and/or characterize a document, that document speaks for itself.  NuCal denies any remaining allegations in paragraph 270, including without limitation Plaintiffs' characterization of the document.

271.    With respect to paragraph 271, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 271, footnote 61.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 271, including without limitation Plaintiffs' characterization of the document.

272.     NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 272.  This document speaks for itself. NuCal denies any remaining allegations in paragraph 272, including without limitation Plaintiffs' characterization of the document.

273.     NuCal denies the allegations in paragraph 273.

274.     NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 274.  This document speaks for itself. NuCal denies any remaining allegations in paragraph 274, including without limitation Plaintiffs' characterization of the document.

275.     NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication first referenced in paragraph 275.  This document speaks for itself, and NuCal denies Plaintiffs' characterization of the document.  NuCal lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 275 and therefore denies them.

276.     NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 276.  This document speaks for itself, and NuCal denies Plaintiffs' characterization of the document.  NuCal lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 276 and therefore denies them.

277.     NuCal admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the correspondence referenced in paragraph 277.  This document speaks for itself, and NuCal denies Plaintiffs' characterization of the document.  NuCal lacks

knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 277 and therefore denies them.

278.   With respect to paragraph 278, NuCal admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the correspondence first referenced in paragraph 278.  This document speaks for itself, and NuCal denies Plaintiffs' characterization of the document.  NuCal lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 278 and therefore denies them.

279.   Paragraph 279 is directed toward different defendants.  To the extent a response is required, NuCal answers as follows:  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in paragraph 279 and therefore denies them.  With respect to the remainder of paragraph 279, NuCal admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the document referenced in paragraph 279.  This document speaks for itself, and NuCal denies Plaintiffs' characterization of the document.   NuCal denies any remaining allegations in paragraph 279.

280.   With respect to paragraph 280, NuCal admits that Plaintiffs are attempting to characterize the publication referenced in paragraph 280.  This document speaks for itself.  NuCal denies that Sunrise Farms and J.S. West Milling Co. are its members or are "of NuCal."  NuCal denies any remaining allegations in paragraph 280, including without limitation Plaintiffs' characterization of the publication.

281.   NuCal denies the allegations in paragraph 281.

282.   With respect to paragraph 282, NuCal admits that Plaintiffs are selectively summarizing and attempting to characterize the publication referenced in paragraph 282.  This document speaks for itself.  NuCal denies that Mark Oldenkamp or Gary West represented

NuCal on any UEP committees in 2004 or 2005.  NuCal denies any remaining allegations in paragraph 282, including without limitation Plaintiffs' characterization of the publication.

283.    With respect to the first sentence in paragraph 283, NuCal admits that there was a UEP Board of Directors meeting in Atlanta, Georgia on January 25, 2005.  With respect to the remaining allegations in paragraph 283, NuCal admits that Plaintiffs are selectively summarizing and attempting to characterize the minutes referenced in paragraph 283.  This document speaks for itself, and NuCal denies Plaintiffs' characterization of the meeting.  NuCal further denies that Mark Oldenkamp, Steve Gemperle, Gary West, Jill Benson, or Tom Silva represented NuCal at this UEP meeting in 2005.  NuCal denies any remaining allegations in paragraph 283, including without limitation Plaintiffs' characterization of the minutes and the meeting.

284.    With respect to paragraph 284, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the minutes referenced in paragraph 284.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 284, including without limitation Plaintiffs' characterization of the document.

285.    With respect to paragraph 285, NuCal admits that Plaintiffs appear to be selectively summarizing—and attempting to characterize—the minutes from the meeting referenced in paragraph 285.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 285, including without limitation Plaintiffs' characterization of the minutes.

286.    NuCal denies the allegations in paragraph 286.

287.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 287.  This document speaks for itself.

NuCal denies any remaining allegations in paragraph 287, including without limitation Plaintiffs' characterization of the document.

288.    NuCal denies the allegations in paragraph 288.

289.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 289.  This document speaks for itself. NuCal denies any remaining allegations in paragraph 289, including without limitation Plaintiffs' characterization of the document.

290.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 290, footnote 62.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 290, including without limitation Plaintiffs' characterization of the document.

291.    With respect to paragraph 291, NuCal admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the minutes of a meeting referenced in paragraph 291.  This document speaks for itself.  NuCal denies that either Mark Oldenkamp or Gary West represented NuCal on UEP's Board.  NuCal denies any remaining allegations in paragraph 291, including without limitation Plaintiffs' characterization of the document.

292.    NuCal denies the allegations in paragraph 292.

293.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 293.  This document speaks for itself. NuCal denies any remaining allegations in paragraph 293, including without limitation Plaintiffs' characterization of the document.

294.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 294.  This document speaks for itself.

NuCal denies any remaining allegations in paragraph 294, including without limitation Plaintiffs' characterization of the document.

295.    With respect to paragraph 295, NuCal admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the minutes of a meeting referenced in paragraph 295.   This document speaks for itself.   NuCal denies that Mark Oldenkamp represented NuCal on any UEP committee.   NuCal denies any remaining allegations in paragraph 295, including without limitation Plaintiffs' characterization of the minutes.

296.    With respect to paragraph 296, NuCal admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the minutes of a meeting first referenced in paragraph 295.   This document speaks for itself.   NuCal denies any remaining allegations in paragraph 296, including without limitation Plaintiffs' characterization of the minutes.

297.    With respect to paragraph 297, NuCal admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the minutes of a meeting first referenced in paragraph 296.   This document speaks for itself.   NuCal denies any remaining allegations in paragraph 297, including without limitation Plaintiffs' characterization of the minutes.

298.    NuCal denies the allegations in the first sentence in paragraph 298.   With respect to the second sentence in paragraph 298, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 298.   This document speaks for itself.   NuCal denies any remaining allegations in paragraph 298, including without limitation Plaintiffs' characterization of the publication.

299.     NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 299.  This document speaks for itself. NuCal denies any remaining allegations in paragraph 299, including without limitation Plaintiffs' characterization of the document.

300.     NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 300.  This document speaks for itself. NuCal denies any remaining allegations in paragraph 300, including without limitation Plaintiffs' characterization of the document.

301.     NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 301.  This document speaks for itself. NuCal denies any remaining allegations in paragraph 301, including without limitation Plaintiffs' characterization of the document.

302.     NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 302.  This document speaks for itself. NuCal denies any remaining allegations in paragraph 302, including without limitation Plaintiffs' characterization of the document.

303.     With respect to paragraph 303, to the extent the allegations purport to selectively quote from and/or characterize an unidentified document, that document speaks for itself and NuCal denies Plaintiffs' characterization of the document.   NuCal lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 303 and therefore denies them.

