IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE PROCESSED EGG PRODUCTS | § | MDL 2002 |
| ANTITRUST LITIGATION | § | 08-md-02002 |
| _____ | § | |
| | § | Jury Trial Demanded |
| THIS DOCUMENT APPLIES TO: | § | |
| No. 2:11-cv-00510-GP | § | Honorable Gene Pratter |

**DEFENDANT MICHAEL FOODS, INC.'S ANSWER AND DEFENSES TO
WINN-DIXIE STORES, INC., ROUNDY'S SUPERMARKETS, INC., C&S
WHOLESALE GROCERS, INC., AND H.J. HEINZ COMPANY, L.P.'s
THIRD AMENDED COMPLAINT**

Defendant Michael Foods, Inc. ("Michael Foods") answers the Winn-Dixie Stores, Inc.,

Roundy's Supermarkets, Inc., C&S Wholesale Grocers, Inc., and H.J. Heinz Company, L.P.'s

Third Amended Complaint ("Complaint") as follows:

<u>PRELIMINARY STATEMENT</u>

Michael Foods denies all allegations contained in the Complaint unless specifically

admitted.  Moreover, any factual allegation admitted below is admitted only as to Michael Foods

and only as to the specific facts stated therein and not as to any conclusions (legal or otherwise),

characterizations, implications or speculation in the allegation or the Complaint as a whole.  To

the extent that an allegation includes a mix of alleged factual assertion and legal conclusion,

Michael Foods denies such commingled allegations except those that are specifically admitted.

On those occasions in the Complaint when Plaintiffs make allegations against all

Defendants together, unless otherwise noted in this answer, Michael Foods answers for itself

only, and any allegations directed against other Defendants are denied.  Michael Foods

incorporates this statement by reference into its response to any paragraph in the Complaint that

makes global allegations against Defendants as a group.

Michael Foods acknowledges that Plaintiffs purport to define both "shell eggs" and "egg products." Nothing herein should be construed as an admission as to the accuracy of Plaintiffs' purported definitions or terminology. To the extent Michael Foods admits any allegation that contains this terminology, Michael Foods' admission relates only to the terms as defined by the Plaintiffs.

Michael Foods denies any allegations set forth in Plaintiffs' headings and/or footnotes.

Michael Foods incorporates this Preliminary Statement into each numbered paragraph of this Answer.

## <u>ANSWER</u>

In response to Plaintiffs' first unnumbered paragraph, Michael Foods admits that Plaintiffs have filed suit against it and the other Defendants but denies that Michael Foods is liable to Plaintiffs and denies that Plaintiffs are entitled to any relief.

1.      As for the first sentence in paragraph 1, Michael Foods admits that Plaintiffs allege various categories of misconduct against Michael Foods, but Michael Foods denies all remaining allegations in this sentence. Michael Foods denies the allegations in the second, third, and fourth sentences of paragraph 1.

2.      Michael Foods admits that paragraph 2 contains Plaintiffs' definitions of shell eggs and egg products. Michael Foods further admits that Plaintiffs purport to refer to shell eggs and egg products collectively throughout their complaint. Michael Foods denies any remaining allegations in paragraph 2.

3.      Michael Foods admits that it sold shell eggs to Roundy's Supermarkets, Inc., or entities that appear to be affiliates thereof, egg products to C&S Wholesale Grocers, Inc., or entities that appear to be affiliates thereof, and egg products to J.J. Heinz Company, L.P., or entities that appear to be affiliates thereof, but denies any other allegations with respect to sales

by Michael Foods.  Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations about Plaintiffs' alleged purchases from other Defendants and therefore denies them.  Michael Foods denies any remaining allegations in paragraph 3.

4.       Michael Foods denies the allegations of the first sentence of paragraph 4.  As for the second sentence of paragraph 4, Michael Foods admits that it competes with certain Defendants in certain regions for sales of certain products and admits that Plaintiffs have named a variety of entities as Defendants.  Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations about the operations of other Defendants and thus denies them and all remaining allegations in the second sentence.  As for the third sentence, Michael Foods admits that United Egg Producers ("UEP") identifies itself as an agricultural co-operative in the United States, but Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.  As for the fourth sentence, Michael Foods admits that UEP consisted of member companies but denies all remaining allegations.  Michael Foods denies the fifth sentence and any remaining allegations of paragraph 4.

5.       Michael Foods admits the fundamental economic relationship between price and supply such that the supply of a product can affect the price of that product.  Michael Foods denies that it is meaningful to speak of a single "demand for eggs" without regard to, among other things, the differences between the market for shell eggs and the markets for various categories of egg products.  In light of the vagueness of the terms used, Michael Foods lacks knowledge or information sufficient to form a belief as to whether the "demand for eggs" is accurately described as "relative [sic] inelastic."  Michael Foods denies all other allegations in paragraph 5.

6.     As for the first two sentences in paragraph 6, Michael Foods admits that egg production and prices have fluctuated over the years, but denies any remaining allegations. As for the last sentence of paragraph 6, Plaintiffs appear to be quoting a snippet from some unidentified document. If so, then the document speaks for itself. Michael Foods denies any remaining allegations in the last sentence of paragraph 6.

7.     As for the first sentence in paragraph 7, Michael Foods admits that Don Bell has commented on egg demand, supply, and price and has drawn various conclusions over time, Michael Foods denies that Don Bell could be characterized as its economist, and denies any remaining allegations. As for the second sentence in paragraph 7, Plaintiffs appear to be selectively quoting—and attempting to characterize—part of some unidentified document. If so, then the document speaks for itself. Michael Foods denies all other allegations in the second sentence. Michael Foods denies the allegations in the third sentence of paragraph 7.

8.     Plaintiffs appear to be quoting selected portions of various unidentified documents in paragraph 8. If so, then the documents speak for themselves. Michael Foods denies any remaining allegations in paragraph 8.

9.     Michael Foods denies the allegations of paragraph 9.

10.    Plaintiffs appear to be selectively quoting from—and attempting to characterize— an unidentified document in paragraph 10. If so, then the document speaks for itself. Michael Foods denies that Defendants conspired "to fix, raise, maintain, and/or stabilize the prices of shell eggs and egg products" and therefore denies all remaining allegations in paragraph 10 regarding acts allegedly done "as part" of any alleged conspiracy.

11.    Plaintiffs appear to be selectively quoting from—and attempting to characterize— an unidentified document in paragraph 11. If so, then the document speaks for itself. Michael

Foods denies that Defendants conspired "to fix, raise, maintain, and/or stabilize the prices of shell eggs and egg products" and therefore denies all remaining allegations in paragraph 11 regarding acts allegedly done "as part" of any alleged conspiracy.

12.     Plaintiffs appear to be selectively quoting from—and attempting to characterize—an unidentified document in paragraph 12.  If so, then the document speaks for itself.  Michael Foods denies that Defendants conspired "to fix, raise, maintain, and/or stabilize the prices of shell eggs and egg products" and therefore denies all remaining allegations in paragraph 12 regarding acts allegedly done "as part" of any alleged conspiracy.

13.     Plaintiffs appear to be selectively quoting from—and attempting to characterize—an unidentified document in paragraph 13.  If so, then the document speaks for itself.  Michael Foods denies that Defendants conspired "to fix, raise, maintain, and/or stabilize the prices of shell eggs and egg products" and therefore denies all remaining allegations in paragraph 13 regarding acts allegedly done "as part" of any alleged conspiracy.

14.     Plaintiffs appear to be selectively quoting from—and attempting to characterize—an unidentified document in paragraph 14.  If so, then the document speaks for itself.  Michael Foods denies that Defendants conspired "to fix, raise, maintain, and/or stabilize the prices of shell eggs and egg products" and therefore denies all remaining allegations in paragraph 14 regarding acts allegedly done "as part" of any alleged conspiracy.

15.     Michael Foods denies that Defendants conspired "to fix, raise, maintain, and/or stabilize the prices of shell eggs and egg products" and therefore denies all remaining allegations in paragraph 15 regarding acts allegedly done "as part" of any alleged conspiracy.

16.     Plaintiffs appear to be selectively quoting from—and attempting to characterize—an unidentified document in paragraph 16.  If so, then the document speaks for itself.  Michael

Foods denies that Defendants conspired "to fix, raise, maintain, and/or stabilize the prices of shell eggs and egg products" and therefore denies all remaining allegations in paragraph 16 regarding acts allegedly done "as part" of any alleged conspiracy.

17.     Plaintiffs appear to be quoting snippets from various unidentified documents in paragraph 17.  If so, then the documents speak for themselves.  Michael Foods denies the remaining allegations in paragraph 17.

18.     Plaintiffs appear to be quoting a snippet from some unidentified document in paragraph 18.  If so, then the document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 18.

19.     Michael Foods denies the first sentence of paragraph 19.  As for the second sentence, Plaintiffs appear to be quoting snippets from some unidentified document.  If so, then the document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 19.

20.     Michael Foods denies the allegations of paragraph 20.

21.     Michael Foods denies the allegations in paragraph 21.

22.     As for the first sentence of paragraph 22, Michael Foods admits that Plaintiffs purport to bring this action under federal law, but denies that Plaintiffs are entitled to relief under applicable law.  The allegations in the second sentence of paragraph 22 state a legal conclusion to which no response is required.  To the extent a response is required, Michael Foods denies the allegations contained in the second sentence of paragraph 22.

23.     Michael Foods admits that, among other products, it produces egg products and shell eggs and that it promotes, produces, processes, and sells shell eggs and egg products in interstate commerce.  Michael Foods denies any remaining allegations in paragraph 23.

24.     Paragraph 24 contains a legal conclusion about venue to which no response is required.  To the extent a response is somehow required, Michael Foods admits that it has transacted business in this district at certain points in time, but denies any remaining allegations.

