**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: PROCESSED EGG PRODUCTS ANTITRUST LITIGATION | ) ) ) |
| | MDL No. 2002 |
| THIS DOCUMENT RELATES TO: | ) 2:08-md-02002-GP |
| Winn-Dixie Stores, Inc., et al. v. Michael Foods, Inc., et al. No. 2:11-cv-00510 | ) ) ) |

**ROSE ACRE FARMS, INC.'S ANSWER AND DEFENSES TO WINN-DIXIE STORES, INC., ET AL.'S THIRD AMENDED COMPLAINT**

Defendant Rose Acre Farms, Inc. ("Rose Acre"), by counsel, respectfully submits this answer and defenses to the Third Amended Complaint filed by Winn-Dixie Stores, Inc., Roundy's Supermarkets, Inc., C&S Wholesale Grocers, Inc., and H.J. Heinz Company, L.P. at Doc. 29[1] (hereinafter referred to "Third Amended Complaint").  Rose Acre denies all allegations of the Third Amended Complaint not specifically admitted below.  Rose Acre reserves the right to amend its answer and defenses as discovery progresses.  Responding to the allegations of the Third Amended Complaint *ad seriatim*, Rose Acre states as follows:

1.     Rose Acre denies the allegations of Paragraph 1.

2.     Rose Acre admits that Paragraph 2 purports to define and explain the terms "shell eggs," "table eggs," "breaking eggs," and "egg products," but denies that these purported definitions and explanations are precise, accurate, or consistently used by all persons at all times. Rose Acre denies the remaining allegations of Paragraph 2.

3.     Rose Acre admits that one or more defendants sold eggs and/or egg products to one or more of the Plaintiffs.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 3 and therefore denies them.

---

[1] An unredacted version of the Second Amended Complaint was served on Rose Acre on February 22, 2013.  To the extent the filed version and unredacted version may differ, Rose Acre's answers and defenses correspond to the allegations in the unredacted version.

4.      Rose Acre admits that it competes with some of the defendants some of the time, UEP is a Capper-Volstead Act protected agricultural cooperative in the US, and UEP consists of members who may have participated in UEP meetings and committees from time-to-time.  Rose Acre denies the remaining allegations of Paragraph 4.

5.      Rose Acre admits that supply and demand are two of several factors which may influence the price of eggs.  Rose Acre admits that Paragraph 5 purports to selectively quote and take out of context certain unidentified materials, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.  Rose Acre denies the remaining allegations of Paragraph 5.

6.      Rose Acre admits that egg production and prices have fluctuated over the years. Rose Acre admits that Paragraph 6 purports to selectively quote and take out of context certain unidentified materials, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.  Rose Acre denies the remaining allegations of Paragraph 6.

7.      Rose Acre admits that Paragraph 7 purports to selectively quote and take out of context certain unidentified materials, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations. Rose Acre denies the remaining allegations of Paragraph 7.

8.      Rose Acre admits that Paragraph 8 purports to selectively quote and take out of context certain unidentified materials, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations. Rose Acre denies the remaining allegations of Paragraph 8.

9.      Rose Acre denies the allegations of Paragraph 9.

2

10.     Rose Acre denies the allegations of Paragraph 10.

11.     Rose Acre denies the allegations of Paragraph 11.

12.     Rose Acre admits that Paragraph 12 purports to selectively quote and take out of context certain unidentified materials, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations. Rose Acre denies the remaining allegations of Paragraph 12.

13.     Rose Acre denies the allegations of Paragraph 13.

14.     Rose Acre admits that Paragraph 14 purports to selectively quote and take out of context certain unidentified materials, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations. Rose Acre denies the remaining allegations of Paragraph 14.

15.     Rose Acre denies the allegations Paragraph 15.

16.     Rose Acre denies the allegations of Paragraph 16.

17.     Rose Acre admits that Paragraph 17 purports to selectively quote and take out of context certain unidentified materials, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations. Rose Acre denies the remaining allegations of Paragraph 17.

18.     Rose Acre admits that Paragraph 18 purports to selectively quote and take out of context certain unidentified materials, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations. Rose Acre denies the remaining allegations of Paragraph 18.

19.     Rose Acre admits that Paragraph 19 purports to selectively quote and take out of context certain unidentified materials, but lacks knowledge or information sufficient to form a

belief as to the truth and accuracy of the materials quoted and therefore denies these allegations. Rose Acre denies the remaining allegations of Paragraph 19.

20.     Rose Acre denies the allegations of Paragraph 20.

21.     Rose Acre denies the allegations of Paragraph 21.

22.     Rose Acre admits that Plaintiffs purport to bring this action under Section 4 and 16 of the Clayton Act, Section 1 of the Sherman Act, and Sections 1331 and 1337 of Title 28, but denies that Plaintiffs are entitled to any relief under applicable law, and denies the allegations of Paragraph 22.

23.     Rose Acre admits that it has produced, promoted, processed, and/or sold eggs and/or egg products in interstate commerce and that UEP and USEM are Capper-Volstead Act protected agricultural cooperatives.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 23 and therefore denies them.

24.     Rose Acre states the allegations of Paragraph 24 are legal conclusions to which no response is required.  To the extent a response is deemed to be required, Rose Acre denies these allegations.

25.     Rose Acre states the allegations of Paragraph 25 are erroneous legal conclusions to which no response is required.  To the extent a response is deemed to be required, Rose Acre denies these allegations.

26.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 and therefore denies them.

27.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 and therefore denies them.

28.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 and therefore denies them.

29.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 and therefore denies them.

30.     Rose Acre denies the allegations of Paragraph 30.

31.     Rose Acre states that no response is required to the allegations of Paragraph 31. To the extent a response is deemed to be required, Rose Acre denies the allegation of Paragraph 31.

32.     Rose Acre admits that Michael Foods has sold eggs and/or egg products.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 32 and therefore denies them.

33.     Rose Acre admits that Michael Foods has sold eggs and/or egg products.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 33 and therefore denies them.

34.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 and therefore denies them.

35.     Rose Acre admits that Michael Foods is a producer of shell eggs and/or egg products in North America.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 35 and therefore denies them.

36.     Rose Acre admits that Michael Foods is a producer of shell eggs and/or egg products.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 36 and therefore denies them.

37.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 and therefore denies them.

38.     Rose Acre admits that Michael Foods is a producer of shell eggs and/or egg products.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 38 and therefore denies them.

39.     Rose Acre admits that Michael Foods has been a member of UEP and allowed some of its representatives to serve on some of UEP's committees and/or attend some of its meetings.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 and therefore denies them.

40.     Rose Acre denies the allegations of Paragraph 40.

41.     Rose Acre admits it is a corporation organized and existing under Indiana law, its principal place of business is in Seymour, Indiana, and it has sold eggs and egg products in the US.  Rose Acre denies the remaining allegations of Paragraph 41.

42.     Rose Acre admits the allegations of Paragraph 42.

43.     Rose Acre admits it has handled some of its own chick breeding, feed milling, and/or egg harvesting, cleaning, sorting, packing, and/or shipping.  Rose Acre denies the remaining allegations of Paragraph 43.  Rose Acre denies the remaining allegations of Paragraph 43.

44.     Rose Acre admits that it sells eggs under one or more of the listed brands.  Rose Acre denies the remaining allegations of Paragraph 44.

45.      Rose Acre admits that it has been a member of UEP and UEA and allowed some of its representatives to serve on some of their committees, and/or attend some of its meetings.  Rose Acre denies the remaining allegations of Paragraph 45.

46.     Rose Acre admits that it has in the past sold UEP certified eggs, been a member of USEM, participated in egg exports, and/or allowed some of its representatives to attend some of UEP's meetings.  Rose Acre denies the remaining allegations of Paragraph 46.

47.     Rose Acre admits that NFC has sold eggs and/or egg products in the US.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 47 and therefore denies them.

48.     Rose Acre admits that NFC has sold eggs and/or egg products.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 and therefore denies them.

49.     Rose Acre admits that NFC has sold eggs and/or egg products.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 49 and therefore denies them.

50.     Rose Acre admits that NFC has been a member of UEP and allowed some of its representatives to serve on some of UEP's committees and/or attend some of its meetings.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 50 and therefore denies them.

51.     Rose Acre denies the allegations of Paragraph 51.

52.     Rose Acre admits that Cal-Maine has sold eggs and/or egg products in the US. Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 52 and therefore denies them.

53.     Rose Acre admits that Cal-Maine produces and/or markets eggs in the US.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 53 and therefore denies them.

54.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 and therefore denies them.

55.     Rose Acre admits that Cal-Maine sells eggs under one or more brands.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 55 and therefore denies them.

56.     Rose Acre admits that Cal-Maine has been a member of UEP and allowed some of its representatives to serve on some of UEP's committees and/or attend some of its meetings. Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 56 and therefore denies them.

57.     Rose Acre denies the allegations of Paragraph 57.

58.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58 and therefore denies them.

59.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59 and therefore denies them.

60.     Rose Acre admits that Paragraph 60 purports to selectively quote and take out of context (i) a 2005 agreement and (ii) an October 12, 2005 Cal-Maine Form 8-K filed, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations of Paragraph 60 and fn. 2.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 60 and therefore denies them.

61.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61 and therefore denies them.

62.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62 and therefore denies them.

63.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63 and therefore denies them.

64.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64 and therefore denies them.

65.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65 and therefore denies them.

66.     Rose Acre admits that Paragraph 66 purports to selectively quote and take out of context a July 25, 2008 Cal-Maine press release, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations of Paragraph 66.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 66 and therefore denies them.

67.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67 and therefore denies them.

68.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68 and therefore denies them.

69.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69 and therefore denies them

70.     Rose Acre admits that Paragraph 70 purports to selectively quote and take out of context a Hillandale website, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations of Paragraph

70.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 70 and therefore denies them.

71.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 71 and therefore denies them.

72.     Rose Acre admits that Paragraph 72 purports to selectively quote and take out of context an *Egg Industry Magazine* article, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations of Paragraph 72.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 72 and therefore denies them.

73.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73 and therefore denies them.

74.     Rose Acre admits that Paragraph 74 purports to selectively quote and take out of context unspecified *United Voices* newsletters, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 74 and therefore denies them.

75.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75 and therefore denies them.

76.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76 and therefore denies them.

77.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 77 and therefore denies them.

78.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78 and therefore denies them.

79.     Rose Acre admits that Ohio Fresh has been a member of UEP.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 79 and therefore denies them.

80.     Rose Acre admits that Daybreak has sold eggs in the US.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 80 and therefore denies them.

81.     Rose Acre admits that Daybreak has been a member of UEP and allowed some of its representatives to serve on some of UEP's committees and/or attend some of its meetings. Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 81 and therefore denies them.

82.     Rose Acre denies the allegations of Paragraph 82.

83.     Rose Acre admits that Midwest Poultry has sold eggs in the US.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 83 and therefore denies them.