304.     With respect to paragraph 304, NuCal admits that UEP's Annual Membership Meeting was held on October 6, 2005 in Seattle, Washington.  NuCal further admits that Gary

West was elected as UEP First Vice Chairman and that Steve Gemperle was elected to the UEP Board of Directors, but denies that Mr. West and Mr. Gemperle were representatives of NuCal on the UEP Board of Directors or at the meeting.  NuCal lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 304 and therefore denies them.

305.   With respect to paragraph 305, NuCal admits that Plaintiffs are selectively summarizing—and attempting to characterize—the newsletter referenced in paragraph 305.  This document speaks for itself.  NuCal denies that Gary West, Steve Gemperle and Mark Oldenkamp represented NuCal while they were on the UEP committees in 2005.  NuCal denies any remaining allegations in paragraph 305, including without limitation Plaintiffs' characterization of the publication.

306.   NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 306.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 306, including without limitation Plaintiffs' characterization of the document.

307.   NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 307.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 307, including without limitation Plaintiffs' characterization of the document.

308.   NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 308.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 308, including without limitation Plaintiffs' characterization of the document.

309.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 309, footnote 63.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 309, including without limitation Plaintiffs' characterization of the document.

310.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 310.  This document speaks for itself. NuCal denies any remaining allegations in paragraph 310, including without limitation Plaintiffs' characterization of the document.

311.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 311.  This document speaks for itself. NuCal denies any remaining allegations in paragraph 311, including without limitation Plaintiffs' characterization of the document.

312.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 312.  This document speaks for itself. NuCal denies any remaining allegations in paragraph 312, including without limitation Plaintiffs' characterization of the document.

313.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 313.  This document speaks for itself. NuCal denies any remaining allegations in paragraph 313, including without limitation Plaintiffs' characterization of the document.

314.    Paragraph 314 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  NuCal admits Sparboe employees attended UEP meetings, and served as UEP executives and/or on committees at various times, but otherwise

lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 314 and therefore denies them.

315.    With respect to the first sentence in paragraph 315, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the statements referenced therein. The statements speak for themselves, and NuCal denies Plaintiffs' characterization. With respect to the second sentence and first half of the third sentence, NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them. NuCal denies the allegations in the second half of the third sentence.

316.    NuCal denies the allegations in paragraph 316.

317.    NuCal denies the allegations in paragraph 317.

318.    NuCal denies the allegations in the first sentence in paragraph 318. With respect to the remaining allegations in paragraph 319, NuCal admits that Plaintiffs are attempting to characterize the publication referenced in paragraph 318. This document speaks for itself. NuCal denies any remaining allegations in paragraph 318, including without limitation Plaintiffs' characterization of the document.

319.    Paragraph 319 is directed toward different defendants. To the extent a response is required, NuCal answers as follows: NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 319 and therefore denies them.

320.    With respect to the first sentence in paragraph 320, NuCal admits that on a few occasions between 2000 and 2006, USEM members voted to accept export orders for shell eggs. NuCal further admits that USEM members voted to accept export orders on certain occasions from 2006 through 2008. NuCal denies all remaining allegations in the first sentence in paragraph 320. NuCal denies the remaining allegations in paragraph 320.

321.    With respect to paragraph 321, NuCal admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the document referenced in paragraph 321.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 321, including without limitation Plaintiffs' characterization of the document.

322.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the document referenced in paragraph 322.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 322, including without limitation Plaintiffs' characterization of the document.

323.    NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 323 and therefore denies them.

324.    With respect to paragraph 324, NuCal admits that the UEP Board of Directors Legislative Meeting was held on May 12-15, 2003, in Washington, D.C., and that the minutes from this meeting state that the individuals identified in the second sentence in paragraph 324 attended that meeting.   These minutes speak for themselves.   NuCal denies that Mark Oldenkamp or Gary West represented NuCal at this meeting.   NuCal denies any remaining allegations in paragraph 324, including without limitation Plaintiffs' characterization of the minutes.

325.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the document referenced in paragraph 325.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 325, including without limitation Plaintiffs' characterization of the document.

326.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 326.  This document speaks for itself.

NuCal denies any remaining allegations in paragraph 326, including without limitation Plaintiffs' characterization of the publication.

327.    NuCal admits that Plaintiffs are attempting to characterize the publication first referenced in paragraph 326.  This document speaks for itself, and NuCal denies Plaintiffs' characterization of the document.  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 327 and therefore denies them.

328.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the correspondence referenced in paragraph 328.  This document speaks for itself, and NuCal denies Plaintiffs' characterization of the document.  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 328 and therefore denies them.

329.    Paragraph 329 is directed toward different defendants.  To the extent a response is required, NuCal answers as follows:  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 329 and therefore denies them.

330.    NuCal admits that Plaintiffs are attempting to characterize the publication referenced in paragraph 330.  This document speaks for itself, and NuCal denies Plaintiffs' characterization of the document.  NuCal denies any remaining allegations in paragraph 330.

331.    NuCal denies the allegations in paragraph 331.

332.    With respect to the first sentence in paragraph 332, NuCal denies the allegations. With respect to the second sentence in paragraph 332, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 332, footnote 64.  This document speaks for itself.  NuCal denies any remaining

allegations in paragraph 332, including without limitation Plaintiffs' characterization of the document.

333.    NuCal admits that in October 2006, Chuck Elste of NuCal was elected as USEM Vice Chairman and as a member of USEM's Executive/Export Committee for 2007.  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 333 and therefore denies them.

334.    NuCal denies the allegations in paragraph 334.

335.    NuCal denies the allegations in paragraph 335.

336.    With respect to paragraph 336, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 336. This document speaks for itself.  NuCal denies any remaining allegations in paragraph 336, including without limitation Plaintiffs' characterization of the publication.

337.    With respect to paragraph 337, NuCal admits that it was a member of USEM in 2006 and that it participated in the export referenced in this paragraph, but denies that the export brought $44 million to shell egg producers due to the increased price.  To the extent the allegations in paragraph 337 purport to selectively quote from and/or characterize a document, that document speaks for itself and NuCal denies Plaintiffs' characterization of the document. NuCal lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 337 and therefore denies them.

338.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 338.  This document speaks for itself. NuCal denies any remaining allegations in paragraph 338, including without limitation Plaintiffs' characterization of the document.

339.    With respect to paragraph 339, NuCal admits that a container of shell eggs may hold between 750-850 cases of shell eggs, depending on weight.   NuCal further admits that USEM agreed to accept export orders in 2006 and 2007.   To the extent the allegations in paragraph 339 purport to summarize and/or characterize a document, that document speaks for itself and NuCal denies Plaintiffs' characterization of the document.   NuCal denies the remaining allegations in paragraph 339, including its subparts.

340.    NuCal admits that Plaintiffs are selectively quoting from the publication referenced in paragraph 340.   This document speaks for itself, and NuCal denies Plaintiffs' characterization of the document.   NuCal denies any remaining allegations in paragraph 340.