25.     Paragraph 25 contains a legal conclusion about jurisdiction to which no response is required.  To the extent a response is somehow required, as for sub-paragraphs (a)-(c), Michael Foods admits that it has transacted business in, sold and distributed eggs in, and had contacts with certain states, including Pennsylvania.  Michael Foods denies the allegations in sub-paragraph (d).  Michael Foods denies any remaining allegations in paragraph 25.

26.     Michael Foods admits it has sold egg products to CSWG or entities that appear to be affiliates of CSWG, but denies it has sold shell eggs to CSWG.  Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 26 and therefore denies them.

27.     Michael Foods denies it has sold shell eggs or egg products to Winn-Dixie.  Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 27 and therefore denies them.

28.     Michael Foods admits it has sold shell eggs to Roundy's or entities that appear to be affiliates of Roundy's, but denies it has sold egg products to Roundy's.  Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 28 and therefore denies them.

29.     Michael Foods admits it has sold egg products to H.J. Heinz or entities that appear to be affiliates of H.J. Heinz, but denies it has sold shell eggs to H.J. Heinz.  Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 29 and therefore denies them.

30.     Paragraph 30 is so vague and overbroad as to make a response virtually impossible.  In response to more specific allegations in the Complaint, Michael Foods will respond as to its own conduct, and any allegations as to the conduct of other Defendants will be deemed denied unless otherwise answered herein.  Because this paragraph is so general, Michael Foods must respond that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 and therefore denies them.

31.     Michael Foods admits that Plaintiff often purports to assert allegations against all "Defendants," "co-conspirators," or "UEP members" by lumping them together as a group.  Michael Foods denies that this is a proper pleading tactic.  Michael Foods will respond to any allegations against it, but any allegations against other Defendants shall be denied.

32.     Michael Foods admits the allegations of the first sentence of paragraph 32.  Michael Foods admits it sold shell eggs and/or egg products to purchasers in the United States, including certain of the Plaintiffs and/or entities that appear to be their affiliates.  Michael Foods denies all remaining allegations of paragraph 32.

33.     Michael Foods admits it distributes cheese and dairy products and produces and distributes potato and egg products in the United States, but denies all remaining allegations in paragraph 33.

34.     Michael Foods admits "Michael Foods Egg Products Company" is an assumed business name used by subsidiaries M.G. Waldbaum Company and Papetti's Hygrade Egg Products, Inc., but denies all remaining allegations of paragraph 34.

35.     Michael Foods admits it is a large processed egg product producer as more fully described in its Form 10-K.  Michael Foods denies all remaining allegations of paragraph 35.

36.     Michael Foods admits it has manufactured or sold eggs or egg products in the United States at various points in time through subsidiaries M.G. Waldbaum Company and Papetti's Hygrade Egg Products, Inc., but denies all remaining allegations of paragraph 36.

37.     Michael Foods admits that in 2006, approximately 30% of its egg needs were satisfied through internal production, with the balance purchased under third-party egg procurement contracts and on the spot market.  Michael Foods denies all remaining allegations of paragraph 37.

38.     Michael Foods admits that it owns and/or uses various trade names in the United States for its products, including "Better 'n Eggs," "AllWhites," "Papetti's," "Quaker State Farms," "Emulsa," and "Broke 'n Ready."  Michael Foods admits it markets ultrapasteurized, extended shelf life liquid eggs under trade names, including "Easy Eggs."  Michael Foods admits the "Crystal Farms" trade name is used to market a wide range of refrigerated grocery products. Michael Foods admits it also markets refrigerated products under the trade names Crescent Valley, Westfield Farms, and David's Deli.  Michael Foods denies all remaining allegations of paragraph 38.

39.     Michael Foods admits it has been a member of UEP and UEA during the relevant time period and that employees of Michael Foods have at certain times served on the UEP and UEA Boards of Directors or on certain UEP and UEA Committees, but denies all remaining allegations of the first sentence of paragraph 50.  Michael Foods denies any employee served on the Long Range Planning Committee in 2008 or any committee entitled UEP Area #3, but admits all other allegations of the second sentence of paragraph 39.  As for the third sentence of paragraph 39, Michael Foods admits that certain of its employees have attended various UEP

meetings from time to time, but denies the remaining allegations of the third sentence of paragraph 39.

40.     Michael Foods denies the allegations of the paragraph 40.

41.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 and therefore denies them.

42.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 and therefore denies them.

43.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 and therefore denies them.

44.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 and therefore denies them.

45.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 and therefore denies them.

46.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 and therefore denies them.

47.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 and therefore denies them.

48.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 and therefore denies them.

49.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 and therefore denies them.

50.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 and therefore denies them.

51.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 and therefore denies them.

52.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 and therefore denies them.

53.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 and therefore denies them.

54.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 and therefore denies them.

55.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 and therefore denies them.

56.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 and therefore denies them.

57.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 and therefore denies them.

58.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 and therefore denies them.

59.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 and therefore denies them.

60.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 and therefore denies them.

61.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 and therefore denies them.

62.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62 and therefore denies them.

63.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 and therefore denies them.

64.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 and therefore denies them.

65.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65 and therefore denies them.

66.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66 and therefore denies them.

67.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 and therefore denies them.

68.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 and therefore denies them.

69.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 and therefore denies them.

70.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70 and therefore denies them.

71.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71 and therefore denies them.

72.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 72 and therefore denies them.

73.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73 and therefore denies them.

74.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74 and therefore denies them.

75.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 75 and therefore denies them.

76.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76 and therefore denies them.

77.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77 and therefore denies them.

78.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78 and therefore denies them.

79.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79 and therefore denies them.

80.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80 and therefore denies them.

81.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81 and therefore denies them.

82.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 82 and therefore denies them.

83.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 83 and therefore denies them.

84.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 84 and therefore denies them.

85.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 85 and therefore denies them.

86.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 86 and therefore denies them.

87.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 87 and therefore denies them.

88.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 88 and therefore denies them.

89.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 89 and therefore denies them.

90.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 90 and therefore denies them.

91.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 91 and therefore denies them.

92.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 92 and therefore denies them.

93.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 93 and therefore denies them.

94.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 94 and therefore denies them.

95.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 95 and therefore denies them.

96.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 96 and therefore denies them.

97.      Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 97 and therefore denies them.

98.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 98 and therefore denies them.

99.     Michael Foods admits that UEP identifies itself as an agricultural cooperative corporation with its principal place of business in Alpharetta, Georgia.  Michael Foods denies the remaining allegations of paragraph 99.

100.    Michael Foods admits that UEA is a non-profit corporation organized and existing under the laws of the District of Columbia, with its principal place of business in Alpharetta, Georgia.  Michael Foods denies the remaining allegations of paragraph 100.

101.    Michael Foods admits that USEM identifies itself as an agricultural cooperative corporation organized and existing under the laws of the State of Georgia, with its principal place of business in Alpharetta, Georgia.  Michael Foods denies the remaining allegations of paragraph 101.

102.    Michael Foods denies the allegations of paragraph 102.

103.    Michael Foods denies the allegations of paragraph 103.

104.    Paragraph 105 is so vague and overbroad as to make a response virtually impossible.  In response to more specific allegations in the Complaint, Michael Foods will respond as to its own conduct, and any allegations as to the conduct of other Defendants will be

deemed denied unless otherwise answered herein. Michael Foods denies any remaining allegations of paragraph 104.

105.    Michael Foods denies the allegations of paragraph 105.

106.    As for paragraph 106, Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in the corresponding footnote. The document speaks for itself. Michael Foods denies any remaining allegations of paragraph 106.

107.    As for the first three sentences in paragraph 107, Michael Foods admits that Plaintiffs appear to be appear to be selectively quoting from—and attempting to characterize— the publication referenced in the corresponding footnote. The document speaks for itself. Michael Foods admits shell eggs are purchased by grocery stores for resale among other customers, as well as by restaurants and hotels. As for the fourth sentence of paragraph 107, Michael Foods admits that Plaintiffs allege one possible definition of "breaking eggs." Michael Foods denies any remaining allegations of paragraph 107.

108.    Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 108 and therefore denies them.

109.    As for the first sentence of paragraph 109, Michael Foods admits that egg products can consist of eggs that have been removed from their shells and processed into dried, frozen, or liquid forms but denies any remaining allegations. Michael Foods admits that paragraph 109 contains Plaintiffs' definitions of egg processing. Michael Foods denies any remaining allegation in paragraph 109.

110.    Michael Foods admits paragraph 110 contains Plaintiffs' definition of the process for the production of liquid eggs, frozen eggs, dried eggs, and egg whites.  Michael Foods denies any remaining allegations in paragraph 110.

111.    Michael Foods admits that the allegations of paragraph 111 provide some possible uses of egg products and some possible reasons why certain entities purchase egg products. Michael Foods denies any remaining allegations of paragraph 111.

112.    Michael Foods admits that it produces and distributes shell eggs and egg products in interstate trade and commerce, but it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 112 and therefore denies them.

113.    Michael Foods admits the allegations of paragraph 113 are contained, amongst other material, in the publication referenced in the corresponding footnote.  The document speaks for itself.  Michael Foods denies any remaining allegations of paragraph 113.

114.    Michael Foods admits that the allegations of paragraph 114 set forth one possible definition of a "vertically integrated enterprise," but it denies any remaining allegations of paragraph 114.

115.    As for the first and second sentences in paragraph 115, Michael Foods admits that it operates at several levels of egg production and has control over its internal stages of production, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations about other companies and therefore denies them.  Michael Foods also admits that Plaintiffs are attempting to characterize the publication referenced in the corresponding footnote.  The document speaks for itself.  Michael Foods denies any remaining allegations of paragraph 115.

116.    As for paragraph 116, Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in the corresponding footnote.  The document speaks for itself.  Michael Foods denies any remaining allegations of paragraph 116.

117.    Michael Foods admits that Plaintiffs appear to be paraphrasing—and attempting to characterize—the document reference in the corresponding footnote.  That document speaks for itself.  Michael Foods denies any remaining allegations of paragraph 117.