84.     Rose Acre admits that Midwest Poultry has been a member of UEP and allowed some of its representatives to serve on some of UEP's committees and/or attend some of its meetings.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 84 and therefore denies them.

85.     Rose Acre denies the allegations of Paragraph 85.

86.     Rose Acre admits that NuCal Foods has sold eggs in the US.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 86 and therefore denies them.

87.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 87 and therefore denies them.

88.     Rose Acre admits that NuCal Foods has sold eggs and is located  in the Western US.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 88 and therefore denies them.

89.     Rose Acre admits that NuCal Foods has sold one or more brands.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 89 and therefore denies them.

90.     Rose Acre admits that NuCal Foods has been a member of UEP and allowed some of its representatives to serve on some of UEP's committees and/or attend some of its meetings.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 90 and therefore denies them.

91.     Rose Acre denies the allegations of Paragraph 91.

92.     Rose Acre admits that Sauder has sold eggs and/or egg products in the US.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 92 and therefore denies them.

93.     Rose Acre admits that Sauder has sold one or more of the identified brands.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 93 and therefore denies them.

94.     Rose Acre admits that Sauder has been a member of UEP and allowed some of its representatives to serve on some of UEP's committees and/or attend some of its meetings.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 94 and therefore denies them.

95.     Rose Acre denies the allegations of Paragraph 95.

96.     Rose Acre admits that Sparboe is a producer and/or marketer of eggs in the US. Rose Acre admits that Paragraph 96 purports to selectively quote and take out of context a Sparboe website, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 96 and therefore denies them.

97.     Rose Acre admits that Sparboe has been a member of UEP and allowed some of its representatives to serve on some of UEP's committees and/or attend some of its meetings. Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 97 and therefore denies them.

98.     Rose Acre denies the allegations of Paragraph 98.

99.     Rose Acre admits that UEP is a Capper-Volstead Act protected agricultural cooperative with its principal place of business in Alpharetta, Georgia.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 99 and therefore denies them.

100.     Rose Acre admits that UEA has its principal place of business in Alpharetta, Georgia.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 100 and therefore denies them.

101.     Rose Acre admits that USEM is a Capper-Volstead Act protected agricultural cooperative with its principal place of business in Alpharetta, Georgia.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 101 and therefore denies them.

102.     Rose Acre denies the allegations of Paragraph 102.

103.     Rose Acre denies the allegations of Paragraph 103.

104.     Rose Acre denies the allegations of Paragraph 104.

105.     Rose Acre states that no response is required to the allegations of Paragraph 105. To the extent a response is deemed to be required, Rose Acre denies the allegations of Paragraph 105.

106.     Rose Acre admits that Paragraph 106 purports to define and explain the terms "shell eggs," "egg products," and "liquid eggs," but denies that these purported definitions and explanations are precise, accurate, or consistently used by all persons at all times and therefore denies these allegations.  Rose Acre admits that Paragraph 106 and fn. 3 purport to selectively quote and take out of context a December 1999 International Trade Commission, Industry & Trade Egg Summary, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.  Rose Acre denies the remaining allegations of Paragraph 106.

107.     Rose Acre admits that Paragraph 107 purports to define and explain the terms "shell egg sector," "shell eggs," "table eggs," "breaking eggs," and "egg products sector," but denies that these purported definitions and explanations are precise, accurate, or consistently used by all persons at all times and therefore denies these allegations.  Rose Acre admits that Paragraph 107 and fn. 4 purport to selectively quote and take out of context a December 1999

International Trade Commission, Industry & Trade Egg Summary, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.  Rose Acre denies the remaining allegations of Paragraph 107.

108.    Rose Acre admits that millions of cases of eggs were produced in the US in 2007 by various entities and many of these eggs were processed, sold to retail entities, sold to foodservice entities, and/or exported.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 108 and therefore denies them.

109.    Rose Acre admits that Paragraph 109 purports to define and explain the term "egg products sector," but denies that this purported definition and explanation are precise, accurate, or consistently used by all persons at all times and therefore denies these allegations.  Rose Acre admits that the production of egg products requires the use of eggs removed from their shell, that some egg products are in dried, frozen, or liquid form, that some egg-processing steps include breaking, filtering, mixing, stabilizing, blending, pasteurizing, cooling, freezing, drying, packaging, and/or other processes, and that some companies in food manufacturing and food service industries buy egg products.  Rose Acre denies the remaining allegations of Paragraph 109.

110.    Rose Acre admits that Paragraph 110 purports to describe a process of producing liquid egg products, frozen egg products, dried egg products, and egg whites, but denies that these descriptions are precise, accurate, or consistently used by all persons at all times and therefore denies these allegations.  Rose Acre admits that the production of egg products involves breaking eggs and may sometimes involve pasteurizing and/or packaging, that whole liquid eggs, liquid egg whites, and liquid egg yolks are sometimes produced, that the creation of

15

frozen egg products involves breaking eggs and sometimes involves freezing and pasteurization, that dried eggs are made from liquid eggs, and that dried eggs are sometimes sprayed or dried on trays.  Rose Acre denies the remaining allegations of Paragraph 110.

111.    Rose Acre admits that the Paragraph 111 purports to identify some uses of egg products and some reasons that certain entities purchase these products, but denies that these purported descriptions and explanations are precise, accurate, or consistently used by all persons at all times and therefore denies these allegations.  Rose Acre admits that eggs are sometimes used in mayonnaise, pasta, and salad dressings and that certain restaurants, hospitals, and nursing homes sometimes use egg products.  Rose Acre denies the remaining allegations of Paragraph 111.

112.    Rose Acre states that the allegations of Paragraph 112 are erroneous legal conclusions to which no response is required.  To the extent a response is deemed to be required, Rose Acre denies the allegations of Paragraph 112.

113.    Rose Acre admits that Paragraph 113 and fn. 5 purport to selectively quote and take out of context www.poultryegg.org, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations. Rose Acre denies the remaining allegations of Paragraph 113.

114.    Rose Acre admits that Paragraph 114 purports to define and explain the term "vertically integrated enterprise," but denies that this purported definition and explanation are precise, accurate, or consistently used by all persons at all times and therefore denies these allegations.  Rose Acre denies the remaining allegations of Paragraph 114.

115.    Rose Acre admits that certain egg producers may manage their businesses, and may also hatch/rear, feed, house, and/or husband birds, and process, package, and/or market their

products.  Rose Acre admits that Paragraph 115 and fn. 6 purport to selectively cite and take out of context an article written by Ryan A. Meunier and Dr. Mickey A. Latour, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials cited and the remaining allegations and therefore denies these allegations.  Rose Acre denies the remaining allegations of Paragraph 115.

116.    Rose Acre admits that Paragraph 116 and fn. 7 purport to selectively quote and take out of context a December 1999 International Trade Commission, Industry & Trade Summary, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.  Rose Acre denies the remaining allegations of Paragraph 116.

117.    Rose Acre admits that egg producers may hatch or purchase their layers, and that purchased layers are delivered to them by sellers or others.  Rose Acre admits that Paragraph 117 and fn. 8 purport to selectively cite and take out of context an article written by Ryan A. Meunier and Dr. Mickey A. Latour, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials cited and therefore denies remaining these allegations. Rose Acre denies the remaining allegations of Paragraph 117.

118.    Rose Acre admits that Paragraph 118 purports to define and explain the term "pullet," but denies this purported definition and explanation are precise, accurate, or consistently used by all persons at all times and therefore denies these allegations.  Rose Acre admits that Paragraph 118 and fn. 9 purport to selectively cite and take out of context a UC Davis poultry study guide, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials cited and therefore denies the remaining allegations of Paragraph 118.

119.     Rose Acre admits that some egg producers may raise their pullets in cages for various reasons, that some pullets are raised in light-controlled facilities, and that pullets are often fed in various amounts determined by their owners.  Rose Acre admits that Paragraph 119 and fn. 10 purport to selectively cite and take out of context a UC Davis poultry study guide, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials cited and therefore denies the remaining allegations of Paragraph 119.

120.     Rose Acre admits that layers' diet and exposure to light are sometimes controlled by their owners, often in a manner to increase egg production and control quality.  Rose Acre admits that Paragraph 120 and fn. 11 purport to selectively cite and take out of context a UC Davis poultry study guide, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials cited and therefore denies the remaining allegations of Paragraph 120.

121.     Rose Acre admits that layers produce most of their eggs at the peak of their production life which often falls between the beginning and end of their useful production life. Rose Acre admits that Paragraph 121 and fn. 12 purport to selectively cite and take out of context an article written by Ryan A. Meunier and Dr. Mickey A. Latour, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials cited and therefore denies the remaining allegations of Paragraph 121.

122.     Rose Acre admits that certain egg producers may decide to molt their birds from time-to-time for various reasons.  Rose Acre admits that Paragraph 122 and fn. 13 purport to selectively cite and take out of context an article written by Ryan A. Meunier and Dr. Mickey A. Latour, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials cited and therefore denies the remaining allegations of Paragraph 122.

123.    Rose Acre admits that Paragraph 123 purports to describe natural and induced molting processes, but denies that these descriptions are precise, accurate, or consistently used by all persons at all times, and therefore denies them.

124.    Rose Acre admits that Paragraph 124 purports to provide a description of the relationship between molting and egg production, but denies this description is precise, accurate, or consistently used by all persons at all times and therefore denies the allegations of Paragraph 124.

125.    Rose Acre admits that Paragraph 125 purports to define and explain the terms and concepts of "spent hen" and depopulation operations, but denies that these purported definitions and explanations are precise, accurate, or consistently used by all persons at all times and therefore denies these allegations.  Rose Acre denies the remaining allegations of Paragraph 125.

126.    Rose Acre admits that Paragraph 126 purports to describe and explain the concept of the end of a layer's egg production cycle, but denies that these purported descriptions and explanations are precise, accurate, or consistently used by all persons at all times and therefore denies these allegations.  Rose Acre admits that Paragraph 126 and fn. 14 purport to selectively quote and take out of context an article written by Ryan A. Meunier and Dr. Mickey A. Latour, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials cited, and therefore denies these allegations.  Rose Acre denies the remaining allegations  of Paragraph 126.

127.    Rose Acre admits that Paragraph 127 attempts to describe and explain certain collection and storage operations relating to shell eggs, but denies that these purported descriptions and explanations are precise, accurate, or consistently used by all persons at all

times and therefore denies these allegations.  Rose Acre denies the remaining allegations of Paragraph 127.

128.    Rose Acre admits that Paragraph 128 purports to describe and explain certain functions relating to the handling of eggs and their processing, but denies that these purported descriptions and explanations are precise, accurate, or consistently used by all persons at all times and therefore denies these allegations.  Rose Acre admits that certain egg producers own their own processing facilities and/or may ship eggs directly to those facilities for processing and that certain eggs are sometimes broken or processed into liquid, frozen, or dried forms.  Rose Acre denies the remaining allegations of Paragraph 128.