341.    With respect to paragraph 341, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the minutes referenced in paragraph 341.   This document speaks for itself.   NuCal denies that Mark Oldenkamp or Gary West represented NuCal on UEP's Marketing Committee.   NuCal denies any remaining allegations in paragraph 341, including without limitation Plaintiffs' characterization of the document.

342.    NuCal admits that Plaintiffs are selectively summarizing—and attempting to characterize—the publication referenced in paragraph 342.   This document speaks for itself. NuCal lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 342 and therefore denies them and denies Plaintiffs' characterization of the document.

343.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 343.   This document speaks for itself. NuCal lacks knowledge or information sufficient to form a belief as to the truth of any remaining

allegations in paragraph 343 and therefore denies them and denies Plaintiffs' characterization of the document.

344.    NuCal admits that Plaintiffs are selectively summarizing—and attempting to characterize—the publication referenced in paragraph 344.  This document speaks for itself. NuCal lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 344 and therefore denies them and denies Plaintiffs' characterization of the document.

345.    NuCal denies that the quotations in paragraph 345 appear in the publication referenced in paragraph 345.   To the extent that Plaintiffs are characterizing the publication referenced in paragraph 345, this document speaks for itself and NuCal denies Plaintiffs' characterization of the document.  NuCal lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 345 and therefore denies them.

346.    NuCal admits that Plaintiffs are selectively summarizing—and attempting to characterize—the publication referenced in paragraph 346.  This document speaks for itself. NuCal lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 346 and therefore denies them and denies Plaintiffs' characterization of the document.

347.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 347.  This document speaks for itself. NuCal denies any remaining allegations in paragraph 347, including without limitation Plaintiffs' characterization of the document.

348.   NuCal denies the allegations in the first sentence in paragraph 348.  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 348 and therefore denies them.

349.   NuCal admits that USEM organized an export sale of shell eggs to Japan and Dubai in May 2008.   To the extent the allegations in paragraph 349 are purported legal conclusions, no response is required and they are deemed denied.   To the extent a response is required, NuCal denies these allegations.   NuCal denies the remaining allegations in paragraph 349.

350.   NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 350.   This document speaks for itself. NuCal lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 350 and therefore denies them and denies Plaintiffs' characterization of the document.

351.   NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 351.   This document speaks for itself. NuCal lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 351 and therefore denies them and denies Plaintiffs' characterization of the document.

352.   NuCal admits that Plaintiffs are selectively summarizing—and attempting to characterize—the publication referenced in paragraph 352.   This document speaks for itself. NuCal lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 352 and therefore denies them and denies Plaintiffs' characterization of the document.

353.    NuCal denies that the quotations in paragraph 353 appear in the publication referenced in paragraph 353 and denies Plaintiffs' characterization of the publication.   NuCal lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 353 and therefore denies them.

354.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 354.  This document speaks for itself. NuCal lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 354 and therefore denies them and denies Plaintiffs' characterization of the document.

355.    NuCal denies the allegations in the first sentence in paragraph 355.  With respect to the remainder of paragraph 355, NuCal admits that Plaintiffs are selectively quoting from— and attempting to characterize—the publication referenced in paragraph 355.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 355, including without limitation Plaintiffs' characterization of the document.

356.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 356.  This document speaks for itself. NuCal denies any remaining allegations in paragraph 356, including without limitation Plaintiffs' characterization of the document.

357.    With respect to paragraph 357, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 357, footnote 65.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 357, including without limitation Plaintiffs' characterization of the document.

358.   With respect to paragraph 358, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 358, footnote 66.   This document speaks for itself.   NuCal denies any remaining allegations in paragraph 358, including without limitation Plaintiffs' characterization of the document.

359.   With respect to paragraph 359, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 359, footnote 67.   This document speaks for itself.   NuCal denies any remaining allegations in paragraph 359, including without limitation Plaintiffs' characterization of the document.

360.   With respect to paragraph 360, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 360. This document speaks for itself.   NuCal denies any remaining allegations in paragraph 360, including without limitation Plaintiffs' characterization of the document.

361.   NuCal denies the allegations in paragraph 361.

362.   With respect to paragraph 362, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 362. This document speaks for itself.   NuCal denies any remaining allegations in paragraph 362, including without limitation Plaintiffs' characterization of the document.

363.   With respect to paragraph 363, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 363, footnote 68.   This document speaks for itself.   NuCal denies any remaining allegations in paragraph 363, including without limitation Plaintiffs' characterization of the document.

364.   With respect to paragraph 364, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 364,

footnote 69.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 364, including without limitation Plaintiffs' characterization of the document.

365.  With respect to paragraph 365, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 365, footnote 70.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 365, including without limitation Plaintiffs' characterization of the document.

366.  With respect to paragraph 366, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 366. This document speaks for itself.  NuCal denies any remaining allegations in paragraph 366, including without limitation Plaintiffs' characterization of the document.

367.  With respect to paragraph 367, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 367. This document speaks for itself.  NuCal denies any remaining allegations in paragraph 367, including without limitation Plaintiffs' characterization of the document.

368.  With respect to paragraph 368, NuCal admits that the UEP Marketing Committee held a meeting on May 14, 2007, in Washington, D.C., and that the minutes from this meeting state that the individuals identified in the second and third sentences of paragraph 368 attended the meeting.  With respect to the remaining allegations in paragraph 369, NuCal admits that Plaintiffs are quoting from—and attempting to characterize—the minutes referenced in paragraph 368, this document speaks for itself.  NuCal denies that Mark Oldenkamp or Gary West represented NuCal on UEP's Marketing Committee.  NuCal denies any remaining allegations in paragraph 368, including without limitation Plaintiffs' characterization of the minutes.

369.    With respect to paragraph 369, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 369, footnote 71.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 369, including without limitation Plaintiffs' characterization of the document.

370.    With respect to paragraph 370, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 370, footnote 72.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 370, including without limitation Plaintiffs' characterization of the document.

371.    With respect to paragraph 371, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 371, footnote 73.  This document speaks for itself.  NuCal lacks knowledge or information sufficient to form a belief as to whether Mark Oldenkamp is the Vice President of the northwest operations of Valley Fresh Foods and therefore denies it, and NuCal denies that Valley Fresh Foods is NuCal's member.  NuCal denies any remaining allegations in paragraph 371, including without limitation Plaintiffs' characterization of the document.

372.    With respect to paragraph 373, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publications referenced in paragraph 372, footnotes 74 and 75.  These documents speak for themselves.  NuCal denies any remaining allegations in paragraph 372, including without limitation Plaintiffs' characterization of the documents.

373.    With respect to paragraph 373, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 373,

footnote 76.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 373, including without limitation Plaintiffs' characterization of the document.