118.    Michael Foods admits that Plaintiffs appear to be paraphrasing—and attempting to characterize—the document referenced in the corresponding footnote.  That document speaks for itself.  Michael Foods denies any remaining allegations of paragraph 118.

119.    Michael Foods admits that Plaintiffs appear to be paraphrasing—and attempting to characterize—the document referenced in the corresponding footnote.  The document speaks for itself.  Michael Foods denies any remaining allegations of paragraph 119.

120.    Michael Foods admits that Plaintiffs appear to be paraphrasing—and attempting to characterize—the document referenced in the corresponding footnote.  The document speaks for itself.  Michael Foods denies any remaining allegations of paragraph 120.

121.    Michael Foods admits that Plaintiffs appear to be paraphrasing—and attempting to characterize—the document referenced in the corresponding footnote.  The document speaks for itself.  Michael Foods denies any remaining allegations of paragraph 121.

122.    Michael Foods admits that Plaintiffs appear to be paraphrasing—and attempting to characterize—the document referenced in the corresponding footnote.  The document speaks for itself.  Michael Foods denies any remaining allegations of paragraph 122.

123.     Michael Foods admits that Plaintiffs have set forth one possible description of the molting process.  Michael Foods denies any remaining allegations of paragraph 123.

124.     Michael Foods admits that in most instances hens will again produce eggs after a molt, but denies all remaining allegations of paragraph 124.

125.     Michael Foods admits that the allegations of paragraph 125 set forth one possible description of "spent hens" and one possible description of disposing of spent hens.  Michael Foods denies any remaining allegations of paragraph 125.

126.     Michael Foods admits that Plaintiffs appear to be paraphrasing—and attempting to characterize—the document referenced in the corresponding footnote.  The document speaks for itself.  Michael Foods denies any remaining allegations of paragraph 126.

127.     Michael Foods admits that the allegations of paragraph 127 set forth one possible alternative for off-line processing operations at a chicken egg farm.  Michael Foods denies that eggs generally arrive at an "egg processing center" within 12 to 14 hours of post-lay and denies that all eggs are washed, inspected, and then graded for packaging, and denies any remaining allegations of paragraph 127.

128.     Michael Foods admits that the allegations of paragraph 128 set forth one possible description of certain operations at a chicken egg farm and one possible description of vertical integration in the egg industry.  Michael Foods denies any remaining allegations of paragraph 128.

129.     As to paragraph 129, Plaintiffs appear to be paraphrasing—and attempting to characterize—the document referenced in the corresponding footnote.  The document speaks for itself.  Michael Foods denies any remaining allegations of paragraph 129.

130.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 130 and therefore denies them.

131.     Michael Foods admits that the allegations of paragraph 131 set forth one possible description of USDA Organic eggs, which are outlined in guidelines from the USDA.  These documents speak for themselves.  Michael Foods denies any remaining allegations of paragraph 131.

132.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 132 and therefore denies them.

133.     Michael Foods admits that Plaintiffs have defined organic, free-range, and cage-free eggs as "specialty eggs."  The remaining portion of paragraph 133 states Plaintiffs' legal conclusion to which no response is required.  To the extent a response is required, Michael Foods denies any remaining allegations in paragraph 134.

134.     Michael Foods denies the allegation in the first sentence in paragraph 134. Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 134 and therefore denies them.

135.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135 and therefore denies them.

136.     As for the allegations of the first sentence of paragraph 136, Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence and therefore denies them.  Michael Foods denies all remaining allegations in paragraph 136.

137.     Michael Foods admits that Plaintiffs appear to be paraphrasing—and attempting to characterize—a document or documents from the ITC.  Those documents speak for

themselves.  Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137 and therefore denies them.

138.    Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 138 and therefore denies them.

139.    Michael Foods denies the allegations of the first sentence of paragraph 139. Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations of paragraph 139 and therefore denies them.

140.    Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first three sentences of paragraph 140 and therefore denies them.  Michael Foods denies the allegations of the fourth sentence of paragraph 140.  Michael Foods admits that in the fifth sentence of paragraph 140, the Plaintiffs appear to quote—and attempt to characterize—a snippet from an ITC report.  The document speaks for itself.  Michael Foods admits that in the sixth sentence Plaintiffs appear to be paraphrasing—and attempting to characterize—a USDA report.   The document speaks for itself.   Michael Foods denies the allegations of the last sentence of paragraph 140 and any remaining allegations in paragraph 140.

141.    Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 141 and therefore denies them.

142.    Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 142 and therefore denies them.

143.    In paragraph 143, Plaintiffs appear to paraphrase—and attempt to characterize— the publication referenced in the corresponding footnote.  That publication speaks for itself. Michael Foods denies any remaining allegations in paragraph 143.

144.     As for the first and second sentences of paragraph 144, Michael Foods admits that Plaintiffs are attempting to characterize the publication referenced in the corresponding footnote. The document speaks for itself.  Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 144 and therefore denies them.  As for the fourth and fifth sentences of paragraph 144, Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in the corresponding footnote.  The document speaks for itself.  Michael Foods denies any remaining allegations of paragraph 144.

145.     As for the first sentence of paragraph 145, Michael Foods denies that it is meaningful to speak of a single "demand for eggs" without regard to, among other things, the differences between the market for shell eggs and the markets for various categories of egg products.   In light of the vagueness of the terms used, Michael Foods lacks knowledge or information sufficient to form a belief as to whether the "demand for eggs" is accurately described as "relatively inelastic."  As for the second sentence of paragraph 145, Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in the corresponding footnote.  The document speaks for itself.  Michael Foods denies any remaining allegations of paragraph 145.

146.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 146 and therefore denies them.  As for the second sentence of paragraph 146, Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in the corresponding footnote.  The document speaks for itself.  Michael Foods denies any remaining allegations of paragraph 146.

147.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in the corresponding footnote.   The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 147.

148.    Michael Foods denies the allegations of paragraph 148.

149.    As for the first two sentences in paragraph 149, Michael Foods admits the common sense notions that eggs, like any other product, have certain attributes other products do not have and that these attributes make eggs different from other products.   Michael Foods denies any remaining allegations in the first two sentences.  Michael Foods denies the allegations in the third and fourth sentences of paragraph 149.

150.    Michael Foods denies the allegations of paragraph 150.

151.    As for the first sentence in paragraph 151, Michael Foods admits the fundamental economic relationship between price and supply such that the supply of a product can affect the price of that product and that a reduction in supply, in isolation, can sometimes cause prices to rise.  Michael Foods denies any remaining allegations in the first sentence.  As for the second sentence, Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in the corresponding footnote.   The document speaks for itself.  Michael Foods denies any remaining allegations of paragraph 151.

152.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in the corresponding footnote.   The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 152.

153.    Michael Foods denies the allegations of paragraph 153.

154.    Michael Foods admits that Plaintiffs appear to be paraphrasing and quoting from—and attempting to characterize—the document referenced in paragraph 154. The document speaks for itself. Michael Foods denies any remaining allegations in paragraph 154.

155.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in the corresponding footnote. The document speaks for itself. Michael Foods denies any remaining allegations in paragraph 155.

156.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—an unidentified document. The document speaks for itself. Michael Foods denies any remaining allegations in paragraph 156.

157.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in the corresponding footnote. The document speaks for itself. Michael Foods denies any remaining allegations in paragraph 157.

158.    Michael Foods admits that Plaintiffs purport to be selectively quoting from—and attempting to characterize—the publication referenced in the corresponding footnote. The publication speaks for itself. Michael Foods denies any remaining allegations of paragraph 158.

159.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in a preceding footnote. The document speaks for itself. Michael Foods denies any remaining allegations of paragraph 159.

160.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the document referenced in the corresponding footnote. The document speaks for itself. Michael Foods denies any remaining allegations of paragraph 160.

161.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the transcript referenced in the corresponding footnote. The

transcript is a document that speaks for itself.  Michael Foods denies any remaining allegations of paragraph 161.

162.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the document referenced in the corresponding footnote.  The document speaks for itself.  Michael Foods denies any remaining allegations of paragraph 162.

163.    Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 163 and therefore denies them.

164.    Michael Foods admits Plaintiffs appear to be selectively quoting from—and attempting to characterize—the documents referenced in the corresponding footnotes.  The documents speak for themselves.  Michael Foods denies the remaining allegations of paragraph 164.

165.    Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 165 and therefore denies them.

166.    Michael Foods admits Plaintiffs appear to be quoting from the publication referenced in paragraph 167.  The publication speaks for itself.  Michael Foods denies any remaining allegations of paragraph 166.

167.    Michael Foods admits UEP publishes a newsletter entitled United Voices, but Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph 167 and therefore denies them.

168.    As for the first sentence in paragraph 168, Michael Foods admits Plaintiffs appear to be quoting from the website referenced in the corresponding footnote.  That website speaks for itself.  Michael Foods denies any remaining allegations of the first sentence.  Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining

allegations of the second sentence of paragraph 168 and therefore denies them.  Michael Foods denies any remaining allegations of paragraph 168.

169.   Michael Foods admits Plaintiffs appear to be quoting from the websites referenced in the corresponding footnotes.   The websites are documents that speak for themselves.  Michael Foods denies any remaining allegations in paragraph 169.

170.   Michael Foods admits that UEA is a non-profit corporation organized and existing under the laws of the District of Columbia, with its principal place of business in Alpharetta, Georgia, which is managed by UEP pursuant to a management agreement.  Michael Foods admits Plaintiffs appear to be selectively quoting from—and attempting to characterize— an unidentified document.  If so, then the document speaks for itself.  Michael Foods denies any remaining allegations in the first sentence of paragraph 170.  As for the second sentence of paragraph 170, Michael Foods admits UEA is comprised of three divisions – the Further Processor Division, the Allied Industry Division, and the Producer/Packer Division, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the second sentence of paragraph 170 and therefore denies them.  Michael Foods admits that Plaintiffs appear to be paraphrasing and quoting from—and attempting to characterize—the document referenced in the third sentence and corresponding footnote.  The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 170.