129.    Rose Acre admits that Paragraph 129 purports to describe and explain certain storage and delivery practices relating to shell eggs, but denies that these purported descriptions and explanations are precise, accurate, or consistently used by all persons at all times and therefore denies these allegations.  Rose Acre admits that shell eggs are sometimes cooled before shipping, that shell eggs are sometimes shipped to retailers, and that shell eggs are delivered after being prepared for shipment.  Rose Acre admits that Paragraph 129 and fn. 15 purport to selectively cite and take out of context an article written by Ryan A. Meunier and Dr. Mickey A. Latour, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials cited and therefore denies the remaining allegations of Paragraph 129.

130.    Rose Acre admits the allegations of Paragraph 130.

131.    Rose Acre admits that Paragraph 131 purports to describe and explain USDA Organic eggs, but denies that these purported descriptions and explanations are precise, accurate, or consistently used by all persons at all times and therefore denies the allegations of Paragraph 131.

132.    Rose Acre admits that Paragraph 132 purports to define and explain the terms "cage free" and "free-range," but denies that these purported definitions and explanations are precise, accurate, or consistently used by all persons at all times and therefore denies these allegations.  Rose Acre admits that fewer eggs in the US are produced by cage-free layers than by caged layers.  Rose Acre denies the remaining allegations of Paragraph 132.

133.    Rose Acre admits that Paragraph 133 purports to define and explain the term "specialty eggs," but denies that these purported definitions and explanations are precise, accurate, or consistently used by all persons at all times and therefore denies these allegations. Rose Acre admits that Paragraph 133 purports to exclude purchases of specialty eggs from this lawsuit.  Rose Acre denies the remaining allegations of Paragraph 133.

134.    Rose Acre admits that Cal-Maine Foods is the largest egg producer in the US. Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 134 regarding the number of egg producing companies and the number of layers owned by these companies and therefore denies these allegations.  Rose Acre denies the remaining allegations of Paragraph 134.

135.    Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 135 regarding the number of egg producers in 1987 and 2014 and the percentage of hens they owned and therefore denies these allegations.  Rose Acre denies the remaining allegations of Paragraph 135.

136.    Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 136 and therefore denies them.

137.    Rose Acre admits that Paragraph 137 purports to selectively quote and take out of context a certain unspecified ITC materials, but lacks knowledge or information sufficient to

form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.  Rose Acre denies the remaining allegations of Paragraph 137.

138.    Rose Acre admits that many countries produce and consume eggs.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 138 and therefore denies them.

139.    Rose Acre admits that eggs have been exported from the US to various countries. Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 139 and therefore denies them.

140.    Rose Acre admits that Paragraph 140 purports to selectively quote and take out of context (i) an unspecified International Trade Commission Report and (ii) unidentified USDA reports, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 140 and therefore denies them.

141.    Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 141 and therefore denies them.

142.    Rose Acre admits that the majority of table eggs produced in the US are sold to and consumed by domestic consumers.  Rose Acre denies the remaining allegations of Paragraph 142.

143.    Rose Acre admits that Paragraph 143 and fn. 16 purport to selectively quote and take out of context an article written by Ryan A. Meunier and Dr. Mickey A. Latour, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.  Rose Acre lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations of Paragraph 143 and therefore denies them.

144.     Rose Acre admits that egg supply is one of a number of factors which may influence egg prices.  Rose Acre admits that Paragraph 144 and fns. 17 and 18 purports to selectively quote and take out of context (i) a June 2007 *Egg Industry* article, (ii) a January 2007 *Egg Industry* article, and (iii) a January 4, 2007 UEP publication, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 144 and therefore denies them.

145.     Rose Acre admits that Paragraph 145 and fn. 19 purport to selectively quote and take out of context a February 2008 *Egg Industry* article quoting Mr. Krouse, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.  Rose Acre denies the remaining allegations of Paragraph 145.

146.     Rose Acre admits that Paragraph 146 and fn. 20 purport to selectively quote and take out of context a February 2007 *Egg Industry* article quoting Mr. Rehm, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.  Rose Acre denies the remaining allegations of Paragraph 146.

147.     Rose Acre admits that Paragraph 147 and fn. 21 purport to selectively quote and take out of an April 2008 *Egg Industry* article quoting Joanne Ivy, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 147.

23

148.    Rose Acre admits that Paragraph 148 and fn. 22 purport to selectively quote and take out of context an American Egg Board website, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 148.

149.    Rose Acre admits eggs have various attributes.  Rose Acre denies the remaining allegations of Paragraph 149.

150.    Rose Acre denies the allegations of Paragraph 150.

151.    Rose Acre admits that egg supply is one of a number of factors which may influence egg prices.  Rose Acre admits that Paragraph 151 and fn. 23 purport to selectively quote and take out of context a June 2007 *Egg Industry* article quoting Dr. David Roland, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.  Rose Acre denies the remaining allegations of Paragraph 151.

152.    Rose Acre admits that Paragraph 152 and fn. 24 purport to selectively quote and take out of context a June 2007 *Egg Industry* article quoting Dr. Roland, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 152.

153.    Rose Acre denies the allegations of Paragraph 153.

154.    Rose Acre admits that Paragraph 154 and fn. 25 purport to selectively quote and take out of context a March 28, 2008 *Wall Street Journal* article, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 154.

155.    Rose Acre admits that Paragraph 155 and fn. 26 purport to selectively quote and take out of context October 2007 and February 2008 *Egg Industry* articles, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 155.

156.    Rose Acre admits that Paragraph 156 purports to selectively quote and take out of context an unspecified March 2008 *MarketWatch* article quoting David Harvey, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 156.

157.    Rose Acre admits that Paragraph 157 and fn. 27 purport to selectively quote and take out of context a March 2008 article in an ERS/USDA publication, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 157.

158.    Rose Acre admits that Paragraph 158 and fn. 28 purport to selectively quote and take out of context (i) a March 23, 2008 *Chicago Tribune* article and (ii) a March 2008 USDA Market Outlook Report, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 158.

159.    Rose Acre admits that Paragraph 159 and fn. 29 purport to selectively quote and take out of context March 23, 2008 and March 30, 2008 [sic] *Chicago Tribune* articles, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 159.

160.    Rose Acre admits that Paragraph 160 and fn. 30 purport to selectively quote and take out of context May 1, 2008 testimony from Joseph Glauber, but lacks knowledge or

information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 160.

161.    Rose Acre admits that Paragraph 161 and fn. 31 purport to selectively quote and take out of context a May 19, 2008 transcript quoting Mr. Schaffer, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 161.

162.    Rose Acre admits that Paragraph 162 and fn. 32 purport to selectively quote and take out of context a July 2, 2008 *Sacramento Bee* article, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 162.

163.    Rose Acre admits that United Egg Producers is a Capper-Volstead Act protected agricultural cooperative.  Rose Acre further admits that Paragraph 163 and fn. 36 purport to selectively quote and take out of context UEP's website, but lacks knowledge or information sufficient to form a belief about the truth and accuracy of the materials quoted and therefore denies these  allegations of Paragraph 163. Rose Acre denies the remaining allegations of Paragraph 163.

164.    Rose Acre admits that Paragraph 164 and fns. 34 and 35 purport to selectively quote and take out of context a UEP website, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.  Rose Acre was not a member of UEP in the 1990's and, accordingly, lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 164 regarding UEP's formation during that time period and therefore denies these allegations.  Rose Acre denies the remaining allegations of Paragraph 164.

165.    Rose Acre was not a member of UEP in 1998 or prior thereto and, accordingly, lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 165 regarding UEP's formation and/or the amendment of UEP's charter during that time period and therefore denies the allegations of Paragraph 165.

166.    Rose Acre admits that Paragraph 166 purports to selectively quote and take out of context an October 2007 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 166.

167.    Rose Acre admits that UEP has published the *United Voices* newsletter which is available to UEP members, certain university representatives, certain domestic and international government entities, and trade press.  Rose Acre denies the remaining allegations of Paragraph 167.

168.    Rose Acre admits that Paragraph 168 and fns. 36 through 40 purport to describe certain entities as an "alliance," but denies this purported description is precise, accurate, or consistently used by all persons at all times and therefore denies these allegations.  Rose Acre admits that Paragraph 168 purports to selectively quote and take out of context a UEP website, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the remaining allegations of Paragraph 168.

169.    Rose Acre admits that Paragraph 169 and fns. 41 and 42 purport to selectively quote and take out of context a UEP website, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 169.

170.     Rose Acre admits that UEA is a nonprofit corporation, has a management agreement with UEP, and has several divisions.  Rose Acre admits that Paragraph 170 and fn. 43 purport to selectively quote and take out of context UEA's 2006 Tax Return and certain other unidentified materials, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.  Rose Acre denies the remaining allegations of Paragraph 170.

171.     Rose Acre admits that USEM is a Capper-Volstead Act protected agricultural cooperative, is a nonprofit corporation, and negotiates certain egg exports.  Rose Acre admits that Paragraph 171 and fn. 44 purport to define and explain the term "alliance" in relation to UEP, but denies these purported definitions and explanations are precise, accurate, or consistently used by all persons at all times and therefore denies these allegations.  Rose Acre admits that Paragraph 170 and fn. 46 purport to selectively quote and take out of context the 2007 "Statement of the United Egg Producers: Before the Subcommittee on Livestock, Dairy, and Poultry of the House Committee on Agriculture" document, but lacks knowledge or information sufficient to form a belief about the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 171.  Rose Acre denies the remaining allegations of Paragraph 171.

172.     Rose Acre was not a member of USEM in 1982 and, accordingly, lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 172 regarding USEM's creation during that time period and therefore denies these allegations.  Rose Acre admits that USEM has a management agreement with UEP.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 172 and therefore denies them.

173.    Rose Acre admits the allegations of Paragraph 173.

174.    Rose Acre admits that Paragraph 174 and fn. 45 purport to selectively quote and take out of context a July 2004 *United Voices* article, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 174.

175.    Rose Acre admits that Paragraph 175 and fn. 46 purport to selectively quote and take out of context an April 15, 1994 article written by Donald Bell, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.  Rose Acre was not a member of UEP in 1994 and, accordingly, lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 175 regarding Mr. Bell's purported UEP-related activities during that time period and therefore denies these allegations.  Rose Acre denies the remaining allegations of Paragraph 175.

176.    Rose Acre admits that UEP's members are producers.  Rose Acre was not a member of UEP in 1999 or prior and, accordingly, lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 176 regarding UEP's original or 1999 membership or structure and therefore denies the remaining allegations of Paragraph 176.

177.    Rose Acre admits that Paragraph 177 purports to selectively quote and take out of context an August 2, 1999 *United Voices*, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 177.

178.    Rose Acre admits that Paragraph 178 purports to selectively quote and take out of context an August 2, 1999 *United Voices* article, but lacks knowledge or information sufficient to

29

form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 178.