374.    With respect to paragraph 374, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 374, footnote 77.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 374, including without limitation Plaintiffs' characterization of the document.

375.    With respect to paragraph 375, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 375, footnote 78.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 375, including without limitation Plaintiffs' characterization of the document.

376.    With respect to paragraph 376, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 376, footnote 79.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 376, including without limitation Plaintiffs' characterization of the document.

377.    With respect to paragraph 377, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 377, footnote 80.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 377, including without limitation Plaintiffs' characterization of the document.

378.    With respect to paragraph 378, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 378.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 378, including without limitation Plaintiffs' characterization of the document.

379.    With respect to paragraph 379, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 379. This document speaks for itself.  NuCal denies any remaining allegations in paragraph 379, including without limitation Plaintiffs' characterization of the document.

380.    With respect to paragraph 380, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 380, footnote 81.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 380, including without limitation Plaintiffs' characterization of the document.

381.    With respect to paragraph 381, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 381, footnote 82.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 381, including without limitation Plaintiffs' characterization of the document.

382.    With respect to paragraph 382, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the website referenced in paragraph 382, footnote 83.  This website speaks for itself.  NuCal denies any remaining allegations in paragraph 382, including without limitation Plaintiffs' characterization of the website.

383.    With respect to paragraph 383, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 383, footnote 84.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 383, including without limitation Plaintiffs' characterization of the document.

384.    With respect to paragraph 384, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 384,

footnote 85. This document speaks for itself. NuCal denies any remaining allegations in paragraph 384, including without limitation Plaintiffs' characterization of the document.

385. With respect to paragraph 385, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 385, footnote 86. This document speaks for itself. NuCal denies any remaining allegations in paragraph 385, including without limitation Plaintiffs' characterization of the document.

386. With respect to the first sentence in paragraph 386, NuCal admits that there was a UEP Marketing Committee meeting in Washington, DC on May 12, 2008. With respect to the second sentence in paragraph 386, NuCal admits that the meeting minutes of the aforementioned meeting reflect that the listed individuals were in attendance, but denies that Mark Oldenkamp or Gary West represented NuCal on UEP's Marketing Committee. With respect to the third sentence in paragraph 386, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the minutes referenced in paragraph 386. This document speaks for itself. NuCal denies any remaining allegations in paragraph 386, including without limitation Plaintiffs' characterization of the document.

387. With respect to paragraph 387, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 387. This document speaks for itself. NuCal denies any remaining allegations in paragraph 387, including without limitation Plaintiffs' characterization of the document.

388. With respect to paragraph 388, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 388, footnote 87. This document speaks for itself. NuCal denies any remaining allegations in paragraph 388, including without limitation Plaintiffs' characterization of the document.

389.    With respect to paragraph 389, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the recording referenced in paragraph 389, footnote 88.   This recording speaks for itself.   NuCal denies any remaining allegations in paragraph 390, including without limitation Plaintiffs' characterization of the document.

390.    With respect to paragraph 390, NuCal admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the transcript referenced in paragraph 390.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 390, including without limitation Plaintiffs' characterization of the transcript.

391.    With respect to paragraph 391, NuCal admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the transcript referenced in paragraph 391.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 391, including without limitation Plaintiffs' characterization of the transcript.

392.    With respect to paragraph 392, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the document referenced in paragraph 392.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 392, including without limitation Plaintiffs' characterization of the document.

393.    NuCal denies the allegations in paragraph 393.

394.    With respect to the first sentence in paragraph 394, NuCal admits that shell eggs are a component in processed egg products.  With respect to the second sentence in paragraph 394, NuCal admits that to make egg products, shell eggs may be broken and separated to be processed into various dried, liquid or frozen egg products.   NuCal denies any remaining allegations in paragraph 394.

395.    NuCal denies the allegations in paragraph 395.

396.    NuCal admits that certain egg farmers perform more than one step in the process of bringing an egg to market and that certain egg farmers process eggs and/or raise shell egg laying hens.  NuCal denies the remaining allegations in paragraph 396.

397.    Paragraph 397 is directed toward different defendants.  To the extent a response is required, NuCal answers as follows:  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in paragraph 397 and therefore denies them.  With respect to the second sentence in paragraph 397, NuCal admits that Plaintiffs purport to exclude certain purchases from "the class."   NuCal denies the remaining allegations in paragraph 397.

398.    Paragraph 398 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  NuCal admits that UEA has a Further Processors Division, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 398 and therefore denies them.

399.    NuCal admits that meetings for UEA and UEP sometimes occur at similar times and in similar locations; that some UEA members sometimes attend certain UEP meetings; that some UEP members sometimes attend certain UEA meetings; and that certain producers are members of both UEA and UEP.  NuCal denies the remaining allegations in paragraph 399.

400.    NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 400 and therefore denies them.

401.    With respect to paragraph 401, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 401.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 401, including without limitation Plaintiffs' characterization of the document.

402.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 402.  This document speaks for itself. NuCal denies any remaining allegations in paragraph 402, including without limitation Plaintiffs' characterization of the publication.

403.    NuCal admits that Plaintiffs are attempting to characterize the publication referenced in paragraph 403.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 403, including without limitation Plaintiffs' characterization of the publication.

404.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 404.  This document speaks for itself. NuCal denies any remaining allegations in paragraph 404, including without limitation Plaintiffs' characterization of the document.

405.    NuCal denies the allegations in paragraph 405.

406.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the website referenced in paragraph 406, footnote 89.  This website speaks for itself.   NuCal denies any remaining allegations, including without limitation Plaintiffs' characterization of the website.

407.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the document referenced in paragraph 407, footnote 90.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 407, including without limitation Plaintiffs' characterization of the document.

408.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publications referenced in paragraph 408, footnote 91.   These documents

speak for themselves.  NuCal denies any remaining allegations in paragraph 408, including without limitation Plaintiffs' characterization of the documents.

409.    With respect to the first sentence in paragraph 409, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the document referenced in paragraph 409, footnote 90.  This document speaks for itself.  NuCal denies any remaining allegations in the first sentence in paragraph 409, including without limitation Plaintiffs' characterization of the document.  With respect to the second sentence in paragraph 409, NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.  NuCal denies any remaining allegations in paragraph 410.

410.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the document referenced in paragraph 410, footnote 93.  This document speaks for itself.  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 410 and therefore denies them and denies Plaintiffs' characterization of the document.

411.    Regarding the first three sentences in paragraph 411, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publications referenced in paragraph 411, footnotes 94 and 95.  These documents speak for themselves.  NuCal denies any remaining allegations in paragraph 411, including without limitation Plaintiffs' characterization of the documents.

412.    With respect to paragraph 412, to the extent the allegations purport to selectively quote from and/or characterize an unidentified document, that document speaks for itself and NuCal denies Plaintiffs' characterization of the document.  NuCal lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in paragraph 412 and therefore denies them.