171.   Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 171 and therefore denies them.  As to the second sentence, Michael Foods admits Plaintiffs appear to be paraphrasing—and attempting to characterize—the document referenced in the corresponding footnote.  If so, the document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 171.

172.    Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 172 and therefore denies them. Michael Foods denies any remaining allegations in paragraph 172.

173.    Michael Foods admits the allegations of paragraph 173.

174.    Michael Foods admits Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in the corresponding footnote.  The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 174.

175.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the document referenced in the corresponding footnote.  The document speaks for itself.  Michael Foods denies all remaining  allegations in paragraph 175.

176.    Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 176 and therefore denies them.  As for the second sentence in paragraph 176, Michael Foods admits that UEP changed its structure to allow individual egg producers to join the organization as members, but it denies all remaining allegations.  Michael Foods denies the allegations in the third sentence in paragraph 176.

177.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 177.  The publication speaks for itself.  Michael Foods denies all remaining  allegations in paragraph 177.

178.    Michael Foods denies the allegations of paragraph 178.

179.    Michael Foods admits Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in the corresponding footnote.  The document speaks for itself.  Michael Foods denies the allegations in paragraph 179 and lacks knowledge or information sufficient to form a belief as to the truth of the allegations with respect

to any other Defendant and therefore denies them. Michael Foods denies any remaining allegations in paragraph 179.

180.    Michael Foods denies it was ever a member of USEM or participated in USEM exports and denies the allegations of the first sentence of paragraph 180. Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the second and fourth sentences of paragraph 180 and therefore denies them. In the third sentence, Michael Foods admits Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in the corresponding footnote. The document speaks for itself. Michael Foods denies any remaining allegations in paragraph 180.

181.    Michael Foods admits Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in the corresponding footnote. The document speaks for itself. Michael Foods denies any remaining allegations in paragraph 181.

182.    Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding John Mueller's recollections. Michael Foods admits Terry Baker was a member of the UEP Board of Directors at various times and attended certain UEP Board of Director's meetings, but denies all remaining allegations of paragraph 182.

183.    Michael Foods denies the allegations in paragraph 183.

184.    Michael Foods admits Plaintiffs appear to be selectively quoting from—and attempting to characterize—the document referenced in paragraph 184. The document speaks for itself. Michael Foods denies any remaining allegations of paragraph 184.

185.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the document referenced in paragraph 185. The document speaks for itself. Michael Foods denies any remaining allegations of paragraph 185.

186.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in the corresponding footnote.   The document speaks for itself.  Michael Foods denies any remaining allegations of paragraph 186.

187.    Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 187 and therefore denies them. Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in the corresponding footnote.   The document speaks for itself.  Michael Foods denies the remaining allegations of paragraph 187.

188.    Michael Foods denies the allegations in paragraph 188 and lacks knowledge or information sufficient to form a belief as to the truth of the allegations with respect to any other Defendant and therefore denies them.

189.    Michael Foods denies the allegations in paragraph 189.

190.    Michael Foods admits that Plaintiffs appear to be selectively referencing from the meeting minutes referenced in paragraph 190.  The minutes are a document that speaks for itself. Michael Foods denies any remaining allegations in paragraph 190.

191.    Michael Foods admits that Plaintiffs appear to be selectively quoting—and attempting to characterize—the meeting minutes referenced in paragraph 191.  The minutes are a document that speaks for itself.  Michael Foods denies any remaining allegations in paragraph 191.

192.    Michael Foods admits that Plaintiffs appear to be selectively quoting—and attempting to characterize—the publication referenced in the corresponding footnote.   The publication is a document that speaks for itself.  Michael Foods denies any remaining allegations in paragraph 192.

193.     Michael Foods denies the allegations of paragraph 193.

194.     Michael Foods denies the allegations of paragraph 194.

195.     Michael Foods denies the allegations of paragraph 195.

196.     Michael Foods denies the allegations of paragraph 196.

197.     Throughout paragraph 197, Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the documents referenced in the corresponding footnotes.  These documents speak for themselves.  To the extent paragraph 197 refers to the published guidelines of the UEP Animal Care Certified Program, the guidelines are a document that speaks for itself.  Michael Foods denies any remaining allegations of paragraph 197.

198.     Michael Foods denies the allegations of paragraph 198.

199.     Michael Foods denies the allegations of paragraph 199.

200.     Michael Foods admits the UEP Animal Care Certified Guidelines established minimum cage space per hen standards that provided for scheduled increases in the standards over a period of years, the permissible transition period changing over time as the Guidelines were developed and published.  The Guidelines are documents that speak for themselves. Michael Foods admits that in 2008 it was licensed to sell eggs it produced as UEP Certified Eggs.  Michael Foods denies all remaining allegations of paragraph 200.

201.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 201 and therefore denies them.

202.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Garth Sparboe's attendance at meetings or his recollections

of those meetings.  Michael Foods admits Tim Bebee attended certain meetings of the Animal Welfare Committee starting in 2000, but denies all remaining allegations in paragraph 202.

203.    Michael Foods denies the allegations of paragraph 203.

204.    Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 204 and therefore denies them. Michael Foods denies the allegations of the second sentence of paragraph 204.

205.    Michael Foods denies the allegations of paragraph 205.

206.    Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 206 and therefore denies them. Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the document referenced in paragraph 206.  The document speaks for itself. Michael Foods denies any remaining allegations of paragraph 206.

207.    Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 207 and therefore denies them. Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the document referenced in paragraph 207.  The document speaks for itself. Michael Foods denies any remaining allegations of paragraph 207.

208.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the document referenced in paragraph 208.  The document speaks for itself.  Michael Foods denies any remaining allegations of paragraph 208.

209.    Michael Foods denies the allegations of paragraph 209.

210.    Michael Foods denies the allegations of paragraph 210.

211.    Michael Foods admits that the UEP Board of Directors held a board meeting on or about October 10-11, 2002, which Tim Bebee attended and at which a motion regarding the 100% rule was considered as reflected in the meeting minutes.  The meeting minutes are a document that speaks for itself.  Michael Foods denies all remaining allegations of paragraph 211.

212.    Michael Foods admits that Plaintiffs appear to be selectively quoting the minutes from the UEP Annual Board Meeting on October 10-11, 2002, in paragraph 212.  The minutes are a document that speaks for itself.  Michael Foods denies any remaining allegations in paragraph 212.

213.    Michael Foods admits that the 100% rule required producers who voluntarily chose to participate in the UEP animal welfare program to comply with UEP's animal welfare guidelines at all of the producer's production facilities, but denies all other allegations of paragraph 213.

214.    Michael Foods denies the allegations of paragraph 214.

215.    Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 215 and therefore denies them.

216.    Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 216 and therefore denies them.

217.    Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 217 and therefore denies them.

218.    Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 218 and therefore denies them.

219.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 219 and therefore denies them.

220.     Michael Foods admits certain of its employees may have discussed animal welfare guidelines with employees of Sparboe, but denies the remaining allegations of paragraph 220 with respect to itself and lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the conduct of other defendants and therefore denies them.

221.     Michael Foods denies the allegations in the first sentence of paragraph 221.  As for the remainder of paragraph 221, Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in the corresponding footnote.  The document speaks for itself.  Michael Foods denies any remaining allegations of paragraph 221.

222.     Michael Foods denies the allegations of paragraph 222.

223.     Michael Foods denies the allegations of paragraph 223.

224.     Michael Foods denies the allegations of paragraph 224.

225.     Michael Foods admits that Plaintiffs appear to be selectively paraphrasing and quoting from—and attempting to characterize—the publication referenced in the corresponding footnote.  That publication speaks for itself.  Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 225 and therefore denies them.

226.     Michael Foods admits that Plaintiffs appear to be characterizing and quoting an unidentified document containing Sparboe's opinions.  If that is so, then the document speaks for itself.  Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 226 and therefore denies them.

227.    Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 227 and therefore denies them.

228.    Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 228 and therefore denies them.

229.    Michael Foods admits that Plaintiffs appear to be quoting a letter from UEP to an entity other than Michael Foods in paragraph 229.  If that is so, then the document speaks for itself.  Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 229 and therefore denies them.

230.    Michael Foods admits that Plaintiffs appear to be characterizing and quoting an email not involving Michael Foods in paragraph 230.  If that is so, then the email speaks for itself.  Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 230 and therefore denies them.

231.    Michael Foods admits that Plaintiffs appear to be characterizing and quoting a letter from Sparboe to UEP in paragraph 231.  If that is so, then the document speaks for itself.  Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 231 and therefore denies them.

232.    Michael Foods admits that Plaintiffs appear to be characterizing and quoting a letter from Mr. Roger Deffner to Sparboe in paragraph 232.  If that is so, then the document speaks for itself.  Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 232 and therefore denies them.

233.    Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 233 and therefore denies them.

234.    Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 234 and therefore denies them.

235.    Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 235 and therefore denies them.

236.    Michael Foods denies the allegations of paragraph 236.

237.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the document referenced in paragraph 237.  The document speaks for itself.

238.    Michael Foods admits that Plaintiffs appear to be selectively paraphrasing from—and attempting to characterize—the document referenced in paragraph 238.  The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 238.

239.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 239.  The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 239.

240.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 240.  The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 240.

241.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 241.  The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 241.

242.    Michael Foods denies it had joined the UEP Certified program by the end of 2003 and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 242 and therefore denies them.

243.     Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 243.  The document speaks for itself.  Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 243 and therefore denies them.

244.     Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 244.  The document speaks for itself.  Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 244 and therefore denies them.

245.     Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 245.  The document speaks for itself. Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 245 and therefore denies them.

246.     Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—an unidentified document referenced in paragraph 246.   The document speaks for itself.  Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 246 and therefore denies them.

247.     Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 247.  The document speaks for itself.  Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 247 and therefore denies them.

248.     Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 248.  The document speaks

for itself.  Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 248 and therefore denies them.

249.    Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 249 and therefore denies them.

250.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 250.  The document speaks for itself.  Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 250 and therefore denies them.