179.     Rose Acre admits that Paragraph 179 and fn. 47 purport to selectively quote and take out of context a November 1999 *Egg Industry* article, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.  Rose Acre was not a member of UEP in late 1999 and, accordingly, lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 179 regarding purported UEP-related activities during that time period and therefore denies these allegations.  Rose Acre denies the remaining allegations of Paragraph 179.

180.     Rose Acre admits that Paragraph 180 and fn. 48 purport to selectively quote and take out of context a November 1999 *Egg Industry* article, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.  Rose Acre was not a member of USEM or UEP in 1999 or 2000 and, accordingly, lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 180 regarding purported UEP-related and/or USEM-related activities during that time period and therefore denies the remaining allegations of Paragraph 180.

181.     Rose Acre admits that Paragraph 181 and fn. 49 purport to selectively quote and take out of context a November 5, 2001 *Feedstuffs* article, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 181.

182.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 182 regarding Sparboe's general counsel's alleged activities and therefore denies these allegations.  Rose Acre denies attending or participating in the

30

purported meetings or communications identified in Paragraph 182.  Rose Acre denies the remaining allegations of Paragraph 182.

183.    Rose Acre was not a member of UEP in 2001 and, accordingly, lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 183 regarding purported UEP-related activities and statements during that time period and therefore denies the allegations of Paragraph 183.

184.    Rose Acre admits that Paragraph 184 purports to selectively quote and take out of context an August 2001 document entitled "The Egg Industry," but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.  Rose Acre denies the remaining allegations of Paragraph 184.

185.    Rose Acre admits that Paragraph 185 purports to selectively quote and take out of context materials entitled "Supply Demand Recommendations," but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 185.

186.    Rose Acre admits that Paragraph 186 and fn. 50 purport to selectively quote and take out of context a November 5, 2001 *Feedstuffs* article, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.  Rose Acre was not a member of UEP in 2001 and, accordingly, accordingly, lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 186 regarding purported UEP-related activities during that time period and therefore denies the remaining allegations of Paragraph 186.

187.    Rose Acre admits that Paragraph 187 and fn. 51 purport to selectively quote and take out of context a November 5, 2001 *Feedstuffs* article, but lacks knowledge or information

sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.  Rose Acre was not a member of UEP in 2001 and, accordingly, lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 187 regarding purported UEP-related activities and statements during that time period and therefore denies the remaining allegations of Paragraph 187.

188.    Rose Acre was not a member of UEP in 2001 and, accordingly, lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 188 regarding purported UEP-related activities during that time period and therefore denies the allegations of Paragraph 188.

189.    Rose Acre denies the allegations of Paragraph 189.

190.    Rose Acre admits that Paragraph 190 purports to selectively quote and take out of context purported minutes from UEP's May 15-16, 2002 board meeting, but lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the materials and therefore denies the allegations of Paragraph 190.

191.    Rose Acre admits that Paragraph 191 purports to selectively quote and take out of context alleged minutes from UEP's May 15-16, 2002 board meeting, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the  allegations of Paragraph 191.

192.    Rose Acre admits that Paragraph 192 and fn. 52 purport to selectively quote and take out of context a November 5, 2001 *Feedstuffs* article, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 192 and therefore denies them.

193.    Rose Acre denies the allegations of Paragraph 193.

194.    Rose Acre admits that UEP has had egg certification and animal welfare programs which were known as the Animal Care Certified Program and later the UEP Certified Program, but denies Plaintiffs' explanation, description, and/or characterization of these programs are precise, accurate, or consistently used by all persons at all times and therefore denies these allegations.  Rose Acre denies the remaining allegations of Paragraph 194.

195.    Rose Acre denies the allegations of Paragraph 195.

196.    Rose Acre denies the allegations of Paragraph 196.

197.    Rose Acre was not a member of UEP in 2000 and, accordingly, lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 197 regarding purported UEP-related activities during that time period and therefore denies these allegations.  Rose Acre admits that Paragraph 197 and fns. 53 through 55 purport to selectively quote and take out of context (i) a July 16, 2002 article written by Donald Bell, (ii) an October 16, 2000 *Feedstuffs* article, and (iii) a May 2, 1981 *Lancaster Farming* article, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the remaining allegations of Paragraph 197.

198.    Rose Acre was not a member of UEP in 1999 and, accordingly, lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 198 regarding purported UEP-related activities during that time period and therefore denies the allegations of Paragraph 198.

199.    Rose Acre was not a member of UEP in 2000 and, accordingly, lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 199

regarding purported UEP-related activities during that time period and therefore denies the allegations of Paragraph 199.

200.    Rose Acre was not a member of UEP in 2001 and, accordingly, lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 200 regarding purported UEP-related activities during that time period and therefore denies these allegations.  Rose Acre admits that Paragraph 200 and fn. 56 purport to selectively quote and take out of context a December 12, 2001 *Feedstuffs* article, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.  Rose Acre denies the remaining allegations of Paragraph 200.

201.    Rose Acre was not a member of UEP in 2001 and, accordingly, lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 201 regarding purported UEP-related activities during that time period and therefore denies the allegations of Paragraph 201.

202.    Rose Acre was not a member of UEP in 1999 and, accordingly, lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 202 regarding purported UEP-related activities during that time period and therefore denies the allegations of Paragraph 202.

203.    Rose Acre was not a member of UEP in 1999 and, accordingly, lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 203 regarding purported UEP-related activities during that time period and therefore denies these allegations.  Rose Acre denies the remaining allegations of Paragraph 203.

204.    Rose Acre admits that Paragraph 204 purports to selectively quote and take out of context various unspecified UEP newsletters, but lacks knowledge or information sufficient to

34

form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.  Rose Acre denies the remaining allegations of Paragraph 204.

205.    Rose Acre denies the allegations of Paragraph 205.

206.    Rose Acre admits that Paragraph 206 purports to selectively quote and take out of context an April 2002 report written by Mr. Bell, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted, Mr. Bell's alleged relationship to UEP at the time, and/or Mr. Bell's alleged conclusions and therefore denies the allegations of Paragraph 206.

207.    Rose Acre admits that Paragraph 207 and fn. 57 purport to selectively quote and take out of context a July 16, 2002 article written by Mr. Bell, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted, Mr. Bell's alleged relationship to UEP at the time, and/or Mr. Bell's alleged conclusions, and therefore denies the allegations of Paragraph 207.

208.    Rose Acre admits that Paragraph 208 and fn. 58 purports to selectively quote and take out of context an August 5, 2002 *Feedstuffs* article, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 208.

209.    Rose Acre denies the allegations of Paragraph 209.

210.    Rose Acre denies the allegations of Paragraph 210.

211.    Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 211 and therefore denies them.

212.    Rose Acre admits that Paragraph 212 purports to selectively quote and take out of context unidentified materials, but lacks knowledge or information sufficient to form a belief as

to the truth and accuracy of the materials quoted and the remaining allegations and therefore denies the allegations of Paragraph 212.

213.    Rose Acre admits that Paragraph 213 purports to define and explain the terms "100% rule" and "UEP Certified," but denies that these purported definitions and explanations are precise, accurate, or consistently used by all persons at all times and therefore denies these allegations.  Rose Acre denies the remaining allegations of Paragraph 213.

214.    Rose Acre denies the allegations of Paragraph 214.

215.    Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 215 and therefore denies them.

216.    Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 216 and therefore denies them.

217.    Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 217 and therefore denies them.

218.    Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 218 and therefore denies them.

219.    Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 219 and therefore denies them.

220.    Rose Acre admits that representatives of members of UEP, including Rose Acre's Marcus Rust, may have discussed certain issues related to UEP's animal welfare activities from time-to-time.  Rose Acre denies the remaining allegations of Paragraph 220.

221.    Rose Acre admits that Paragraph 221 and fn. 59 purport to selectively quote and take out of context a November 2002 *Egg Industry* article, but lacks knowledge or information

sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.  Rose Acre denies the remaining allegations of Paragraph 221.

222.    Rose Acre denies the allegations of Paragraph 222.

223.    Rose Acre denies the allegations of the first sentence of Paragraph 223.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 223 regarding the purported interaction between UEP and FMI and therefore denies them.  Rose Acre denies the remaining allegations of Paragraph 223.

224.    Rose Acre denies the allegations Paragraph 224.

225.    Rose Acre admits that Paragraph 225 and fn. 60 purport to selectively quote and take out of context a November 4, 2002 *Feedstuffs* article, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 225 and therefore denies them.

226.    Rose Acre admits that Paragraph 226 purports to selectively quote and take out of context unidentified materials, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 227.

227.    Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 227 and therefore denies them.

228.    Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 228 and therefore denies them.

229.    Rose Acre admits that Paragraph 229 purports to selectively quote and take out of context a June 20, 2005 letter from Mr. Gregory to the Canada Egg Marketing Agency, but lacks

knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore the allegations of Paragraph 229.

230.    Rose Acre admits that Paragraph 230 purports to selectively quote and take out of context an August 31, 2005 email from Mr. Kreider to Sparboe, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.  Rose Acre denies the remaining allegations of Paragraph 230.

231.    Rose Acre admits that Paragraph 231 purports to selectively quote and take out of context an unspecified letter from Mr. Sparboe to UEP, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 231 and therefore denies them.

232.    Rose Acre admits that Paragraph 232 purports to selectively quote and take out of context unspecified correspondence from Mr. Deffner to Sparboe, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 232.

233.    Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 233 and therefore denies them.

234.    Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 234 and therefore denies them.

235.    Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 235 and therefore denies them.

236.    Rose Acre admits that egg prices have risen and fallen from time-to-time over the years.  Rose Acre denies the remaining allegations of Paragraph 236.

237.    Rose Acre admits that Marcus Rust is a representative of Rose Acre and has been a member of UEP's board of directors.  Rose Acre admits that Paragraph 237 purports to selectively quote and take out of context a 2003 UEP directory, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the remaining allegations of Paragraph 237.

238.    Rose Acre admits that Paragraph 238 purports to selectively quote and take out of context a May 1, 2003 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations. Rose Acre denies the remaining allegations of Paragraph 238.

239.    Rose Acre admits that Paragraph 239 purports to selectively quote and take out of context a June 2003 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore the allegations of Paragraph 239.

240.    Rose Acre admits that Paragraph 240 purports to selectively quote and take out of context a June 2003 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 240.

241.    Rose Acre admits that Paragraph 241 purports to selectively quote and take out of context a July 2003 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 241.

242.    Rose Acre admits that it sold UEP certified eggs in 2003.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 242 and therefore denies them.

243.    Rose Acre admits that numerous factors influence the price of eggs.  Rose Acre admits that Paragraph 243 purports to selectively quote and take out of context an August 2003 article in an unspecified publication, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the remaining allegations of Paragraph 243.