413.   With respect to paragraph 413, to the extent the allegations purport to selectively quote from and/or characterize an unidentified document, that document speaks for itself and NuCal denies Plaintiffs' characterization of the document.   NuCal lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 413 and therefore denies them.

414.   NuCal denies the allegations in paragraph 414.

415.   With respect to the first sentence, NuCal admits that Plaintiffs are attempting to characterize the publication referenced in paragraph 415, footnote 96.  This document speaks for itself.  NuCal denies the remaining allegations in paragraph 416, including without limitation Plaintiffs' characterization of the document.

416.   NuCal denies the allegations in the first sentence in paragraph 416.  To the extent the allegations in paragraph 416 purport to characterize UEP's animal welfare audit guidelines, NuCal denies Plaintiffs' characterization of the audit guidelines, which are contained in a writing that speaks for itself.  NuCal denies the remaining allegations in paragraph 416.

417.   With respect to paragraph 417, to the extent the allegations in paragraph 418 purport to characterize UEP's animal welfare audit guidelines, NuCal denies Plaintiffs' characterization of the audit guidelines, which are contained in a writing that speaks for itself. NuCal denies the remaining allegations in paragraph 417.

418.   NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the website referenced in paragraph 418.  This website speaks for itself.  NuCal

denies any remaining allegations in paragraph 418, including without limitation Plaintiffs' characterization of the website.

419.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the document referenced in paragraph 419.  This document speaks for itself. NuCal lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 419 and therefore denies them and denies Plaintiffs' characterization of the document.

420.    Paragraph 420 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 420 and therefore denies them.

421.    With respect to the first sentence in paragraph 421, NuCal admits that Plaintiffs are attempting to characterize the publication referenced in paragraph 421, footnote 97.  This document speaks for itself.  NuCal denies the allegations in the second sentence in paragraph 421.  NuCal denies any remaining allegations in paragraph 422, including without limitation Plaintiffs' characterization of the document.

422.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 422.  This document speaks for itself. NuCal denies any remaining allegations in paragraph 422, including without limitation Plaintiffs' characterization of the publication.

423.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 423.  This document speaks for itself. NuCal denies any remaining allegations in paragraph 423, including without limitation Plaintiffs' characterization of the document.

424. NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 424 and therefore denies them.

425. Paragraph 426 is directed toward different defendants. To the extent a response is required, NuCal answers as follows: NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 425 and therefore denies them.

426. Paragraph 426 is directed toward different defendants. To the extent a response is required, NuCal answers as follows: NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 426 and therefore denies them.

427. NuCal admits that certain employees of certain defendants have held positions on the Board of UEP and/or USEM at certain times. NuCal lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 427 and therefore denies them.

428. NuCal admits that Chuck Elste of NuCal was Vice-Chairman of USEM in 2006, had served on the United States Egg Marketers Export Committee in 2006, and was a member of UEP's Board of Directors. NuCal lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 428 and therefore denies them.

429. NuCal admits the allegations in paragraph 429.

430. NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 430 and therefore denies them.

431. NuCal admits that Gene Gregory is the President of UEP, that Mr. Gregory has used the title President of UEA and USEM, and that Mr. Gregory is the Treasurer of the UEA PAC. With respect to the second sentence, NuCal denies that the allegations in this sentence are contained in the publication cited in paragraph 431, footnote 98. NuCal lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in paragraph 431 and therefore denies them.

432.    NuCal admits that Chad Gregory is Gene Gregory's son, that Chad Gregory is the Senior Vice President of UEP, and that Chad Gregory has used the title Vice President of UEA. NuCal denies the remaining allegations in paragraph 432.

433.    NuCal admits the allegations in paragraph 433.

434.    NuCal admits that UEP's Board of Directors is comprised of individuals affiliated with UEP members according to UEP's Articles of Incorporation and By-Laws, which are written documents that speak for themselves.   NuCal denies the remaining allegations in paragraph 434, including without limitation Plaintiffs' characterization of the documents.

435.    To the extent the allegations in paragraph 435 purport to selectively quote from and/or characterize an unidentified document, that document speaks for itself and NuCal denies Plaintiffs' characterization of the document.   NuCal lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 435 and therefore denies them.

436.    NuCal admits that Plaintiffs are selectively summarizing—and attempting to characterize— the publication referenced in paragraph 436.   This document speaks for itself. NuCal further admits that NuCal's license agreement number and the certificate numbers for Gemperle Enterprises, Sunrise Farms, J.S. West Milling Co., and Valley Fresh Foods, listed in paragraph 436 are accurate, but denies that Gemperle Enterprises, Sunrise Farms, J.S. West Milling Co., and Valley Fresh Foods are its members.   NuCal denies any remaining allegations in paragraph 436, including without limitation Plaintiffs' characterization of the publication.

437.    Paragraph 437 is directed toward different defendants.  To the extent a response is required, NuCal answers as follows:  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 437 and therefore denies them.

438.    NuCal admits that Gene Gregory is the President of UEP, and that Mr. Gregory has used the title President of UEA and USEM.  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 438 and therefore denies them.

439.    Paragraph 439 is directed toward different defendants.  To the extent a response is required, NuCal answers as follows:  NuCal admits that UEA is managed by UEP pursuant to a management agreement, and that UEP staff support UEA.  NuCal denies the remaining allegations in paragraph 439.

440.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 440.  This document speaks for itself. NuCal denies any remaining allegations in paragraph 440, including without limitation Plaintiffs' characterization of the document.

441.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 441.  This document speaks for itself. NuCal denies any remaining allegations in paragraph 441, including without limitation Plaintiffs' characterization of the document.

442.    Paragraph 442 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  NuCal admits that UEP is a Capper-Volstead Agriculture Cooperative and that UEP does not grow, harvest, or compete for the sale of eggs or other agricultural products.  NuCal denies the remaining allegations in paragraph 442.

443.    Paragraph 443 is directed toward a different defendant.  To the extent a response is required, NuCal answers as follows:  NuCal denies the allegations in the first two sentences in paragraph 443.  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence in paragraph 443 and therefore denies them.

444.    The first sentence in paragraph 444 is a purported legal conclusion to which no response is required.  To the extent that a response is somehow required, NuCal admits that UEP is a federated Capper-Volstead Agricultural Cooperative and that UEP's activities are subject to the scope of the Capper-Volstead Act.  With respect to the second sentence in paragraph 445, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 444.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 444, including without limitation Plaintiffs' characterization of the document.

445.    The allegations in paragraph 445 state a purported legal conclusion to which no response is required.   To the extent a response is required, NuCal denies the allegations in paragraph 445.