251.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the document referenced in paragraph 251.  The document speaks for itself.  Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 251 and therefore denies them.

252.    Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 252 and therefore denies them.

253.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 253.  The document speaks for itself.  Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 253 and therefore denies them.

254.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 254.  The document speaks for itself.  Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 254 and therefore denies them.

255.    Michael Foods denies the allegations of paragraph 255.

256.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the correspondence referenced in paragraph 256.  The document speaks for itself.  Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 256 and therefore denies them.

257.    Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 257 and therefore denies them.

258.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the presentation referenced in paragraph 258.  This presentation speaks for itself.  Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 258 and therefore denies them.

259.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the presentation referenced in paragraph 259.  This presentation speaks for itself.  Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 259 and therefore denies them.

260.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the presentation referenced in paragraph 260.  This presentation speaks for itself.  Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 260 and therefore denies them.

261.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 261.  The document speaks for itself.  Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 261 and therefore denies them.

262.     Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—an unidentified document in paragraph 262.   If so, then the document speaks for itself.  Michael Foods denies any remaining allegations in  paragraph 262.

263.     Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—an unidentified document in paragraph 263.   If so, then the document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 263.

264.     Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 264.  The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 264.

265.     Michael Foods admits that Plaintiffs appear to be selectively characterizing an unidentified document.   If so, then the document speaks for itself.   Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 265 and therefore denies them.

266.     Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 266.  The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 266.

267.     Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 267.  The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 267.

268.     Michael Foods denies the allegations of paragraph 268.

269.     Michael Foods admits that Plaintiffs appear to be selectively summarizing—and attempting to characterize—the publication referenced in paragraph 269.  The document speaks for itself.   Michael Foods admits Terry Baker was on the UEP Board in 2004, but lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 269 and therefore denies them.

270.     Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—an unidentified document in paragraph 270.  The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 270.

271.      Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in the corresponding footnote.  The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 271.

272.     Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 272.  The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 272.

273.     Michael Foods admits UEP held a meeting in Atlanta, Georgia, in or about November 2004, but denies all remaining allegations of paragraph 273.

274.     Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 274.  The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 274.

275.     Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the document referenced in paragraph 275.  The document speaks for itself.  Michael Foods denies any remaining allegations of paragraph 275.

276.     Michael Foods admits that Plaintiffs appear to be selectively summarizing—and attempting to characterize—the publication referenced in paragraph 276.  The document speaks for itself.  Michael Foods denies any remaining allegations of paragraph 276.

277.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the correspondence referenced in paragraph 277.  If this is the case, then the document speaks for itself.  Michael Foods denies any remaining allegations of paragraph 277.

278.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the correspondence first referenced in paragraph 278.  If this is the case, then the document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 278.

279.    Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 279 and therefore denies them.  As for the remainder of paragraph 279, Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the memorandum referenced in paragraph 279. The document speaks for itself. Michael Foods denies any remaining allegations in paragraph 279.

280.    Michael Foods admits that Plaintiffs are attempting to characterize the publication referenced in paragraph 280.  The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 280.

281.    Michael Foods denies the allegations of paragraph 281.

282.    Michael Foods admits that Plaintiffs are attempting to characterize the publication referenced in paragraph 282.  The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 282.

283.    Michael Foods admits the allegations in the first sentence of paragraph 283.  As to the second sentence, Michael Foods denies Plaintiffs' characterization of the meeting minutes,

which are a document that speaks for itself, and denies all remaining allegations.  As for the third and fourth sentences in this paragraph, Michael Foods admits Terry Baker attended the January 25, 2005 board meeting, but Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 283 and therefore denies them.  Michael Foods denies any remaining allegations in paragraph 283.

284.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the minutes referenced in paragraph 284.  The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 284.

285.    Michael Foods admits that Plaintiffs appear to be selectively paraphrasing—and attempting to characterize—the minutes from the meeting referenced in paragraph 285.  The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 285.

286.    Michael Foods admits Terry Baker attended the January 25, 2005 Board meeting, but denies all remaining allegations of paragraph 286 with respect to Michael Foods and lacks knowledge or information sufficient to form a belief as to the truth of the allegations about the actions or meeting attendance of other egg producers and therefore denies them.  Michael Foods denies any remaining allegations in paragraph 286.

287.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 287.  The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 287.

288.    Michael Foods denies the allegations of paragraph 288.

289.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 289.  The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 289.

290.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in the corresponding footnote.   The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 290.

291.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the minutes of a conference call referenced in paragraph 291.  The minutes are a document that speaks for itself.  Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 291 and therefore denies them.

292.    Michael Foods denies the allegations of paragraph 292.

293.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 293.  The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 293.

294.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 294.  The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 294.

295.    Michael Foods admits the allegations in the first sentence in paragraph 295. Michael Foods admits that Tim Bebee attended the committee meeting referenced in paragraph 295.  Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the minutes of the meeting.  The minutes are a document that speaks for itself. Michael Foods denies any remaining allegations in paragraph 295.

296.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—an unidentified document in paragraph 296.  The document speaks for itself.  Michael Foods denies any remaining allegations of paragraph 296.

297.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—an unidentified document in paragraph 297.  The document speaks for itself.  Michael Foods denies any remaining allegations of paragraph 297.

298.    Michael Foods denies the allegations of the first sentence of paragraph 298.  As for the second sentence of paragraph 298, Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in the second sentence.   The document speaks for itself.   Michael Foods denies any remaining allegations of paragraph 298.

299.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 299.  The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 299.

300.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 300.  The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 300.

301.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 301.  The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 301.

302.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 302.  The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 302.

303.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—an unidentified document in paragraph 303.  The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 303.

304.    Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 304 and therefore denies them.

305.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 305.  The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 305.

306.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 306.  The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 306.

307.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—an unidentified document in paragraph 307.  The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 307.

308.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 308.  The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 308.

309.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 309.  The document speaks for itself.  Michael Foods denies any remaining allegations of paragraph 309.

310.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 310.  The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 310.

311.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 311.  The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 311.

312.     Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 312.  The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 312.

313.     Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 313.  The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 313.

314.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 314 and therefore denies them.

315.     Michael Foods admits that Plaintiffs appear to be paraphrasing—and attempting to characterize—an unidentified document in the first sentence of paragraph 315.  The document speaks for itself. Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 315 and therefore denies them.

316.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 316 and therefore denies them.

317.     Michael Foods denies it was ever a member of USEM or participated in any USEM exports.  Michael Foods denies all remaining allegations in paragraph 317.

318.     Michael Foods denies it was ever a member of USEM or participated in any USEM exports.  Michael Foods denies the allegations in the first two sentences of paragraph 318.  As for the third and fourth sentences of paragraph 318, Michael Foods admits that Plaintiffs are attempting to characterize the publication referenced in paragraph 318.  The document speaks for itself.  Michael Foods denies any remaining allegations of paragraph 318, including without limitation Plaintiffs' characterization of the publication.

319.    Michael Foods denies it was ever a member of USEM or participated in any USEM exports.  Michael Foods denies the allegations of paragraph 319 to the extent they relate to Michael Foods, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 319 with respect to other producers, and therefore denies them.

320.    Michael Foods denies it was ever a member of USEM or participated in USEM exports.  Michael Foods denies the allegations of paragraph 320 to the extent they relate to Michael Foods, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 321 with respect to other producers, and therefore denies them.

321.    Michael Foods denies it was ever a member of USEM or participated in USEM exports.  Michael Foods denies the allegations of paragraph 321 to the extent they relate to Michael Foods, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 321 with respect to other producers, and therefore denies them.

322.    Michael Foods denies it was ever a member of USEM or participated in USEM exports.  Michael Foods denies the allegations of paragraph 322 to the extent they relate to Michael Foods, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 322 with respect to other producers, and therefore denies them.

323.    Michael Foods denies it was ever a member of USEM or participated in USEM exports.  Michael Foods denies the allegations of paragraph 323 to the extent they relate to Michael Foods, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 323 with respect to other producers, and therefore denies them.

324.    Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 324 and therefore denies them.

325.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the document referenced in paragraph 325.  The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 325.

326.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 326.  The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 326.

327.    Michael Foods denies it was ever a member of USEM or participated in any USEM exports.  Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 327 and therefore denies them.

328.    Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 328 and therefore denies them.  As for the second sentence, Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the correspondence referenced.  The document speaks for itself.  Michael Foods denies any remaining allegations of paragraph 328.

329.    Michael Foods denies it was ever a member of USEM or participated in any USEM exports.  Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 329 and therefore denies them.

330.    Michael Foods admits that Plaintiffs are attempting to characterize the publication referenced in paragraph 330.  The document speaks for itself.  Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 330 and therefore denies them.

331.    Michael Foods denies it was ever a member of USEM or participated in any USEM exports.  Michael Foods denies all remaining allegations of paragraph 331.

332.    As for paragraph 333, Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the news article referenced in the corresponding footnote.  This article is a document that speaks for itself.  Michael Foods denies any remaining allegations in paragraph 332.

333.    Michael Foods denies it was ever a member of USEM or participated in USEM exports.  Michael Foods denies the allegations of paragraph 333 to the extent they relate to Michael Foods, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 333 with respect to other producers, and therefore denies them.

334.    Michael Foods denies the allegations of paragraph 334.

335.    Michael Foods denies the allegations of paragraph 335.

336.    Michael Foods denies it was ever a member of USEM or participated in any USEM exports.  Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the newsletter referenced in paragraph 336.  The newsletter is a document that speaks for itself.  Michael Foods denies any remaining allegations of paragraph 336.

337.    Michael Foods denies it was ever a member of USEM or participated in USEM exports.  Michael Foods denies the allegations of paragraph 337 to the extent they relate to Michael Foods, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 337 with respect to other producers, and therefore denies them.

338.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 338.  The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 338, including without limitation Plaintiffs' characterization of the publication.

339.     Michael Foods denies it was ever a member of USEM or participated in USEM exports.  Michael Foods denies the allegations of paragraph 339 to the extent they relate to Michael Foods, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 339 with respect to other producers, and therefore denies them.