244.    Rose Acre admits that Paragraph 244 purports to selectively quote and take out of context an August 2003 article quoting Mr. Gregory, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 244.

245.    Rose Acre admits that Paragraph 245 purports to selectively quote and take out of context September 2003 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 245.

246.    Rose Acre admits that Paragraph 246 purports to selectively quote and take out of context unspecified October 2003 materials, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 246.

247.    Rose Acre admits that Paragraph 247 purports to selectively quote and take out of context a December 2003 UEP newsletter, but lacks knowledge or information sufficient to form

a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 247.

248.    Rose Acre admits that Paragraph 248 purports to selectively quote and take out of context a December 2003 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 248.

249.    Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 249 and therefore denies them.

250.    Rose Acre admits that Paragraph 250 purports to selectively quote and take out of context certain unspecified January 16, 2004 materials containing comments by Mr. Looper, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 250 and therefore denies them.

251.    Rose Acre admits that Paragraph 251 purports to selectively quote and take out of context a January 2004 presentation by Mr. Bell, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore these allegations.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 251 and therefore denies them.

252.    Rose Acre states that it continued to increase its number of layers in 2003, 2004, and afterwards, and that its egg sales and profits fluctuated with the market during this time period.  Rose Acre lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 252 and therefore denies them.

253.     Rose Acre admits that Paragraph 253 purports to selectively quote and take out of context a March 2004 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 253.

254.     Rose Acre admits that Paragraph 254 purports to selectively quote and take out of context an April 8, 2004 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 254.

255.     Rose Acre denies the allegations of Paragraph 255.

256.     Rose Acre admits that Paragraph 256 purports to selectively quote and take out of context a May 6, 2004 Gene Gregory email, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 256.

257.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 257 and therefore denies them.

258.     Rose Acre admits that Paragraph 258 purports to selectively quote and take out of context a May 2004 presentation by Mr. Gregory, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 258 and therefore denies them.

259.     Rose Acre admits that Paragraph 259 purports to selectively quote and take out of context a May 2004 presentation by Mr. Gregory, but lacks knowledge or information sufficient

to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 259.

260.    Rose Acre admits that Paragraph 260 purports to selectively quote and take out of context a May 2004 presentation by Mr. Gregory, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 260.

261.    Rose Acre admits that Paragraph 261 purports to selectively quote and take out of context a May 2004 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 261.

262.    Rose Acre admits that Paragraph 262 purports to selectively quote and take out of context a May 2004 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 262.

263.    Rose Acre admits that Paragraph 263 purports to selectively quote and take out of context a May 2004 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 263.

264.    Rose Acre admits that Paragraph 264 purports to selectively quote and take out of context a May 2004 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 264.

265.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 265 and therefore denies them.

266.     Rose Acre admits that Paragraph 266 purports to selectively quote and take out of context a July 16, 2004 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 266.

267.     Rose Acre admits that Paragraph 267 purports to selectively quote and take out of context a September 15, 2004 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 267.

268.     Rose Acre denies the allegations of Paragraph 268.

269.     Rose Acre admits that Marcus Rust is a representative of Rose Acre and has been a member of UEP's board of directors.  Rose Acre admits that Paragraph 269 purports to selectively quote and take out of context an October 2004 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the remaining allegations of Paragraph 269.

270.     Rose Acre admits that Paragraph 270 purports to selectively quote and take out of context unidentified materials, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 270.

271.     Rose Acre admits that Paragraph 271 and fn. 61 purport to selectively quote and take out of context a November 1, 2004 issue of *Feedstuffs*, but lacks knowledge or information

sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 271.

272.    Rose Acre admits that Paragraph 272 purports to selectively quote and take out of context a November 11, 2004 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 272.

273.    Rose Acre denies the allegations of Paragraph 273.

274.    Rose Acre admits that Paragraph 274 purports to selectively quote and take out of context a November 23, 2004 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 274.

275.    Rose Acre admits that Paragraph 275 purports to selectively quote and take out of context unidentified materials, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.  Rose Acre denies the remaining allegations of Paragraph 275.

276.    Rose Acre admits that Paragraph 276 purports to selectively quote and take out of context a November 23, 2004 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 276.

277.    Rose Acre admits that Paragraph 277 purports to selectively quote and take out of context a December 3, 2004 UEP letter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 277.

278.     Rose Acre admits that Paragraph 278 purports to selectively quote and take out of context attachments to a December 3, 2004 UEP letter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 278.

279.     Rose Acre admits that Paragraph 279 purports to selectively quote and take out of context an unspecified internal Sparboe memorandum, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 279 and therefore denies them.

280.     Rose Acre admits that Paragraph 280 purports to selectively quote and take out of context a December 10, 2004 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 280.

281.     Rose Acre denies the allegations of Paragraph 281.

282.     Rose Acre admits that Paragraph 282 purports to selectively quote and take out of context a December 20, 2004 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 282.

283.     Rose Acre admits that Marcus Rust is a representative of Rose Acre and has been a member of UEP's board of directors.  Rose Acre admits that Paragraph 283 purports to selectively quote and take out of context alleged UEP meeting minutes, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the remaining allegations of Paragraph 283.

46

284.     Rose Acre admits that Paragraph 284 purports to selectively quote and take out of context January 25, 2005 UEP meeting minutes, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 284.

285.     Rose Acre admits that Paragraph 285 purports to selectively quote and take out of context the minutes of a January 25, 2005 meeting of UEP's board of directors, but lacks knowledge or information sufficient to form a belief about the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 285.

286.     Rose Acre denies the allegations of Paragraph 286.

287.     Rose Acre admits that Paragraph 287 purports to selectively quote and take out of context a February 23, 2005 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 287.

288.     Rose Acre denies the allegations of Paragraph 288.

289.     Rose Acre admits that Paragraph 289 purports to selectively quote and take out of context an August 4, 2004 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 289.

290.     Rose Acre admits that Paragraph 290 and fn. 62 purports to selectively quote and take out of context a November 15, 2004 *Feedstuffs* article, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 290.

291.    Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 291 and therefore denies them.

292.    Rose Acre denies the allegations of Paragraph 292.

293.    Rose Acre admits that Paragraph 293 purports to selectively quote and take out of context a March 3, 2005 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 293.

294.    Rose Acre admits that Paragraph 294 purports to selectively quote and take out of context an April 14, 2005 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 294.

295.    Rose Acre admits that KY Hendrix is a representative of Rose Acre and has attended UEP meetings.  Rose Acre admits that Paragraph 295 purports to selectively quote and take out of context an unspecified document purportedly pertaining to the April 19, 2005 meeting, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the remaining allegations of Paragraph 295.

296.    Rose Acre admits that Paragraph 296 purports to selectively quote and take out of context an unspecified document pertaining to the April 19, 2005 UEP meeting, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 296.

297.    Rose Acre admits that Paragraph 297 purports to selectively quote and take out of context an unspecified document pertaining to an April 19, 2005 UEP meeting, but lacks

knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 297.

298.    Rose Acre admits that Paragraph 298 purports to selectively quote and take out of context a May 2, 2005 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations. Rose Acre denies the remaining allegations  of Paragraph 298.

299.    Rose Acre admits that Paragraph 299 purports to selectively quote and take out of context a May 12, 2005 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 299.

300.    Rose Acre admits that Paragraph 300 purports to selectively quote and take out of context a May 12, 2005 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 300.

301.    Rose Acre admits that Paragraph 301 purports to selectively quote and take out of context a May 26, 2005 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 301.

302.    Rose Acre admits that Paragraph 302 purports to selectively quote and take out of context a June 9, 2005 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 302.

303.    Rose Acre admits that Paragraph 303 purports to selectively quote and take out of context Cal-Maine's Fourth Quarter 2005 results, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 303.

304.    Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 304 and therefore denies them.

305.    Rose Acre admits that Paragraph 305 purports to selectively quote and take out of context a November 2005 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 305.

306.    Rose Acre admits that Paragraph 306 purports to selectively quote and take out of context a November 2005 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 306.

307.    Rose Acre admits that Paragraph 307 purports to selectively quote and take out of context unspecified January 2006 materials, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 307.

308.    Rose Acre admits that Paragraph 308 purports to selectively quote and take out of context a February 2006 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 308.

309.    Rose Acre admits that Paragraph 309 and fn. 63 purports to selectively quote and take out of context an April 2006 UEP Supply/Demand Alert, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 309.

310.    Rose Acre admits that Paragraph 310 purports to selectively quote and take out of context a May 2006 newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 310.

311.    Rose Acre admits that Paragraph 311 purports to selectively quote and take out of context an August 2006 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 311.

312.    Rose Acre admits that Paragraph 312 purports to selectively quote and take out of context a May 2007 *Egg Industry* article quoting Mr. Baker, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 312.

313.    Rose Acre admits that Paragraph 313 purports to selectively quote and take out of context a February 2008 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 313.

314.    Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 314 and therefore denies them.

315.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 315 and therefore denies them.

316.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 316 and therefore denies them.

317.     Rose Acre denies the allegations of Paragraph 317.

318.     Rose Acre admits that Paragraph 318 purports to selectively quote and take out of context an October 2001 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.  Rose Acre denies the remaining allegations of Paragraph 318.

319.     Rose Acre denies the allegations of the last sentence of Paragraph 319.  Rose Acre admits that it has participated in exports.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 319 and therefore denies them.

320.     Rose Acre was not a member of USEM from 2000 through September 2006 and, accordingly, lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 320 regarding purported USEM-related activities during that time period and therefore denies them.  Rose Acre denies the remaining allegations of Paragraph 320.

321.     Rose Acre denies the allegations of Paragraph 321.

322.     Rose Acre was not a member of USEM in 2003 and, accordingly, lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 322 regarding purported USEM-related activities during that time period and therefore denies them.  Rose Acre admits that Paragraph 322 purports to selectively quote and take out of context a March 20, 2003 memo from Mr. Gregory, but lacks knowledge or information

sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.  Rose Acre denies the remaining allegations of Paragraph 322.

323.    Rose Acre was not a member of USEM in 2003 and, accordingly, lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 323 regarding purported USEM-related activities during that time period and therefore denies them.

324.    Rose Acre admits that KY Hendrix is a representative of Rose Acre and has attended some of UEP's meetings.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 324 and therefore denies them.

325.    Rose Acre admits that Paragraph 325 purports to selectively quote and take out of context alleged May 12-15, 2003 UEP meeting minutes quoting Mr. Baker, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 325.

326.    Rose Acre admits that Paragraph 326 purports to selectively quote and take out of context an October 2004 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.  Rose Acre denies the remaining allegations of Paragraph 326.

327.    Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 327 and therefore denies them.

328.    Rose Acre admits that Paragraph 328 purports to selectively quote and take out of context unidentified materials regarding Sparboe's purported USEM-related activities and specific purported conduct of Sparboe and/or Mr. Gregory, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and alleged

conduct and therefore denies these allegations.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 328 and therefore denies them.