446.    NuCal admits that some UEP members perform more than one step in the process of bringing shell eggs to market.   NuCal lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 446 and therefore denies them.

447.    NuCal denies the allegations in paragraph 447.

448.    NuCal admits that UEP does not wash, candle, grade, break, pasteurize, package, store or distribute its members' eggs.  NuCal denies the remaining allegations in paragraph 448.

449.    NuCal admits the allegations in paragraph 449.

450.    NuCal denies the allegations in paragraph 450.

451.   NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 451, footnote 99.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 451, including without limitation Plaintiffs' characterization of the document.

452.   With respect to paragraph 452, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 452, footnote 100.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 452, including without limitation Plaintiffs' characterization of the document.

453.   NuCal denies that the allegations in paragraph 453 are contained in the publication referenced in paragraph 453.  To the extent that Plaintiffs are selectively quoting from—and attempting to characterize—a document, that document speaks for itself and NuCal denies Plaintiffs' characterization of the document.  NuCal denies any remaining allegations in paragraph 453.

454.   NuCal denies the allegations in paragraph 454.

455.   NuCal denies the allegations in the first sentence in paragraph 455.  With respect to the remainder of paragraph 455, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 455.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 455, including without limitation Plaintiffs' characterization of the document.

456.   NuCal denies the allegations in the first sentence in paragraph 456.  With respect to the second sentence, NuCal admits that Plaintiffs are selectively summarizing—and attempting to characterize—the publication referenced in paragraph 456, footnote 101.  This

document speaks for itself.  NuCal denies any remaining allegations in paragraph 456, including without limitation Plaintiffs' characterization of the document.

457.    NuCal denies the allegations in the first two sentences in paragraph 457.  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the third sentence in paragraph 457 and therefore denies the allegations of the third sentence in paragraph 457.

458.    NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 458 and therefore denies them.

459.    NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 459 and therefore denies them.

460.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 460.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 460, including without limitation Plaintiffs' characterization of the document.

461.    NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first three sentences in paragraph 461, and therefore denies them.  With respect to the fourth, fifth, and sixth sentences in paragraph 461, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the cited document.  To the extent a response is required, this document speaks for itself.  NuCal denies any remaining allegations in paragraph 461, including without limitation Plaintiffs' characterization of the document.

462.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize— the cited document.  To the extent a response is required, this document speaks

for itself.  NuCal denies any remaining allegations in paragraph 462, including without limitation Plaintiffs' characterization of the document.

463.    With respect to the first sentence of paragraph 463, NuCal admits that Plaintiffs purport to paraphrase—and are attempting to characterize— the cited document.  To the extent a response is required, this document speaks for itself, and NuCal denies Plaintiffs' characterization of the document.  With respect to the remaining allegations in paragraph 463, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 463.  This document speaks for itself, and NuCal denies Plaintiffs' characterization of the document.  NuCal further denies that J.S. West Milling Co. is NuCal's member.  NuCal lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 463 and therefore denies them.

464.    NuCal denies the allegations in paragraph 464.

465.    NuCal admits that Plaintiffs purport to paraphrase—and are attempting to characterize—an unidentified document.  To the extent a response is required, this document speaks for itself, and NuCal denies Plaintiffs' characterization of the document.  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 465 and therefore denies them.

466.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the document referenced in paragraph 466.  This document speaks for itself. NuCal denies any remaining allegations in paragraph 466, including without limitation Plaintiffs' characterization of the document.

467.    NuCal denies the allegations in paragraph 467.

468.   The allegations contained in paragraph 468 are purported legal conclusions to which a response is not required.   To the extent a response is required, NuCal denies the allegations in paragraph 468.

469.   The allegations contained in paragraph 469 are purported legal conclusions to which a response is not required.   To the extent a response is required, NuCal denies the allegations in paragraph 469, including its subparts.

470.   NuCal denies the allegations in paragraph 470.

471.   NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 471and therefore denies them.  With regard to the remaining allegations of paragraph 471, NuCal admits that Plaintiffs are attempting to characterize the article referenced in paragraph 471 footnote 102.  The article speaks for itself. NuCal denies the remaining allegations in paragraph 471, including without limitation Plaintiff's characterization of the article.

472.   NuCal denies the allegations in paragraph 472.

473.   NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the document referenced in paragraph 473.   This document speaks for itself. NuCal denies any remaining allegations in paragraph 473, including without limitation Plaintiffs' characterization of the document.

474.   NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the document referenced in paragraph 474.   This document speaks for itself. NuCal denies any remaining allegations in paragraph 475, including without limitation Plaintiffs' characterization of the document.

475.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the document referenced in paragraph 475.   This document speaks for itself. NuCal denies any remaining allegations in paragraph 475, including without limitation Plaintiffs' characterization of the document.

476.    NuCal denies the allegations in paragraph 476.

477.    NuCal denies the allegations in the first two sentences of paragraph 477.   NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 477 and therefore denies them.   NuCal denies the remaining allegations in paragraph 477.

478.    NuCal denies the allegations in paragraph 478.

479.    NuCal denies the allegations in paragraph 479.

480.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the documents referenced in paragraph 480, footnotes 104 to 109.  The documents speak for themselves.   NuCal denies any remaining allegations in paragraph 480, including its subparts, and including without limitation Plaintiffs' characterization of the documents.

481.    NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 481.   The document speaks for itself. NuCal denies any remaining allegations in paragraph 481, including without limitation Plaintiffs' characterization of the document.

482.    NuCal denies the allegations in the first sentence of paragraph 482.  With regard to the remaining allegations, NuCal admits Plaintiffs are selectively quoting from—and attempting to characterize—the communication referenced in paragraph 482.   The document

speaks for itself. NuCal denies any remaining allegations in paragraph 482, including without limitation Plaintiffs' characterization of the document.

483.    NuCal denies the allegations in paragraph 483.

484.    The first sentence of paragraph 484 is a fragment to which no response is necessary. To the extent a response is required, NuCal denies it. NuCal denies the allegations in the two following sentences of paragraph 484. With regard to the remaining allegations, NuCal admits that Plaintiffs are selectively quoting from—and attempting to characterize—the communications referenced in paragraph 484. The documents speaks for themselves. NuCal denies any remaining allegations in paragraph 484 and its subparts, including without limitation Plaintiffs' characterization of the documents.

485.    NuCal denies the allegations in the first sentence of paragraph 485. With respect to the second sentence, NuCal admits that Plaintiffs are purporting to paraphrase—and attempting to characterize—the unidentified articles and interviews referenced in paragraph 485. These articles and interviews speak for themselves. NuCal denies any remaining allegations in paragraph 485, including without limitation Plaintiffs' characterization of the articles and interviews.

486.    The first sentence of paragraph 486 is a fragment to which no response is necessary. To the extent a response is required, NuCal denies the allegations. NuCal denies the allegations in the following two sentences of paragraph 486. NuCal lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 486 and therefore denies them.