340.     Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 340.  The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 340.

341.     Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the minutes of the meeting referenced in paragraph 341.  The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 341.

342.     Michael Foods admits that Plaintiffs appear to be selectively paraphrasing the government publication referenced in paragraph 342.  The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 342.

343.     Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 343.  The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 343.

344.     Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 344.  The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 344.

345.     Michael Foods denies that the quotations in paragraph 345 appear in the publication referenced in paragraph 345.   If Plaintiffs intended to cite another document, then that document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 345.

346.    Michael Foods admits that Plaintiffs appear to be selectively paraphrasing from—and attempting to characterize—the publication referenced in paragraph 346.  The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 346.

347.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 347.  The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 347.

348.    Michael Foods denies it was ever a member of USEM or participated in USEM exports.  Michael Foods denies the allegations of paragraph 348 to the extent they relate to Michael Foods, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 348 with respect to other producers, and therefore denies them.

349.    Michael Foods denies it was ever a member of USEM or participated in USEM exports.  Michael Foods denies the allegations of paragraph 349 to the extent they relate to Michael Foods, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 349 with respect to other producers, and therefore denies them.

350.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 350.  The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 350.

351.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 351.  The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 351.

352.    Michael Foods admits that Plaintiffs appear to be selectively paraphrasing the publications referenced in paragraph 352.  These documents speak for themselves.  Michael Foods denies any remaining allegations in paragraph 352.

353.    Michael Foods denies that the quotation in paragraph 353 appears in the publication referenced in paragraph 353.  If Plaintiffs intended to cite another document, then that document speaks for itself.  Michael Foods denies any remaining allegations of paragraph 353.

354.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 354.  The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 354.

355.    Michael Foods denies the allegations of the first sentence of paragraph 355.  As for the remainder of paragraph 355, Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 355.  The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 355, including without limitation Plaintiffs' characterization of the publication.

356.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 356.  The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 356.

357.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in the corresponding footnote.  The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 357.

358.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in the corresponding footnote.  The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 358.

359.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in the corresponding footnote.   The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 359.

360.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 360.  The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 360.

361.    Michael Foods denies the allegations of paragraph 361.

362.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 362.  The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 362.

363.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in the corresponding footnote.   The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 363.

364.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 364.  The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 364.

365.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in the corresponding footnote.   The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 365.

366.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 366.  The document speaks for itself.  Michael Foods denies any remaining allegations in this paragraph.

367.     Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the document referenced in paragraph 367.  The document speaks for itself.  Michael Foods denies any remaining allegations in this paragraph.

368.     Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the minutes referenced in paragraph 368.  The document speaks for itself.  Michael Foods denies any remaining allegations in this paragraph.

369.     Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in the corresponding footnote.  The document speaks for itself.  Michael Foods denies any remaining allegations in this paragraph.

370.     Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in the corresponding footnote.  The document speaks for itself.  Michael Foods denies any remaining allegations in this paragraph.

371.     Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in the corresponding footnote.  The document speaks for itself.  Michael Foods denies any remaining allegations in this paragraph.

372.     Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publications referenced in the corresponding footnotes.  The documents speak for themselves.  Michael Foods denies any remaining allegations in this paragraph.

373.     Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in the corresponding footnote.  The document speaks for itself.  Michael Foods denies any remaining allegations in this paragraph.

374.     Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in the corresponding footnote.   The document speaks for itself.  Michael Foods denies any remaining allegations in this paragraph.

375.     Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in the corresponding footnote.   The document speaks for itself.  Michael Foods denies any remaining allegations in this paragraph.

376.     Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in the corresponding footnote.   The document speaks for itself.  Michael Foods denies any remaining allegations in this paragraph.

377.     Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in the corresponding footnote.   The document speaks for itself.  Michael Foods denies any remaining allegations in this paragraph.

378.     Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 378.  The document speaks for itself.  Michael Foods denies any remaining allegations in this paragraph.

379.     Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 379.  The document speaks for itself.  Michael Foods denies any remaining allegations in this paragraph.

380.     Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in the corresponding footnote.   The document speaks for itself.  Michael Foods denies any remaining allegations in this paragraph.

381.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in the corresponding footnote.   The document speaks for itself.  Michael Foods denies any remaining allegations in this paragraph.

382.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the website referenced in the corresponding footnote.  This website speaks for itself.  Michael Foods denies any remaining allegations in this paragraph.

383.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in the corresponding footnote.   The document speaks for itself.  Michael Foods denies any remaining allegations in this paragraph.

384.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in the corresponding footnote.   The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 384.

385.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in the corresponding footnote.   The document speaks for itself.  Michael Foods denies any remaining allegations in this paragraph.

386.    As for the first two sentences in paragraph 386, Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.   As for the last two sentences of paragraph 386, Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the minutes of the meeting referenced in paragraph 386.  The document speaks for itself.  Michael Foods denies any remaining allegations of paragraph 386.

387.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 387.  The document speaks for itself.  Michael Foods denies any remaining allegations in this paragraph.

388.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in the corresponding footnote.  The document speaks for itself.  Michael Foods denies any remaining allegations in this paragraph.

389.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the recording referenced in the corresponding footnote.  This recording is a document that speaks for itself.  Michael Foods denies any remaining allegations in this paragraph.

390.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the transcript referenced in paragraph 390.  The document speaks for itself.  Michael Foods denies any remaining allegations in this paragraph.

391.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the transcript referenced in paragraph 391.  The document speaks for itself.  Michael Foods denies any remaining allegations in this paragraph.

392.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the document referenced in paragraph 392.  The document speaks for itself.  Michael Foods denies any remaining allegations in this paragraph.

393.    Paragraph 393 contains legal conclusions to which a response is not required.  To the extent a response is required, Michael Foods denies the allegations of paragraph 393.

394.    Michael Foods admits that shell eggs can be a component of egg products.  As for the second sentence of paragraph 394, Michael Foods admits that some shell eggs are broken and

processed into various kinds of egg products.  Michael Foods denies any remaining allegations in this paragraph.

395.    Michael Foods denies the allegations in paragraph 395.

396.    Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 396 and therefore denies them.  As for the second sentence, Michael Foods admits that it has its own hens, its own shell egg production facilities, and its own egg processing facilities and lacks knowledge or information sufficient to form a belief as to the truth of the allegations about other producers and therefore denies them.  Michael Foods denies the allegations of the third sentence of paragraph 396.

397.    As for the first sentence in paragraph 397, Michael Foods admits it has purchased shell eggs to process into egg products and lacks knowledge or information sufficient to form a belief as to the truth of the allegations about other producers and therefore denies them.  As for the second sentence, Michael Foods admits that Plaintiffs purport to exclude certain purchases from their classes, but Michael Foods denies that any class may be certified in this action and denies that Plaintiffs are entitled to any relief.  Michael Foods denies the allegations in the third and fourth sentences of paragraph 397.

398.    Michael Foods admits that UEA has a Further Processors Division, but Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations about that Division's members and therefore denies them.

399.    As for the first sentence of paragraph 399, Michael Foods admits that meetings for UEA and UEP sometimes occur at similar times and in similar locations; that some UEA members sometimes also attend certain UEP meetings; that some UEP members sometimes also

attend certain UEA meetings; and that certain producers are members of both UEA and UEP. Michael Foods denies the remaining allegations of paragraph 399.

400.    Michael Foods admits that UEP has some members that produce and sell both shell eggs and egg products, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 400 and therefore denies them.

401.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 401.  The document speaks for itself.   Michael Foods denies any remaining allegations, including without limitation Plaintiffs' characterization of the publication.

402.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 402.  The document speaks for itself.  Michael Foods denies any remaining allegations in this paragraph.

403.    Michael Foods admits that Plaintiffs appear to be selectively paraphrasing from—and attempting to characterize—the publication referenced in paragraph 403.  The document speaks for itself.  Michael Foods denies any remaining allegations in this paragraph.

404.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 404.  The document speaks for itself.  Michael Foods denies any remaining allegations in this paragraph.

405.    Michael Foods denies the allegations of paragraph 405.

406.    As for the first sentence in paragraph 406, Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the website referenced in the corresponding footnote.  This website is a document that speaks for itself.  As for the second sentence, Michael Foods admits that the involvement of an independent scientific

advisory committee, among other things, shows that the UEP animal welfare guidelines are legitimate, but denies the allegations about the mere "facial appearance of legitimacy and neutrality."  Michael Foods denies any remaining allegations in paragraph 406.

407.   Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the transcript referenced in the corresponding footnote.  The document speaks for itself.  Michael Foods denies any remaining allegations in this paragraph.

408.   Michael Foods admits that Plaintiffs appear to be selectively quoting from the publications referenced in the corresponding footnote.  These documents speak for themselves. Michael Foods denies all other allegations in paragraph 408.

409.   As for the first sentence in paragraph 409, Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the transcript referenced in the corresponding footnote.  The document speaks for itself.  Michael Foods denies any remaining allegations in the first sentence.  As for the second sentence, Michael Foods admits that the UEP Animal Welfare Committee adopted the recommendations of the independent scientific advisory committee, but Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.

410.   Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the first sentence of paragraph 410 and therefore denies them.  As for the second sentence, Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the speech referenced in the corresponding footnote.  The document speaks for itself.  Michael Foods denies any remaining allegations in this paragraph.

411.   Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 411 and therefore denies them.  As

for the second sentence of paragraph 411, Michael Foods admits that Plaintiffs are attempting to characterize the publication referenced in the corresponding footnote.  The document speaks for itself.  Michael Foods denies any remaining allegations of this sentence.  As for the third sentence of paragraph 411, Michael Foods admits that Plaintiffs are attempting to characterize the publication referenced in the corresponding footnote.  The document speaks for itself. Michael Foods denies any remaining allegations of this sentence.  Michael Foods denies the allegations of the fourth sentence of paragraph 411.

412.   Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 412 and therefore denies them.

413.   Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 413 and therefore denies them.