329.    Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 329 and therefore denies them.

330.    Rose Acre admits that Paragraph 330 purports to selectively quote and take out of context a October 2005 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.

331.    Rose Acre denies the allegations of Paragraph 331.

332.    Rose Acre admits that Paragraph 332 and fn. 64 purport to selectively quote and take out of context a September 23, 2008 *Wall Street Journal* article, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.  Rose Acre denies the remaining allegations of Paragraph 332.

333.    Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 333 and therefore denies them.

334.    Rose Acre denies the allegations of Paragraph 334.

335.    Rose Acre denies the allegations of Paragraph 335.

336.    Rose Acre admits that Paragraph 336 purports to selectively quote and take out of context a November 2006 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 336 and therefore denies them.

337.    Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 337 and therefore denies them.

338.    Rose Acre admits that it became a member of USEM in November 2006 and participated in certain egg exports thereafter.  Rose Acre admits that Paragraph 338 purports to selectively quote and take out of context a January 4, 2007 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.  Rose Acre denies the remaining allegations of Paragraph 338.

339.    Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 339 and therefore denies them.

340.    Rose Acre admits that Paragraph 340 purports to selectively quote and take out of context a May 2007 *Egg Industry* issue quoting Mr. Gregory, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 340.

341.    Rose Acre admits that Marcus Rust is a representative of Rose Acre and has attended some of UEP's meetings.  Rose Acre admits that Paragraph 341 purports to selectively quote and take out of context alleged May 14, 2007 UEP meeting minutes, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and the alleged meeting attendees and therefore denies these allegations.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 341 and therefore denies them.

342.    Rose Acre admits that Paragraph 342 purports to selectively quote and take out of context USDA's June 12, 2007 International Egg and Poultry Review, but lacks knowledge or

information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations Paragraph 342.

343.    Rose Acre admits that Paragraph 343 purports to selectively quote and take out of context USDA's June 12, 2007 report, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 343.

344.    Rose Acre admits that Paragraph 344 purports to selectively quote and take out of context a May 2007 *Egg Industry* issue, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 344.

345.    Rose Acre admits that Paragraph 345 purports to selectively quote and take out of context a May 2007 *Egg Industry* issue quoting Mr. Sumner, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 345.

346.    Rose Acre admits that Paragraph 346 purports to selectively quote and take out of context an August 2007 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 346.

347.    Rose Acre admits that Paragraph 347 purports to selectively quote and take out of context a September 2007 *Egg Industry* issue, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 347.

348.    Rose Acre denies the first sentence of Paragraph 348.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 348 and therefore denies them.

349.    Rose Acre denies the allegations of Paragraph 349.

350.    Rose Acre admits that Paragraph 350 purports to selectively quote and take out of context a June 2007 *Egg Industry* issue, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 350.

351.    Rose Acre admits that Paragraph 351 purports to selectively quote and take out of context a July 2, 2007 *The Food Institute Report*, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 351.

352.    Rose Acre admits that Paragraph 352 purports to selectively quote and take out of context (i) a May 2007 *Egg Industry* issue and (ii) pricing reports by the United States Poultry & Egg Association for 2006 and 2007, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 352.

353.    Rose Acre admits that Paragraph 353 purports to selectively quote and take out of context a June 2008 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 353.

354.    Rose Acre admits that Paragraph 354 purports to selectively quote and take out of context a July 2008 UEP newsletter quoting Mr. Gregory, but lacks knowledge or information

sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 354.

355.     Rose Acre admits that Paragraph 355 purports to selectively quote and take out of context a November 2003 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.  Rose Acre denies the remaining allegations of Paragraph 355.

356.     Rose Acre admits that Paragraph 356 purports to selectively quote and take out of context a November 2003 *Feedstuffs* article, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 356.

357.     Rose Acre admits that Paragraph 357 and fn. 65 purport to selectively quote and take out of context Messrs. Gregory and Bethel from a December 13, 2003 *Pittsburgh-Post Gazette* article, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 358.

358.     Rose Acre admits that Paragraph 358 and fn. 66 purport to selectively quote and take out of context a December 13, 2002 *Columbia State* article, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 358.

359.     Rose Acre admits that Paragraph 359 and fn. 67 purport to selectively quote and take out of context a December 15, 2003 *Lancaster New Era* article quoting Mr. Sauder, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 359.

360.     Rose Acre admits that Paragraph 360 purports to selectively quote and take out of context an unspecified March 2004 commentary, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 360.

361.     Rose Acre denies the allegations of Paragraph 361.

362.     Rose Acre admits that Paragraph 362 purports to selectively quote and take out of context a February 2007 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 362.

363.     Rose Acre admits that Paragraph 363 and fn. 68 purport to selectively quote and take out of context a February 13, 2007 *Columbia Dispatch* article, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 363.

364.     Rose Acre admits that Paragraph 364 and fn. 69 purport to selectively quote and take out of context a March 2007 *Egg Industry* article quoting Mr. Rehm, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 364.

365.     Rose Acre admits that Paragraph 365 and fn. 70 purport to selectively quote and take out of context a March 2007 *Egg Industry* article, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 365.

366.     Rose Acre admits that Paragraph 366 purports to selectively quote and take out of context an April 2007 UEP newsletter, but lacks knowledge or information sufficient to form a

belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 366.

367.    Rose Acre admits that Paragraph 367 purports to selectively quote and take out of context Cal-Maine's 2007 Third Quarter results, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 367.

368.    Rose Acre admits that Paragraph 368 purports to selectively quote and take out of context alleged meeting minutes from UEP's May 14, 2007 meeting, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 368 and therefore denies them.

369.    Rose Acre admits that Paragraph 369 and fn. 71 purport to selectively quote and take out of context a July 10, 2007 *Investor's Business Daily* [sic] article, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 369.

370.    Rose Acre admits that Paragraph 370 and fn. 72 purport to selectively quote and take out of context a July 10, 2007 *Investor's Business Daily* [sic] article, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 370.

371.    Rose Acre admits that Paragraph 371 and fn. 73 purport to selectively quote and take out of context an *Egg Industry* article quoting Mr. Oldenkamp, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 371.

372.     Rose Acre admits that Paragraph 372 and fns. 74 and 75 purport to selectively quote and take out of context (i) an *Egg Industry* article quoting Mr. Sauder and (ii) a website, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 372.

373.     Rose Acre admits that Paragraph 373 and fn. 76 purport to selectively quote and take out of context a November 2007 *Egg Industry* article quoting Mr. Seger, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.  Rose Acre denies the remaining allegations of Paragraph 373.

374.     Rose Acre admits that Paragraph 374 and fn. 77 purport to selectively quote and take out of context a November 2007 *Egg Industry* article quoting Mr. Williardson, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 374.

375.     Rose Acre admits that Paragraph 375 and fn. 78 purport to selectively quote and take out of context a November 2007 *Feedstuffs* article, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 375.

376.     Rose Acre admits that Paragraph 376 and fn. 79 purport to selectively quote and take out of context a December 8, 2008 *Star Tribune* article, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 376.

377.     Rose Acre admits that Paragraph 377 and fn. 80 purport to selectively quote and take out of context a January 2008 *Egg Industry* article, but lacks knowledge or information

sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 377.

378.    Rose Acre admits that Paragraph 378 purports to selectively quote and take out of context an unspecified January UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.  Rose Acre denies the remaining allegations of Paragraph 378.

379.    Rose Acre admits that Paragraph 379 purports to selectively quote and take out of context an unspecified January UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 379.

380.    Rose Acre admits that Paragraph 380 and fn. 81 purport to selectively quote and take out of context a February 2008 *Egg Industry* article quoting Mr. Baker, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 380.

381.    Rose Acre admits that Paragraph 381 and fn. 82 purport to selectively quote and take out of context a February 2008 *Egg Industry* article, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 381.

382.    Rose Acre admits that Paragraph 382 and fn. 83 purport to selectively quote and take out of context a March 2008 posting on Sunny Hill Eggs' website, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 382.

383. Rose Acre admits that Paragraph 383 and fn. 84 purport to selectively quote and take out of context a March 31, 2008 *Daily Breeze* article quoting Mr. Gregory, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 383.

384. Rose Acre admits that Paragraph 384 and fn. 85 purport to selectively quote and take out of context a March 23, 2008 *Chicago Tribune* article, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 384.

385. Rose Acre admits that Paragraph 385 and fn. 86 purport to selectively quote and take out of context a May 2008 *Egg Industry* article, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 385.

386. Rose Acre admits that Marcus Rust is a representative of Rose Acre and has attended UEP meetings. Rose Acre admits that Paragraph 386 purports to selectively quote and take out of context an unspecified document regarding the alleged meeting attendees and the purported statement by Mr. Deffner, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the remaining allegations of Paragraph 386.

387. Rose Acre admits that Paragraph 387 purports to selectively quote and take out of context a June 2008 UEP newsletter quoting Mr. Deffner, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 387.

388.     Rose Acre admits that Paragraph 388 and fn. 87 purport to selectively quote and take out of context a June 2008 *Egg Industry* article quoting Mr. Gregory, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 388.

389.     Rose Acre admits that Paragraph 389 and fn. 88 purport to selectively quote and take out of context a June 4, 2008 audio recording of Mr. Adams, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 389.

390.     Rose Acre admits that Paragraph 390 purports to selectively quote and take out of context an August 12, 2008 earnings conference call for Michael Foods, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 390.

391.     Rose Acre admits that Paragraph 391 purports to selectively quote and take out of context an August 12, 2008 earnings conference call for Michael Foods, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 391.

392.     Rose Acre admits that its representatives have attended UEP meetings.  Rose Acre admits that Paragraph 392 purports to selectively quote and take out of context alleged meeting minutes, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 392.

393.     Rose Acre denies the allegations of Paragraph 393.

394.     Rose Acre admits that Paragraph 394 purports to describe and explain "shell eggs" and "processed egg products," but denies that these purported descriptions and

64

explanations are precise, accurate, or consistently used by all persons at all times and therefore

denies these allegations.  Rose Acre admits that shell eggs are a component in processed egg

products, and are broken and separated before being processed into various kinds of egg

products.  Rose Acre denies the remaining allegations of Paragraph 394.

395.    Rose Acre denies the allegations of Paragraph 395.

396.    Rose Acre admits that some of the defendants own their own layers, shell egg

production facilities, and/or egg processing facilities.  Rose Acre denies the remaining

allegations of Paragraph 396.

397.    Rose Acre admits that at times it has purchased some shell eggs to process into

egg products and that Paragraph 397 purports to exclude certain purchases from the class.  Rose

Acre denies the remaining allegations of Paragraph 397 and therefore denies them.

398.    Rose Acre lacks knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 398 and therefore denies them.

399.    Rose Acre admits that certain meetings of UEA and UEP sometimes occurred in

close proximity and time, that some UEA members sometimes also attended some of UEP's

meetings, that some UEP members sometimes also attended some of UEA's meetings, and/or

that certain producers were members of both UEA and UEP.  Rose Acre denies the remaining

allegations of Paragraph 399.