487.    NuCal denies the allegations in the first three sentences of paragraph 487. With regard to the remaining allegations, NuCal admits that Plaintiffs are selectively quoting or

paraphrasing—and attempting to characterize—the referenced documents.  The documents speak for themselves.  NuCal denies all remaining allegations in paragraph 487, including without limitation Plaintiffs' characterization of the documents.

488.   NuCal admits that Plaintiffs are selectively quoting—and attempting to characterize—the referenced newsletter.  The document speaks for itself.  NuCal denies all remaining allegations in paragraph 488, including without limitation Plaintiffs' characterization of the document.

489.   NuCal admits that Plaintiffs are selectively quoting—and attempting to characterize—the referenced communication.  The document speaks for itself.  NuCal denies all remaining allegations in paragraph 489, including without limitation Plaintiffs' characterization of the document.

490.   NuCal denies the allegations in paragraph 490.

491.   NuCal denies the allegations in the first and third sentences of paragraph 491. NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 491 and therefore denies them.

492.   NuCal denies the allegations in paragraph 492, including its subparts.

493.   NuCal denies the allegations in paragraph 493.

494.   NuCal denies the allegations in paragraph 494.

495.   NuCal denies the allegations in the first and last sentences of paragraph 495. With regard to the remaining allegations, NuCal admits that Plaintiffs are purporting to paraphrase—and attempting to characterize—the referenced documents.  The documents speaks for themselves.  NuCal denies all remaining allegations in paragraph 495, including without limitation Plaintiffs' characterization of the documents.

496.     NuCal denies the allegations in paragraph 496.

497.     NuCal denies the allegations in the first sentence of paragraph 497.  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 497 and therefore denies them.  NuCal denies the third sentence of paragraph 497.

498.     NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 498 and therefore denies them.

499.     NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 499 and therefore denies them.

500.     NuCal denies the allegations in paragraph 500.

501.     NuCal denies the allegations in paragraph 501.

502.     NuCal denies the allegations in paragraph 502.

503.     NuCal denies the allegations in paragraph 503, including its subparts..

504.     NuCal lacks knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations regarding what Plaintiffs knew, and therefore denies them.  NuCal further answers that the underlying facts supposedly supporting Plaintiffs' claims were not concealed but instead were publicly known long before September of 2008.  NuCal denies any remaining allegations in paragraph 504.

505.     NuCal denies the allegations in the first sentence of paragraph 505, and further answers that the underlying facts supposedly supporting Plaintiffs' claims were not concealed but instead were publicly known long before September of 2008.  NuCal lacks knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations regarding what

Plaintiffs knew in the second sentence of paragraph 505, and therefore denies them. NuCal denies any remaining allegations in paragraph 505.

506.    NuCal denies the allegations in paragraph 506.

507.    The allegations of paragraph 498 are purported legal conclusions to which a response is not required. To the extent a response is required, NuCal denies the allegations in paragraph 507, including its subparts.

508.    The allegations of paragraph 508 are purported legal conclusions to which a response is not required. To the extent a response is required, NuCal denies the allegations in paragraph 508. NuCal denies any remaining allegations in paragraph 499.

509.    With respect to paragraph 509, NuCal admits that Plaintiffs purport to incorporate by reference the preceding allegations of their Complaint. NuCal incorporates by reference its responses to the preceding paragraphs—paragraphs 1 through 508—of the Complaint. NuCal denies any remaining allegations in paragraph 509.

510.    NuCal denies the allegations in paragraph 510.

511.    NuCal denies the allegations in paragraph 511, including its subparts.

512.    NuCal denies the allegations in paragraph 512.

513.    NuCal denies the allegations in paragraph 513, including its subparts.

514.    NuCal denies any and all allegations contained in Plaintiffs' prayer for relief, denies that Plaintiffs are entitled to any relief, and requests that Plaintiffs take nothing in this suit and that this matter be dismissed with prejudice, with costs and fees awarded to NuCal.

<u>**DEFENDANT'S AFFIRMATIVE DEFENSES**</u>

1.    Plaintiffs fail in whole or in part to state a claim upon which relief could be granted.

2.      Plaintiffs' claims are barred, in whole or in part, by the Capper-Volstead Act, 7 U.S.C. § 291, 292.

3.      Plaintiff's claims are barred, in whole or in part, by 7 U.S.C. § 292's grant of exclusive or primary jurisdiction to the United States Secretary of Agriculture.

4.      Plaintiffs' claims are barred, in whole or in part, by the Agricultural Cooperative Marketing Act, 7 U.S.C. § 455.

5.      Plaintiffs' claims are barred, in whole or in part, by Section 6 of the Clayton Act, 15 U.S.C. § 17.

6.      Plaintiffs' claims are barred, in whole or in part, by the Agricultural Marketing Act of 1929, 12 U.S.C. § 1141(a).

7.      Plaintiffs' claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine, the state action doctrine, and/or the doctrine of implied immunity; Plaintiffs' claims are further barred because the alleged conduct that is the subject of the Complaint was caused by, due to, based upon, or in response to directives, laws, regulations, authorizations, policies and/or acts of governments and/or their agencies.

8.      If, for some technical reason, Defendants UEP and/or USEM were not exempt from Plaintiffs' claims under the foregoing immunities or any or all of the alleged acts and omissions of Defendants were not within the scope of the foregoing immunities, any such technical defects should be ignored as *de minimis*.

9.      If, for some technical reason, Defendants UEP and/or USEM were not exempt from Plaintiffs' claims under the foregoing immunities or any or all of the alleged acts and omissions of Defendants were not within the scope of the foregoing immunities, NuCal mistakenly believed that those entities were exempt and acted within the scope of the foregoing

immunities, and neither Plaintiffs' claims nor any antitrust injury were reasonably foreseeable by NuCal.  At all relevant times, NuCal acted in good faith and with intent to comply with the law.

10.     If, for some technical reason, Defendants UEP and/or USEM were not exempt from Plaintiffs' claims under the foregoing immunities or any or all of the alleged acts and omissions of Defendants were not within the scope of the foregoing immunities, any resulting damages should be equitably mitigated.

11.     If, for any reason, any of the alleged acts and omissions of Defendants were unlawful under the antitrust laws and were outside the scope of any immunity, any resulting damages are limited to compensation for injuries that Plaintiffs can show to have resulted from the acts or omissions which made Defendants' conduct unlawful and are be separate from the effects of lawful concerted activity.

12.     To the extent that Plaintiffs seek to collect treble damages, attorneys' fees and expenses, and other monetary relief from NuCal, they seek a recovery that is so grossly excessive and inequitable that it would violate the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

13.     Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations and/or laches.