414.    Michael Foods denies the allegations in paragraph 414.

415.   As for the first sentence of paragraph 415, Michael Foods admits that Plaintiffs are attempting to characterize the publication referenced in the corresponding footnote.  The document speaks for itself.  Michael Foods denies the allegations in the second and third sentences of paragraph 415.  Michael Foods denies any remaining allegations in paragraph 415.

416.   Michael Foods denies the allegations of paragraph 416.

417.   Michael Foods denies the allegations of paragraph 417.

418.   Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 418 and therefore denies them.  As for the second sentence of paragraph 419, Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the website referenced.  This website

is a document that speaks for itself. Michael Foods denies any remaining allegations of paragraph 418.

419.    As for the first sentence in paragraph 419, Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the document referenced in the first sentence. The document speaks for itself. Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 419 and therefore denies them. Michael Foods denies any remaining allegations in this paragraph.

420.    Michael Foods admits that it is a producer of shell eggs and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 420 and therefore denies them.

421.    As for the first sentence of paragraph 421, Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in the corresponding footnote. This publication speaks for itself. Michael Foods admits that certain UEP meetings have been held at the same location and around the same time as certain UEA meetings and that certain meetings have been attended by producers that are members of both UEP and UEA. Michael Foods denies the allegations in the second sentence of paragraph 421. Michael Foods denies the remaining allegations of paragraph 421.

422.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 422. This publication speaks for itself. Michael Foods denies any remaining allegations of paragraph 422.

423.   Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 423.   This publication speaks for itself.  Michael Foods denies any remaining allegations of paragraph 423.

424.   Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 424 and therefore denies them.

425.   Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 425.  As for the second sentence, Michael Foods admits that Toby Catherman was elected chairman of UEA in 2004 and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.  As for the third sentence, Michael Foods admits that it has been a member of UEP and that certain of its employees have served on certain UEP committees at certain times and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.  Michael Foods denies any remaining allegations of paragraph 425.

426.   Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 426 and therefore denies them.

427.   Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 427 and therefore denies them.

428.   Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 428 and therefore denies them.

429.   Michael Foods admits the allegations of paragraph 429.

430.   Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 430 and therefore denies them.

431.    Michael Foods denies Gene Gregory is the president and chief executive officer of UEP, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 431 and therefore denies them.

432.    Michael Foods denies the allegations of paragraph 432.

433.    Michael Foods admits the allegations of paragraph 433.

434.    Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 434 and therefore denies them.

435.    Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 435 and therefore denies them.  As for the second and third sentences, Michael Foods admits that Plaintiffs appear to be quoting from some unidentified document.  If so, then the document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 435.

436.    Michael Foods admits that Plaintiffs are attempting to summarize a portion of the publication referenced in paragraph 436.  This publication speaks for itself.  Michael Foods denies any remaining allegations of paragraph 436.

437.    Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 437 and therefore denies them.

438.    Michael Foods denies the allegations in the first sentence in paragraph 438.  As for the second sentence, Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 438 regarding positions held by Gene Gregory and therefore denies them and all remaining allegations.  As for the third sentence, Michael Foods admits that Gene Gregory has participated in meetings of UEP, USEM, and UEA but denies all remaining allegations.  As for the fourth sentence, Michael Foods admits that Gene

Gregory has written articles in the *United Voices* newsletter but denies Plaintiffs' characterization of those articles, which are documents that speak for themselves.  Michael Foods denies any remaining allegations of paragraph 438.

439.    Michael Foods admits that UEP and UEA share certain staff employees, but Michael Foods denies the remaining allegations of paragraph 439.

440.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 440.  This publication speaks for itself.  Michael Foods denies any remaining allegations of paragraph 440.

441.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 441.  This publication speaks for itself.  Michael Foods denies any remaining allegations of paragraph 441.

442.    Michael Foods admits that UEP is an agricultural cooperative, but Michael Foods denies the remaining allegations of the first sentence of paragraph 442.  Michael Foods denies the allegations in the second sentence of paragraph 442.

443.    Michael Foods denies the allegations of the first two sentences of paragraph 443.  Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 443 and therefore denies them.

444.    The first sentence of paragraph 444 is a legal conclusion to which no response is required.  As for the second sentence, Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the USDA publication referenced in paragraph 444.  This publication speaks for itself.  Michael Foods denies any remaining allegations of paragraph 444, including without limitation Plaintiffs' characterization of the publication.

445.    Paragraph 445 states a legal conclusion, and no response is required.  To the extent a response is required, Michael Foods denies the allegations of paragraph 445.

446.    Michael Foods admits that it operates at different levels of the egg production chain and that some other egg producer members of UEP do as well, but it lacks knowledge or information sufficient to form a belief as to the truth of the allegations about other unidentified UEP members and therefore denies them.  Michael Foods denies any remaining allegations of paragraph 446.

447.    Michael Foods denies the allegations of paragraph 447.

448.    Michael Foods admits that UEP does not wash, candle, grade, break, pasteurize, package, store or distribute its eggs, but denies the remaining allegations of paragraph 448.

449.    Michael Foods admits that it made independent business decisions about the marketing of its own products.  Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 449 and therefore denies them.

450.    Michael Foods denies it is a member of USEM.  Michael Foods lacks knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 450 and therefore denies them.

451.    Michael Foods admits that Plaintiffs are paraphrasing—and attempting to characterize—the document referenced in the corresponding footnote.  The document speaks for itself.  Michael Foods denies any remaining allegations in paragraph 451.

452.    As to the first sentence of paragraph 452, Michael Foods admits that it made independent business decisions about the marketing of its own products.  As for the rest of paragraph 452, Michael Foods admits Plaintiffs are quoting—and attempting to characterize— the document referenced in the corresponding footnote.  The document speaks for itself.

Michael Foods lacks knowledge and is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 452 and therefore denies them.

453.    Michael Foods admits that Plaintiffs are paraphrasing and selectively quoting—and attempting to characterize—a UEP newsletter referenced in paragraph 453.  The referenced newsletter will speak for itself.  Michael Foods denies any remaining allegations of paragraph 453.

454.    Michael Foods denies the allegations of paragraph 454.

455.    Michael Foods denies the allegations of the first sentence of paragraph 455.  As for the second sentence, Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced.  This publication speaks for itself.  Michael Foods denies any remaining allegations of paragraph 455.

456.    Michael Foods denies the allegations of the first sentence of paragraph 456.  As for the second sentence of paragraph 456, Michael Foods admits that Plaintiffs appear to be paraphrasing—and attempting to characterize—the publication referenced in the corresponding footnote.  This publication speaks for itself.  Michael Foods denies any remaining allegations of paragraph 456.

457.    Michael Foods denies the allegations in the first sentence of paragraph 457.  As for the second and third sentences, Michael Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 457 and therefore denies them.

458.    Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 458 and therefore denies them.

459.    Michael Foods Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations about other, unidentified UEP members and therefore

denies them.  Michael Foods admits it purchases eggs from other producers to satisfy its egg product production needs not satisfied by its own internal production, but denies all remaining allegations of paragraph 459.

460.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 460.  This publication speaks for itself.  Michael Foods denies any remaining allegations of paragraph 460.

461.    Michael Foods admits Terry Baker attended a Long Range Planning Committee on August 7, 2007 in Salt Lake City, Utah.  Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the attendance of other individuals.  Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 461.  The document speaks for itself.  Michael Foods denies any remaining allegations of paragraph 461.

462.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 462.  This publication speaks for itself.  Michael Foods denies any remaining allegations of paragraph 462.

463.    The first sentence of paragraph 463 states a legal conclusion for which no response required.  To the extent a response is required, Michael Foods denies the allegations in the first sentence of paragraph 463.  Michael Foods lacks knowledge and sufficient information to form a belief as to the allegations in sentences two and three and therefore denies them.  As for the fourth sentence of paragraph 463, Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 463.  This publication speaks for itself.  As for the fifth sentence, Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations about other,

unidentified UEP members and therefore denies them.  Michael Foods denies any remaining allegations of paragraph 463.

464.    Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 464 and therefore denies them.

465.    Michael Foods lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 465 and therefore denies them.  Michael Foods denies the allegations in the third sentence.

466.    Michael Foods admits its representatives attended the 2005 UEP Board of Directors meeting referenced in paragraph 466.  Michael Foods also admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the minutes referenced in paragraph 466.  The document speaks for itself.  Michael Foods denies any remaining allegations of paragraph 466, including without limitation Plaintiffs' characterization of the minutes.

467.    As for itself, Michael Foods denies the allegations in paragraph 467.  As for UEP and other UEP members, Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 467 and therefore denies them.

468.    The allegations contained in paragraph 468 are legal conclusions to which a response is not required.  To the extent a response is required, Michael Foods denies the allegations of paragraph 468.

469.    The allegations contained in paragraph 469 are legal conclusions to which a response is not required.  To the extent a response is required, Michael Foods denies the allegations of paragraph 469.

470.    The allegations contained in paragraph 470 are legal conclusions to which a response is not required.   To the extent a response is required, Michael Foods denies the allegations of paragraph 470.

471.    Michael Foods admits the Wall Street Journal published the referenced article, which is a document that speaks for itself.   Michael Foods denies all remaining allegations of paragraph 471.

472.    Michael Foods admits that the first cases that were eventually consolidated into this MDL were filed after September 24, 2008.   Michael Foods denies any remaining allegations of paragraph 472.

473.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 473.   The document speaks for itself.   Michael Foods denies any remaining allegations of paragraph 473.

474.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 474.   The document speaks for itself.   Michael Foods denies any remaining allegations of paragraph 474.

475.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 475.   This publication speaks for itself.   Michael Foods denies any remaining allegations of paragraph 475.

476.    Michael Foods denies the allegations of paragraph 476.

477.    Michael Foods admits that certain animal activists campaigned against caged egg production, but denies the remaining allegations of paragraph 477.