400.    Rose Acre admits that certain UEP members produce and/or sell shell eggs and/or

egg products.  Rose Acre lacks knowledge or information sufficient to form a belief as to the

truth of the remaining allegations of Paragraph 400 and therefore denies them.

401.    Rose Acre admits that Paragraph 401 purports to selectively quote and take out of

context an unspecified document from May 2004 quoting Mr. Gregory, but lacks knowledge or

information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.  Rose Acre denies the remaining allegations of Paragraph 401.

402.    Rose Acre admits that Paragraph 402 purports to selectively quote and take out of context a June 2006 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 402.

403.    Rose Acre admits that Paragraph 403 purports to selectively cite and take out of context a November 2006 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials cited, and therefore denies the allegations of Paragraph 403.

404.    Rose Acre admits that Paragraph 404 purports to selectively quote and take out of context a January 2008 *Egg Industry* article, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 404.

405.    Rose Acre denies the allegations of Paragraph 405.

406.    Rose Acre admits that Paragraph 406 and fn. 89 purport to selectively quote and take out of context a website and other unidentified documents, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 406.

407.    Rose Acre admits that Paragraph 407 and fn. 90 purport to selectively quote and take out of context 2007 testimony by Mr. Gregory before a House Subcommittee, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 407.

408.    Rose Acre admits that Paragraph 408 and fn. 91 purport to selectively quote and take out of context certain documents drafted by UEP and Mr. Bell, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.  Rose Acre denies the remaining allegations of Paragraph 408.

409.    Rose Acre admits that Paragraph 409 and fn. 92 purport to selectively quote and take out of context 2007 testimony of Gail C. Golab, PhD DVM, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.  Rose Acre denies the remaining allegations of Paragraph 409.

410.    Rose Acre admits that Paragraph 410 and fn. 93 purport to selectively quote and take out of context a 2000 speech by Ms. Mench and Ms. Swanson, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.  Rose Acre denies the remaining allegations of Paragraph 410.

411.    Rose Acre admits that Paragraph 411 and fns. 94 and 95 purport to selectively quote and take out of context (i) unspecified materials quoting Mr. Gregory, (ii) a June 27, 2002 Food Marketing Institute press release, and (iii) a July 2, 2003 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.  Rose Acre denies the remaining allegations of Paragraph 411.

412.    Rose Acre admits that there was a 2005 FTC proceeding involving UEP, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 412 and therefore denies them.

413.    Rose Acre admits that UEP purportedly settled certain claims, but states that such settlement is irrelevant, inadmissible, and the allegations regarding same should be stricken from

the Third Amended Complaint.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 413 and therefore denies them.

414.    Rose Acre denies the allegations of Paragraph 414.

415.    Rose Acre denies the allegations of Paragraph 415.

416.    Rose Acre denies the allegations of Paragraph 416.

417.    Rose Acre denies the allegations of Paragraph 417.

418.    Rose Acre admits that Paragraph 418 purports to selectively quote and take out of context a UEP website, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.  Rose Acre denies the remaining allegations of Paragraph 418.

419.    Rose Acre admits that Paragraph 419 purports to selectively quote and take out of context a UEP Membership Agreement, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations. Rose Acre denies the remaining allegations of Paragraph 419.

420.    Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 420 and therefore denies them.

421.    Rose Acre admits that certain meetings for UEA and UEP sometimes occurred in close proximity and time, that some UEA members sometimes also attended some of UEP's meetings, that some UEP members sometimes also attended some of UEA's meetings, and/or that certain producers are members of both UEA and UEP.  Rose Acre admits that Paragraph 421 and fn. 97 purport to selectively quote and take out of context a January 2007 *Egg Industry* article, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy

of the materials quoted and therefore denies these allegations.  Rose Acre denies the remaining allegations of Paragraph 421.

422.    Rose Acre admits that Paragraph 422 purports to selectively quote and take out of context an April 2004 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 422.

423.    Rose Acre admits that Paragraph 423 purports to selectively quote and take out of context a May 2004 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 423.

424.    Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 424 and therefore denies them.

425.    Rose Acre admits that some members of UEA are also members of UEP, and some are also members of USEM.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 425 and therefore denies them.

426.    Rose Acre admits that it has been a member of UEP, that Mr. Hinton is one of its employees, and that Rose Acre representatives have in the past served on various UEP committees and/or on its board of directors.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 426 and therefore denies them.

427.    Rose Acre admits that representatives of certain defendants have been members of UEP's and/or USEM's board.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 427 and therefore denies them.

428.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 428 and therefore denies them.

429.     Rose Acre admits the allegations of Paragraph 429.

430.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 430 and therefore denies them.

431.     Rose Acre was a not member of UEP in 1981 and 1982 and, accordingly, lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 431 regarding Mr. Gregory's purported UEP-related activities during that time period and therefore denies them.  Rose Acre admits that Paragraph 431 and fn. 98 purport to selectively quote and take out of context a January 2007 *Egg Industry* article, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the remaining allegations of Paragraph 431.

432.     Rose Acre admits the allegations of Paragraph 432.

433.     Rose Acre admits the allegations of Paragraph 433.

434.     Rose Acre admits that UEP is governed by a board of directors which is elected annually.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 434 and therefore denies them.

435.     Rose Acre admits that Paragraph 435 purports to selectively quote and take out of context unidentified materials, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth the remaining allegations of Paragraph 435 and therefore denies them.

436.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 436 regarding how UEP purportedly identified defendants at some point in time in 2008 and therefore denies them.

437.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth the allegations of Paragraph 437 and therefore denies them.

438.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 438 and therefore denies them.

439.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 439 and therefore denies them.

440.     Rose Acre admits that Paragraph 440 purports to selectively quote and take out of context October 2004 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 440.

441.     Rose Acre admits that Paragraph 441 purports to selectively quote and take out of context an October 2005 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 441.

442.     Rose Acre admits that UEP is a Capper-Volstead Act protected agricultural cooperative.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth the remaining allegations of Paragraph 442 and therefore denies them.

443.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 443 regarding how UEP has referred to itself at all instances

in the past and therefore denies them.  Rose Acre denies the remaining allegations of Paragraph 443.

443.

444.    Rose Acre denies the allegations of Paragraph 444 because they constitute legal argument and erroneous legal conclusions based on quotations taken out of context and not reflective of more current materials published by USDA.

445.    Rose Acre states that the allegations of Paragraph 445 are erroneous legal conclusions to which no response is required.  To the extent a response is deemed to be required, Rose Acre denies these allegations.

446.    Rose Acre admits that certain UEP members may mill their own feed, hatch chicks, rear pullets, house hens, produce and/or purchase eggs, wash, candle, grade, store, market, transport, and/or distribute their own eggs, or engage in some combination of the preceding.  Rose Acre denies the remaining allegations of Paragraph 446.

447.    Rose Acre denies the allegations of Paragraph 447.

448.    Rose Acre denies the allegations of Paragraph 448.

449.    Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 449 and therefore denies them.

450.    Rose Acre denies the allegations of Paragraph 450.

451.    Rose Acre admits that Paragraph 451 and fn. 99 purport to selectively cite and take out of context a November 6, 2003 Better Business Bureau Report, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials cited and therefore denies the allegations of Paragraph 451.

452.    Rose Acre admits that Paragraph 452 and fn. 100 purport to selectively quote and take out of context a UEP Membership Booklet and unspecified promotional materials,

publications, websites, and public statements, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.  Rose Acre denies the remaining allegations of Paragraph 452.

453.   Rose Acre admits that Paragraph 453 purports to selectively quote and take out of context an August 2006 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 453.

454.   Rose Acre denies the allegations of Paragraph 454.

455.   Rose Acre admits that Paragraph 455 purports to selectively quote and take out of context a January 20, 2009 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.  Rose Acre denies the remaining allegations of Paragraph 455.

456.   Rose Acre admits that Paragraph 456 and fn. 101 purport to selectively cite and take out of context a November 1, 2004 *Foodstuffs* article, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials cited, and therefore denies these allegations.  Rose Acre denies the remaining allegations of Paragraph 456.

457.   Rose Acre denies the allegations of Paragraph 457.

458.   Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 458 and therefore denies them.

459.   Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 459 and therefore denies them.

460.   Rose Acre admits that Paragraph 460 purports to selectively quote and take out of context a February 2007 UEP newsletter, but lacks knowledge or information sufficient to form a

belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 460.

461.    Rose Acre admits that Paragraph 461 purports to selectively quote and take out of context meeting minutes, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.  Rose Acre denies the remaining allegations of Paragraph 461.

462.    Rose Acre admits that Paragraph 462 purports to selectively quote and take out of context August 7, 2007 meeting minutes, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 462.

463.    Rose Acre denies the validity of Mr. Haley's purported analysis.  Rose Acre admits that Paragraph 463 purports to selectively quote and take out of context an October 2007 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.  Rose Acre denies the remaining allegations of Paragraph 463.

464.    Rose Acre admits that from time-to-time, UEP has recommended that its members adopt voluntary animal welfare measures, as permitted by the Capper-Volstead Act and related legislation.  Rose Acre denies the remaining allegations of Paragraph 464.

465.    Rose Acre denies the validity of Mr. Isaacson's purported statements.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 465 and therefore denies them.

466.    Rose Acre admits that Paragraph 466 purports to selectively quote and take out of context 2005 UEP board meeting minutes, but lacks knowledge or information sufficient to form

a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 466.

467.    Rose Acre denies the allegations of Paragraph 467.

468.    Rose Acre denies any retaliatory activities or price fixing scheme.  Rose Acre states the remaining allegations of Paragraph 468 are erroneous legal conclusions to which no response is required.  To the extent a response is deemed to be required, Rose Acre denies the allegations of Paragraph 468.

469.    Rose Acre denies the allegations of Paragraph 469.

470.    Rose Acre denies the allegations of Paragraph 470.

471.    Rose Acre admits that Paragraph 471 and fn. 102 purport to selectively cite and take out of context (i) a September 23, 2008 *Wall Street Journal* article and (ii) alleged unspecified UEP internal documents, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials cited and therefore denies these allegations. Rose Acre denies the remaining allegations of Paragraph 471.

472.    Rose Acre admits that certain cases in the MDL were filed after the referenced *Wall Street Journal* article was published.  Rose Acre denies the remaining allegations of Paragraph 472.

473.    Rose Acre admits that Paragraph 473 purports to selectively quote and take out of context a September 23, 2008 *Wall Street Journal* article, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 473.

474.    Rose Acre admits that Paragraph 474 purports to selectively quote and take out of context a September 23, 2008 *Wall Street Journal* article, but lacks knowledge or information

sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 474.

475.    Rose Acre admits that Paragraph 475 purports to selectively quote and take out of context (i) a September 23, 2008 *Wall Street Journal* article and (ii) alleged unspecified UEP internal documents, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 475.