14.     Plaintiffs' claims are barred, in whole or in part, by waiver, ratification, unclean hands, and/or estoppel.

15.     To the extent Plaintiffs claim that Defendants fraudulently concealed any actions, Plaintiffs have failed to allege this fraud with the particularity required by Federal Rule of Civil Procedure 9(b).

16.     Plaintiffs' claims are barred, in whole or in part, because NuCal has acted in good faith.

17.     Plaintiffs' claims are barred, in whole or in part, because legitimate standard setting through cooperatives cannot give rise to antitrust liability.

18.     Plaintiffs' claims are barred, in whole or in part, because the claims are governed by the rule of reason, and Plaintiffs have not alleged and cannot prove the elements of a rule of reason claim.

19.     Plaintiffs' claims are barred, in whole or in part, because the pro-competitive benefits of the conduct alleged by Plaintiffs outweighs any alleged anti-competitive effects.

20.     Plaintiffs' claims are barred, in whole or in part, because they lack standing to bring some or all of their claims.

21.     Plaintiffs' claims are barred, in whole or in part, because they did not suffer antitrust injury.

22.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to allege relevant product and geographic markets.

23.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' claimed injuries and damages were not legally or proximately caused by any act or omission of NuCal, or were caused, if at all, by the conduct of third-parties including, without limitation, the previous, intervening, or superseding conduct of such third-parties.

24.     Plaintiffs' claims are barred, in whole or in part, because of the *Copperweld* doctrine.

25.     To the extent Plaintiffs have sustained damages, if any, they have failed to mitigate those damages and are therefore barred from recovering damages in whole or in part.

26.     Plaintiffs' damages claims are barred, in whole or in part, because they have suffered no damages or because the damages they seek are speculative and uncertain.

27.     Plaintiffs' claims are barred, in whole or in part, because of a failure to join necessary and/or indispensable parties.

28.     To the extent Plaintiffs seek to impose vicarious liability on NuCal for the acts of other individuals affiliated with NuCal while such persons were acting on behalf of UEP, USEM, and/or UEA, liability is barred by the "borrowed servant" doctrine.

29.     Plaintiffs' claims under the Sherman Act fail, in whole or in part, because of an insufficient nexus to interstate commerce.

30.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of *in pari delicto*, involvement, participation, equal involvement, complete involvement, and unclean hands.  For example, to the extent the Plaintiffs' claims rely on guidelines for reduced cage density that they themselves or persons in their distribution chain requested or insisted on, their claim is barred by the doctrines of estoppel and *in pari delicto*.

31.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs were co-initiators, co-conspirators, or involved in creating, maintaining, supporting, relying on, implementing, or otherwise utilizing the conduct and programs challenged in this action.

32.     NuCal cannot be found liable for Plaintiffs' claims due to the conduct of others that it neither knew about nor controlled.  NuCal indisputably qualifies as a cooperative association protected under the foregoing immunities, and no NuCal acts or omissions were outside the scope of those immunities.  NuCal believed and understood that Defendants UEP and USEM had procedures in place to ensure that all their members similarly qualified and that none

on their acts or omissions were outside the scope of these immunities.  NuCal thus cannot be found liable for Plaintiffs' claims.

33.     NuCal has not engaged in behavior that it knew to be, or could reasonably foresee would ever be found to be, improper or forbidden under the laws alleged by Plaintiffs, and thus neither actual nor exemplary damages may be awarded against it.

34.     Plaintiffs cannot demonstrate that Defendants' conduct was outside the scope of the foregoing immunities or that Defendants' prices were unduly enhanced as a result of any or all of the alleged acts and omissions.  The United States Department of Agriculture ("USDA") was fully aware of the conduct relevant to Plaintiffs' claims, and it regularly monitors and reports upon egg prices.  However, the USDA never sought to object to, or to halt, any conduct by Defendants despite the fact that Section 2 of the Capper-Volstead Act, 7 U.S.C. § 292, provides that the Secretary of Agriculture "shall issue" an order directing agricultural associations "to cease and desist" conduct that causes the prices of agricultural products to be "unduly enhanced."

35.     Plaintiffs' claims for injunctive relief are invalid and improper in that Plaintiffs have failed to allege, and are incapable of demonstrating, irreparable harm and/or the absence of any adequate remedy at law.

36.     Plaintiffs' claims are barred, in whole or in part, because Defendants' actions were required, permitted, or approved by federal or state law, regulation, or regulatory body.

37.     Plaintiffs' claims are barred, in whole or in part, because NuCal did not act knowingly, willfully, or intentionally.

38.     NuCal adopts by reference any applicable defense pleaded by any other Defendant which is not otherwise expressly set forth in this Answer.

39.     In stating these affirmative defenses, NuCal does not concede that it has the burden of proof on any of the aforementioned defenses and denials.

## PRAYER FOR RELIEF

WHEREFORE, NuCal denies that Plaintiffs are entitled to any relief whatsoever and respectfully requests: (a) that Plaintiffs take nothing by their action; (b) that this Court dismiss Plaintiffs' claims with prejudice; (c) that this Court assess costs and fees against Plaintiffs; and (d) that this Court award NuCal such other and further relief to which it may be justly entitled.

## COUNTERCLAIMS

NuCal incorporates here by reference, as if set forth in full, the Counterclaims it will assert, if any, in a separate document to be filed on February 4, 2014, as authorized by the Court via email from Mr. Parker Rider-Longmaid on January 13, 2014.  To the extent NuCal asserts Counterclaims, NuCal incorporates each and every paragraph in that document as if fully set forth herein.

Dated:  January 31, 2014

Respectfully submitted,

KASOWITZ BENSON TORRES & FRIEDMAN LLP

By: /s/ William M. Goodman

William M. Goodman (CA SBN 61305)
wgoodman@kasowitz.com
Jason S. Takenouchi (CA SBN 234835)
jtakenouchi@kasowitz.com
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 California Street, Suite 2300
San Francisco, California 94111
Telephone: (415) 421-6140
Fax: (415) 398-5030

*Attorneys for Defendant NuCal Foods, Inc.*

**CERTIFICATE OF SERVICE**

I, William M. Goodman, hereby certify that on the 31st day of January, 2014, a true and correct copy of the foregoing **Defendant NuCal Foods, Inc.'s Answer And Defenses To The Winn-Dixie Stores, Inc., Roundy's Supermarkets, Inc., C&S Wholesale Grocers, Inc., And H.J. Heinz Company, L.P. Third Amended Complaint** was filed using the CM/ECF system, and (1) the filing is available for viewing and downloading via the CM/ECF system and (2) the CM/ECF system will send notification of such filings to all attorneys of record who have registered for CM/ECF updates.  On this date, the aforementioned document was also served by e-mail on all attorneys listed on the attached Panel Attorney Service List.

/s/ William M. Goodman
William M. Goodman

.