478.    Michael Foods denies the allegations of paragraph 478.

479.    Michael Foods denies the allegations of paragraph 479.

480.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the Guidelines referenced in the corresponding footnotes.   The Guidelines are documents that speak for themselves.   Michael Foods denies any remaining allegations of paragraph 480.

481.    As for the first sentence of paragraph 481, Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the newsletter referenced therein.   The document speaks for itself.   Michael Foods denies any remaining allegations of the first sentence of paragraph 481.   As to the second sentence of paragraph 481, Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein and therefore denies them.

482.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the document referenced in paragraph 482.  The document speaks for itself.  Michael Foods denies any remaining allegations of the paragraph 482.

483.    Michael Foods denies the allegations of paragraph 483.

484.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the documents referenced in paragraph 484.  The documents speak for themselves.  Michael Foods denies any remaining allegations of the paragraph 484.

485.    Michael Foods denies the allegations in the first sentence of paragraph 485.  As for the second and third sentences, Michael Foods denies that it ever lied about the reasons for egg price increases, but because these sentences are so vague as to which defendant is alleged to have made unidentified statements in unidentified articles and interviews at unspecified times, Michael Foods lacks knowledge of information sufficient to form a belief as to the truth of these hopelessly vague allegations and therefore denies them.  To the extent that this paragraph makes

allegations about unidentified statements supposedly made by other defendants, Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denied them.  Michael Foods denies any remaining allegations in paragraph 485.

486.    Michael Foods denies the allegations of paragraph 486.

487.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the documents referenced in paragraph 487.  The documents speak for themselves.  Michael Foods denies any remaining allegations of the paragraph 487.

488.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the document referenced in paragraph 488.  The document speaks for itself.  Michael Foods denies any remaining allegations of the paragraph 488

489.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the document referenced in paragraph 489.  The document speaks for itself.  Michael Foods denies any remaining allegations of the paragraph 489.

490.    Michael Foods denies it was ever a member of USEM or participated in any USEM exports.  Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 490 and therefore denies them.

491.    Michael Foods denies the allegations of paragraph 491.

492.    Michael Foods denies the allegations of paragraph 492.

493.    Michael Foods denies the allegations of paragraph 493.

494.    Michael Foods denies the allegations of paragraph 494.

495.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the document referenced in paragraph 495.  The document speaks

for itself. Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 495 and therefore denies them.

496.   Michael Foods denies the allegations of paragraph 496.

497.   Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first three sentences of  paragraph 497 and therefore denies them.  Michael Foods denies the allegations of the last sentence of paragraph 497.

498.   Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 498 and therefore denies them.

499.   Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 499 and therefore denies them.

500.   Michael Foods denies the allegations of paragraph 500.

501.   Michael Foods denies the allegations of paragraph 501.

502.   Michael Foods denies the allegations of paragraph 502.

503.   Michael Foods denies the allegations of paragraph 503.

504.   Michael Foods denies the allegations of paragraph 504.

505.   Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 505 and therefore denies them.

506.   Paragraph 506 states a legal conclusion to which no response is required.  To the extent a response is required, Michael Foods denies the allegations of paragraph 506.

507.   Michael Foods denies the allegations of paragraph 507.

508.   Michael Foods denies the allegations of paragraph 508.

509.   Michael Foods incorporates by reference its responses to the preceding paragraphs of the Complaint.

510.    Michael Foods denies the allegations of paragraph 510.

511.    Michael Foods denies the allegations of the introductory clause of paragraph 511. As for subpart (a), Michael Foods admits that egg prices, egg production, and flock sizes fluctuated throughout the 1990s and 2000s, but Michael Foods denies any other allegations in subpart (a).  Michael Foods denies the allegations in subparts (b)-(e) of paragraph 511.

512.    Michael Foods denies the allegations of paragraph 512.

513.    Michael Foods denies the allegations of paragraph 513.

## RESPONSE TO PRAYER FOR RELIEF

Michael Foods denies any and all allegations contained in Plaintiffs' prayer for relief, denies that Plaintiffs are entitled to any relief, and requests that Plaintiffs take nothing in this suit and that this matter be dismissed with prejudice, with costs and fees awarded to Michael Foods.

## MICHAEL FOODS' AFFIRMATIVE DEFENSES

In stating these affirmative and other defenses, Michael Foods does not concede that it has the burden of proof on any defense or denial set forth below.  Michael Foods also adopts by reference any applicable defense pleaded by any other Defendant that is not otherwise expressly set forth below.

1.    Plaintiffs fail in whole or in part to state a claim upon which relief can be granted.

2.    Plaintiffs' claims are barred, in whole or in part, by the Capper-Volstead Act, 7 U.S.C. §§ 291, 292.

3.    Plaintiffs' claims are barred, in whole or in part, by the Agricultural Cooperative Marketing Act, 7 U.S.C. § 455.

4.    Plaintiffs' claims are barred, in whole or in part, by Section 6 of the Clayton Act, 15 U.S.C. § 17.

5.      Plaintiffs' claims are barred, in whole or in part, by the Agricultural Marketing Act of 1929, 12 U.S.C. § 1141(a).

6.      Plaintiffs' claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine, the state action doctrine, and/or the doctrine of implied immunity.

7.      If, for some technical reason, any or all of the alleged acts and omissions of any Defendants were not within the scope of the foregoing or other applicable immunities, any such technical defects should be ignored as *de minimis*.

8.      If, for some technical reason, any or all of the alleged acts and omissions of any Defendants were not within the scope of the foregoing or other applicable immunities, any resulting damages should be equitably mitigated.

9.      If, for any reason, any of the alleged acts and omissions of any Defendants were unlawful under the antitrust laws and were outside the scope of any immunity, any resulting damages are limited to compensation for injuries that Plaintiffs can show to have resulted from that which made Defendants' conduct unlawful and to be separate from the effects of lawful activity.

10.      If, for some technical reason, any or all of the alleged acts and omissions of any Defendants were not within the scope of the foregoing immunities, such a situation was not reasonably foreseeable by Michael Foods.  Michael Foods believes that, at all relevant times, any such Defendants acted in good faith and with intent to comply with the law.

11.      Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations and/or laches.  The doctrine of fraudulent concealment does not apply to Plaintiffs' claims.

12.      Plaintiffs' claims are barred, in whole or in part, by waiver, ratification, and/or estoppel.

13.      To the extent Plaintiffs claim that Defendants fraudulently concealed any actions, Plaintiffs have failed to allege this fraud with the particularity required by Federal Rules of Civil Procedure Rule 9(b).

14.     Plaintiffs' claims are barred, in whole or in part, because Michael Foods has acted in good faith.

15.     To the extent Plaintiffs seek to hold Defendants liable for standard setting conduct or other conduct governed by the rule of reason, Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not alleged and cannot prove the elements of a rule of reason claim.

16.     Plaintiffs' claims are barred, in whole or in part, because the procompetitive benefits of the conduct alleged by Plaintiffs outweigh any alleged anticompetitive effects.

17.     Plaintiffs' claims are barred, in whole or in part, because they did not suffer antitrust injury.

18.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to allege relevant product and geographic markets.

19.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' claimed injuries and damages were not legally or proximately caused by any act or omission of Michael Foods, or were caused, if at all, by the conduct of third-parties including, without limitation, the previous, intervening, or superseding conduct of such third-parties.

20.     To the extent Plaintiffs have sustained damages, if any, they have failed to mitigate those damages and are therefore barred from recovering damages in whole or in part.

21.     Plaintiffs' damages claims are barred, in whole or in part, because they have suffered no damages or because the damages they seek are speculative and uncertain.

22.     Plaintiffs' claims are barred, in whole or in part, because of the *Copperweld* doctrine.

23.     Plaintiffs lack standing to bring some or all of their claims.

24.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands and/or *in pari delicto*.

25.     Plaintiffs fail to adequately plead, and cannot prove, the existence of an antitrust conspiracy.  To the extent, however, Plaintiffs prove the existence of any conspiracy, Michael Foods did not join any such conspiracy.

76

26.     Plaintiffs' claims against Michael Foods are barred, in whole or in part, because any conduct in which Michael Foods is alleged to have engaged was unilateral, reasonable, and based on independent, legitimate business and economic justification, and was not the product of any illicit contract, combination, or conspiracy between or among Michael Foods and any other person or entity.

### PRAYER FOR RELIEF

WHEREFORE, Defendant Michael Foods, Inc. denies that Plaintiffs are entitled to any relief whatsoever and respectfully requests: (a) that Plaintiffs take nothing by their action; (b) that this Court dismiss Plaintiffs' claims with prejudice; (c) that this Court assess costs and fees against Plaintiffs; and (d) that this Court award Michael Foods, Inc. such other and further relief to which it may be justly entitled.

DATED:  January 31, 2014          Respectfully submitted,

> /s/ Carrie Mahan Anderson____
> Carrie Mahan Anderson
> WEIL, GOTSHAL & MANGES LLP
> 1300 Eye Street, N.W.
> Washington, D.C.  20005
> Telephone:  (202) 682-7000
> Facsimile:   (202) 857-0940
>
> William L. Greene
> Douglas R. Boettge
> STINSON LEONARD STREET LLP
> 150 S. Fifth Street
> Suite 2300
> Minneapolis, MN  55402
> Telephone:  (612) 335-1500
> Facsimile:  (612) 335-1657
>
> *Counsel for Michael Foods, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of April, 2012, a true and correct copy of the foregoing Answer and Defenses to Winn-Dixie Stores, Inc., Roundy's Supermarkets, Inc., C&S Wholesale Grocers, Inc., and H.J. Heinz Company, L.P.'s Third Amended Complaint and Demand for Jury Trial was served on counsel of record via filing with the Court's CM/ECF system.

<u>/s/Carrie Mahan Anderson</u>

Carrie Mahan Anderson
Weil, Gotshal & Manges LLP
1300 Eye Street, N.W.
Washington, D.C.  20005
Phone: (202) 682-7231
Fax:  (202) 857-0940

*Counsel for Michael Foods, Inc.*