476.    Rose Acre denies the allegations of Paragraph 476.

477.    Rose Acre denies the allegations of Paragraph 477.

478.    Rose Acre denies the allegations of Paragraph 478.

479.    Rose Acre denies the allegations of Paragraph 479.

480.    Rose Acre admits that Paragraph 480 and fns. 104 through 109 purport to selectively quote and take out of context (i) UEP Animal Husbandry guidelines, (ii) an unspecified August 1, 2003 press release, (iii) various website pages, (iv) an unspecified October 3, 2005 press release, and (v) an unspecified November 2007 article, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.  Rose Acre denies the remaining allegations of Paragraph 480.

481.    Rose Acre admits that Paragraph 481 purports to selectively quote and take out of context a January 2004 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 481.

482.    Rose Acre denies the first sentence of Paragraph 482.  Rose Acre admits that Paragraph 482 purports to selectively quote and take out of context a purported February 13, 2008 communication from John Rust of Rose Acre to Marcus Rust of Rose Acre, but lacks

knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations of Paragraph 482.  Rose Acre denies the remaining allegations of Paragraph 482.

483.    Rose Acre denies the allegations of Paragraph 483.

484.    Rose Acre admits that Paragraph 484 purports to selectively quote and take out of context (i) unidentified documents and (ii) a January 2, 2007 Michael Foods email, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations of Paragraph 484.  Rose Acre admits that specialty eggs such as Eggland's Best are outside the scope of this litigation and therefore allegations related to specialty eggs are irrelevant and inadmissible, and the allegations regarding same should be stricken from the Third Amended Complaint. Rose Acre denies the remaining allegations of Paragraph 484.

485.    Rose Acre admits that egg prices may increase or decrease for a variety of reasons and that it was and is engaged in price competition with many of the defendants.  Rose Acre denies the remaining allegations of Paragraph 485.

486.    Rose Acre denies the allegations of Paragraph 486.

487.    Rose Acre admits that Paragraph 487 purports to selectively quote and take out of context an October 29, 2001 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations of Paragraph 487.  Rose Acre denies the remaining allegations of Paragraph 487.

488.    Rose Acre admits that Paragraph 488 purports to selectively quote and take out of context a November 4, 2002 UEP newsletter, but lacks knowledge or information sufficient to

form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations of Paragraph 488.  Rose Acre denies the remaining allegations of Paragraph 488.

489.    Rose Acre admits that Paragraph 489 purports to selectively quote and take out of context a March 19, 2003 email, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations of Paragraph 489.  Rose Acre denies the remaining allegations of Paragraph 489.

490.    Rose Acre denies the allegations of Paragraph 490.

491.    Rose Acre denies the allegations of Paragraph 491.

492.    Rose Acre admits that UEP arranged for an independent audit agency or the USDA to conduct audits; UEP, UEA, and USEM sometimes hosted various meetings, UEP sometimes kept meeting minutes, and UEP published a newsletter.  Rose Acre denies the remaining allegations of Paragraph 492.

493.    Rose Acre denies the allegations of Paragraph 493.

494.    Rose Acre denies the allegations of Paragraph 494.

495.    Rose Acre admits that Paragraph 495 purports to selectively quote and take out of context unidentified documents, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations of Paragraph 495.  Rose Acre denies the remaining allegations of Paragraph 495.

496.    Rose Acre denies the allegations of Paragraph 496.

497.    Rose Acre denies the allegations of Paragraph 497.

498.    Rose Acre admits that egg prices may increase or decrease for a variety of reasons and that it was and is engaged in price competition with many of the defendants.  Rose Acre denies the remaining allegations of Paragraph 498.

499.     Rose Acre admits that the UEP Animal Welfare Program was motivated by animal welfare concerns.  Rose Acre denies the remaining allegations of Paragraph 499.

500.     Rose Acre denies the allegations of Paragraph 500.

501.     Rose Acre denies the allegations of Paragraph 501.

502.     Rose Acre denies the allegations of Paragraph 502.

503.     Rose Acre admits that Paragraph 503 purports to selectively quote and take out of context an unspecified public statement, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations. Rose Acre denies the remaining allegations of Paragraph 503.

504.     Rose Acre denies the allegations of Paragraph 504.

505.     Rose Acre denies the allegations of Paragraph 505.

506.     Rose Acre states the allegations of Paragraph 506 are erroneous legal conclusions to which no response is required.  To the extent a response is deemed to be required, Rose Acre denies the allegations of Paragraph 506.

507.     Rose Acre denies the allegations of Paragraph 507.

508.     Rose Acre denies the allegations of Paragraph 508.

509.     Rose Acre states that no response is required to Paragraph 509.  To the extent a response is deemed required, Rose Acre denies the allegations of Paragraph 509.

510.     Rose Acre denies the allegations of Paragraph 510.

511.     Rose Acre denies the allegations of Paragraph 511.

512.     Rose Acre denies the allegations of Paragraph 512.

513.     Rose Acre denies the allegations of Paragraph 513.

Rose Acre denies Plaintiffs are entitled to any relief, whatsoever, including the relief requested in Plaintiffs' prayer for relief.

Rose Acre denies Plaintiffs are entitled to a jury trial.

Rose Acre denies all allegations of the Third Amended Complaint not specifically admitted.

## DEFENSES

By asserting the below-listed defenses, Rose Acre is not admitting that it has the burden of proof or persuasion regarding same.

1.      The Third Amended Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.      Plaintiffs' claims are barred, in whole or in part, by the Capper-Volstead Act, 7 U.S.C. §§ 291, 292.

3.      Plaintiffs' claims are barred, in whole or in part, by 7 U.S.C. § 292's grant of primary jurisdiction to the U.S. Secretary of Agriculture.

4.      Plaintiffs' claims are barred, in whole or in part, by Section 6 of the Clayton Act, 15 U.S.C. § 17.

5.      Plaintiffs' claims are barred, in whole or in part, by the Agricultural Cooperative Marketing Act of 1926, 7 U.S.C. § 455 and related federal agricultural legislation and applicable regulations.

6.      At all relevant times, Rose Acre acted in the good faith belief that its conduct was lawful and in compliance with the cooperative antitrust exemption of the Capper-Volstead Act and its related legislation and that UEP and USEM's conduct was exempt under the Capper-Volstead Act and related legislation and could not have reasonably foreseen that its UEP participation might constitute a violation of the antitrust laws.

7.     Rose Acre could not have reasonably foreseen that its participation in an antitrust exempt cooperative could be lost due to some technical defect or deficiency in its operations and/or organization, which should be ignored as *de minimis.*

8.     Plaintiffs' claims are barred, in whole or in part, by the First Amendment to the United States Constitution, the Noerr-Pennington Doctrine, the state action doctrine, and/or the doctrine of implied immunity.

9.     Plaintiffs' claims are barred, in whole or in part, because the establishment and implementation of animal welfare standards is in the public interest and does not constitute an antitrust violation.

10.     Plaintiffs' claims are barred, in whole or in part, because the claims set forth in the Third Amended Complaint are governed by the rule of reason, and Plaintiffs have not alleged and cannot establish the elements requisite to a rule of reason violation.

11.     Plaintiffs' claims are barred, in whole or in part, because the pro-competitive benefits of the conduct alleged by Plaintiffs outweigh any alleged anti-competitive effects.

12.     Plaintiffs' claims are barred, in whole or in part, because they have not suffered antitrust injury.

13.     Plaintiffs lack standing under Sections 4 and/or 16 of the Clayton Act to bring some or all of their claims.

14.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to allege properly defined relevant product and geographic markets.

15.     Plaintiffs are not entitled to injunctive relief because they have not alleged and cannot demonstrate irreparable harm and/or the absence of any adequate remedy at law.

16.     Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations and/or laches.

17.     To the extent Plaintiffs claim that defendants fraudulently concealed any actions, Plaintiffs have failed to allege fraud with the required particularity.

18.     Plaintiffs' claims are barred, in whole or in part, because they have unclean hands.

19.     Plaintiffs' claims are barred in whole or in part because they either directly or indirectly through their trade association requested, approved and/or endorsed UEP's Animal Welfare Guidelines.

20.     Plaintiffs' claims are barred, in whole or in part, because any conduct purportedly engaged in by Rose Acre was reasonable and based on independent legitimate business and economic justifications.

21.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' claimed injuries and damages were not proximately caused by any purported act or omission of Rose Acre, or were caused, if at all, by the conduct of third-parties, including, without limitation, the previous, intervening, or superseding conduct of such third-parties.

22.     Plaintiffs' claims are barred, in whole or in part, because they have suffered no damages and/or because the damages they seek are speculative and uncertain.

23.     Plaintiffs' claims are barred, in whole or in part, by waiver, ratification, and/or estoppel.

24.     Plaintiffs' claims are barred by the *in pari delicto* doctrine because Plaintiffs were completely and equally involved in the activities and alleged illegal conspiracy that are the subject of the Third Amended Complaint.

25.     Rose Acre adopts by reference any applicable defense pleaded by any other defendant that is not otherwise expressly set forth herein.

26.     In the event Rose Acre suffers an adverse judgment in resulting from the claims asserted in the indirect purchaser plaintiffs' Fifth Amended Consolidated Class Action Complaint (ECF No. 866), then under various state laws Rose Acre is entitled to contribution, equitable indemnity, and/or apportionment of fault and damages from the direct action plaintiffs because they demanded, implemented, and profited from UEP's animal welfare program with the full knowledge of possible increased costs resulting therefrom and the reasons therefore.

## PRAYER FOR RELIEF

WHEREFORE, Rose Acre denies Plaintiffs are entitled to any relief whatsoever and respectfully requests: (i) Plaintiffs take nothing by their action; (ii) this Court dismiss Plaintiffs' claims with prejudice; (iii) this Court assess costs and fees against Plaintiffs; and (iv) this Court award Rose Acre such other further relief to which it may be justly entitled.

Respectfully submitted,


_____/s/  John C. Monica, Jr._____
Donald M. Barnes (admitted *pro hac vice*)
John C. Monica, Jr. (admitted *pro hac vice*)
Molly S. Crabtree (admitted *pro hac vice*)
Karri N. Allen (admitted *pro hac vice*)
Porter Wright Morris & Arthur, LLP
1900 K Street, N.W., Suite 1110
Washington, D.C. 20006-1110
(202) 778-3000
(202) 778-3063

*Counsel for Defendant Rose Acre Farms, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served on the 31st day of January 2014, upon counsel of record via the Court's ECF system.


Respectfully submitted,


 /s/  John C. Monica, Jr.
John C. Monica, Jr.
Porter Wright Morris & Arthur, LLP
1900 K Street, N.W., Suite 1110
Washington, D.C. 20006-1110
(202) 778-3000
(202) 778-3063


WASHINGTON/184997v.1